## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC, (PETRO), | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| VS. | ) ) | **CASE NO. 1:21-cv-00312** |
| ISLAND PROJECT AND OPERATING SERVICES, LLC, (IPOS),  VITOL HOLDING CO., VITOL VI and ANDREW CANNING, | ) ) ) ) | |
| **Defendants.** | ) ) | |

## FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF ISLAND PROJECT AND OPERATING SERVICES, LLC AND COUNTERCLAIM[1]

Island Project and Operating Services, LLC ("IPOS"), through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, LLC, hereby submits the following first amended Answer and Affirmative Defenses to the Complaint of Plaintiff Petro Industrial Solutions, LLC (referred to herein as "Plaintiff"):

1.      Paragraph 1 of the Complaint states a conclusion of law to which no response is required.  To the extent a response is required, IPOS denies the allegations of paragraph 1.

2.      The allegations of paragraph 2 of the Complaint appear to relate solely to Plaintiff, thus, it would seem that no response is required from IPOS.  To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits upon information and belief that Plaintiff is a United States Virgin Islands limited liability company.

3.      IPOS denies the allegations of paragraph 3 of the Complaint as written, and affirmatively states that it is a single member United States Virgin Islands limited liability

---

[1]      In accordance with LRCi 15.1, IPOS attaches as **Exhibit 1** to this amended pleading, which is served as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), a pleading delineating the changes and additions to the December 1, 2021 Answer of IPOS (Doc. No. 6).

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 2

company.  Except as so admitted, IPOS denies the remaining allegations of paragraph 3 of the

Complaint.

4.     The allegations of paragraph 4 of the Complaint appear to relate to, and describe

actions by entities other than IPOS; thus, it would seem that no response is required from IPOS.

To the extent a response is required, or to the extent the allegations may be construed against it,

IPOS denies the allegations of paragraph 4 of the Complaint.

5.     IPOS admits that, as of the time of the events described in the Complaint, IPOS

was operating the propane facilities in St. Croix, Virgin Islands and in St. Thomas, Virgin Islands.

Except as so admitted, IPOS denies the allegations of paragraph 5 of the Complaint.

6.     The allegations of paragraph 6 of the Complaint appear to relate to, and describe

entities or individuals other than IPOS; thus, it would seem that no response is required from IPOS.

To the extent a response is required, or to the extent the allegations may be construed against it,

IPOS denies the allegations of paragraph 6 of the Complaint as written.

7.     The allegations of paragraph 7 of the Complaint appear to relate to, and describe

actions by entities other than IPOS; thus, it would seem that no response is required from IPOS.

To the extent a response is required, or to the extent the allegations may be construed against it,

IPOS denies the allegations of paragraph 7.

8.     The allegations of paragraph 8 of the Complaint appear to relate to, and describe

an entity other than IPOS; thus, it would seem that no response is required from IPOS.

9.     The allegations of paragraph 9 of the Complaint appear to relate to, and describe an

entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent

a response is required, or to the extent the allegations may be construed against it, IPOS lacks

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 3

knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and therefore denies these allegations.

10.     The allegations of paragraph 10 of the Complaint appear to relate to, and describe an entity other than IPOS, namely, the Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint as written, and therefore denies these allegations.

11.     The allegations of paragraph 11 of the Complaint appear to relate to, and describe an entity other than IPOS, namely, the Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the employees of Plaintiff, and upon information and belief, denies the allegations of paragraph 11 of the Complaint insofar as they pertain to the management team and member of Plaintiff.

12.     IPOS denies the allegations of paragraph 12 of the Complaint.

13.     IPOS admits that, in or around April 2018, IPOS entered into an agreement with Plaintiff.  Except as so stated, IPOS denies any remaining allegations of paragraph 13 of the Complaint.

14.     IPOS denies the allegations of paragraph 14 of the Complaint.

15.     IPOS denies the allegations of paragraph 15 of the Complaint, except that IPOS admits that it entered into a Maintenance Contract with Plaintiff on or about September 1, 2019.

16.     IPOS denies the allegations of paragraph 16 of the Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 4

17.     To the extent that the allegations of paragraph 17 of the Complaint pertain to IPOS, IPOS denies these allegations.  To the extent the allegations of paragraph 17 of the Complaint relate to or pertain to any entity or person other than IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

18.     The allegations of paragraph 18 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies these allegations.

19.     The allegations of paragraph 19 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS denies any allegations that may be construed against it.

20.     The allegations of paragraph 20 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint.

21.     The allegations of paragraph 21 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS denies any allegations that may be construed against it, and lacks knowledge or information

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 5

sufficient to form a belief as to the truth of the remaining allegations of paragraph 21 of the Complaint.

22.     The allegations of paragraph 22 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.     The allegations of paragraph 23 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.     The allegations of paragraph 24 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.     IPOS denies the allegations of paragraph 25 of the Complaint.

26.     The allegations of paragraph 26 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 6

27.     The allegations of paragraph 27 of the Complaint appear to relate to, and describe persons or entities other than IPOS, namely, Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28.     The allegations of paragraph 28 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint.

29.     The allegations of paragraph 29 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint.

30.     The allegations of paragraph 30 of the Complaint appear to relate to, and describe persons or entities other than IPOS, namely, Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint.

31.     The allegations of paragraph 31 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 7

To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits that it has utilized Trager Brothers on occasion, denies any remaining allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31 of the Complaint that pertain to Plaintiff's relationship with Trager Brothers.

     32.    IPOS denies the allegations of paragraph 32 of the Complaint.

     33.    IPOS denies the allegations of paragraph 33 of the Complaint.

     34.    The allegations of paragraph 34 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

     35.    The allegations of paragraph 35 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

     36.    The allegations of paragraph 36 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 8

37.      The allegations of paragraph 37 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38.      The allegations of paragraph 38 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39.      The allegations of paragraph 39 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Complaint.

40.      The allegations of paragraph 40 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint.

41.      IPOS denies the allegations of paragraph 41 of the Complaint.

42.      The allegations of paragraph 42 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 9

To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint.

43.    The allegations of paragraph 43 of the Complaint appear to relate to or describe persons or entities other than IPOS, namely, Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44.    The allegations of paragraph 44 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.

45.    The allegations of paragraph 45 of the Complaint appear to relate to or describe persons or entities other than IPOS, namely, Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45.

46.    The allegations of paragraph 46 of the Complaint appear to relate to or describe persons or entities other than IPOS, namely, Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46.

47.    The allegations of paragraph 47 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it,

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 10

IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47.

48.     The allegations of paragraph 48 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits only that on March 31, 2021, Plaintiff sent an email that referred in part to an inspection conducted by a PT technician from Versa Inspection. IPOS denies the remaining allegations of paragraph 48 to the extent that they deviate from the language of the subject communication.

49.     The allegations of paragraph 49 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits only that on March 31, 2021, a communication was sent to Plaintiff by Canning that inquired in part, about how the final weld inspection would be undertaken and what percentage of welds would be inspected.  IPOS denies the remaining allegations of paragraph 49 to the extent that they deviate from the language of the subject communication.

50.     The allegations of paragraph 50 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits only that on March 31, 2021, Plaintiff sent an email representing in part that Versa Inspections will perform PAUT (Phase Array Ultrasonic) on 10% of all welds.  IPOS denies the remaining  allegations of paragraph 50 of the Complaint to the extent that they deviate from the language of the subject communication.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 11

51.    IPOS admits only that on April 15, 2021, IPOS sent an email to Plaintiff noting receipt of Welder Certificates and inquiring about the Datasheet on the welding consumables. IPOS denies the remaining allegations of paragraph 51 of the Complaint to the extent that they deviate from the language of the subject communication.

52.    IPOS admits only that on April 19, 2021, Plaintiff sent an email to IPOS forwarding a MTR for welding rods and pictures of labels.  IPOS denies the remaining allegations of paragraph 52 of the Complaint to the extent that they deviate from the language of the subject communication.

53.    IPOS denies the allegations of paragraph 53 of the Complaint.

54.    The allegations of paragraph 54 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.    IPOS denies the allegations of paragraph 55 of the Complaint.

56.    IPOS denies the allegations of paragraph 56 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

57.    IPOS denies the allegations of paragraph 57 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 12

58.     The allegations of paragraph 58 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

59.     The allegations of paragraph 59 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS denies the allegations of paragraph 59, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 59.

60.     IPOS admits the allegations of paragraph 60 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

61.     The allegations of paragraph 61 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61.

62.     IPOS denies the allegations of paragraph 62 of the Complaint to the extent these allegations relate to it, except that IPOS states that on July 27, 2021, Plaintiff furnished an unsigned letter dated July 29, 2021.  IPOS denies the remaining allegations of paragraph 62 of the Complaint to the extent that they deviate from the language of the subject communication.  To the extent that

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 13

the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information

sufficient to form a belief as to the truth of these allegations.

63.     IPOS denies the allegations of paragraph 63 of the Complaint to the extent these

allegations relate to it.  To the extent that the allegations do not relate to or describe actions by

IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these

allegations.

64.     IPOS denies the allegations of paragraph 64 of the Complaint to the extent these

allegations relate to it, except that IPOS states that on July 26, 2021, Plaintiff provided an email

with certain information about testing.  IPOS denies the remaining allegations of paragraph 64 of

the Complaint to the extent that they deviate from the language of the subject communication.  To

the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge

or information sufficient to form a belief as to the truth of these allegations.

65.     IPOS denies the allegations of paragraph 65 of the Complaint to the extent these

allegations relate to it, except that IPOS admits that on July 27, 2021, certain information was

requested from Plaintiff.  IPOS denies the remaining allegations of paragraph 65 of the Complaint

to the extent that they deviate from the language of the subject communication.  To the extent that

the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information

sufficient to form a belief as to the truth of these allegations.

66.     IPOS denies the allegations of paragraph 66 of the Complaint to the extent these

allegations relate to it, except IPOS admits that on July 27, 2021, Plaintiff provided a

communication.  IPOS denies the remaining allegations of paragraph 66 of the Complaint to the

extent that they deviate from the language of the subject communication.  To the extent that the

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 14

allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information

sufficient to form a belief as to the truth of these allegations.

67.     IPOS denies the allegations of paragraph 67 of the Complaint to the extent these

allegations pertain to it, except that IPOS admits that it issued a letter dated July 28, 2021 providing

Plaintiff notice of termination of the Maintenance Contract.

68.     IPOS denies the allegations of paragraph 68 of the Complaint to the extent these

allegations relate to it.  To the extent that the allegations do not relate to or describe actions by

IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these

allegations.

69.     IPOS denies the allegations of paragraph 69 of the Complaint to the extent these

allegations relate to it.  To the extent that the allegations do not relate to or describe actions by

IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these

allegations.

70.     IPOS denies the allegations of paragraph 70 of the Complaint to the extent these

allegations relate to it.  To the extent that the allegations do not relate to or describe actions by

IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these

allegations.

71.     IPOS denies the allegations of paragraph 71 of the Complaint to the extent these

allegations relate to it.  To the extent that the allegations do not relate to or describe actions by

IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these

allegations.

72.     IPOS admits that it has requested certain documents from Plaintiff, which have not

been provided to IPOS.  Except as so admitted, IPOS denies the allegations of paragraph 72 of the

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 15

Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

73.     IPOS lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 73 of the Complaint, and therefore denies these allegations to the extent that these allegations pertain to or may be construed against IPOS.

74.     IPOS lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 74 of the Complaint, and therefore denies these allegations to the extent that the allegations pertain to or may be construed against IPOS.

## COUNT I

75.     IPOS repeats and incorporates by reference all of its responses to all preceding paragraphs as if fully set forth herein.

76.     IPOS denies the allegations of paragraph 76 of the Complaint.

77.     IPOS denies the allegations of paragraph 77 of the Complaint.

## COUNT II

78.     IPOS repeats and incorporates by reference all of its responses to all preceding paragraphs as if fully set forth herein.

79.     Paragraph 79 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 79 of the Complaint.  As and for a further response,

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 16

IPOS states that paragraph 79 states certain conclusions of law to which no response is required from IPOS.

80.    Paragraph 80 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 80 of the Complaint.  As and for a further response, IPOS states that paragraph 80 states certain conclusions of law to which no response is required from IPOS.

## COUNT III

81.    IPOS repeats and incorporates by reference all of its responses to all preceding paragraphs as if fully set forth herein.

82.    Paragraph 82  is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 82 of the Complaint.  As and for a further response, IPOS states that paragraph 82 states certain conclusions of law to which no response is required from IPOS.

83.    Paragraph 83 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 83 of the Complaint.  As and for a further response, IPOS states that paragraph 83 states certain conclusions of law to which no response is required from IPOS.

## COUNT V[2]

---

2    Count V follows Count III of the Complaint.  The Complaint does not contain a Count designated as "IV."

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 17

84.     IPOS repeats and incorporates by reference all of its responses to all preceding paragraphs as if fully set forth herein.

85.     Paragraph 85 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 85 of the Complaint.  As and for a further response, IPOS states that paragraph 85 states certain conclusions of law to which no response is required from IPOS.

86.     Paragraph 86 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 86 of the Complaint.  As and for a further response, IPOS states that paragraph 86 states certain conclusions of law to which no response is required from IPOS.

## GENERAL DENIAL

Except as specifically admitted herein, IPOS denies all allegations, whether express or implied, in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

IPOS asserts that it bears the burden of proof, if at all, only on those matters as set forth as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure.   In addition to the defenses identified below, IPOS reserves the right to assert any and all applicable defenses to Plaintiff's claims.  Without waiving the generality of the foregoing and without conceding that any such defense must be set forth in IPOS's Answer pursuant to Rule 12 of the Federal Rules of Civil Procedure or otherwise, IPOS states as follows on information and belief, subject and without prejudice to its ability at the conclusion of discovery and/or at the conclusion of the presentation

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 18

of evidence at trial, if any, to withdraw any legal defense that has been preserved, but which is not

supported by facts or circumstantial evidence developed during the litigation:

1.      All or certain of the claims of Plaintiff's Complaint fail to state a claim upon which

relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of

limitations.

3.      Plaintiff may lack standing to assert all or certain of the claims in the Complaint.

4.      Plaintiff has failed to utilize reasonable efforts to mitigate or minimize the alleged

damages, as required by law.

5.      Without in any way conceding or admitting that any improper or unlawful act was

taken by any employee, contractor, or alleged agent of IPOS against Plaintiff, IPOS states that any

such conduct was outside the course and scope of that individual's relationship with IPOS, and

was not ratified, confirmed, or approved by IPOS.  Thus, any such actions cannot be attributed or

imputed to IPOS.

6.      There exists no proximate causation between any alleged act or alleged omission

by IPOS and Plaintiff's claimed damages, attorney's fees and expenses, or any other amounts

claimed by Plaintiff.

7.      Any losses or other damages experienced or incurred by Plaintiff were due in whole

or in part to Plaintiff's own actions, inaction, and/or the actions or omissions of third parties.

8.      Plaintiff's claims for damages may be barred, in whole or in part, to the extent that

Plaintiff seeks multiple recoveries for the same alleged actions or omissions.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or

estoppel or laches, and/or unclean hands.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 19

10.     Any decisions made by  or on behalf of IPOS were made and taken in good faith and based upon IPOS's reasonable belief at the time said actions were taken.

11.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of impossibility, impracticability, or changed circumstances.

12.     Plaintiff's claims may be barred by the statute of frauds and/or failure of consideration.

13.     Plaintiff's claims may be barred due to the failure to plead with the requisite particularity required by the Federal Rules of Civil Procedure.

14.     Plaintiff's claims may be barred in whole or in part by the terms of any contracts or agreements between Plaintiff and IPOS.

15.     IPOS expressly asserts and preserves the defenses of insufficient process and/or insufficient service of process on IPOS.

16.     Plaintiff's claims may be barred in whole or in part by the doctrine of accord and satisfaction or by the doctrines of payment and/or release.

17.     Plaintiff's claims for damages may be barred, in whole or in part, or subject to offset or reduction, to the extent that any of the services for which payment is claimed were not performed in a workman like manner, utilizing the care and skill that is customary and expected in the trade or profession, and/or to the extent that payment of amounts alleged to be owed therefore would unjustly enrich the Plaintiff.

18.     Plaintiff's claims for damages may be barred, in whole or in part, to the extent that Plaintiff has failed to satisfy reasonable conditions precedent to payment, to include Plaintiff's failure, refusal or inability to timely furnish all documentation as requested by IPOS to enable IPOS to validate and verify the quality of the work.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 20

19.     Plaintiff's claims may be barred in whole or in part by the doctrines of fraud and/or illegality.

20.     IPOS reserves the right to assert additional affirmative defenses as may be warranted based upon further discovery and investigation.

21.     IPOS reserves the right to assert additional affirmative defenses as may be warranted based upon developments in applicable law.

22.     To the extent not inconsistent with its denials or other defenses, IPOS incorporates, adopts, and reserves the right to expressly assert any and all affirmative defenses asserted by other defendants to this matter which may be applicable to IPOS.

23.     IPOS reserves the right to amend this answer to assert counterclaims against Plaintiff in accordance with Fed. R. Civ. P. 13(a) or (b), and/or to assert crossclaims in accordance with Fed. R. Civ. P. 13(g), if warranted.

WHEREFORE, having fully answered Plaintiff's Complaint, IPOS prays for relief as follows:

1.     That Plaintiff's Complaint be dismissed with prejudice;

2.     That IPOS be awarded its reasonable costs and attorneys' fees in defending this matter; and

3.     For such other and further relief as this Court deems proper.

## COUNTERCLAIM AGAINST PETRO INDUSTRIAL SOLUTIONS LLC

Island Project and Operating Services LLC ("IPOS"), for its Counterclaim against Plaintiff Petro Industrial Solutions, LLC, states as follows:

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 21

1. Counter-Claimant Island Project and Operating Services LLC is a Virgin Islands limited liability company, the sole member of which is Vitol Terminal Support Services, B.V., which is organized under the laws of the Netherlands and which maintains its principal place of business in the Netherlands.

2. On information and belief, Plaintiff and Counter-Defendant Petro Industrial Solutions, LLC ("Petro") is a Virgin Islands limited liability company, the sole member of which is Adrian Melendez ("Melendez"), who is upon information and belief a citizen of the U.S. Virgin Islands or a citizen of the Commonwealth of Puerto Rico.

3. This Court has jurisdiction over the subject matter and parties to the action pursuant to 28 U.S.C. §§ 1332.

4. IPOS provides certain operation and management activities for Vitol Virgin Islands Corp. ("VIVIC"), which upon information and belief entered an agreement with the Virgin Islands Water and Power Authority ("WAPA") to perform certain services related to conversion of units 15, 18, 22 and 23 at the Randolph Harley Power Plant located on the island of St. Thomas and units 16, 17, 19 and 20 at the Richmond Power Plant located on the island of St. Croix and the development of infrastructure projects related thereto (the "Plants").

5. On or about September 1, 2019, IPOS entered into a Maintenance Contract with Petro (the "2019 Maintenance Contract"), which refers to Petro as the "Service Company" and to IPOS as the "Customer."

6. Paragraph 1 of the 2019 Maintenance Contract provides, in part, that Petro "shall provide scheduled preventative maintenance during regular business with the schedule to be based on the specific needs of the Equipment as determined by the Customer" and in addition,

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 22

provided that Petro "shall provide unscheduled remedial maintenance ("on-call service") as and when needed."

7. Paragraph 1 of the 2019 Maintenance Contract provides, in part, that the services would be provided at the "WAPA Propane Facilities in St. Croix and St. Thomas, USVI."

8. Paragraph 3 of the 2019 Maintenance Contract provides, "Trained personnel directly employed and supervised by the Service Company will perform all services required by the terms of this Contract.  The Service Company agrees that each of its employees will be properly qualified and will use reasonable care in the performance of his or her duties."

9. Paragraph 6 of the 2019 Maintenance Contract provides, in part "The term of this Contract shall commence on September 01, 2019 and shall continue in full force and effect until it is terminated."

10. Paragraph 6 of the 2019 Maintenance Contract provides, in part "In any event, this Contract shall be in effect for a minimum of one year."

11. As contemplated by the 2019 Maintenance Contract, Petro provided scheduled and unscheduled maintenance services and other projects at the Plants as requested by IPOS from time to time.

12. One such project involved construction of a 3" vent line improvement at the St. Croix Plant, for which Petro issued an invoice in the amount of $101,339.20 on May 11, 2021, and an invoice in the amount of $18,700.00 on June 11, 2021.

13. On June 8, 2021, Petro provided notification of completion of the work related to the 3" vent line improvement, which Petro described as "ready to [be] put back in service" and indicated that Petro would turn over all QC and NDT documentation at the end of that week.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 23

14. Following the notification of completion of the work, and the availability of documentation related to the same, IPOS requested certain information from Petro in order to enable IPOS to verify the workmanship.

15. In response to one such inquiry from IPOS, Melendez on or about July 22, 2021 furnished Petro's welding procedures and Welder Performance Qualification Records (WPQ) bearing dates of February 19, 2021, March 22, 2021 and April 1, 2021 for work performed by six of Petro's welders.

16. Each of the WPQs was certified by Adrian Melendez to contain correct statements.

17. Each of the WPQs represented that the Welding Test had been conducted by Guillermo Castro and that the Mechanical Test had been conducted by Acuren Inspection services.

18. Following receipt of this information, IPOS requested additional information regarding the welding services provided by Petro, and on July 22, 2021, Melendez responded that certain requested information was available in a "3'' vent folder on Dropbox" that he had created and shared.

19. On July 26, 2021, IPOS requested additional information from Petro, and on July 27, 2021, IPOS made a further request for information, including "a report/certificate/document from Acuren/Costas [sic] in order for you sign the WPQ."

20. In response to the July 26, 2021 request, Melendez on July 27, 2021 sent a reply stating, in part, "Please see Mr. Castro's attached letter regarding this question."  The letter attached to the July 27, 2021 email was dated July 29, 2021, did not bear any letterhead or other information identifying a physical or mailing address of the author, did it bear any information identifying any phone number of the author, and was not signed physically or electronically.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 24

21. The July 29, 2021 letter forwarded by Melendez on July 27, 2021, which was described as being from Mr. Castro, stated in part, "No qualification reports were created due to each welder was just testing to re-qualify.  Should you need me to come to St. Croix to recertify the welders I'm willing to do so."  The next and final paragraph of the letter stated, "On another note, I will be leaving on a project overseas and will have very limited internet access.  Please use this letter as my communication on this matter."

22. Due to concerns about the veracity of the information provided by Petro, and the significance of the 3" vent line project, IPOS by letter dated July 28, 2021 furnished Petro with notification of the termination of the Maintenance Contract.

23. Because Petro failed to provide all necessary documentation required to put the 3" vent line improvement at the St. Croix Plant into service, IPOS in August 2021 engaged a third party, Versa Integrity Group, to inspect the welding completed by Petro, in order to determine what remedial measures, if any, were warranted.

24. The inspections conducted in August 2021 utilizing computed radiography revealed that certain portions of the welding failed to meet expected standards.

25. Following the completion of the inspections and testing, Versa Integrity Group issued invoices to IPOS in the amount of $18,792.60, and $17,924.00, which amounts have been paid by IPOS.

26. Notwithstanding the termination of the 2019 Maintenance Contract, IPOS continued its efforts to obtain documentation from Petro to facilitate IPOS's efforts to verify the work performed, and to evaluate Petro's request for additional payments, including through an August 27, 2021 letter, but Petro refused to provide the requested documentation to IPOS.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 25

27. On or about October 27, 2021, IPOS received a quotation/proposal from a third party, Tampa Tank (TTI), which set forth a $114,740 fee for the repairs to the 3" vent lines.  On or about November 22, 2021, IPOS received an amended and updated quotation/proposal, which set forth a fee of $148,247 to expedite the scheduled repairs to the 3" vent lines to reduce the down time by two days.

## COUNT I – BREACH OF CONTRACT

28. IPOS repeats and incorporates all prior allegations stated heretofore.

29. In entering into the 2019 Maintenance Contract, Petro agreed that "Trained personnel directly employed and supervised by the Service Company will perform all services required by the terms of this Contract," and Petro further agreed that "each of its employees will be properly qualified and will use reasonable care in the performance of his or her duties."

30. Petro breached the agreements contained in the 2019 Maintenance Contract by, inter alia, failing to provide trained and properly qualified personnel, and/or by failing to appropriately supervise its personnel, and/or by failing to ensure that its personnel utilized reasonable care in the performance of the work on the 3" vent line improvement and other projects performed at the Plants, and/or by failing to deliver work that met industry standards.

31. As a result of Petro's breach of the agreements contained in the 2019 Maintenance Contract, IPOS suffered damages, including, without limitation, direct costs associated with re-inspection of the work performed by Petro, direct costs associated with repairing and/or replacing the 3" vent line and other work performed by Petro, as well as indirect

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 26

delay costs and reputational harm related to IPOS's consequent inability to fulfill its obligations to its client.

## COUNT TWO – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

32. IPOS repeats and incorporates all prior allegations stated heretofore.

33. In entering into the 2019 Maintenance Contract, Petro undertook an implied duty of good faith and fair dealing with respect to the nature of its conduct in performing services pursuant to the Contract.

34. By failing to provide information to IPOS necessary to permit IPOS to evaluate the work performed by Petro, and/or by providing information that was inaccurate and/or incomplete, and/or by other actions and omissions including but not limited to those described herein, Petro frustrated IPOS's reasonable expectations, deprived IPOS of the benefits for which IPOS bargained, and accordingly breached its duty of good faith and fair dealing owed to IPOS.

35. As a result of Petro's breach of its duty of good faith and fair dealing, IPOS suffered damages, including, without limitation, direct costs associated with re-inspection of the work performed by Petro, direct costs associated with repairing and/or replacing the 3" vent line and other work performed by Petro, as well as indirect delay costs and reputational harm related to IPOS's consequent inability to fulfill its obligations to its client.

## COUNT THREE: NEGLIGENCE AND BREACH OF PROFESSIONAL DUTY

36. IPOS repeats and incorporates all prior allegations stated heretofore.

37. Despite its duty owed to IPOS, Petro failed to utilize reasonable care that was commensurate with the level of care expected of professionals providing the services Petro held itself out as capable of providing.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 27

38. As a result of the aforementioned failure to utilize reasonable care and/or to utilize the care commensurate with, and expected of the professionals providing the services Petro held itself out as capable of providing, IPOS suffered damages, including, without limitation, direct costs associated with re-inspection of the work performed by Petro, direct costs associated with repairing and/or replacing the 3" vent line and other work performed by Petro, as well as indirect delay costs and reputational harm related to IPOS's consequent inability to fulfill its obligations to its client.

## COUNT FOUR: FRAUDULENT OR NEGLIGENT MISREPRESENTION

39. IPOS repeats and incorporates all prior allegations stated heretofore.

40. Petro affirmatively represented to IPOS that the information furnished to IPOS, including but not limited to the WPQs and related information, was accurate and factually correct.

41. Petro's affirmative representations to IPOS were made for the purpose of inducing IPOS to rely upon these representations by accepting Petro's work, making payment to Petro, and/or utilizing Petro's service for other work.

42. IPOS reasonably and justifiably relied to its detriment on the affirmative representations made to it by Petro, which representations were known or should have been known by Petro to be false at the time they were made.  Alternatively, Petro failed to exercise reasonable care or competence in obtaining or communicating information to IPOS concerning and relating to work performed by Petro and concerning and relating to the qualifications of individuals to perform work or certify Petro's welders to perform work.

43. As a result of its reliance on the affirmative representations made to it by Petro, IPOS suffered damages, including, without limitation, direct costs, as well as indirect delay costs

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC
Page 28

and reputational harm related to IPOS's consequent inability to fulfill its obligations to its

client.

WHEREFORE, IPOS demands judgment against Plaintiff Petro on its Counterclaim,

together with compensatory damages against Petro in an amount to be determined by the trier of

fact, punitive damages for any intentional and willful misconduct,  interest, costs, attorneys' fees,

and such other and further relief as the Court deems just and appropriate.


Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, LLC**

DATED: December 21, 2021          By:   */s/ Simone R.D. Francis*
                                          SIMONE R. D. FRANCIS
                                          V.I. Bar Number 537
                                          The Tunick Building, Suite 201
                                          1336 Beltjen Road
                                          St. Thomas, VI 00802
                                          Telephone: (340) 714-1235
                                          Facsimile:  (340) 714-1245
                                          Email: simone.francis@ogletree.com

                                          *Attorneys for Island Project and Operating*
                                          *Services, LLC*