IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>      Plaintiff,<br><br>  v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, (IPOS), VITOL HOLDING CO., VITOL VI and ANDREW CANNING,<br><br>      Defendants. | CIVIL NO. 1:21-CV-00312 |

**STIPULATED CONFIDENTIALITY AGREEMENT**
**AND AGREED PROTECTIVE ORDER**

Plaintiff PETRO INDUSTRIAL SOLUTIONS, LLC and Defendants ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL VIRGIN ISLANDS CORP. (incorrectly named Vitol VI in the Complaint), VITOL US HOLDING CO. (incorrectly named Vitol Holding Co. in the Complaint) (collectively, the "Vitol Defendants"), and ANDREW CANNING, through undersigned counsel, have agreed to the following terms and conditions with regard to the treatment of certain confidential information that may be disclosed to either party during discovery in this matter. The parties request that the Court approve this Stipulated Confidentiality Agreement and Agreed Protective Order.

  A.  **Documents Stipulated to be Confidential**

The parties agree that the following documents will be treated as Confidential: Information or documents of any kind pertaining to any non-public contract or agreement of the parties, as well as any other non-public business record, report, or information of or regarding the parties or any affiliated company, and any information or documents that contain trade secrets or other confidential, strategic, research, development, financial, or commercially sensitive information.

  B.  **Non-Disclosure of Documents Stamped Confidential**

All documents stipulated to be Confidential will be stamped "**CONFIDENTIAL**".

A document stamped **CONFIDENTIAL** signifies that it contains information believed to be subject to protection. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped Confidential document, but, to the extent feasible, shall be prepared in such a manner that the Confidential information is bound separately from that not entitled to protection.

C.  **Permissible Disclosures**

Notwithstanding the above, documents stamped Confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation, counsel's direct staff as needed, any party in this action, including any insurer, when utilized as part of counsel's client consultation and when rendering advice to the client, and any designated mediator. Such documents may also be disclosed:

1. to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

2. to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary for preparation to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation, however, the witness, consultant or expert to whom disclosure is to be made would be required to sign and file with the Court a form containing: (a) a recital that the signatory understands that unauthorized disclosure of the stamped Confidential documents constitutes contempt of Court; and (b) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

D.  **Declassification**

1. If, upon receipt of a document stamped Confidential or a piece of information designated as Confidential, counsel for either party concludes that such document has been improperly stamped or designated as Confidential, such counsel shall notify, in writing, the party requesting confidential treatment for the document or piece of information. Counsel objecting to

the designation and counsel requesting confidential treatment shall meet and confer and make a good faith effort to arrive at a voluntary consensus as to the propriety of treating any document or piece of information as Confidential for the purpose of the litigation.

2.  If counsel fail to arrive at a voluntary consensus within fourteen (14) business days of written notification objecting to the designation, counsel challenging the designation of a document or piece of information as Confidential shall file a motion with the Court objecting to that designation as Confidential under this Confidentiality Order. The designated document or information shall be treated as Confidential pending the decision of the Court on the propriety of the designation.

E.  **Confidential Information in Depositions**

Parties and deponents may, within fifteen (15) days after receiving a deposition, designate pages of the transcript and exhibits thereto as Confidential. Confidential information within the deposition transcript may be designated by underlining the portions and pages that are confidential and marking such pages with the following legend: **Confidential, Subject to Protection Pursuant to Confidentiality Order**. Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential information in a deposition, then none of the transcript or its exhibits will be treated as Confidential. If a timely designation is made, the Confidential portions and/or exhibits shall be filed under seal separate from the portions and exhibits not so marked.

F.  **Confidential Information at Trial**

Subject to the Federal Rules of Evidence, stamped Confidential information may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives thirty (30) days advance notice to counsel for the party or other person that designated the information as Confidential, if there is such time before the document is to be used in court; otherwise the notice must be given as soon as possible.. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The

Court will then determine whether the proffered evidence should continue to be treated as Confidential information, and if so, what protection, if any, may be afforded to such information at the trial.

### G. Filing

Documents stamped Confidential need not be filed with a clerk except when required in connection with motions under Rules 12 or 56 of the Federal Rules of Civil Procedure or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the Office of the Clerk as long as they retain their status as stamped Confidential documents.

### H. Client Consultation

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients, and, in the course thereof, relying generally on examination of stamped Confidential documents.

### I. Use

Persons obtaining access to documents stamped Confidential under this Order shall use the information only for preparation and trial of this litigation and shall not use such information for any other purpose, including in or for other cases, administrative or judicial proceedings, or disputes for any commercial, business, competitive, or other purpose whatsoever, excluding this litigation and appeals and retrials of this litigation.

### J. Non-Termination

The provisions of this Order shall not terminate at the conclusions of these actions. Within one hundred and twenty (120) days after the final conclusion of all aspects of this litigation, documents stamped as Confidential under this Order and all copies of these documents shall be returned to the party or persons who produced such documents, or, at the option of the producer, the documents shall be destroyed. Where the return or destruction of Confidential documents is not feasible (e.g., due to law firms' retention policies for electronically stored information), the

Confidential documents shall remain subject to the protections of this Order. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than one hundred and fifty (150) days after final termination of this litigation; provided, however, that counsel for either party to this action who believes that public disclosure of any document or information treated as Confidential under this Order is appropriate shall be entitled to file a motion in this Court at any time prior to the return or destruction of said document requesting authorization of public disclosure. Notification to the counsel who designated such information as Confidential shall be made in writing.

Counsel of record for the party or parties receiving Confidential information may retain a copy of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial, and any work product containing Confidential information, provided however that any Confidential information contained in any such documents retained by counsel of record shall remain subject to the protections of this Order.

**K.**     **Modification Permitted**

Nothing in this Order shall prevent any party or other person from seeking modification of this Order, nor is this Order intended to modify the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any other rule or statute regarding discovery.

**L.**     **Redaction of Personal Information**

The parties agree that personal redactions may apply to the following types of data in documents: social security numbers, passport numbers, personal financial account numbers, personal taxpayer identification numbers, names of minors, dates of birth, home addresses, driver license numbers, and any similar sensitive personal information.

M. **Responsibility of Attorneys**

The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of stamped Confidential documents.

                    Respectfully submitted,

Dated: April 13, 2022

*s/ Lee J. Rohn*
Lee J. Rohn, Esq.
VI Bar No. 52
1108 King Street, Suite 3 (mailing)
56 King Street, Third Floor (physical)
Christiansted, St. Croix
U.S. Virgin Islands 00820
Telephone: (340) 778-8855
lee@rohnlaw.com

*Attorney for Plaintiff*

Dated: April 13, 2022

*s/ Simone Francis*
**Ogletree, Deakins, Nash, Smoak & Stewart, LLC**
Simone Francis, Esq.
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, VI 00802
Email Address:
simone.francis@ogletree.com

*Attorney for Island Project and Operating Services, LLC*

Dated: April 13, 2022

*s/ Carl A. Beckstedt III*
**Beckstedt & Kuczynski LLP**
Carl A. Beckstedt III, Esq.
Virgin Islands Bar No. 684
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086
carl@beckstedtlaw.com

*s/ Alex Kaplan*
**SUSMAN GODFREY L.L.P.**
Alex Kaplan, *Admitted Pro Hac Vice*
1000 Louisiana St., Suite 5100

Houston, TX 77002
Tel: (713) 651-9366
akaplan@susmangodfrey.com

Y. Gloria Park, *Admitted Pro Hac Vice*
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
gpark@susmangodfrey.com

*Attorneys for Vitol Defendants*

Dated: April 13, 2022

*s/ Andrew C. Simpson*
**ANDREW C. SIMPSON, P.C.**
Andrew C. Simpson, Esq.
VI Bar No. 451
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

*Attorney for Andrew Canning*

**PROTECTIVE ORDER**

**SO ORDERED** this _____ day of _____ 2022.

ATTEST:

_____
Magistrate Judge of the District Court

_____
CLERK OF THE COURT

By:_____
    Deputy Clerk

Date: _____