# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 1400 | SUITE 3000 |
|---|---|---|
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 401 UNION STREET |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

GLORIA PARK
DIRECT DIAL (212) 729-2029

E-MAIL GPARK@SUSMANGODFREY.COM

February 6, 2023

VIA E-MAIL

Lee J. Rohn, Esq.
Lee J. Rohn and Associates, LLC
53 King Street, 3rd Floor
Christiansted, St Croix
U.S. Virgin Islands 00820

Re:   *Petro Industrial Services, LLC v. Island Project and Operating Services, LLC, et al.*, Civil No. 1:21-cv-00312 (D.V.I.)

Dear Attorney Rohn:

We write in response to your February 3, 2023 letter:

### Plaintiff's Witnesses

1. In your January 31 letter, you offered the Adrian Melendez **Jr**. and the Petro 30(b)(6) depositions on April 28. This letter separately offered Adrian Melendez, **Sr**. on June 23. In your February 3 letter, however, you listed Adrian Melendez **Sr**. and the Petro 30(b)(6) depositions on April 28.

   We would like to take Adrian Melendez Jr. as the first deposition in this case. If he is also the corporate representative for Petro, then we are fine to take the Melendez Jr. and Petro 30(b)(6) depositions on the same date. **April 28** is the first date you offer in your letter. That date works for us, and we will take the Adrian Melendez Jr. and Petro 30(b)(6) depositions on that date. Please confirm, and please also let us know what other dates Adrian Melendez Sr. is available for his deposition.

2. Please confirm that you will voluntarily present Chetram Persaud on **May 22** as you note in your latest letter.



EXHIBIT 5

February 6, 2023
Page 2

3. Please confirm that you will voluntarily present Elias Rivera for deposition, and please provide a date before June 16. We suggest May 24 or June 14 as possibilities for the reasons described below (in the Vitol's Witnesses and Third-Party Witnesses sections of this letter).

4. We indicated that we would like to take the deposition of Frank Kirsch. It is our understanding that Frank Kirsch is or was a Petro employee. Are you voluntarily presenting Frank Kirsch, or do the parties need to serve a subpoena on him for his deposition?

### Vitol's Witnesses

1. We can confirm the following deposition dates:

   - Charlotte Horowitz and the Vitol Virgin Islands Corp. 30(b)(6) on **May 19**.
   - Sebastian Moretti on **May 25**. Please note that we will present Mr. Moretti starting in the morning so that his deposition can be completed on that date. He is not available for a second date. Given Attorney Francis's notice that she would be unavailable the morning of May 25, we are working on an accommodation to ensure that we can start in the morning and thus finish that day.
   - Tim Kologinczak on **May 23**.

2. The schedule in your latest letter refers to a "VITOL VI" deposition on May 24. We don't know what that refers to. As noted above, we are confirming the Vitol Virgin Islands Corp. 30(b)(6) deposition on May 19.

3. We will check with our client on your requested date (June 15) for the 30(b)(6) deposition of Vitol US Holdings II Co.

### Third-Party Witnesses

We indicated that we would like to take the following third-party depositions:
- Doug Rice (Acuren Inspection Services)
- Oliver Garcia (Saintnals, LLC)
- Johnas Semien (Versa Integrity Group)

You indicated that you would like to take the following third-party depositions:
- 30(b)(6) Versa Integrity
- Acuren Inspection Services
- 30(b)(6) Traeger Brothers

February 6, 2023
Page 3

Neither we nor you, as we understand it, represent any of these third parties. It is not realistic to schedule their depositions on dates certain before the parties have issued subpoenas and coordinated dates with the third parties. The parties should treat third-party witnesses separately as part of this scheduling process and issue whatever process is necessary to secure their depositions; we can then schedule them once we get available dates from the third parties.

Finally, you also requested the depositions of Garry Stoker and Andreas Constantinou. We do not control or represent them, and we are not clear on their current affiliation—in particular, whether they are represented by any counsel in this case and would appear voluntarily or whether compulsory process will be necessary to take their depositions. In either case, we understand they may reside in Europe, which (given the time change) will affect the scheduling of any deposition.

### Number of Depositions

You are not correct about our position on the number of depositions. Rule 30(a)(2)(A)(i) of the Federal Rules of Civil Procedure notes:

> A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deposition would result in more than 10 depositions being taken under this rule or Rule 31 **by the plaintiffs, or by the defendants, or by the third-party defendants**.

Under this rule, each side in a case can take no more than ten depositions without leave of court. That means all five defendants, together, are limited to taking 10 depositions, absent leave of court, and the plaintiff is likewise limited to taking only 10 depositions absent leave of court. It has never been our position that each defendant can take ten depositions, as your letter incorrectly notes. Please narrow down plaintiff's list of deponents to a total of ten.

Sincerely,

*/s/ Gloria Park*
Gloria Park

cc:   Counsel of Record