IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC; VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP.; ANDREW CANNING; and OPTIS EUROPE, LTD.,<br><br>Defendants. | CASE NO. 1:21-CV-00312 |

**VITOL DEFENDANTS' RESPONSE TO
PLAINTIFF'S DEPOSITION PLAN AND MOTION TO EXTEND TIME**

Defendants Vitol Virgin Islands Corp. and Vitol US Holding II Co. – collectively, the "Vitol Defendants" – submit this response in partial opposition to Plaintiff Petro Industrial Solutions, LLC's deposition plan and motion to extend time (Dkt. 147). Although the Vitol Defendants do not agree that it is necessary to extend the fact discovery deadline, in a continued effort to reduce disputes and move the case forward, the Vitol Defendants do not oppose extending the deadline to June 22, 2023.

The Vitol Defendants do, however, oppose Plaintiff's deposition plan. It contains a number of self-serving and inaccurate statements, is premised on Plaintiff's unilateral demands, and would not serve as an appropriate framework for the efficient conduct of depositions in this case. If the Court intends to adopt a particular deposition plan, the Court should adopt Defendants' Deposition Plan (Dkt. 145), with the sole modification that fact discovery may continue for one additional week through June 22, 2023.

1

<u>Problems with Plaintiff's Approach to Fact Discovery</u>

Some context is important in reviewing the parties' deposition plans. The Court held a status conference on January 18, 2023, in connection with the parties' request to extend the case schedule given Plaintiff's addition of a new party (OPTIS Europe, Ltd.). At that conference, the Court rejected Plaintiff's argument to extend discovery through July and, instead, set June 16, 2023 as the fact discovery deadline.

Thereafter, the parties met and conferred on the depositions each party proposed to take and on potential deposition dates. At the outset of that process, on January 25, 2023, Plaintiff's counsel advised that she was not available until March 20, 2023, and then only for 3 days, and not available again until 3 days in early April, and then only for a few days in late April. *See* Dkt. 147-1 at p. 2. Plaintiff's counsel thus purported to eliminate a substantial amount of the time allotted under the Court's fact discovery deadline (approximately 3 months, in total, declared off-limits).

Plaintiff's counsel then insisted, after declaring that whole period off-limits and given the more modest scheduling issues from the group of defendants' counsel in April and May, that the discovery schedule needed to extend beyond the June 16 deadline set by the Court. In fact, Plaintiff proposed to schedule numerous depositions ***after*** the June 16 deadline, including through July 10, 2023 – even after the Court rejected plaintiff's argument for a July 15, 2023 deadline. Plaintiff's counsel even referred to "***the sheer stupidity***" of arguing not to extend the June 16 fact discovery deadline in a letter that Plaintiff conspicuously chose not to attach to the collection of exhibits to its deposition plan. *See* Exhibit A, at page 2, ¶ 2 (emphasis added).[1]

---

[1] Plaintiff's chronology of the meet and confer regarding the joint plan submission is also wrong. It disingenuously suggests that defendants ignored Plaintiff counsel's "fine-tuned" deposition "plan" sent on February 10, 2023 (Dkt. 147-6) and then circulated a plan at 4 pm with changes "never previously discussed." Dkt. 147 at p. 2. But Plaintiff omits that Defendants wrote to Plaintiff on Monday February 6 as part of the ongoing meet and confer (Dkt. 147-5), yet Plaintiff did not respond in any way until four days later, on the morning of Friday February 10 (Dkt. 147-6), even though the parties had a joint filing due on Friday February 10. Even with Plaintiff's delay in responding, the Vitol Defendants responded to Plaintiff that very morning by email at 11:00 am. *See* Exhibit B. Plaintiff's counsel ignored

The Vitol Defendants have refused to extend the fact discovery deadline into July, because (a) this case has already been delayed by Plaintiff's slow pace in adding OPTIS as a defendant (many months after the OPTIS contract was produced and discovery responses identified OPTIS as Canning's employer); (b) the Court set June 16, 2023 as the fact discovery deadline; and (c) there is ample time to complete the depositions actually necessary in this case by that deadline. But that requires the parties to prioritize the case and not declare large portions of the discovery period off-limits.

Plaintiff's approach leads to another problem: cramming days with multiple depositions. Because Plaintiff seeks to conduct most depositions at the very end of the discovery schedule, Plaintiff wants to schedule multiple depositions on the same day. Yet Plaintiff will not agree to anything less than the full 7-hour deposition limit under Fed. R. Civ. P. 30(d)(1) for any witness on the deposition schedule. The Vitol Defendants have advised that they will agree to schedule multiple depositions on the same day, if Plaintiff agrees to limit the time spent with each witness (and the Vitol Defendants would agree to equal time – this is not one-sided). *See, e.g.*, Dkt. 147-3 at ¶ 3. Plaintiff will not agree. That means there is no assurance the second witness will even get started, let alone finished, which means we are all but guaranteeing problems trying to reschedule depositions at the very end of a crammed discovery period.

There are at least two other general problems with Plaintiff's deposition plan. First, the plan makes no provision for the other depositions that need to be scheduled. As one example, Plaintiff has not provided dates for Adrian Melendez, Sr., a witness under its control, despite repeated requests from defendants. Plaintiff's counsel also refuses to say whether she represents

---

that email, again despite the joint report filing deadline that afternoon. Therefore, given the impending deadline, the Vitol Defendants' counsel drafted and circulated a plan that incorporated the latest scheduling issues raised in Plaintiff's February 10, 2023 letter. *See* Exhibit C.

or will voluntarily produce certain plaintiff-affiliated witnesses on scheduled dates. Defendants' plan has procedures that allow the parties, after continued efforts to find an agreeable date, to notice a deposition or issue the required compulsory process, which is necessary to move the case forward. *See* Dkt. 145 at ¶¶ 2-3, 5-6. If the parties ultimately have a specific dispute regarding any particular deposition, that issue can be raised with the Court, in the usual manner.

Second, Plaintiff's proposed plan purports to schedule the deposition of various third-party witnesses, but those witnesses have not yet been contacted or subjected to compulsory process (which in some cases will be Fed. R. Civ. P. 45 subpoenas and in others may require service in Europe through the Hague Convention). Defendants' plan provides for the party seeking depositions of third parties to issue that process, confer with the witness and his or her counsel on availability, and then work to schedule the deposition with the benefit of that information. That is the most practical way to proceed. Plus, there is at least one third-party deposition requested by defendants but not included on plaintiff's plan: Oliver Garcia at Saintnals LLC.

<u>Open Issues</u>

Here are the main open issues for deposition scheduling:

1. Plaintiff needs to provide available deposition dates during the fact discovery period for Adrian Melendez, Sr.

2. Plaintiff's counsel needs to answer whether she will accept service and voluntarily produce for deposition the following plaintiff-affiliated witnesses: Chetram Persuad, Frank Kirsch, and Elias Rivera.

3. Defendants IPOS, OPTIS, and Andrew Canning need to advise on available dates for the various witnesses they represent.

4. The deposition of Charlotte Horowitz individually and as the Vitol Virgin Islands Corp. 30(b)(6) witness was previously scheduled for May 19, 2022. Over the past weekend, however, Plaintiff's counsel asked to move that deposition, and the Vitol Defendants accommodated that request by offering to present Ms. Horowitz on May 23, 2023. But that date (May 23, 2023) was previously set for the deposition of another Vitol witness, Tim Kologinczak, so an alternative date needs to be set. The Vitol Defendants offered to reschedule that deposition for June 13, 2023. That date could work – the potential issue is that IPOS's counsel (Attorney Francis) is unsure at this point whether a trial currently scheduled to start earlier in June will be completed by then and thus advised that date would have to be tentative. But Plaintiff's counsel refused to accept that tentative date. Instead, Plaintiff's counsel insisted on June 14 for rescheduling Mr. Kologinczak, but we advised that date does not work given the other depositions that week. This conflict needs to be resolved.

5. The parties seeking depositions of third-party witnesses need to start the process of issuing subpoenas or other compulsory process to each of those witnesses and finding out the availability of those witnesses and their counsel, so that those depositions can be scheduled within the discovery period.

## Conclusion and Relief Sought

For these reasons, the Vitol Defendants respectfully request that the Court (a) adopt Defendants' deposition plan, with the modification that they do not oppose Plaintiff's request for an additional week of fact discovery; (b) reject Plaintiff's deposition plan; and (c) order the parties to continue to meet and confer on all outstanding deposition scheduling matters.

The Vitol Defendants also suggest that the Court order the parties to file a joint report on March 21, 2023, identifying any remaining open issues on deposition scheduling. That gives the parties additional time to work through the open issues and try to resolve them. Any unresolved issues can be addressed with the Court at that time, which still leaves significant time remaining in the fact discovery period.

Respectfully submitted,

BECKSTEDT & KUCZYNSKI LLP
Attorneys for Defendants Vitol US Holding II, Co.
and Vitol Virgin Islands Corp.

Dated: February 16, 2023        By:        /s/ *Carl A. Beckstedt III*
Carl A. Beckstedt III, Esq.
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831
Virgin Islands Bar No. 684
Carl@beckstedtLaw.com

       *and*

SUSMAN GODFREY L.L.P.
Attorneys for Defendants Vitol US Holding II, Co.
and Vitol Virgin Islands Corp.
Alex Kaplan, Esq., *Admitted Pro Hac Vice*
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel: (713) 651-9366

akaplan@susmangodfrey.com
Y. Gloria Park, Esq., *Admitted Pro Hac Vice*
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel: (212) 336-8330
gpark@susmangodfrey.com

## CERTIFICATE OF SERVICE

      THIS IS TO CERTIFY that on February 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Lee J. Rohn, Esq.
Lee J. Rohn and Associates LLC
*Attorneys for Plaintiff*
1108 King Street, Suite 3
Christiansted, St. Croix
U.S. Virgin Islands 00820
lee@rohnlaw.com
info@rohnlaw.com

Simone Francis, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
*Attorneys for Island Project and Operating Services, LLC*
1336 Beltjen Road, Suite 201
St. Thomas, VI 00802
Simone.francis@ogletreedeadkins.com

Andrew C. Simpson
Andrew C. Simpson, P.C.
*Attorney for Andrew Canning & OPTIS Europe Ltd.*
2191 Church Street, Suite 5
Christiansted, VI 00820
asimpson@coralbrief.com


                                                    s/ Carl A. Beckstedt III