**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING and OPTIS EUROPE, LTD.,<br><br>　　　　　　Defendants. | CASE NO. 1:21-CV-00312<br><br><br>**BREACH OF CONTRACT**<br><br><br>JURY TRIAL DEMANDED |

### REPLY TO VITOL DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED DEPOSITION PLAN

**COME NOW** Plaintiff by and through undersigned counsel and replies to Vitol Defendants' response to Plaintiff's Proposed Deposition Plan.

The Defendants' representation that the extended deposition plan proposed by Plaintiff was because of Plaintiff's counsel's limited dates for depositions is patently false.

Plaintiff's counsel had many dates in March and earlier dates in April, however other Defendants' counsel were not available on those dates. For instance, IPOS' counsel has a trial in March which knocked out many dates. The same was true as to OPTIS's counsel who knocked out three weeks of dates due to knee surgery. Specifically on January 25, 2023, Plaintiff sent a letter to all counsel providing 29 dates for depositions beginning March 20, 2023 (Exhibit 1). In response, the Vitol Defendants sent an email providing only 18 days to schedule depositions, with 10 of them being dates they already knew Plaintiff

LEE J. ROHN AND ASSOCIATES, LLC
1108 King St, Ste 3
Christiansted, VI 00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

PETRO INDUSTRIAL SOLUTIONS, LLC V. ISLAND PROJECT AND OPERATING SERVICE, LLC, ET. AL., CASE NO. 1:21-CV-00312
REPLY TO VITOL DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED DEPOSITION PLAN
Page 2

was not available (Exhibit 2). Plaintiff responded that the proffered limited dates with no dates in June was unacceptable (Exhibit 3). OPTIS then sent an email indicating it was unavailable for 3 of the dates Plaintiff was available (Exhibit 4). Simone Francis then sent a letter indicating she was not available for 13 of the days Plaintiff had suggested (Exhibit 5). Clearly, the lack of dates to conduct depositions is not Plaintiff's counsel's doing, as Vitol has repeatedly falsely claimed, it is Vitol who only had limited dates for depositions, *see* Exhibit 2.

There is no trial date in this case and Plaintiff should be able to depose the witnesses against it despite Defendants limited dates to conduct depositions. The limited number of deposition dates is due to <u>all counsel's</u> limited available dates however Plaintiff's counsel proffered 29 dates within the deadline.

Further some of the witnesses are on very small finite issues like what caused a grate to almost collapse. These depositions will clearly be short, and these is absolutely no way they can take 7 hours. Another witness is simply a witness Defendant wants to depose as to whether he refused to take seriously Canning's complaint that he almost fell through the grating. He has little information on that issue and will be a short witness. In addition, the days that have two depositions with one being a Defendant is because the individual named for that day is also the 30(b)(6) witness. Finally, the two 30(b)(6) non-Defendant depositions that are on the same day are very short depositions mostly as to the condition of welds and welding related issues.

As to the depositions of Defendant IPOS witnesses on June 21 and 22, 2023, these

PETRO INDUSTRIAL SOLUTIONS, LLC V. ISLAND PROJECT AND OPERATING SERVICE, LLC, ET. AL., CASE NO. 1:21-CV-00312
REPLY TO VITOL DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED DEPOSITION PLAN
Page 3

witnesses could not be presented earlier by IPOS when Plaintiff sought to depose them during the extended period for fact discovery, so, as a courtesy to IPOS, Plaintiff agreed to move those depositions to dates selected by IPOS which were outside the deadline. As such, clearly IPOS also agrees to extend the deadline one week to June 22, 2023.

Further, it is false that Plaintiff scheduled two depositions on the same day but demanded 7 hours for each deposition. That discussion never occurred. Plaintiff specifically stated that the depositions should be able to <u>both</u> be completed in one day.

As to the Deposition of Adrian Melendez, Sr., due to Vitol's demand that it would only agree to one deposition a day, there was no time slot to put this deposition, just as there was no time slot for a deposition Plaintiff wanted to take. Further, given Vitol's limited number of dates within the discovery period, there are no other dates to schedule that deposition. Plaintiff cannot find what does not exist.

Plaintiff's counsel has now had the ability to speak to Chetam Persaud, Frank Kirsh and Elias Rivera and will produce them without subpoena if the other defendants will produce their employees without the need for subpoena.

As to Charlotte Horowitz and Tom Kologinczak, Plaintiff flipped Horowitz where Kologinczak had been and placed Kologinczak to an available deposition date, Vitol has not articulated anything that is wrong with that date. Further, again, Vitol's counsel falsely claims it suggested another available deposition date, they did not. They suggested a date Simone Francis has represented she is not available. There is nothing about the other depositions that week that would prevent his deposition that week. Plaintiff will not be

PETRO INDUSTRIAL SOLUTIONS, LLC V. ISLAND PROJECT AND OPERATING SERVICE, LLC, ET. AL., CASE NO. 1:21-CV-00312
REPLY TO VITOL DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED DEPOSITION PLAN
Page 4

suckered into picking an unavailable deposition date on the change that it might become available and then not be able to depose an important witness.

The extension of the deadline by one week, in a case with no trial date, should be granted. Particularly since Plaintiff would be prejudiced by Defendants' counsel's limited dates to schedule depositions during the fact discovery period, despite representing to the Court that they had plenty of dates for depositions and could provide dates during that period to complete all depositions when that wasn't a true representation and caused the Court to rely on those representations in setting the deadline.

        RESPECTFULLY SUBMITTED
        LEE J. ROHN AND ASSOCIATES, LLC
        Attorneys for Plaintiff

DATED:  February 17, 2023        BY:  /s/ *Lee J. Rohn*
        Lee J. Rohn, Esq.
        VI Bar No. 52
        1108 King Street, Suite 3 (mailing)
        56 King Street, Third Floor (physical)
        Christiansted, St. Croix
        U.S. Virgin Islands 00820
        Telephone: (340) 778-8855
        lee@rohnlaw.com

PETRO INDUSTRIAL SOLUTIONS, LLC V. ISLAND PROJECT AND OPERATING SERVICE, LLC, ET. AL., CASE NO. 1:21-CV-00312
REPLY TO VITOL DEFENDANTS' RESPONSE TO PLAINTIFF'S PROPOSED DEPOSITION PLAN
Page 5

## **CERTIFICATE OF SERVICE**

**THIS IS TO CERTIFY** that on February 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Alex Kaplan, Esq.
Susman Godfrey
1000 Louisiana St., Suite 5100
Houston, TX  77002
Email Address: akaplan@susmangodfrey.com
    Attorney For: Vitol US Holding Co., Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Andrew C. Simpson, Esq.
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI  00820
Email Address: asimpson@coralbrief.com
    Attorney For: Andrew Canning

Carl A. Beckstedt, III, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, USVI  00820
Email Address: carl@beckstedtlaw.com; tarsha@beckstedtlaw.com
    Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Simone Francis, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, VI  00802
Email Address: simone.francis@ogletreedeakins.com
    Attorney For: Island Project and Operating Services, LLC

Y. Gloria Park
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Email Address: GPark@susmangodfrey.com
    Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

BY:    /s/ *Lee J. Rohn*    (raw)