DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC, <br><br>   Plaintiff, <br><br> v. <br><br> ISLAND PROJECT AND OPERATING SERVICES, LLC; VITOL US HOLDING II, CO.; VITOL VIRGIN ISLANDS CORP.; ANDREW CANNING; and OPTIS EUROPE, LTD., <br><br>   Defendants. | CASE NO. 1:21-CV-00312-WAL-EAH |

### **RESPONSE TO PLAINTIFF'S PROPOSED DEPOSITION PLAN**

Island Project and Operating Services, LLC (IPOS), through its undersigned counsel, in accordance with paragraph 1 of this Court's Order dated February 16, 2023 (Doc. No. 150), respectfully files the foregoing response to Plaintiff's Deposition Plan (Doc. No. 147).

### **Deadline for Completion of Fact Depositions**

IPOS concurs that there is a need to extend the fact discovery deadline beyond June 16, 2023, as the discussions that have ensued between the entry of this Court's January 19, 2023 Amended Scheduling Order and the present establish an inability to identify a sufficient number of dates when all counsel are available to complete depositions by that time. IPOS expresses concern with a June 22, 2023 deadline for the following reasons:

1. As structured, the proposed schedule contemplates that two depositions will proceed on at least four of the days. As the Vitol Defendants have observed,

Petro Industrial Solutions, LLC v. IPOS, et. al., Case No. 1:21-CV-00312
**RESPONSE TO PLAINTIFF'S PROPOSED DEPOSITION PLAN**

  attempting to cram multiple depositions into a single day virtually guarantees that "***there is no assurance the second witness will even get started, let alone finished, which means we are all but guaranteeing problems trying to reschedule depositions at the very end of a crammed discovery period***." Doc. No. 149 at 3 (emphasis added). The planned stacking of depositions is particularly problematic in a case where there are four lawyers (representing six different parties), each of whom is entitled to an opportunity to examine each witness. A one-week extension of the current deadline does not realistically account for the probability that due to the number of parties, the volume of information, potential technical issues that can arise with remote depositions, even after nearly three years of utilizing these platforms, and other circumstances, it may be necessary to find a second day to complete some of the depositions.

2. The proposed schedule also does not address issues that are likely to be encountered with non-party depositions. For example, Plaintiff's proposed schedule allows a single afternoon for the completion of non-party depositions of two entities, Versa Integrity and Acuren Inspection, which have information relevant to the claims and defenses in this case. However, until depositions subpoenas are issued, it is impossible to know whether witnesses can be available on the single date that has been identified, and the proposed one-week extension allows for no possibility of selecting an alternate date. This is simply not realistic (nor is the completion of these two depositions in a four hour

    window).  In addition, Plaintiff's proposed schedule does not include a date for the deposition of non-party Adrian Melendez, Sr., and Plaintiff now contends that there is "no time slot to put this deposition."  Doc. No. 152 at 3.  However, Defendants are entitled to take up to ten (10) depositions without leave of Court, and Defendants should not be forced to forego the opportunity to depose individuals who may have knowledge relevant to Plaintiff's claims because of scheduling issues that are attributable, in part, to the limited availability of Plaintiff's counsel.  Additionally, the Vitol Defendants have noted that "there is at least one third-party deposition requested by defendants but not included on plaintiff's plan: Oliver Garcia at Saintnals LLC."  Further, while Plaintiff's plan includes dates for plaintiff-affiliated witnesses Chetram Persaud and Elias Rivera, it does not include a date for Frank Kirsch who is identified in the Vitol Defendants' brief (Doc. No. 149 at 4), and who Plaintiff's counsel now has stated she will produce without a subpoena.  (Doc. No. 152 at 3).  For all of these reasons, a one-week extension of the current deadline does not realistically address the need for additional days to complete the non-party depositions that appear on Plaintiff's proposed schedule, let alone fit in the three non-party depositions that do not appear on Plaintiff's proposed schedule.

3. Furthermore, there is no reason to expect that these scheduling challenges will abate.  To the contrary, even if the schedule of one lawyer changes to open one or more days prior to June 22, 2023, it is likely that other counsel will have filled dates that had been available in February 2023 in the intervening period.

Petro Industrial Solutions, LLC v. IPOS, et. al., Case No. 1:21-CV-00312
**RESPONSE TO PLAINTIFF'S PROPOSED DEPOSITION PLAN**

As a result, a one-week extension of the curren deadline is not realistic.

### Depositions of IPOS Witnesses

4. Plaintiff's proposed schedule contemplates the scheduling of the 30(b)(6) deposition of IPOS and IPOS Manager David Smith on June 21, 2023, and the scheduling of the deposition of former IPOS Manager Merlin Figueira on June 22, 2023. (Although Plaintiff's schedule also designates June 22, 2023 as a date for a 30(b)(6) deposition of IPOS, IPOS agrees to this only if, and to the extent that Merlin Figueira is designated as a witness on one or more topics in a 30(b)(6) notice. IPOS has not agreed to a two-day 30(b)(6) deposition, as this is contrary to the rules and inconsistent with the proposed schedule with respect to the other entities in this case).

5. IPOS also expects that Terrence Keough, a former IPOS Manager who is identified in Plaintiff's deposition plan, will be made available without subpoena.

WHEREFORE, IPOS provides the foregoing information, and requests permission to be heard during the February 24, 2023 conference to address any other outstanding issues.

DATED: February 21, 2023               BY:   /s/ *Simone R. D. Francis*
                                             Simone R. D. Francis
                                             Ogletree, Deakins, Nash, Smoak &
                                             Stewart, LLC
                                             The Tunick Building, Suite 201
                                             1336 Beltjen Road
                                             St. Thomas, VI  00802
                                             Email Address:
                                             simone.francis@ogletree.com
                                                Attorney For: Island Project and
                                             Operating Services, LLC