**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PETRO INDUSTRIAL SOLUTIONS, LLC,**<br><br>　　　　**Plaintiff,**<br>　v.<br><br>**ISLAND PROJECT & OPERATING SERVICES, LLC, VITOL US HOLDING II, CO., VITOL VIRGIN ISLANDS CORP., ANDREW CANNING, OPTIS EUROPE, LTD.,**<br><br>　　　　**Defendants.**<br>_____ | 1:21-cv-00312-WAL-EAH |

**TO:** 　　Lee J. Rohn, Esq.
　　　　　　*On behalf of Plaintiff*
　　　　Simone D. Francis, Esq.
　　　　　　*On behalf of Island Project & Operating*
　　　　Andrew Kaplan, Esq.
　　　　Gloria Park, Esq.
　　　　Carl A. Beckstedt, III, Esq.
　　　　　　*On behalf of Vitol US Holding and Vitol VI*
　　　　Andrew C. Simpson, Esq.
　　　　　　*On behalf of Andrew Canning & OPTIS Europe*

## ORDER

**THIS MATTER** comes before the Court on the Motion to Compel Defendant Andrew Canning to Supplement His Response to Plaintiff's Interrogatory No. 18, filed by Plaintiff, Petro Industrial Solutions, LLC ("Petro"). Dkt. No. 162. Canning did not file an opposition. For the reasons that follow, the Court will grant the motion to compel.

## BACKGROUND

In July 2022, Plaintiff propounded interrogatories on Defendant Andrew Canning. Dkt. No. 92. Canning served his responses on September 16, 2022. Dkt. No. 106. On

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 2

September 20, 2022, Plaintiff wrote to Canning informing him that his interrogatory responses were insufficient. Dkt. No. 162-2. Plaintiff and Canning subsequently met and conferred on September 29, 2022. Dkt. No. 162 at 1. As relevant here, the parties were unable to resolve Interrogatory 18. On March 29, 2023, an informal conference was held before the undersigned in an unsuccessful effort to resolve the impasse. Plaintiff then filed the instant motion to compel.

    Plaintiff's Interrogatory 18 provides as follows:

Interrogatory No. 18: Please provide the factual basis for your denial of paragraph 53 of Plaintiff's Complaint that, "On April 15, 2021, Andrew Canning, on behalf of VITOL Defendants, sent an email to IPOS acknowledging that he did not want to have any direct communications with Plaintiff."

    Canning's Response was as follows:

Response to Interrogatory 18: I denied the allegation because I have no recollection of sending such an email and after searching my emails could not find any such email.

Separate and apart from any email in which I allegedly said that I did not want to have direct communications with PIS, I had been instructed by IPOS that I should not communicate directly with PIS and that I should direct any communications regarding PIS to IPOS.

    Plaintiff argues that Canning failed to identify who at IPOS instructed him not to communicate with Plaintiff and, since IPOS was a corporate entity, it could not speak except through persons. Dkt. No. 162 at 2. Plaintiff further contends that, under Fed. R. Civ. P. 26(e)(2), "a party is required to supplement its discovery responses if it learns that its initial response is incomplete in a material way and the opposing party does not have the information." *Id.* (quoting *Williams v. Morton*, 343 F.3d 212, 222 (3d Cir. 2003)). Plaintiff also

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 3

cites Rule 37(c)(1) that if a party fails to amend a prior discovery response without substantial justification, it may not use such evidence unless the failure is harmless.

Federal Rule of Civil Procedure 26(e)(1)(A) provides that, throughout discovery, a party is "under a duty to supplement or correct [a] disclosure or response to include information thereafter required if . . . the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000). Rule 26(b)(1) provides for a broad scope of discovery. Accordingly, courts often—and appropriately—liberally apply discovery rules. *Alford v. Baylor*, No. 1:20-CV-01787, 2023 WL 2470006, at *3 (M.D. Pa. Mar. 10, 2023).

Interrogatory 18 is a reasonable inquiry. In his original objection, Canning did not indicate that he did not know who at IPOS advised him not to communicate with Petro; in other words, he had that information but did not provide it.[1] In the Court's view, it falls directly within the scope of the interrogatory. Canning's apparent belief that he did not have to provide the name is not a reasonable reading of the interrogatory and he should have supplemented his response. *See Livingston v. Berger*, No. CV 2019-0012, 2022 WL 613277, at *4 (D.V.I. Mar. 1, 2022) ("While the facts may change or evolve as the parties engage in

---

[1] The Federal Rules of Civil Procedure allow a party to withhold "information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material." Fed. R. Civ. P. 26(b)(5). Canning did not raise those objections.

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 4

discovery, the Rules provide the opportunity—indeed the duty—to supplement responses as appropriate. *See* Fed. R. Civ. P. 26(e); *Bhagwandass [v. HOVENSA]*, No. 1:01-CV-00005, 2002 WL 32349814, at *4 (D.V.I. Oct. 29, 2002) ("A party must supplement its discovery response if additional or corrective information has not otherwise been made known to the other parties."); *Great Lakes Ins. S.E. v. Sunshine Shopping Ctr., Inc.*, No. 1:19-CV-00039, 2020 WL 9809840, at *1–2 (D.V.I. June 22, 2020) ("It is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories[.]") (internal quotation marks omitted)).

The fact that Canning did not file a response to the motion to compel is telling because, in the Court's view, there is no reason to justify his failing to file a supplemental response. This is the sort of dispute this Court should not be called upon to resolve.

For the reasons cited above, it is hereby **ORDERED**:

1. Plaintiff's Motion to Compel, Dkt, No. 162, is **GRANTED**.

2. Defendant Canning shall supplement his response to Interrogatory 18 on or before **May 1, 2023.**

ENTER:

Dated: April 25, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE