## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

PETRO INDUSTRIAL SOLUTIONS, LLC
(PETRO),

                    Plaintiff,

        v.

ISLAND PROJECT AND OPERATING
SERVICES, LLC, VITOL US HOLDING II
CO., VITOL VIRGIN ISLANDS CORP,
ANDREW CANNING and OPTIS
EUROPE, LTD.,
                    Defendants.

CASE NO. 1:21-CV-00312

**BREACH OF CONTRACT**

<u>JURY TRIAL DEMANDED</u>

### <u>MOTION TO COMPEL OPTIS EUROPE, LTD.,TO SUPPLEMENT ITS RESPONSES TO PLAINTIFF'S WRITTEN DISCOVERY</u>

**COMES NOW,** Plaintiff, by and through the undersigned counsel and respectfully moves the Court order Defendant OPTIS to supplement its responses to Plaintiff's written discovery.

On January 25, 2023, Plaintiff propounded Interrogatories and Demand for Production of Documents to Defendant OPTIS. **Ex. 1.** On February 28, 2023, Defendant responded to Plaintiff's written discovery. On March 1, 2023, Plaintiff wrote to the Defendant reminding it that its discovery responses were insufficient and requesting dates to meet and confer. **Ex. 2.** On March 24, 2023, a further request was made to Defendant OPTIS requesting its supplemental responses or provide dates to meet and confer but Defendant's counsel never responded, despite this Court's Order in this case that meet and confers should occur within ten (10) days. As a result Plaintiff initiated the informal conference process. **Ex. 3.** On April 12, 2023, an informal hearing was held before Magistrate Judge Emile Henderson, Defendant OPTIS continues to refuse to supplement his response to Plaintiff's Interrogatory Nos. 2, 3, 18, 20 – 23, and Demand for Production of Documents Nos. 2, 6, 7, 9, 10, 29, 30 – 37, As such, the following issue is brought before the Court.

LEE J. ROHN AND
ASSOCIATES, LLC
1108 King St, Ste 3
Christiansted, VI
00820
Tel:  340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

Case: 1:21-cv-00312-WAL-EAH   Document #: 199   Filed: 05/16/23   Page 2 of 36
*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No: 1:21-cv-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 2

> **Interrogatory No. 2**: Please identify all your owners, members, executive officers, directors, board members, the date and place of your formation, and describe the nature of business you conduct.

> **Response to Interrogatory No. 2**: Defendant objects to this request as it is not relevant to the claim or defense of any party and is therefore beyond the scope of discovery.
> Further, it is not proportionate to the requirements of this case.

Plaintiff is clearly entitled to learn who owns OPTIS and who manages OPTIS. Plaintiff suspects the answer would disclose it is Mr. Canning. Information as to who owns and controls a Defendant, and the organizational structure is relevant to understand the party and its potential relationship to other Defendants and to witnesses in the case and to identify potential decision.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in pertinent part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Where there is any doubt as to relevance, the court should be permissive in allowing discovery. *Yang v. Reno*, 157 F.R.D. 625, 631 (M.D. Pa. 1994) (citing *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 556 (7th Cir. 1984)); *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 265 (E.D. Pa. 1992).

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 3

Full and fair discovery is the very foundation of the litigation system. Under Rule 26, the scope of discovery is liberal and broad, and covers any matter not privileged which is relevant to a claim or a defense, regardless of whether the information sought would be admissible at trial, as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see also Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999); *In re Madden,* 151 F.3d 125, 128 (3d Cir. 1998) (pretrial discovery accorded "broad and liberal treatment").

**Interrogatory No. 3**: Please describe in detail all relationships that exist or existed between you and Co-Defendant Andrew Canning, including the terms and conditions of his employment/agency/contract/agreement with you, the date he was hired/retained, each position he held, and what his assigned job duties were in each position he held, identify all persons he reported to in each position he held with you, and the date and reason for his separation or termination, if applicable.

**Interrogatory No. 3**: Andrew Canning, employee, job title: Technical Director, 2000 to present.

a. Assignment 2005 - 2006 Centrica Storage, Dimlington Road, Dimlington, Hull. NE Yorkshire. Maintenance Coordinator.

b. Supervisor Tariq Mirza. Reason for leaving; work scope completion through maintenance backlog reduction. Assignment 2006 - 2007 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Catastrophic failure investigation team engineer (mechanical). Supervisor Don Reid. Reason for leaving: completion of work scope through clear definition of failure mechanisms with implementation of facility, and national corrective measures through the issuance of safety notices under the UK Health and Safety Executive.

c. Assignment 2007 - 2008 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Rotating Machinery. Reliability andIntegrity Engineer. Supervisor: Tariq Mirza. Reason for leaving: Progression of work scope into facility lifecycle extension program.

d. Assignment 2008 -2009 Centrica Storage, Unit One, St Augustine'sPark, Hedon, Hull. Gas Storage Facility Lifecyle Extension Engineer. Supervisor: Don Reid. Reason for leaving: clear definition of lifecycle degradation mechanisms for a facility operating beyond design life and the identification of mitigating measure options.

e. Assignment 2009 -2010 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Maintenance Manager. Supervisor: Mike Benson. Reason for leaving: Transition to a full time Centrica company replacement.

f. Assignment 2010 - 2011 Centrica Energy, Centrica House, Staines, Middlesex. Condition and Integrity Assessment Engineer. Supervisor: Glenn Sibbick. Reason for leaving: completion of equipment remnant life assessments

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 4

and completion of preparations for depleted gas well site facilities for future storage utilization.

g.     Assignment 2011-2012 Leni Oil & Gas. Compania Petrolifera de Sedano S.L., No35 la Planta, Madrid 28002. Spain. Operations & Maintenance Engineer. Supervisor: Garry Stoker. Reason for leaving: Completion of equipment integrity assessments and operational risk assessments for the facilities and operation.

h.     Assignment 2012 & 2014 Baker Hughes Inc. Middle East – UAE /Kuwait. Operation & Maintenance Engineer. Supervisor Charles Goedhals. Reason for leaving: Delivery of advance integrated digital field technology solutions to West Kuwait oil field operations.

i.     Assignment 2014 - 2015. Tullow Ghana Limited Plot No. 71 Off George Walker Bush Highway, North Dzorwulu Accra, Ghana. Operations & Maintenance Engineer. Supervisor: Peter O'Toole. Reason for leaving: Delivery of maintenance program and population of the CMMS for two FPSO's

j.     Assignment 2016 - September 2016. Caracal Energy Chad Africa, communications through Upstream Advisors, Bowman House, 29 Wilson Street, London EC2M 2SJ. Maintenance and Operations Engineer. Supervisor Hiren Sanghrajka. Reason for leaving: Completion of operations support including operating procedures & maintenance program.

k.     Assignment September 2016 - 2022. WAPA Propane plant. Engineering Consultant. From September 2016 until December 1, 2020, provided consulting services to the IPOS General Manager. During that same period, he reported directly to Vitol Virgin Islands Corp. on the delivery of capital expenditure and asset improvement activities (projects). Commencing December 1, 2020, Canning reported to Vitol Virgin Islands Corp. for maintenance, repair, and project activities; however, he continued to provide advice directly to IPOS on safety and integrity issues and provided technical support as needed.

This is not a complete answer, and that Canning has some ownership interest and management authority. Further Defendant did not answer as to the terms Canning's employment or contract and refused in response to the Demand for Production of Documents to produce the contract or employment documents. Defendant has also failed to answer as to post December 2022, relationship if any Canning had with OPTIS. Parties are obligated pursuant to Federal Rules of Civil Procedure 26(e) to "reasonably amend prior responses" to discovery, if the disclosure is incomplete or incorrect. Fed. R. Civ. P. 26(e)(2). "Under Fed. R. Civ. P. 26(e)(2), a party is required to supplement its discovery responses if it learns that its initial response is incomplete in a material way and the opposing party does not have the new information." *Williams v. Morton*, 343 F.3d 212, 222

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 5

(3d Cir. 2003). Further, Fed. R. Civ. P. 37(c)(1) provides that if a party without substantial justification fails to amend a prior discovery response, it may not use that evidence unless the failure is harmless.

> **Interrogatory No. 18**: Please describe all work done between you and any Vitol company from 2018 to the present, including the type of work, the amount of payment for the work, the scope of any such contract, and if any such contract or work has been terminated, the date of the termination of the work and what you believe is the reason for the termination and the names and address of persons with knowledge as to the reasons for termination.

> **Interrogatory No. 18**: OPTIS objects to this interrogatory as it is not relevant to the claim or defense of any party and is not proportionate to the requirements of the litigation.

This goes to the issue of bias and motive for testimony because of economic ties to Defendant and is discoverable. See above contention at Interrogatory No. 2 regarding parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…

> **Interrogatory No. 20**: Please identify fully all facts which support your Affirmative Defense 'C' that, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS." Identify the "privileged and or legally justified" actions and communications to which you refer, explain how and why these actions and communications were privileged and/or legally justified, identify all persons with knowledge and provide all relevant dates.

> **Response to Interrogatory No. 20**: Defendant objects to this contention interrogatory as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, see, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010) B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994), and as written discovery is ongoing, and depositions have not yet been taken. Defendant objects to the demand to identify "all facts" and "all persons with knowledge" and "all relevant dates." See, e.g., Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome.") (Citations omitted)).

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 6

> Subject to and without waiving these objections, OPTIS understands that as a consultant it has a qualified privileged to communicate observations and concerns to the party employing it and that party's agents, employees and contractors without being subject to a claim for defamation.

Defendant's objections citing to decisions from other jurisdictions is not the law of this jurisdiction. Under FRE 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."   In the Virgin Islands, there is no such qualified privilege as defendant attempts to claim.  Title 5, Sections 851-863 governs the law of privileges in the Virgin Islands.  The following are the privileges recognized in the Virgin Islands: Section 852 (lawyer-client); Section 853 (healthcare provider); Section 854 (spousal privilege); Section 855 (spousal privilege); Section 856 (religious privilege); Section 857 (political vote privilege); Section 858 (trade secrets privilege); Section 859 (state secrets privilege) and Section 860 (identity of informer privilege). None of the privileges identified cover the made-up privilege that OPTIS relies upon to refuse to answer Plaintiff's discovery request.

Defendant OPTIS must identify fully all facts currently known which support Defendant OPTIS's Affirmative Defense 'C' that, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS."  What Defendant provided is a legal issue not the facts to support that legal conclusion. Plaintiff is also entitled to disclosure of the persons with knowledge of those fact.

Pursuant to Rule 11 every affirmative defense requires facts to support it. See also *Felix v. Am. Airlines, Inc.,* 2003 U.S. Dist. LEXIS 10362, Civil No. 1997/20 (D.V.I. June 16, 2003) (citing, Fed.R.Civ.P. 26(b)(1)). "Regarding **affirmative defenses,** defendant must respond to interrogatories by stating all **facts currently known** to defendant as requested by Plaintiffs." *Sabin v. St. Croix Basic Servs.*, No. Civ. 2002/80, 2003 U.S. Dist. LEXIS 24525, 5-6 (D.V.I. October 6, 2003); *See*

Case: 1:21-cv-00312-WAL-EAH Document #: 199 Filed: 05/16/23 Page 7 of 36
*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 7

*Nobles v. Jacobs IMC (JIMC)*, No. Civ. 2002/26, 2003 U.S. Dist. LEXIS 24083, 5 (D.V.I. July 7, 2003) (The parties are entitled to know the factual basis of the claim, defenses, or denials of their opponents.). This Court has ruled that a plaintiff is entitled to obtain evidence to refute the Defendant's affirmative defenses and is entitled to the names and addresses of persons with knowledge. *Bhagwandass v. Hovensa, L.L.C.*, CIVIL NO. 2001/5, 2002 U.S. Dist. LEXIS 27059 * 10 (D.V.I. 2002) (Citing Wright, Miller & Marcus Federal Practice & Procedure, Civ. 2d § 2013). Also, see order *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022).

> **Interrogatory No. 21**: Please identify fully all facts which support your Affirmative Defense 'F' that, "Plaintiff's own conduct may bar its causes of action and/or it from recovering any damages." Describe in detail the conduct of Plaintiff to which you refer, identify all persons with knowledge and provide all relevant dates.

> **Response to Interrogatory No. 21**: Defendant objects to this contention interrogatory as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, see, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010) B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994), and as written discovery is ongoing, and depositions have not yet been taken. Defendant objects to the demand to identify "all facts" and "all persons with knowledge" and "all relevant dates." See, e.g., Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome.") (Citations omitted)).
> Subject to and without waiving these objections, OPTIS understands that the plaintiff may either be legally barred from recovery, or its damages may be reduced, if it has engaged in improper conduct. To date, discovery has indicated that plaintiff submitted fraudulent documentation to support the work it did on the 3-inch vent line project and over-billed IPOS for work plaintiff performed.

Defendant's objections citing to decision from other jurisdiction is not the law of this jurisdiction. Defendant OPTIS must fully identify all facts currently known which support Defendant OPTIS's Affirmative Defense "F" that, "Plaintiff's own conduct may bar its causes of action and/or it from recovering any damages." That would include what documents Defendant claims Plaintiff

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 8

may have fraudulently authored and in what way Plaintiff over billed IPOS and persons with knowledge of those facts. See above contention at Interrogatory No. 20 "Regarding **affirmative defenses,** defendant must respond to interrogatories by stating all **facts currently known** to defendant as requested by Plaintiffs."

**Interrogatory No. 22**: Please identify fully all facts which support your Affirmative Defense 'G' that, "Plaintiff's claims may be barred by fraud." Identify all persons with knowledge and provide all relevant dates.

**Response to Interrogatory No. 22**: Defendant objects to this contention interrogatory as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, see, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010) B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994), and as written discovery is ongoing, and depositions have not yet been taken. Defendant objects to the demand to identify "all facts" and "all persons with knowledge" and "all relevant dates." See, e.g., Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome.") (citationsomitted)).

Subject to and without waiving these objections, OPTIS understands plaintiff submitted fraudulent documentation to support the work it did on the 3-inch vent line project and over-billed IPOS for work plaintiff performed and these actions may rise to the level of fraud such that plaintiff's claims would be barred.

Defendant OPTIS must identify fully all facts currently known which support Defendant OPTIS's Affirmative Defense 'G' that, "Plaintiff's claims may be barred by fraud." See above contention at Interrogatory No. 20 "Regarding **affirmative defenses,** defendant must respond to interrogatories by stating all **facts currently known** to defendant as requested by Plaintiffs."

**Demand for Production No. 2**: Please produce a copy of OPTIS's organization documents.

**Response to Demand for Production No. 2**: OPTIS objects to this request as it is not relevant to the claim or defense of any party.

Case: 1:21-cv-00312-WAL-EAH   Document #: 199   Filed: 05/16/23   Page 9 of 36

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 9

Plaintiff is entitled to learn the type of organization is and the chain of command as to who

Canning reported to and who reported to him.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in pertinent part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Where there is any doubt as to relevance, the court should be permissive in allowing

discovery. *Yang v. Reno*, 157 F.R.D. 625, 631 (M.D. Pa. 1994) (citing *Heat and Control, Inc. v.*

*Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb &*

*Sons, Inc.*, 740 F.2d 556, 556 (7th Cir. 1984)); *Stabilus v. Haynsworth, Baldwin, Johnson &*

*Greaves*, 144 F.R.D. 258, 265 (E.D. Pa. 1992).

Full and fair discovery is the very foundation of the litigation system.   Under Rule 26, the

scope of discovery is liberal and broad, and covers any matter not privileged which is relevant to a

claim or a defense, regardless of whether the information sought would be admissible at trial, as long

as the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed.

R. Civ. P. 26(b)(1); *see also Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999); *In re Madden,*

151 F.3d 125, 128 (3d Cir. 1998) (pretrial discovery accorded "broad and liberal treatment").

**Demand for Production No. 6**: Please produce copies of all contracts and/or agreements between you and Andrew Canning.

**Response to Demand for Production No. 6**: OPTIS objects to this request as it is not relevant to the claim or defense of any party.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 10

Clearly the contract between OPTIS and Canning is relevant and discoverable as to contractual relationship as to actions taken by Canning and what authority he had, what his duties were and the like. See above contention at Demand No. 2 regarding parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…

> **Demand for Production No. 7**: Please produce a copy of the personnel file of Co-Defendant Andrew Canning.
>
> **Response to Demand for Production No. 7**: OPTIS objects to this request on the grounds that it is not relevant to the claim or defense of any party and contains information of a personal nature unrelevant to the claim or defense of any party.

OPTIS is being sued as the employer of Canning who was discriminatory towards Plaintiff and interfered with Plaintiff's contract and defamed Plaintiff. Clearly how much supervision or lack of and what prior notice OPTIS had is relevant as is Canning's personnel file. At the informal discovery conference as to Canning's refusal to produce these documents Canning suggested that should be obtained from OPTIS. OPTIS has now refused to provide it. See above contention at Demand No. 2 regarding parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…

> **Demand for Production No. 9**: Please produce copies of all documents and communications between you or anyone on your behalf and any Co-Defendant in this matter concerning the credentials or qualifications of Plaintiff and/or Plaintiff's employees.
>
> **Response to Demand for Production No. 9**: All such documents in the possession or control of OPTIS were previously produced by Andrew Canning.

Defendant identified, at the informal conference, a spreadsheet (Key) that he claimed would identify the documents responsive to the demand. That was a complete misrepresentation as to Demand No. 9, the key identified the following document numbers as providing documents evidencing communications as to credential or qualifications of Plaintiff and its employees:

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 11

**Document No. 1080** is simply an email from Plaintiff to Canning resending a timesheet – not applicable.

**Document No. 1078** is an email from Adrian Melendez without content which are not responsive to the demand.

**Document No. 1105** is an email from Plaintiff to Canning sending November timesheet.

**Document No. 1108 – 1110** is communication that Plaintiff's flight was delayed and a statement from Canning that he didn't receive Plaintiff's  December timesheet and related duplicative emails.

**Document No. 1412** is an email from Melendez sending February timesheet to Canning.

**Document No. 1414** – Is Adrian sending timesheet.

**Document No. 1415** is Canning approving Plaintiff's timesheet.

**Document No. 1515** – Is Plaintiff sending in timesheet and Canning confirming.

**Document Nos. 1681 – 1683** – more emails between Canning and Plaintiff concerning timesheets.

**Document Nos. 1951 – 1953** are more emails between Plaintiff and Canning related timesheets.

**Document Nos. 2017 – 2018** is an email from Forte asking Canning to sign plaintiff's timesheet and discussing whether Plaintiff's men actually worked on a weekend dated 4/26/2018. Forte is not a representative of any Defendant.

**Document Nos. 6852 – 6857** is again emails about timesheet of Plaintiff.

**Document Nos. 6902 – 6903** are more emails about timesheets.

**Document No.7075** – Emails about timesheet.

**Document No.7100** – Emails about timesheet.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312*
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 12

**Document No.7117** – Emails about payment for boiler work.

**Document Nos. 7218 – 7128** – Are emails about how to split up time worked on the boiler project and who signs timesheets.

**Document Nos. 7229 – 7239** – Are emails about timesheets and how to a lot them to which project.

**Document No. 7240** – Is a duplicative email about time allocation.

**Document Nos. 11787 – 11790** – Are more emails about timesheets. It does have one (1) comment from Canning to IPOS that Petro generally was slow to provide a quote for a RIO shade.

**Document Nos. 11863 – 11908** – Regarding mostly Versa expenses and the fact that two (2) of Plaintiff's employees were listed as Project Superintendent for pay and one should be Project Manager and various billing sheets for Petro.

**Document Nos. 11912 – 11957** – Starts out an email from Samantha Rodriguez from Petro and duplicates of email 11763 – 11908 as to how to bill costs, why flights were cancelled and the same invoices again.

**Document Nos. 11964 – 12009** is another duplicate of 11912 – 11957 about timesheet and charges and copies of invoices.

**Document Nos. 12019 – 12065** – Is Canning asking for copies of timesheets and duplicates of 11964 – 12009.

**Document Nos. 12066 12112** – Is the exact same as 12019 – 12065 with the addition of an email that someone is in St. Croix and not St. Thomas.

**Document Nos. 12177 12223** – Is a discussion about a change in a timesheet but Canning agrees no fraud intent and then all the same emails and invoices.

**Document Nos. 12246 – 12293** – Is the same as 12177 -12223.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 13

**Document Nos. 12297 – 12345** – Is the same as 12246 – 12293 except it has a two-page email response from Plaintiff.

**Document Nos. 12357 – 12363** – Are simply invoices from Petro.

**Document Nos. 12520 – 12567** – Are the same documents as before but only adding an email from Canning to Petro.

**Document Nos. 12569 – 12616** – Are again the same documents with an email from Samantha Rodriguez from January 22, 2021, without the attachment.

**Document Nos. 12694 – 126741** – Are the exact same documents except a one-page email from Canning about how to bill the costs for Chad.

**Document Nos. 12778 – 12782** – Are emails from Canning to the Coast Guard and others about how to hydro test a valve, it has nothing to do with Plaintiff or his workers.

**Document Nos. 12783 – 12788** – Concern resolving invoices related to work done by Plaintiff and then the same emails as above.

**Document Nos. 12789 -12790** – Are the same emails.

**Document Nos. 12930 – 12939** – Starts by Canning asking where IPOS is with the VITOL related invoices and then a copy of those invoices.

**Document Nos. 12980 – 13006** – Are the same invoices.

**Document Nos. 13063 – 13069** – Is an exact copy of what was already produced.

Contrary to Defendant's counsel representation to this Court there is not a single document concerning OPTIS and Canning discussing the credentials or qualifications of Plaintiff or Plaintiff's employees. Parties are obligated pursuant to Federal Rules of Civil Procedure 26(e) to "reasonably amend prior responses" to discovery, if the disclosure is incomplete or incorrect. Fed. R. Civ. P. 26(e)(2). "Under Fed. R. Civ. P. 26(e)(2), a party is required to supplement its discovery responses if

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 14

it learns that its initial response is incomplete in a material way and the opposing party does not have the new information." *Williams v. Morton*, 343 F.3d 212, 222 (3d Cir. 2003). Further, Fed. R. Civ. P. 37(c)(1) provides that if a party without substantial justification fails to amend a prior discovery response, it may not use that evidence unless the failure is harmless.

> **Demand for Production No. 10**: Please produce a complete copy of any file maintained by you concerning Plaintiff.

> **Response to Demand for Production No. 10**: Defendant objects to this request on the grounds that it is overly broad and unduly burdensome as any file containing plaintiff's name arguably "concerns" plaintiff, but that fact does not make the file relevant to the claim or defense of any party.

Defendant did not produce a single document responsive to this Demand for Production according to the "Key".

A party may object to discovery requests for any of the reasons listed in Rule 26(b)(2)(C), which include, *inter alia*, that the discovery is cumulative, duplicative, or the benefit of the discovery outweighs the burden of obtaining the information. However, a claim that the "discovery sought is overly broad, burdensome, oppressive, vague or irrelevant is 'not adequate to voice a successful objection.'" *Northern*, 2000 U.S. Dist. LEXIS 4278, at *5 (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)); *see Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 530 (S.D. W. Va. 2007) (boilerplate objections are inappropriate); *In re Tax Litig.*, 2002 U.S. Dist. LEXIS 22354, at *5 (D.V.I. Oct. 21, 2002) ("blunderbuss" objections are unacceptable); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all"). Rather, "[w]here a party contends that the sought discovery causes an undue burden, they must demonstrate specifically how each item of discovery is objectionable by offering evidence revealing the nature of the burden." *Northern*, 2000 U.S. Dist. LEXIS 4278, at *5 (internal quotation marks omitted); *see*

Case: 1:21-cv-00312-WAL-EAH   Document #: 199   Filed: 05/16/23   Page 15 of 36
*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 15

*Roesberg v. Johns Manville Corp.*, 85 F.R.D. 292, 296-297 (E.D. Pa. 1980) ("To voice a successful objection . . . , [a party] cannot simply intone this familiar litany [i.e., overly broad, burdensome, oppressive, and irrelevant]. Rather, [it] must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (internal citations omitted). The failure to respond and produce information or documents called for in discovery "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(d)(2).

> **Demand for Production No. 29**: Please produce copies of all communications between you and any insurance company concerning in any manner the claims and/or defenses in this matter, including any denial of coverage or reservation of rights letters.
>
> **Response to Demand for Production No. 29**: OPTIS objects to this request to the extent that it seeks communications between OPTIS's insurance company and either OPTIS or OPTIS's counsel that contain the mental impressions of OPTIS's counsel or his legal advice as to the claims and defenses in the case. OPTIS is withholding all such documents on the grounds of privilege.

Defendant failed to provide a privilege log. Further reporting a claim and the insurance companies' regular communication as to that claim is not privileged whether or not it is an attorney who reports the claim or tell the Defendant to report the claim.

Rule 26 (b)(5) specifically requires that:

> When a party withholds information otherwise discoverable under
>
> these rules by claiming that it is privileged or subject to protection as
>
> trial preparation material, the party shall make the claim expressly and
>
> shall describe the nature of the documents, communications, or things
>
> not produced or disclosed in a manner that, without revealing

Case: 1:21-cv-00312-WAL-EAH   Document #: 199   Filed: 05/16/23   Page 16 of 36
*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 16

information itself privilege or protected, will enable other parties to

assess the applicability of the privilege or protection.

Fed. R. Civ. P. 26(b)(5).

Courts continuously hold that "[t]he Federal Rules of Civil Procedure require a detailed showing to

withhold discovery on privilege grounds. See *Haid v. Wal-Mart Stores, Inc.,* 2001 U.S. Dist. LEXIS

10564, Case No. 99-4186-RDR at 3 (D. Kan. June 25, 2001); *Dorf & Stanton Communications, Inc.*

*v. Molson Breweries*, 100 F.3d 919, 923 (Fed.Cir. 1996), cert. denied, 520 U.S. 1275, 138 L. Ed. 2d

213, 117 S. Ct. 2455 (1997)). "**The law is well settled that failure to produce a privilege log or**

**production of an inadequate privilege log may be deemed waiver of the privilege.**" *Id*. (citing

*Dorf & Stanton Communications, Inc.*, 100 F.3d at 923); s*ee also* Fed. R. Civ. P. 26(b)(5), Advisory

Committee Notes ("to withhold materials without such notice is contrary to the rule . . . and may be

viewed as a waiver of the privilege or protection.");.  The Court in *Hurst v F.W. Woolworth Co*.,

1997 U.S. Dist. LEXIS 1407, 95 Civ. 6584 (CSH) at *9 (S.D.N.Y., February 7, 1997) noted

pertinently that "[a]lthough waiver may be a serious sanction for such a violation, the importance of

local rules "should not be diminished by skirting their application when the results prove harsh to a

party." *Id*. (citing *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l Inc.,* 130 F.R.D. 28, 32

(S.D.N.Y. 1990); *PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, 96 Civ. 1816 (SAS)(HBP),

1996 U.S. Dist. LEXIS 13505, 1996 WL 525862, at * 4 (S.D.N.Y. 1996) (noting that reluctance to

find waiver would only encourage disregard of the Court's Rules and encourage motion practice).

> **Demand for Production No. 32**: Please produce any and all joint defense
> agreements between you and Co-Defendants Island Project and Operating Services,
> LLC, Vitol US Holding Co., Vitol Virgin Islands Corp, and Andrew Canning
> applicable to this litigation.

> **Response to Demand for Production No. 32**: OPTIS objects to this request on the
> grounds that it is overly broad; not relevant to the claim or defense of any party;

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 17

subject to the "community-of-interest privilege;" and not discoverable. *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 428 (D.N.J. 2009).

OPTIS discloses that it is a party to a "Common Interest and Confidentiality Agreement" effective as of September 28, 2021, which it joined as of January 4, 2023. The other parties to this agreement are Vitol Virgin Islands Corp., Vitol US Holding Co., Island Project and Operating Services, LLC ("IPOS"), and Andrew Canning.

Plaintiff is entitled to the production of this agreement to show bias and reasons for positions taken by Defendants. Courts have found that indemnification agreements between co-defendants, including agreements regarding the payment of defense fees and costs, are relevant to credibility issues and a proper subject of discovery. *See Concepcion v. The City of New York*, No. 05 CV 8501, 2006 WL 2254987, at *4 (S.D.N.Y. Aug. 4, 2006) ["The plaintiff] is entitled to explore the potential bias or prejudice of adverse parties [and][a]n indemnification agreement between co-defendants may lead to evidence of such bias."); *Brocklesby v. United States*, 767 F.2d 1288, 1292–1293 (9th Cir.1985) (finding that indemnification agreement between co-defendants was admissible to show whether their relationship was adverse and to attack the credibility of their witnesses); *Powerlift Inc. v. Mark Indus., Inc.*, No. 86 CV 2055, 1987 WL 12177, at *1 (N.D. Ill. June 9, 1987) (existence of indemnification agreement may reveal bias or prejudice respecting, inter alia, whether defendant may be seen to induce co-defendant to cooperate in defense); United *States v. Cathcart*, No. C 07–4762, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009) (discovery into source of payment of defendant's legal fees relevant to issue of credibility and bias).

> **Demand for Production No. 33**: Please produce any and all indemnification agreements between you and Co-Defendants Island Project and Operating Services, LLC, Vitol US Holding Co., Vitol Virgin Islands Corp, and Andrew Canning applicable to this litigation.
>
> **Response to Demand for Production No. 33**: Except to the extent that the contracts produced in response to Request No. 4 contain an indemnity agreement, there are no such documents.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery
Page 18

Defendant is required to actually produce any each indemnification agreement. Courts have found that indemnification agreements between co-defendants, including agreements regarding the payment of defense fees and costs, are relevant to credibility issues and a proper subject of discovery. *See Concepcion v. The City of New York*, No. 05 CV 8501, 2006 WL 2254987, at *4 (S.D.N.Y. Aug. 4, 2006) ["The plaintiff] is entitled to explore the potential bias or prejudice of adverse parties [and][a]n indemnification agreement between co-defendants may lead to evidence of such bias."); *Brocklesby v. United States*, 767 F.2d 1288, 1292–1293 (9th Cir.1985) (finding that indemnification agreement between co-defendants was admissible to show whether their relationship was adverse and to attack the credibility of their witnesses); *Powerlift Inc. v. Mark Indus., Inc.*, No. 86 CV 2055, 1987 WL 12177, at *1 (N.D. Ill. June 9, 1987) (existence of indemnification agreement may reveal bias or prejudice respecting, inter alia, whether defendant may be seen to induce co-defendant to cooperate in defense); United *States v. Cathcart*, No. C 07–4762, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009) (discovery into source of payment of defendant's legal fees relevant to issue of credibility and bias).

**Demand for Production No. 34**: Please produce copies of all documents, communications, and demonstrative evidence which support your denial of any of the allegations in Plaintiff's Complaint.

**Response to Demand for Production No. 34**: OPTIS objects to this contention request as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, when written discovery is ongoing and depositions have not yet been taken. See, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010); B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994); Everett v. US Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995). Canning further objects on the grounds that plaintiff is attempting to gain the benefit of Canning's counsel's evaluation of documents and such evaluation is privileged work product. Without waiving these objections, any document Canning has produced as part of his disclosures or in response to any discovery request, are potentially supportive of his denials of the allegations of the complaint and are equally available to plaintiff and its counsel for them to make their own assessment of the evidentiary value of each document.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 19

Parties are required to respond to "contention" requests.  Plaintiff is entitled to receive any documents which support Defendant's denial of allegations or affirmative defenses.  *See, Livingston vs Blue Source* order by Judge Lewis attached.

> **Demand for Production No. 35**: Please produce copies of all documents, communications, and demonstrative evidence which support your Affirmative Defense 'C' that, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS."
>
> **Response to Demand for Production No. 35**: OPTIS objects to this request as it invades the attorney-client and attorney work product privileges. OPTIS is unable to respond to this request without disclosing the advice and mental impressions of its counsel, who must necessarily make the determination as to whether a document supports the denials of the complaint. Moreover, Optis objects to this contention request as premature, as a party may not be compelled to respond to contention discovery at the early stages of discovery, when written discovery is ongoing and depositions have not yet been taken. See, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010); B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994); Everett v. US Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995).

Parties are required to respond to "contention" requests. Defendant OPTIS must produce copies of all documents, communications, and demonstrative evidence which support its Affirmative Defense 'C' that, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS." See *Livingston vs Blue Source* order by Judge Lewis attached.

> **Demand for Production No. 36**: Please produce copies of all documents, communications, and demonstrative evidence which support your Affirmative Defense 'F' that, "Plaintiff's own conduct may bar its causes of action and/or it from recovering any damages."
>
> **Response to Demand for Production No. 36**: OPTIS objects to this request as it invades the attorney-client and attorney work product privileges. OPTIS is unable to respond to this request without disclosing the advice and mental impressions of its counsel, who must necessarily make the determination as to whether a document supports the denials of the complaint. Moreover, Optis objects to this contention request as premature, as a party may not be compelled to respond to contention

Case: 1:21-cv-00312-WAL-EAH   Document #: 199   Filed: 05/16/23   Page 20 of 36
*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 20

discovery at the early stages of discovery, when written discovery is ongoing and depositions have not yet been taken. See, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010); B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994); Everett v. US Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995).

Parties are required to respond to "contention" requests. Defendant OPTIS must produce copies of all documents, communications, and demonstrative evidence which support its Affirmative Defense 'F' that, "Plaintiff's own conduct may bar its causes of action and/or it from recovering any damages." See *Livingston vs Blue Source* order by Judge Lewis attached.

> **Demand for Production No. 37**: Please produce copies of all documents, communications, and demonstrative evidence which support your Affirmative Defense 'G' that, "Plaintiff's claims may be barred by fraud."
>
> **Response to Demand for Production No. 37**: OPTIS objects to this request as it invades the attorney-client and attorney work product privileges. OPTIS is unable to respond to this request without disclosing the advice and mental impressions of its counsel, who must necessarily make the determination as to whether a document supports the denials of the complaint. Moreover, Optis objects to this contention request as premature, as a party may not be compelled to respond to contention discovery at the early stages of discovery, when written discovery is ongoing and depositions have not yet been taken. See, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010); B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994); Everett v. US Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995).

Parties are required to respond to "contention" requests. Defendant OPTIS must produce copies of all documents, communications, and demonstrative evidence which support its Affirmative Defense 'G' that, "Plaintiff's claims may be barred by fraud."  See *Livingston vs Blue Source* order by Judge Lewis attached.

**CERTIFICATION PURSUANT TO LRCi 37.1:** On March 1, 2023, Plaintiff wrote to the Defendant reminding it that its discovery responses were insufficient. **Ex. 2.** On March 24, 2023, a further request was made to Defendant OPTIS requesting its supplemental responses or provide

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312*
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 21

dates to meet and confer. **Ex. 3.**

      **WHEREFORE**  Plaintiff requests the Court order Defendant to respond to Plaintiff's

discovery requests, having waived any objections, within ten (10) days.

                                RESPECTFULLY SUBMITTED
                                LEE J. ROHN AND ASSOCIATES, LLC
                                Attorneys for Plaintiff

DATED:  May 16, 2023           BY:   /s/ Lee J. Rohn
                                Lee J. Rohn, Esq.
                                VI Bar No. 52
                                1108 King Street, Suite 3 (mailing)
                                56 King Street, Third Floor (physical)
                                Christiansted, St. Croix
                                U.S. Virgin Islands 00820
                                Telephone: (340) 778-8855
                                lee@rohnlaw.com

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 22

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on May 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Alex Kaplan, Esq.
Susman Godfrey
1000 Louisiana St., Suite 5100
Houston, TX  77002
Email Address: akaplan@susmangodfrey.com
    Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Andrew C. Simpson, Esq.
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI  00820
Email Address: asimpson@coralbrief.com; coralbrief@gmail.com;
jaycie.jorgensen@gmail.com
    Attorney For: Andrew Canning

Carl A. Beckstedt, III, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, USVI  00820
Email Address: carl@beckstedtlaw.com; tarsha@beckstedtlaw.com
    Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Sarah Hanningan, Esq.
Susman Godfrey, LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Email Address: shannigan@susmangodfrey.com
    Attorney For: Vitol US Holding Co., Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Simone Francis, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building,  Suite 201
1336 Beltjen Road
St. Thomas, VI  00802
Email Address: simone.francis@ogletreedeakins.com
    Attorney For: Island Project and Operating Services, LLC

Case: 1:21-cv-00312-WAL-EAH   Document #: 199   Filed: 05/16/23   Page 23 of 36
*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312*
**Motion to Compel Defendant OPTIS to Supplement Its Responses to Plaintiff's Written Discovery**
Page 23

Y. Gloria Park, Esq.
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Email Address: GPark@susmangodfrey.com
    Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.


BY: _____/s/ Lee J. Rohn_____(rn)

**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON, and CHRISTOPHER GLAVACH, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2019-0012 |
| | ) | |
| LOUIS BERGER formerly LOUIS BERGER GROUP, VIRGIN ISLANDS WATER AND POWER AUTHORITY, and BLUESOURCE, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |
| | ) | |
| LOUIS BERGER, | ) | |
| | ) | |
| Third-Party Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLUESOURCE, LLC, | ) | |
| | ) | |
| Third-Party Defendant/Counter-Claimant. | ) | |
| ———————————————————— | ) | |
| | ) | |
| LOUIS BERGER, | ) | |
| | ) | |
| Third-Party Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ACP, LLC, | ) | |
| | ) | |
| Third-Party Defendant/Counter-Claimant. | ) | |
| ———————————————————— | ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach*

**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Virgin Islands Water and Power Authority*

**Eugenio W.A. Geigel Simounet, Esq.,**
St. Croix, U.S.V.I.
**James L. Hymes, III, Esq.,**
St. Thomas, U.S.V.I.
*For Defendant/Third-Party Plaintiff/Counter-Defendant Louis Berger*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
*For Defendant/Third-Party Defendant/Counter-Claimant Bluesource LLC*

**Daryl C. Barnes, Esq.,**
St. Croix, U.S.V.I.
*For Third-Party Defendant/Counter-Claimant ACP, LLC*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Partial Objection and Appeal to Magistrate Cannon's Order Denying in Part and Granting in Part Plaintiffs' Motion to Compel" ("Objection and Appeal") (Dkt. No. 362) and Memorandum in Support (Dkt. No. 363), filed by Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach (collectively, "Plaintiffs"), and Defendant Bluesource, LLC's ("Defendant Bluesource") Opposition thereto (Dkt. No. 383). For the reasons that follow, the Court will grant Plaintiffs' request in their Objection and Appeal to compel Defendant Bluesource to supplement its responses to Interrogatory Nos. 22, 23, 24, and 25, and Demand Nos. 29, 33, 34, 35, and 36.

## I.    BACKGROUND

Plaintiffs filed a Complaint in the Superior Court of the Virgin Islands against Defendant Louis Berger and Defendant Virgin Islands Water and Power Authority, which was then removed to this Court. (Dkt. No. 1). Plaintiffs allege that in 2017 Plaintiff Miles Livingston and Plaintiff

Christopher Glavach were working as an electrician and electrician helper, respectively, when they were electrocuted due to the negligence of Defendants. (Dkt. No. 1-1). Defendant Louis Berger subsequently filed a Third-Party Complaint alleging that Defendant Bluesource "was responsible for the safety of the Plaintiffs and as a result it is now obligated with a duty to indemnify, hold harmless, and defend Berger." (Dkt. No. 58). Plaintiffs then filed a Second Amended Complaint to include claims against Defendant Bluesource. (Dkt. No. 67).[1]

On December 14, 2021, Plaintiffs filed a "Motion to Compel Bluesource[,] LLC[] to Supplement Discovery Responses" (Dkt. No. 306), wherein Plaintiffs requested an order compelling Defendant Bluesource "to supplement its responses to Plaintiffs' Interrogatory Nos. 6, 12, 13, 16, 22, 23, 24, 25, and Demand Nos. 3, 7, 8, 9, 14, 15, 20, 29, 12, 17, 33, 34, 35, 36, propounded on August 20, 2020." *Id.* at 1. The instant appeal is related only to Interrogatory Nos. 22-25 and Demand Nos. 29 and 33-36. (Dkt. No. 363 at 2, 5).

In the interrogatories at issue, Plaintiffs requested that Defendant Bluesource "identify fully all facts which support" various affirmative defenses. (Dkt. No. 307 at 7-11).[2] In response to each interrogatory, Defendant Bluesource stated:

> Objection. Plaintiff has proffered a contention interrogatory seeking the factual basis for Defendant's affirmative defense. A party may not be compelled to respond to such contention interrogatories at the early stages of discovery. B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D.Pa.1994). Furthermore, written discovery is only in its infancy and depositions have not yet been taken. Defendant reserves the right to supplement its response at the appropriate time. Finally, Bluesource, through its undersigned representative, has no personal knowledge regarding its counsel's selection or inclusion of affirmative defenses to the allegations of the Complaint. Bluesource is advised by its counsel that Rule 12(b) of the Federal Rules of Civil Procedure requires that "every defense, in law or in fact ... shall be asserted in the responsive pleading". Bluesource is

---

[1] On May 21, 2020, Defendant Louis Berger also filed a Third-Party Complaint against ACP, LLC. (Dkt. No. 64). Both Defendant Bluesource and Third-Party Defendant ACP, LLC counter-claimed in response to Defendant Louis Berger's respective Third-Party Complaints. (Dkt. Nos. 81, 115).

[2] Plaintiffs inquired about affirmative defenses 6, 9-11, 13-14, and 16. (Dkt. No. 363 at 4).

further advised that the obligation to assert all legal defenses and to preserve same, should investigation and discovery support such defense, does not prejudice the right of Bluesource at the conclusion of the discovery process to withdraw any legal defense that has been preserved but which is not supportable by facts or circumstantial evidence developed during the litigation prior to trial.

*Id.* Plaintiffs' Demand Nos. 29 and 33-36 similarly requested that Defendant Bluesource "produce copies of all documents, communications and demonstrative evidence which support" various affirmative defenses or denials of Plaintiffs' allegations, to which Defendant Bluesource gave a similar response. *Id.* at 19-21.

Magistrate Judge George W. Cannon, Jr. denied without prejudice Plaintiff's Motion to Compel as to the disputed discovery requests finding that the requests were contention interrogatories and thus were premature, stating: "Given that the deadline for factual discovery has been extended to February 28, 2022, it is not yet the 'later stage of discovery' or 'end of the discovery period' referred to in caselaw. Plaintiffs have not shown that an earlier response assists the goals of discovery." (Dkt. No. 335 at 4).

For the reasons discussed below, the Court will reverse the Magistrate Judge's ruling and enter an Order directing Defendant Bluesource to provide responses to the contested interrogatories and document requests to Plaintiffs within ten days of this Court's Order.

## II.     APPLICABLE LEGAL PRINCIPLES

The Court reviews a magistrate judge's decision on a discovery issue under the "'clearly erroneous or contrary to law' standard." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) (providing that a district judge "must consider

timely objections and modify or set aside any part of [an] order [on a non-dispositive matter] that is clearly erroneous or is contrary to law").

A factual finding "is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "In reviewing a magistrate judge's factual determinations [on a non-dispositive matter], a district court may not consider any evidence which was not presented to the magistrate judge." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Haines*, 975 F.2d at 92).

On the other hand, district courts conduct a *de novo* review of a magistrate judge's legal conclusions on non-dispositive matters where a party objects on the basis that those conclusions were contrary to law. *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (for a non-dispositive motion referred to a magistrate judge, district courts "review[] findings of fact for clear error and [] review matters of law *de novo*"). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

### III. DISCUSSION

Federal Rules of Civil Procedure 26 through 37 govern the discovery process. Rule 26 provides in pertinent part that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," within certain limits. Fed. R. Civ. P. 26(b); *see also id.* at 26(b)(2)(C) (limitations). Rule 33 governs the service of interrogatories and Rule 34 governs the production of documents, including electronically stored information. *See* Fed. R. Civ.

P. 33, 34. If the requesting party believes that the responding party has failed to be responsive to properly requested discovery, Rule 37 provides a procedure to move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.").

"Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention." *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994); *see also Susquehanna Com. Fin., Inc. v. Vascular Res., Inc.*, No. 1:09-CV-2012, 2010 U.S. Dist. LEXIS 127125, at *29 (M.D. Pa. Dec. 1, 2010) ("Interrogatories that 'ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts' often are referred to as 'contention interrogatories.'" (citing *In re Grand Casinos, Inc., Sec. Litig.*, 181 F.R.D. 615, 618 (D. Minn. 1998))). Contention interrogatories "serve an important purpose in helping to discover facts supporting the theories of the parties" and "narrow[ing] and sharpen[ing] the issues thereby confining discovery and simplifying trial preparation." *Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (citing Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment).

There is no question that Plaintiffs' interrogatories requesting the factual basis for Defendant Bluesource's affirmative defenses fall squarely within the definition of contention

interrogatories. *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) ("Interrogatory no. 15, which asks defendant to identify its affirmative defenses and state the facts supporting these defenses, is a contention interrogatory under Rule 33(a)(2)."); *Dalmatia Imp. Grp., Inc. v. FoodMatch, Inc.*, Civil Action No. 16-2767, 2016 U.S. Dist. LEXIS 136743, at *5 (E.D. Pa. Oct. 3, 2016) (finding interrogatories were contention interrogatories where they "each ask [the defendant] to 'state all facts and identify all evidence' to support various contentions or affirmative defenses"). But the analysis does not end there. Indeed, this is just the beginning of the inquiry.

Rule 33 of the Federal Rules of Civil Procedure provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Relying on this Rule, Defendant Bluesource objected to Plaintiffs' contention interrogatories on the ground, *inter alia*, that "[a] party may not be compelled to respond to such contention interrogatories at the early stages of discovery." (Dkt. No. 307 at 7). Consistent with this theory, in ruling on Plaintiffs' Motion to Compel the Magistrate Judge concluded that it was not yet sufficiently late in discovery to require responses to the contention interrogatories and that "*Plaintiffs have not shown that an earlier response assists the goals of discovery.*" (Dkt. No. 335 at 4) (emphasis added). Along the same lines, Defendant Bluesource argues before this Court that Plaintiffs have not met their burden of showing why an early response to contention interrogatories is appropriate. (Dkt. No. 383 at 5-6).

This Court is of the view that Defendant Bluesource's objection and argument, and the Magistrate Judge's placement of the burden on Plaintiffs to show the need for an earlier response

to the contention interrogatories, are at odds with the plain text of Rule 33(a)(2). The Rule first makes clear that contention interrogatories are not objectionable in and of themselves. The Rule then goes on to allow the court discretion to order that such interrogatories be answered at a later time. Based on the structure and content of the Rule, the Court concludes that, contrary to Defendant Bluesource's objection, there is no *entitlement* to a delayed response time for contention interrogatories. Rather, the Rule requires that "contention interrogatories must be responded to within the usual 30-day period unless a court, in its discretion, finds that the response time should be delayed." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561, 566 (S.D. Ind. 2007). In other words, Rule 33 "recognizes that deferral of responses may be appropriate in some cases, but that such deferral is not the default rule." *Hill-Rom Servs. v. Tellisense Med.*, No. 1:17-cv-04725-TWP-MJD, 2019 U.S. Dist. LEXIS 234049, at *8 (S.D. Ind. Nov. 18, 2019). Because "[t]he general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required," *Starcher v. Correctional Med. Sys.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998), the burden for justifying a deviation from the normal course must be shouldered by the party seeking the deviation. Accordingly, the Court concludes that the Magistrate Judge erred in placing the burden on Plaintiffs to justify the need for a timely response, rather than on Defendant Bluesource to demonstrate why the court should exercise its discretion

to extend the time for its response to the contention interrogatories. *Hill-Rom Servs.*, 2019 U.S. Dist. LEXIS 234049, at *8.[3] This error of law warrants reversal of the Magistrate Judge's opinion.[4]

The Court next turns to the issue of the discretion afforded to courts to defer responses to contention interrogatories. The Court recognizes that "there is considerable support" for the proposition that responses to contention interrogatories should be deferred until the latter part of discovery. *See, e.g.*, *B. Braun Med. Inc.*, 155 F.R.D. at 527 ("[T]here is considerable support for deferring contention interrogatories until the end of the discovery period."); *Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2016 U.S. Dist. LEXIS 33431, at *11 (N.D. Cal. March 15, 2016) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, [and instead] grant them if discovery almost is complete." (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008)

---

[3] The Court acknowledges that some district courts have found to the contrary—specifically that "[t]he moving party bears the burden to show 'that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure.'" *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 228, 229 (E.D. Pa. 2014) (quoting *Fischer & Porter Co. v. Tolson,* 143 F.R.D. 93, 96 (E.D.Pa.1992)); *see also In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985); *B. Braun Med. Inc.*, 155 F.R.D. at 527. This Court respectfully disagrees which such a conclusion for the reasons stated above.

[4] The Court recognizes that the decision to defer responses to contention interrogatories is discretionary. *See* Fed. R. Civ. P. 33(a)(2); *Engage Healthcare Communs., LLC v. Intellisphere, LLC*, Civil Action No. 12-cv-00787(FLW)(LHG), 2017 U.S. Dist. LEXIS 83068, at *33 (D.N.J. Feb. 10, 2017) ("[T]he decision to defer a response to a contention interrogatory is a discretionary one."). Further, when ruling on pre-trial discovery matters, the trial court may afford a magistrate judge's decisions "wide discretion." *White v. Day*, Civil Action No. 2018-0018, 2020 WL 3213355, at *2 (D.V.I. June 15, 2020) (citing *NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir.1992) and *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.1992)). Here, Magistrate Judge Cannon decided, in his discretion, that as of January 7, 2022, the contention interrogatories were premature and denied Plaintiffs' Motion to Compel without prejudice. However, because the Magistrate Judge's erroneous assignment of the burden of proof serves as the foundation for his exercise of discretion, the error of law negates the "wide discretion" that may otherwise be afforded to a Magistrate Judge's pretrial discovery determinations. Because the Court resolves the Objection and Appeal on this ground, the Court need not address Plaintiffs' other grounds for appeal.

(internal quotation marks omitted)). The Court further recognizes that the justification for a court's deferral of answers to contention interrogatories is informed by the concern that parties who have not yet participated fully in discovery might be locked into legal positions based on facts that are not fully developed. *Dalmatia Imp. Grp., Inc.*, 2016 U.S. Dist. LEXIS 136743, at *4; *Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042, at *22-23 (D. Del. Sept. 16, 2016) ("If the court forces a party to respond to early contention interrogatories, the party may have to set forth theories of its case that have not yet been developed.").

Even while recognizing that answers to contention interrogatories might not be fully fleshed out prior to the completion of discovery, this does not—in the Court's view—sanction the wholesale deferral of responses to contention interrogatories, because all that is required is that a party state the facts in its possession. *See Sabin v. St. Croix Basic Servs.*, Civil No. 2002/80, 2003 U.S. Dist. LEXIS 24525, at *5-6 (D.V.I. Oct. 6, 2003) ("Regarding affirmative defenses, defendant must respond to interrogatories by stating all facts currently known to defendant as requested by Plaintiff."); *Bhagwandass v. Hovensa, L.L.C.*, No. Civ. 2001/5, 2002 WL 32349814, at *4 (D.V.I. Oct. 29, 2002) (same). And, there should be some such facts from the outset of the litigation because Rule 11 requires that counsel have a good faith basis for the assertions in pleadings. *See Nat'l Acad. of Recording Arts & Scis., Inc.*, 256 F.R.D. at 682 ("Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is '[c]onsistent with Rule 11 of the Federal Rules of Civil Procedure,' which requires parties [to] have some factual basis for their claims and allegations." (quoting *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007)); *Sanchez v. Cty. of Sacramento*, No. 2:19-CV-01545-MCE-AC, 2020 WL 605882, at *4 (E.D. Cal. Feb. 7, 2020) ("Federal Rule of

Civil Procedure 11, which requires parties to have some factual basis for their claims and allegations, allows for requests seeking documents to support a defendant's affirmative defenses." (quoting *Uribe v. McKesson*, No. 08-cv-1285 DMS (NLS), 2010 WL 653975, at *4 (E.D. Cal. Feb. 19, 2010)) (internal quotation marks omitted)); *Kartman*, 247 F.R.D. at 565 ("Plaintiffs should be able to articulate their general legal theories in this high-stakes, class action litigation even if these theories are not fully developed."). While the facts may change or evolve as the parties engage in discovery, the Rules provide the opportunity—indeed the duty—to supplement responses as appropriate. *See* Fed. R. Civ. P. 26(e); *Bhagwandass*, 2002 WL 32349814, at *4 ("A party must supplement its discovery response if additional or corrective information has not otherwise been made known to the other parties."); 7 Moore's Federal Practice - Civil § 33.78 (2021) ("[C]ourts have recognized that answers to contention interrogatories may evolve over time, and an answer to an interrogatory does not conclusively bind the answering party in all instances. However, the responding party would then have a duty to supplement or correct the previous responses unless the facts were made known in other discovery.").

Thus, Defendant Bluesource's response to the interrogatories at issue is misguided. The applicable Rules do not give defendants license to hide behind their counsel as the author of affirmative defenses; wrap counsel in the blanket of Rule 12(b)'s requirement to assert defenses in a responsive pleading; and then proceed to embark on a fishing expedition in an attempt to find support for whatever affirmative defenses may have been asserted in the responsive pleading— regardless of how untethered they may be to the facts of the case—while taking solace in their ability to withdraw any ill-founded defense. Yet, this is precisely what Bluesource's objection to Plaintiffs' contention interrogatories seems to suggest. (Dkt. No. 307 at 7-11 (stating that Defendant Bluesource has no personal knowledge of its affirmative defenses; that it must assert

11

every defense in its pleading under Rule 12(b); and that it may withdraw any defense that lacks

support after discovery has concluded)). Such an approach ignores the viability of Rule 11. Indeed,

as noted by a district court within the Third Circuit:

> All too often, the Court reviews answers littered with affirmative defenses unmoored from the facts of the case. When the Court confronts lawyers about these offending filings, the lawyers say, almost universally, that they asserted affirmative defenses prophylactically in order to avoid a waiver. That answer has superficial appeal. After all, what lawyer wouldn't want to be diligent and preserve all possible defenses for his client? But dig even a little bit deeper, and the answer reveals a serious problem: the Federal Rules of Civil Procedure do not allow for that approach. Instead, Rule 11 demands a lawyer have a good faith basis that there is evidentiary support for every assertion in a pleading. That requirement applies to affirmative defenses just like other assertions in a pleading. When lawyers ignore that obligation, they violate Rule 11.

*Greenspan v. Platinum Healthcare Grp., LLC*, Case No. 2:20-cv-05874-JDW, 2021 U.S. Dist.

LEXIS 48884, at *1-2 (E.D. Pa. March 16, 2021). This Court agrees.

In short, while there may be occasions where a deferral of responses to contention

interrogatories for affirmative defenses may be appropriate in the exercise of the court's discretion,

this Court does not subscribe to the view—for the reasons stated above—that such an approach

should be either the default position or the norm. Just as a plaintiff must have a good faith basis

for asserting allegations in a complaint—and indeed must be able to survive an *Iqbal/Twombly*

challenge as to the sufficiency of the allegations—a defendant must also have a good faith basis

for asserting its affirmative defenses.[5] Thus, *some* response should usually be able to be provided

---

[5] The parties dispute whether the rules regarding "contention interrogatories" apply to Plaintiffs' demands for production of documents. (Dkt. Nos. 363 at 5; 383 at 5). The production of documents is governed by Rule 34 of the Federal Rules of Civil Procedure, which does not include a similar caveat as Rule 33 regarding a court's discretion to delay contention interrogatories. Accordingly, the Court concludes that the rule regarding contention interrogatories does not apply to document requests under Rule 34. In fact, the production of documents and evidence which support a party's defenses should commence as early as the time of a party's initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(ii) ("[A] party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored

to contention interrogatories during the 30-day discovery period, and the burden is on the defendant to show otherwise.[6]

## IV.    CONCLUSION

For the reasons stated above, the Court will reverse the Magistrate Judge's ruling as to Interrogatory Nos. 22, 23, 24, and 25, and Demand Nos. 29, 33, 34, 35, and 36, and will grant Plaintiffs' request in their Objection and Appeal to compel Defendant Bluesource to supplement its responses to those disputed discovery requests. Defendant Bluesource shall have 10 days from the date of this Order, up to and including March 11, 2022, to provide the responses to Plaintiffs.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 1, 2022

_____/s/_____
WILMA A. LEWIS
District Judge

---

information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.").

[6] Defendant Bluesource argues that the Court should deny Plaintiffs' Objection and Appeal because Plaintiffs failed to confer with it prior to filing its Objection and Appeal. (Dkt. No. 383 at 2 (citing LRCi. 72.4 and LRCi 7.1(f))). While the parties are obligated to comply—and the Court expects compliance—with the Local Rules of Civil Procedure, the Court declines to deny Plaintiff's Objection and Appeal on that basis under the circumstances here.