*Lee J. Rohn and Associates, LLC*

*Lee J. Rohn*
*(Lic. Texas and U.S.V.I.)*
lee@rohnlaw.com
_____

*Mary Faith Carpenter*
*(Lic. New Jersey and U.S.V.I.)*
maryfaith@rohnlaw.com
_____

*Rhea R. Lawrence*
*(Lic. U.S.V.I.)*
rhea@rohnlaw.com

Mailing:  1108 King Street, Suite 3
Physical:  56 King Street, Third Floor
Christiansted, **St. Croix** VI  00820
**340.778.8855 ·** *Fax* **340.773.2954**

Mailing:  1026 Norre Gade, K.Q.
Physical: 24B/24BA/24BB Norre Gade, K.Q.
Charlotte Amalie, **St. Thomas** VI  00802
**340.774.8558**

*TOLL FREE*
**866.778.0044 ·** *Fax* **866.778.0055**

*Jennifer S. Koockogey-LaJoie*
*(Lic. Minnesota and U.S.V.I.)*
jennifer@rohnlaw.com
_____

*Blake M. Feamster*
*(Lic. Oklahoma, Colorado\* and*
*U.S.V.I.)*
blake@rohnlaw.com
_____

*Natalie Nelson Tang How*
*Of Counsel*
*(Lic. U.S.V.I.)*
natalie@rohnlaw.com

March 1, 2023

**VIA ELECTRONIC MAIL**
Andrew   C. Simpson, Esq.
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820

RE:  Petro Industrial Solutions, LLC v. Island Project and
Operating Service, LLC, et. al., Case No. 1:21-CV-00312

Dear Attorney Simpson:

I have reviewed the Defendant OPTIS's responses to discovery and they are insufficient as follows:

**Demand for Production No. 1**: This is not in violation of work product as there is no requirement that they had been selected by counsel and no way to discern which ones were selected by counsel.

**Demand for Production No. 1**:  Please produce copies of all documents and communications referenced and/or reviewed by you in responding to Plaintiff's Interrogatories.

**Response to Demand for Production No. 1**: Defendants object to this request as it is overly broad to the extent it seeks, without limitation, the identification of all documents reviewed and used in the preparation of disclosures and answers regardless of whether the underlying documents are relevant to a claim or defense in this action. Collins v. ControlWorx, LLC, No. CV 20-199-SDD-RLB, 2021 WL 4429456, at *9 (M.D. La. Sept. 27, 2021). Defendants further object because the selection of documents by counsel for review by his client "falls within the highly-protected





EXHIBIT
2



**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 2**

category of opinion work product." *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985). Moreover, documents reviewed by defendants that were rejected as non-responsive to a particular interrogatory by their counsel would likewise be governed by the work product privilege.

In order for the privilege to apply, the party opposing discovery must show that the alleged work product was clearly obtained in anticipation of litigation. *See Colon v. Isherwood,* 34 V.I. 47, 28 (Terr. Ct. 1996) citing *Ravineau v. Hess Oil Virgin Islands Corp*. Civil No. 77-20 (D.C.V.I. Div. Of. St.X, February 18, 1978). See also *Hickman v. Taylor*, 329 U.S. 495, 505, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947); *Haines v. Liggett Group Inc.* 975 F.2d 81, 90 (3d Cir. 1992); and *Suggs v. Whitaker*, 152 F.R.D. 501, 505 (D.N.C. 1993), where the Court provided a detailed analysis of the requirements of the party asserting the work product privilege.  In *Suggs v. Whitaker*, 152 F.R.D. 501 (D.N.C. 1993), the Court provided a detailed analysis of the requirements of the party asserting the work product privilege.  The Court provided that:

> The party asserting work product protection bears the burden of proof of establishing entitlement to it. *Sandberg v. Virginia Bankshares, Inc*., 979 F.2d 332, 355 (4th Cir. 1992).  In meeting this burden, such party may not rely on conclusory allegations or mere statements in briefs. Nor may the Court be expected to decipher the purpose behind the preparation of a document by merely reviewing documents submitted for in camera inspection. *Pete Rinaldi's Fast Foods v. Great American Ins.,* 123 F.R.D. 198, 203 (M.D.N.C. 1988).  Rather, it is incumbent upon the party to come forward with a specific demonstration of facts supporting the requested protection. *Id.*

*Suggs*, 152 F.R.D. at 505.

**Demand for Production No. 2**: Plaintiff is entitled to learn the chain of command as to who Canning reported to and who reported to him.

**Demand for Production No. 2**: Please produce a copy of your organization documents.

**Response to Demand for Production No. 2**: OPTIS objects to this request as it is not relevant to the claim or defense of any party.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in pertinent part that:
Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 3**

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Where there is any doubt as to relevance, the court should be permissive in allowing discovery. *Yang v. Reno*, 157 F.R.D. 625, 631 (M.D. Pa. 1994) (citing *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 556 (7th Cir. 1984)); *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 265 (E.D. Pa. 1992).

Full and fair discovery is the very foundation of the litigation system. Under Rule 26, the scope of discovery is liberal and broad, and covers any matter not privileged which is relevant to a claim or a defense, regardless of whether the information sought would be admissible at trial, as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1); *see also Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir. 1999); *In re Madden,* 151 F.3d 125, 128 (3d Cir. 1998) (pretrial discovery accorded "broad and liberal treatment").

**Demand for Production No. 4**: Please produce to OPTIS and IPOS and OPTIS and Canning contracts.

> **Demand for Production No. 4**: Please produce copies of all contracts and agreements that evidence any and all relationships between you and any of the Co-Defendants in this matter or any other entity concerning any services at the WAPA Propane Facilities in St. Thomas and St. Croix from 2018 to present.

> **Response to Demand for Production No. 4**: Consulting Agreement between OPTIS Europe Ltd. and Vitol Virgin Islands Corp. Copy produced by VVIC as VITOL-000001 – VITOL-000011.

> Consulting Agreement between OPTIS Europe Ltd. and IPOS. OPTIS is retrieving this document and will produce it when it is located.

Parties are obligated pursuant to Federal Rules of Civil Procedure 26(e) to "reasonably amend prior responses" to discovery, if the disclosure is incomplete or





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 4**

incorrect.  Fed. R. Civ. P. 26(e)(2).  "Under Fed. R. Civ. P. 26(e)(2), a party is required to supplement its discovery responses if it learns that its initial response is incomplete in a material way and the opposing party does not have the new information." *Williams v. Morton*, 343 F.3d 212, 222 (3d Cir. 2003).  Further, Fed. R. Civ. P. 37(c)(1) provides that if a party without substantial justification fails to amend a prior discovery response, it may not use that evidence unless the failure is harmless.

**Demand for Production No. 6**: Clearly the contract between OPTIS and Canning is relevant and discoverable.

**Demand for Production No. 6**: Please produce copies of all contracts and/or agreements between you and Andrew Canning.

**Response to Demand for Production No. 6**: OPTIS objects to this request as it is not relevant to the claim or defense of any party.

See above contention at Demand No. 2 regarding parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…

**Demand for Production No. 7**: OPTIS is being sued as the employer of Canning who was discriminatory towards Plaintiff and interfered with Plaintiff's contract. Clearly how much supervision or lack of and what prior notice OPTIS had is relevant.

**Demand for Production No. 7**: Please produce a copy of the personnel file of Co-Defendant Andrew Canning.

**Response to Demand for Production No. 7**: OPTIS objects to this request on the grounds that it is not relevant to the claim or defense of any party and contains information of a personal nature unrelevant to the claim or defense of any party.

See above contention at Demand No. 2 regarding parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…

**Demand for Production No. 9, 10**: Please designate by bates numbers

**Demand for Production No. 9**: Please produce copies of all documents and communications between you or anyone on your behalf and any Co-Defendant in this matter concerning the credentials or qualifications of Plaintiff and/or Plaintiff's employees.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 5**

**Response to Demand for Production No. 9**: All such documents in the possession or control of OPTIS were previously produced by Andrew Canning.

Rule 34 (b)(i) which states that a party who produces documents for inspection shall <u>organize and label them to correspond with the categories on the request</u>. Accordingly, please identify the Bates stamps you referred to in your responses.

**Demand for Production No. 10**: Please produce a complete copy of any file maintained by you concerning Plaintiff.

**Response to Demand for Production No. 10**: Defendant objects to this request on the grounds that it is overly broad and unduly burdensome as any file containing plaintiff's name arguably "concerns" plaintiff, but that fact does not make the file relevant to the claim or defense of any party.

Without waiving such objection, OPTIS, through Andrew Canning's responses to the request for production of documents served upon him, has produced all documents relevant to the claim or defense of a party that mentions plaintiff.

Rule 34 (b)(i) which states that a party who produces documents for inspection shall <u>organize and label them to correspond with the categories on the request</u>. Accordingly, please identify the Bates stamps you referred to in your responses.

**Demand for Production No. 16**: There is no response.

**Demand for Production No. 16**: Please produce copies of all meeting minutes or other documents concerning in any manner Plaintiff's performance under the contract, Andrew Canning's job performance, cancellation of the contract with the Vitol Defendants, or cancellation of Andrew Canning's contract.

**Response to Demand for Production No. 16**:

See above contention at Demand No. 4 regarding parties obligation to "reasonably amend prior responses" to discovery, if the disclosure is incomplete or incorrect.

**Demand for Production No. 23**: These are clearly relevant as to why OPTIS and Canning were terminated and Plaintiff's claims that IPOS and VITOL were unhappy as to Canning's and OPTIS work.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 6**

**Demand for Production No. 23**: Please produce copies of all emails, text messages, letters, meeting minutes, other documents and communications concerning in any manner dissatisfaction with OPTIS or Canning's work in St. Croix or St. Thomas, cancellation of any contracts with OPTIS by any Vitol company for work in St. Croix or St. Thomas and compliments or critiques of any work done by OPTIS in St. Croix or St. Thomas.

**Response to Demand for Production No. 23**: OPTIS objects to this request on the grounds that it is not relevant to the claim or defense of any party; nor would such documents be lik.

See above contention at Demand No. 2 regarding parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…

**Demand for Production No. 25**: This is not overly broad and is discoverable as to the course of conduct of OPTIS as to Plaintiff.

**Demand for Production No. 25**: Please produce copies of all communications between you and IPOS concerning in any manner Petro Industrial Solutions, LLC or Adrian Melendez.

**Response to Demand for Production No. 25**: OPTIS objects to this request as overly broad and unduly burdensome and seeking information that is not relevant to the claim or defense of any party.

Without waiving this objection, Canning has produced documents labeled CANNING-000001 - CANNING-018368 which encompass all such communications.

A party may object to discovery requests for any of the reasons listed in Rule 26(b)(2)(C), which include, *inter alia*, that the discovery is cumulative, duplicative, or the benefit of the discovery outweighs the burden of obtaining the information. **However, a claim that the "discovery sought is <u>overly broad</u>, burdensome, oppressive, vague or irrelevant is 'not adequate to voice a successful objection.**" *Northern*, 2000 U.S. Dist. LEXIS 4278, at *5 (quoting *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982)); *see Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 530 (S.D. W. Va. 2007) (boilerplate objections are inappropriate); *In re Tax Litig.*, 2002 U.S. Dist. LEXIS 22354, at *5 (D.V.I. Oct. 21, 2002) ("blunderbuss" objections are unacceptable); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 7**

making any objection at all"). Rather, "[w]here a party contends that the sought discovery causes an undue burden, they must demonstrate specifically how each item of discovery is objectionable by offering evidence revealing the nature of the burden." *Northern*, 2000 U.S. Dist. LEXIS 4278, at *5 (internal quotation marks omitted); *see Roesberg v. Johns Manville Corp.*, 85 F.R.D. 292, 296-297 (E.D. Pa. 1980) ("To voice a successful objection . . . , **[a party] cannot simply intone this familiar litany [i.e., overly broad, burdensome, oppressive, and irrelevant**]. Rather, [it] must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (Internal citations omitted). The failure to respond and produce information or documents called for in discovery "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(d)(2).

> **Demand for Production No. 29**: You failed to provide a privilege log. Further reporting a claim and the insurance companies' regular communication as to that claim is not privileged.

>> **Demand for Production No. 29**: Please produce copies of all communications between you and any insurance company concerning in any manner the claims and/or defenses in this matter, including any denial of coverage or reservation of rights letters.

>> **Response to Demand for Production No. 29**: OPTIS objects to this request to the extent that it seeks communications between OPTIS's insurance company and either OPTIS or OPTIS's counsel that contain the mental impressions of OPTIS's counsel or his legal advice as to the claims and defenses in the case. OPTIS is withholding all such documents on the grounds of privilege.

> Rule 26 (b)(5) specifically requires that:

>> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privilege or protected, will enable other parties to assess the applicability of the privilege or protection.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 8**

Fed. R. Civ. P. 26(b)(5).

Courts continuously hold that "[t]he Federal Rules of Civil Procedure require a detailed showing to withhold discovery on privilege grounds. See *Haid v. Wal-Mart Stores, Inc.,* 2001 U.S. Dist. LEXIS 10564, Case No. 99-4186-RDR at 3 (D. Kan. June 25, 2001); *Dorf & Stanton Communications, Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed.Cir. 1996), cert. denied, 520 U.S. 1275, 138 L. Ed. 2d 213, 117 S. Ct. 2455 (1997)). "**The law is well settled that failure to produce a privilege log or production of an inadequate privilege log may be deemed waiver of the privilege**." *Id*. (citing *Dorf & Stanton Communications, Inc.*, 100 F.3d at 923); s*ee also* Fed. R. Civ. P. 26(b)(5), Advisory Committee Notes ("to withhold materials without such notice is contrary to the rule . . . and may be viewed as a waiver of the privilege or protection.");. The Court in *Hurst v F.W. Woolworth Co.*, 1997 U.S. Dist. LEXIS 1407, 95 Civ. 6584 (CSH) at *9 (S.D.N.Y., February 7, 1997) noted pertinently that "[a]lthough waiver may be a serious sanction for such a violation, the importance of local rules "should not be diminished by skirting their application when the results prove harsh to a party." *Id*. (citing *Carte Blanche (Singapore) Pte., Ltd. v. Diners Club Int'l Inc.,* 130 F.R.D. 28, 32 (S.D.N.Y. 1990); *PKFinans Int'l Corp. v. IBJ Schroder Leasing Corp.*, 96 Civ. 1816 (SAS)(HBP), 1996 U.S. Dist. LEXIS 13505, 1996 WL 525862, at * 4 (S.D.N.Y. 1996) (noting that reluctance to find waiver would only encourage disregard of the Court's Rules and encourage motion practice).

**Demand for Production No. 30**: Similar complaints are discoverable.

**Demand for Production No. 30**: Please produce copies of all complaints, claims, and/or lawsuits involving claims of discrimination, defamation, and/or tortious interference with contract against you within the last ten (10) years.

**Response to Demand for Production No. 30**: OPTIS objects to this request on the grounds that it is overly broad and not relevant to the claim or defense of any party nor is it proportional to the requirements of this case, particularly since there is no cause of action for discrimination against a corporation in the Virgin Islands. Further, the discovery sought is not likely to lead to the discovery of admissible evidence.

Similar incidences are discoverable and relevant to this lawsuit. Courts consistently allow discovery of similar other incidents." Similar accidents, whether occurring before or after the incident in question, can be relevant to the issues of notice and causation. *Uitts v. General Motors Corp.*, 58 F.R.D. 450, 452 [E.D. Pa. 1972). *See also Josephat v. Executive* Airlines Civ. No. 1998/132, Order dated December 8, 1999 (citing *Celestine v. Kmart*, Stx. Civ. 1998/197 (August 10, 1999); *Kidd v. Hovic STX*. Civ.




**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 9**

1996/63 (April 12, 1995)).  See also *Taylor v. IHOP*, Civil No. SX-10-0000323 order dated January 23, 2012; *Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611 (D. Kan. 2005).  In *Cardenas v. Dorel Juvenile Group, Inc.*, the Court pertinently opined that:

> Although there are specific limits on the *admissibility* of similar lawsuits and complaints, such evidence need not be admissible to be relevant, and, therefore discoverable.  For discovery purposes, the court need only find that the circumstances surrounding the other accidents are similar enough to be discoverable.

*Cardenas v. Dorel Juvenile Group, Inc.,* 230 F.R.D. 611 (D. Kan. 2005) (*citing*, Fed. R. Civ. P. 26(b)(1)); *see also, Nobles v. Jacobs IMC (JIMC),* 2003 U.S. Dist. LEXIS 24083 (D.V.I. July 7, 2003).

**Demand for Production No. 32**: Plaintiff is entitled to the production of this agreement.

> **Demand for Production No. 32**: Please produce any and all joint defense agreements between you and Co-Defendants Island Project and Operating Services, LLC, Vitol US Holding Co., Vitol Virgin Islands Corp, and Andrew Canning applicable to this litigation.

> **Response to Demand for Production No. 32**: OPTIS objects to this request on the grounds that it is overly broad; not relevant to the claim or defense of any party; subject to the "community-of-interest privilege;" and not discoverable. Ford Motor Co. v. Edgewood Properties, Inc., 257 F.R.D. 418, 428 (D.N.J. 2009).

> OPTIS discloses that it is a party to a "Common Interest and Confidentiality Agreement" effective as of September 28, 2021, which it joined as of January 4, 2023. The other parties to this agreement are Vitol Virgin Islands Corp., Vitol US Holding Co., Island Project and Operating Services, LLC ("IPOS"), and Andrew Canning.

See above contention at Demand No. 25 regarding a claim that the "discovery sought is **overly broad,** burdensome, oppressive, vague or irrelevant is 'not adequate to voice a successful objection. Also, see contention above at Demand No. 4 regarding a party is required to supplement its discovery responses if it learns that its initial response is incomplete in a material way and the opposing party does not have the new information.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 10**

**Demand for Production No. 33 – 37**: Parties are required to respond to "contention" requests. See *Livingston vs Blue Source* order by Judge Lewis attached.

**Demand for Production No. 33**: Please produce any and all indemnification agreements between you and Co-Defendants Island Project and Operating Services, LLC, Vitol US Holding Co., Vitol Virgin Islands Corp, and Andrew Canning applicable to this litigation.

**Response to Demand for Production No. 33**: Except to the extent that the contracts produced in response to Request No. 4 contain an indemnity agreement, there are no such documents.

See *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

**Demand for Production No. 34**: Please produce copies of all documents, communications, and demonstrative evidence which support your denial of any of the allegations in Plaintiff's Complaint.

**Response to Demand for Production No. 34**: OPTIS objects to this contention request as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, when written discovery is ongoing and depositions have not yet been taken. See, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010); B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994); Everett v. US Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995). Canning further objects on the grounds that plaintiff is attempting to gain the benefit of Canning's counsel's evaluation of documents and such evaluation is privileged work product. Without waiving these objections, any document Canning has produced as part of his disclosures or in response to any discovery request, are potentially supportive of his denials of the allegations of the complaint and are equally available to plaintiff and its counsel for them to make their own assessment of the evidentiary value of each document.

See *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

**Demand for Production No. 35**: Please produce copies of all documents, communications, and demonstrative evidence which support your Affirmative Defense 'C' that, "Canning's actions and his communications





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 11**

with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS."

**Response to Demand for Production No. 35**: OPTIS objects to this request as it invades the attorney-client and attorney work product privileges. OPTIS is unable to respond to this request without disclosing the advice and mental impressions of its counsel, who must necessarily make the determination as to whether a document supports the denials of the complaint. Moreover, Optis objects to this contention request as premature, as a party may not be compelled to respond to contention discovery at the early stages of discovery, when written discovery is ongoing and depositions have not yet been taken. See, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010); B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994); Everett v. US Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995).

Plaintiff is entitled to receive any documents which support Defendant's affirmative defenses.  The Superior Court has ordered that parties must produce "identification of supporting documents… [and] tangible evidence…" supporting a party's affirmative defense.  See order dated January 19, 2000, in *Ryner v. HOVIC and VICSOM,* Civil No. 103/1996 (unpublished). See also, *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

**Demand for Production No. 36**: Please produce copies of all documents, communications, and demonstrative evidence which support your Affirmative Defense 'F' that, "Plaintiff's own conduct may bar its causes of action and/or it from recovering any damages."

**Response to Demand for Production No. 36**: OPTIS objects to this request as it invades the attorney-client and attorney work product privileges. OPTIS is unable to respond to this request without disclosing the advice and mental impressions of its counsel, who must necessarily make the determination as to whether a document supports the denials of the complaint. Moreover, Optis objects to this contention request as premature, as a party may not be compelled to respond to contention discovery at the early stages of discovery, when written discovery is ongoing and depositions have not yet been taken. See, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16,





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 12**

2010); B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994); Everett v. US Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995).

Plaintiff is entitled to receive any documents which support Defendant's affirmative defenses.  The Superior Court has ordered that parties must produce "identification of supporting documents… [and] tangible evidence…" supporting a party's affirmative defense.  See order dated January 19, 2000, in *Ryner v. HOVIC and VICSOM,* Civil No. 103/1996 (unpublished). See also, *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

> **Demand for Production No. 37**: Please produce copies of all documents, communications, and demonstrative evidence which support your Affirmative Defense 'G' that, "Plaintiff's claims may be barred by fraud."

> **Response to Demand for Production No. 37**: OPTIS objects to this request as it invades the attorney-client and attorney work product privileges. OPTIS is unable to respond to this request without disclosing the advice and mental impressions of its counsel, who must necessarily make the determination as to whether a document supports the denials of the complaint. Moreover, Optis objects to this contention request as premature, as a party may not be compelled to respond to contention discovery at the early stages of discovery, when written discovery is ongoing and depositions have not yet been taken. See, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010); B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994); Everett v. US Air Group, Inc., 165 F.R.D. 1, 3 (D.D.C. 1995).

Plaintiff is entitled to receive any documents which support Defendant's affirmative defenses.  The Superior Court has ordered that parties must produce "identification of supporting documents… [and] tangible evidence…" supporting a party's affirmative defense.  See order dated January 19, 2000, in *Ryner v. HOVIC and VICSOM,* Civil No. 103/1996 (unpublished). See also, *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

> **Interrogatory No. 2**: Plaintiff is clearly entitled to lean who owns OPTIS and who manages OPTIS. Plaintiff suspects the answer would disclose it is Mr. Canning.

> **Interrogatory No. 2**: Please identify all your owners, members, executive officers, directors, board members, the date and place of your formation, and describe the nature of business you conduct.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 13**

**Interrogatory No. 2**: Defendant objects to this request as it is not relevant to the claim or defense of any party and is therefore beyond the scope of discovery.
Further, it is not proportionate to the requirements of this case.

Rule 26(b)(1) of the Federal Rules of Civil Procedure states in pertinent part that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Where there is any doubt as to relevance, the court should be permissive in allowing discovery. *Yang v. Reno*, 157 F.R.D. 625, 631 (M.D. Pa. 1994) (citing *Heat and Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986) (citing *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 556 (7th Cir. 1984)); *Stabilus v. Haynsworth, Baldwin, Johnson & Greaves*, 144 F.R.D. 258, 265 (E.D. Pa. 1992).

**Interrogatory No. 3**: Plaintiff believes this is not a complete answer and that Canning has some ownership interest and management authority. You have failed to answer post December 2022.

**Interrogatory No. 3**: Please describe in detail all relationships that exist or existed between you and Co-Defendant Andrew Canning, including the terms and conditions of his employment/agency/contract/agreement with you, the date he was hired/retained, each position he held, and what his assigned job duties were in each position he held, identify all persons he reported to in each position he held with you, and the date and reason for his separation or termination, if applicable.

**Interrogatory No. 3**: Andrew Canning, employee, job title: Technical Director, 2000 to present.

a. Assignment 2005 - 2006 Centrica Storage, Dimlington Road, Dimlington, Hull. NE Yorkshire. Maintenance Coordinator.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 14**

Supervisor Tariq Mirza. Reason for leaving; work scope completion through maintenance backlog reduction.

b. Assignment 2006 - 2007 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Catastrophic failure investigation team engineer (mechanical). Supervisor Don Reid. Reason for leaving: completion of work scope through clear definition of failure mechanisms with implementation of facility, and national corrective measures through the issuance of safety notices under the UK Health and Safety Executive.

c. Assignment 2007 - 2008 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Rotating Machinery. Reliability andIntegrity Engineer. Supervisor: Tariq Mirza. Reason for leaving: Progression of work scope into facility lifecycle extension program.

d. Assignment 2008 -2009 Centrica Storage, Unit One, St Augustine'sPark, Hedon, Hull. Gas Storage Facility Lifecyle Extension Engineer. Supervisor: Don Reid. Reason for leaving: clear definition of lifecycle
degradation mechanisms for a facility operating beyond design life and the identification of mitigating measure options.

e. Assignment 2009 -2010 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Maintenance Manager. Supervisor: Mike Benson. Reason for leaving: Transition to a full time Centrica
company replacement.

f. Assignment 2010 - 2011 Centrica Energy, Centrica House, Staines, Middlesex. Condition and Integrity Assessment Engineer. Supervisor: Glenn Sibbick. Reason for leaving: completion of equipment remnant life assessments and completion of preparations for depleted gas well site facilities for future storage utilization.

g. Assignment 2011-2012 Leni Oil & Gas. Compania Petrolifera de Sedano S.L., No35 la Planta, Madrid 28002. Spain. Operations & Maintenance Engineer. Supervisor: Garry Stoker. Reason for leaving: Completion of equipment integrity assessments and operational risk assessments for the facilities and operation.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 15**

h. Assignment 2012 & 2014 Baker Hughes Inc. Middle East – UAE /Kuwait. Operation & Maintenance Engineer. Supervisor Charles Goedhals. Reason for leaving: Delivery of advance integrated digital field technology solutions to West Kuwait oil field operations.

i. Assignment 2014 - 2015. Tullow Ghana Limited Plot No. 71 Off George Walker Bush Highway, North Dzorwulu Accra, Ghana. Operations & Maintenance Engineer. Supervisor: Peter O'Toole. Reason for leaving: Delivery of maintenance program and population of the CMMS for two FPSO's

j. Assignment 2016 - September 2016. Caracal Energy Chad Africa, communications through Upstream Advisors, Bowman House, 29 Wilson Street, London EC2M 2SJ. Maintenance and Operations Engineer. Supervisor Hiren Sanghrajka. Reason for leaving: Completion of operations support including operating procedures & maintenance program.

k. Assignment September 2016 - 2022. WAPA Propane plant. Engineering Consultant. From September 2016 until December 1, 2020, provided consulting services to the IPOS General Manager. During that same period, he reported directly to Vitol Virgin Islands Corp. on the delivery of capital expenditure and asset improvement activities (projects). Commencing December 1, 2020, Canning reported to Vitol Virgin Islands Corp. for maintenance, repair, and project activities; however, he continued to provide advice directly to IPOS on safety and integrity issues and provided technical support as needed.

Parties are obligated pursuant to Federal Rules of Civil Procedure 26(e) to "reasonably amend prior responses" to discovery, if the disclosure is incomplete or incorrect. Fed. R. Civ. P. 26(e)(2). "Under Fed. R. Civ. P. 26(e)(2), a party is required to supplement its discovery responses if it learns that its initial response is incomplete in a material way and the opposing party does not have the new information." *Williams v. Morton*, 343 F.3d 212, 222 (3d Cir. 2003). Further, Fed. R. Civ. P. 37(c)(1) provides that if a party without substantial justification fails to amend a prior discovery response, it may not use that evidence unless the failure is harmless.

**Interrogatory No. 18**: This goes to the issue of bias and motive for testimony and is discoverable.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 16**

**Interrogatory No. 18**: Please describe all work done between you and any Vitol company from 2018 to the present, including the type of work, the amount of payment for the work, the scope of any such contract, and if any such contract or work has been terminated, the date of the termination of the work and what you believe is the reason for the termination and the names and address of persons with knowledge as to the reasons for termination.

**Interrogatory No. 18**: OPTIS objects to this interrogatory as it is not relevant to the claim or defense of any party and is not proportionate to the requirements of the litigation.

See above contention at Interrogatory No. 2 regarding parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…

**Interrogatory No. 19**: This includes verbal conversations. Further, Canning has no standing to object to an Interrogatory to OPTIS.

**Interrogatory No. 19**: Please describe any communications you had directly with IPOS concerning in any way Petro Industrial Solutions, LLC or Adrian Melendez, including the nature of the communications, who the communications were with, the substance of the communications and who at OPTIS had those communications.

**Interrogatory No. 19**: OPTIS objects to this request, which seeks an itemization of every single communication over a period of at least four years regarding PIS or Melendez, as overly broad, unduly burdensome, and as constituting an improper request for "an exhaustive or oppressive catalogue of information[.]" See Developmental Techs., LLC v. Valmont Indus., Inc., No. 8:14-cv-2796-T-35JSS, 2016 WL 1271566, at *1, 4 (M.D. Fla. Mar. 31, 2016) (stating rule that "interrogatories designed to force an exhaustive or oppressive catalogue of information are generally improper"). Canning also objects on the grounds that the discovery is not proportional to the needs of the case. Further, Andrew Canning has already produced all emails reflecting communications with IPOS related to PIS or Melendez and the information sought in this interrogatory is as available to plaintiff as it is to OPTIS.

Having Defendant provide recollections of any and all communications, conversations, representations or statements made by or between any agent, or employee of the Defendant and any agent or employee of Co-Defendants herein during




**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 17**

the past five (5) years as described in Plaintiff's complaint is not over burdensome. *Fluke v. Heidrick & Struggles, Inc.*, 2004 U.S. Dist. LEXIS 7333 (E.D. Pa. 2004). ("Because the scope of the request is limited to five years, the interrogatory is not overly broad, vexatious or burdensome"); see also *Williams v. American Airlines, et al.,* StX. Dt. Ct. Civil No. 2002/57, Order dated November 24, 2003 (unpublished). Where interrogatories are the method of discovery, the party upon whom the interrogatories were propounded has an obligation to provide responsive answers. *First Fed. Sav. Bank v. CPM Energy Sys. Corp.,* Civil No. 88C-MY-249-1-CV, 1993 Del. Super. LEXIS 118 (Del. Super. Ct. Mar. 26, 1993) (citing, *Smith v. Danvir, Del. Super.,* 55 Del. 418 (1963)) (ordering the defendant to provide Plaintiff with complete and responsive answers to Plaintiff's interrogatories). In addition, the mere statement by a party that the interrogatory was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection. *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982) (citing, *Roesberg v. Johns-Manville, Corp.,* 85 F.R.D. 292, 296-97 (E.D. Pa. 1980)**).** Indeed, "[t]he party resisting production bears the burden of establishing a lack of relevancy or undue burden. *Gutierrez v. Johnson & Johnson, Inc.,* Civil Action No.: 01-5302 (WHW), 2002 U.S. Dist. LEXIS 15418, at *10 (D.N.J. Aug. 12, 2002) (citations omitted); *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997).

In regards to the request being overly broad and overly burdensome, in its July, 1999 Order on Plaintiff's Motion to Compel in *Josephat v. Executive Airlines d/b/a American Eagle*, D. Ct. StX, Civil No. 1998/132 at pg. 2 (unpublished), the Court imposed a ten (10) year limitation, even though the plaintiff's discovery request only asked for five (5) years, by ordering the defendant to "...further respond by stating whether for the ten (10) years preceding the subject accident, Defendant ever received any complaint or notice, oral or written..." Pursuant to this order, Plaintiff's request for ten (10) years is not overly broad. The request in *Josephat* almost mirrors that as to the one in this case.

**Interrogatory No. 20 – 23**: Your objections citing to decision from other jurisdiction is not the law of this jurisdiction. See Livingston vs. Blue Source order attached.

**Interrogatory No. 20**: Please identify fully all facts which support your Affirmative Defense 'C' that, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS." Identify the "privileged and or legally justified" actions and communications to which you refer, explain how and why these actions and communications were privileged and/or legally justified, identify all persons with knowledge and provide all relevant dates.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 18**

**Response to Interrogatory No. 20**: Defendant objects to this contention interrogatory as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, see, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010) B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994), and as written  discovery is ongoing, and depositions have not yet been taken. Defendant objects to the demand to identify "all facts" and "all persons with knowledge" and "all relevant dates." See, e.g., Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome.") (Citations omitted)).

Subject to and without waiving these objections, OPTIS understands that as a consultant it has a qualified privileged to communicate observations and concerns to the party employing it and that party's agents, employees and contractors without being subject to a claim for defamation.

Pursuant to Rule 11 every affirmative defense requires facts to support it. See also *Felix v. Am. Airlines, Inc.,* 2003 U.S. Dist. LEXIS 10362, Civil No. 1997/20 (D.V.I. June 16, 2003) (citing, Fed.R.Civ.P. 26(b)(1)). "Regarding **affirmative defenses,** defendant must respond to interrogatories by stating all **facts currently known** to defendant as requested by Plaintiffs." *Sabin v. St. Croix Basic Servs.*, No. Civ. 2002/80, 2003 U.S. Dist. LEXIS 24525, 5-6 (D.V.I. October 6, 2003); *See Nobles v. Jacobs IMC (JIMC)*, No. Civ. 2002/26, 2003 U.S. Dist. LEXIS 24083, 5 (D.V.I. July 7, 2003) (The parties are entitled to know the factual basis of the claim, defenses, or denials of their opponents.). This Court has ruled that a plaintiff is entitled to obtain evidence to refute the Defendant's affirmative defenses and is entitled to the names and addresses of persons with knowledge. *Bhagwandass v. Hovensa, L.L.C.*, CIVIL NO. 2001/5, 2002 U.S. Dist. LEXIS 27059 * 10 (D.V.I. 2002) (Citing Wright, Miller & Marcus Federal Practice & Procedure, Civ. 2d § 2013). See also, *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

**Interrogatory No. 21**: Please identify fully all facts which support your Affirmative Defense 'F' that, "Plaintiff's own conduct may bar its causes of action and/or it from recovering any damages." Describe in detail the conduct of Plaintiff to which you refer, identify all persons with knowledge and provide all relevant dates.




**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 19**

**Response to Interrogatory No. 21**: Defendant objects to this contention interrogatory as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, see, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010) B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994), and as written discovery is ongoing, and depositions have not yet been taken. Defendant objects to the demand to identify "all facts" and "all persons with knowledge" and "all relevant dates." See, e.g., Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome.") (Citations omitted)).

Subject to and without waiving these objections, OPTIS understands that the plaintiff may either be legally barred from recovery, or its damages may be reduced, if it has engaged in improper conduct. To date, discovery has indicated that plaintiff submitted fraudulent documentation to support the work it did on the 3-inch vent line project and over-billed IPOS for work plaintiff performed.

See above contention at Interrogatory No. 20 Regarding **affirmative defenses,** defendant must respond to interrogatories by stating all **facts currently known** to defendant as requested by Plaintiffs. See also, *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

**Interrogatory No. 22**: Please identify fully all facts which support your Affirmative Defense 'G' that, "Plaintiff's claims may be barred by fraud." Identify all persons with knowledge and provide all relevant dates.

**Response to Interrogatory No. 22**: Defendant objects to this contention interrogatory as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, see, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010) B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994), and as written discovery is ongoing, and depositions have not yet been taken. Defendant objects to the demand to identify "all facts" and "all persons with knowledge" and "all relevant dates." See, e.g., Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 273 F.R.D.





**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 20**

367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome.") (citationsomitted)).

Subject to and without waiving these objections, OPTIS understands plaintiff submitted fraudulent documentation to support the work it did on the 3-inch vent line project and over-billed IPOS for work plaintiff performed and these actions may rise to the level of fraud such that plaintiff's claims would be barred.

See above contention at Interrogatory No. 20 Regarding **affirmative defenses,** defendant must respond to interrogatories by stating all **facts currently known** to defendant as requested by Plaintiffs. See also, *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

**Interrogatory No. 23**: Please identify fully all facts which support your Affirmative Defense 'H' that, "Plaintiff's claims are barred by the gist of the action doctrine." Identify all persons with knowledge and provide all relevant dates.

**Response to Interrogatory No. 23**: Defendant objects to this contention interrogatory as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, see, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc., No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010) B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D. Pa. 1994), and as written discovery is ongoing, and depositions have not yet been taken. Defendant objects to the demand to identify "all facts" and "all persons with knowledge" and "all relevant dates." See, e.g., Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome.") (Citations omitted)).

Subject to and without waiving these objections, OPTIS understands that plaintiff is pursuing both tort and contract damages and that the gist of the action doctrine would limit plaintiff to contract damages only and can be extended to third-parties who are not directly in contract with plaintiff.




**Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al., Case No. 1:21-CV-00312**
**Letter regarding Defendant OPTIS insufficient discovery responses**
**Page 21**

See above contention at Interrogatory No. 20 Regarding **affirmative defenses,** defendant must respond to interrogatories by stating all **facts currently known** to defendant as requested by Plaintiffs. See also, *Livingston v. Berger*, Civil Action 2019-0012 (D.V.I. Mar. 1, 2022) attached hereto.

The Interrogatory answers were not sworn to.

Please provide dates within seven (7) days as ordered by the Court to meet and confer.

Cordially,

Lee J. Rohn

LJR/rn





**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| MILES LIVINGSTON, ANNA LIVINGSTON, and CHRISTOPHER GLAVACH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2019-0012 |
| LOUIS BERGER formerly LOUIS BERGER GROUP, VIRGIN ISLANDS WATER AND POWER AUTHORITY, and BLUESOURCE, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |
| LOUIS BERGER, | ) ) | |
| Third-Party Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | |
| BLUESOURCE, LLC, | ) ) | |
| Third-Party Defendant/Counter-Claimant. | ) | |
| LOUIS BERGER, | ) ) | |
| Third-Party Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | |
| ACP, LLC, | ) ) | |
| Third-Party Defendant/Counter-Claimant. | ) | |

**Attorneys:**
**Lee J. Rohn, Esq.,**
St. Croix, U.S.V.I.
 *For Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach*

**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Virgin Islands Water and Power Authority*

**Eugenio W.A. Geigel Simounet, Esq.,**
St. Croix, U.S.V.I.
**James L. Hymes, III, Esq.,**
St. Thomas, U.S.V.I.
*For Defendant/Third-Party Plaintiff/Counter-Defendant Louis Berger*

**Carl A. Beckstedt, III, Esq.,**
**Robert J. Kuczynski, Esq.,**
St. Croix, U.S.V.I.
*For Defendant/Third-Party Defendant/Counter-Claimant Bluesource LLC*

**Daryl C. Barnes, Esq.,**
St. Croix, U.S.V.I.
*For Third-Party Defendant/Counter-Claimant ACP, LLC*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on the "Partial Objection and Appeal to Magistrate Cannon's Order Denying in Part and Granting in Part Plaintiffs' Motion to Compel" ("Objection and Appeal") (Dkt. No. 362) and Memorandum in Support (Dkt. No. 363), filed by Plaintiffs Miles Livingston, Anna Livingston, and Christopher Glavach (collectively, "Plaintiffs"), and Defendant Bluesource, LLC's ("Defendant Bluesource") Opposition thereto (Dkt. No. 383). For the reasons that follow, the Court will grant Plaintiffs' request in their Objection and Appeal to compel Defendant Bluesource to supplement its responses to Interrogatory Nos. 22, 23, 24, and 25, and Demand Nos. 29, 33, 34, 35, and 36.

## I. BACKGROUND

Plaintiffs filed a Complaint in the Superior Court of the Virgin Islands against Defendant Louis Berger and Defendant Virgin Islands Water and Power Authority, which was then removed to this Court. (Dkt. No. 1). Plaintiffs allege that in 2017 Plaintiff Miles Livingston and Plaintiff

2

Christopher Glavach were working as an electrician and electrician helper, respectively, when they were electrocuted due to the negligence of Defendants. (Dkt. No. 1-1). Defendant Louis Berger subsequently filed a Third-Party Complaint alleging that Defendant Bluesource "was responsible for the safety of the Plaintiffs and as a result it is now obligated with a duty to indemnify, hold harmless, and defend Berger." (Dkt. No. 58). Plaintiffs then filed a Second Amended Complaint to include claims against Defendant Bluesource. (Dkt. No. 67).[1]

On December 14, 2021, Plaintiffs filed a "Motion to Compel Bluesource[,] LLC[] to Supplement Discovery Responses" (Dkt. No. 306), wherein Plaintiffs requested an order compelling Defendant Bluesource "to supplement its responses to Plaintiffs' Interrogatory Nos. 6, 12, 13, 16, 22, 23, 24, 25, and Demand Nos. 3, 7, 8, 9, 14, 15, 20, 29, 12, 17, 33, 34, 35, 36, propounded on August 20, 2020." *Id.* at 1. The instant appeal is related only to Interrogatory Nos. 22-25 and Demand Nos. 29 and 33-36. (Dkt. No. 363 at 2, 5).

In the interrogatories at issue, Plaintiffs requested that Defendant Bluesource "identify fully all facts which support" various affirmative defenses. (Dkt. No. 307 at 7-11).[2] In response to each interrogatory, Defendant Bluesource stated:

> Objection. Plaintiff has proffered a contention interrogatory seeking the factual basis for Defendant's affirmative defense. A party may not be compelled to respond to such contention interrogatories at the early stages of discovery. B. Braun Medical, Inc. v. Abbot Laboratories, 155 F.R.D. 525, (E.D.Pa.1994). Furthermore, written discovery is only in its infancy and depositions have not yet been taken. Defendant reserves the right to supplement its response at the appropriate time. Finally, Bluesource, through its undersigned representative, has no personal knowledge regarding its counsel's selection or inclusion of affirmative defenses to the allegations of the Complaint. Bluesource is advised by its counsel that Rule 12(b) of the Federal Rules of Civil Procedure requires that "every defense, in law or in fact ... shall be asserted in the responsive pleading". Bluesource is

---

[1] On May 21, 2020, Defendant Louis Berger also filed a Third-Party Complaint against ACP, LLC. (Dkt. No. 64). Both Defendant Bluesource and Third-Party Defendant ACP, LLC counter-claimed in response to Defendant Louis Berger's respective Third-Party Complaints. (Dkt. Nos. 81, 115).

[2] Plaintiffs inquired about affirmative defenses 6, 9-11, 13-14, and 16. (Dkt. No. 363 at 4).

further advised that the obligation to assert all legal defenses and to preserve same, should investigation and discovery support such defense, does not prejudice the right of Bluesource at the conclusion of the discovery process to withdraw any legal defense that has been preserved but which is not supportable by facts or circumstantial evidence developed during the litigation prior to trial.

*Id.* Plaintiffs' Demand Nos. 29 and 33-36 similarly requested that Defendant Bluesource "produce copies of all documents, communications and demonstrative evidence which support" various affirmative defenses or denials of Plaintiffs' allegations, to which Defendant Bluesource gave a similar response. *Id.* at 19-21.

Magistrate Judge George W. Cannon, Jr. denied without prejudice Plaintiff's Motion to Compel as to the disputed discovery requests finding that the requests were contention interrogatories and thus were premature, stating: "Given that the deadline for factual discovery has been extended to February 28, 2022, it is not yet the 'later stage of discovery' or 'end of the discovery period' referred to in caselaw. Plaintiffs have not shown that an earlier response assists the goals of discovery." (Dkt. No. 335 at 4).

For the reasons discussed below, the Court will reverse the Magistrate Judge's ruling and enter an Order directing Defendant Bluesource to provide responses to the contested interrogatories and document requests to Plaintiffs within ten days of this Court's Order.

## II.     APPLICABLE LEGAL PRINCIPLES

The Court reviews a magistrate judge's decision on a discovery issue under the "'clearly erroneous or contrary to law' standard." *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir. 1992); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the [magistrate judge's] order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) (providing that a district judge "must consider

timely objections and modify or set aside any part of [an] order [on a non-dispositive matter] that is clearly erroneous or is contrary to law").

A factual finding "is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Lo Bosco v. Kure Eng'g Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "In reviewing a magistrate judge's factual determinations [on a non-dispositive matter], a district court may not consider any evidence which was not presented to the magistrate judge." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Haines*, 975 F.2d at 92).

On the other hand, district courts conduct a *de novo* review of a magistrate judge's legal conclusions on non-dispositive matters where a party objects on the basis that those conclusions were contrary to law. *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (for a non-dispositive motion referred to a magistrate judge, district courts "review[] findings of fact for clear error and [] review matters of law *de novo*"). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (citing *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998)).

## III.    DISCUSSION

Federal Rules of Civil Procedure 26 through 37 govern the discovery process. Rule 26 provides in pertinent part that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," within certain limits. Fed. R. Civ. P. 26(b); *see also id.* at 26(b)(2)(C) (limitations). Rule 33 governs the service of interrogatories and Rule 34 governs the production of documents, including electronically stored information. *See* Fed. R. Civ.

5

P. 33, 34. If the requesting party believes that the responding party has failed to be responsive to properly requested discovery, Rule 37 provides a procedure to move for an order compelling discovery. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.").

"Contention interrogatories ask a party: to state what it contends; to state whether it makes a specified contention; to state all the facts upon which it bases a contention; to take a position, and explain or defend that position, with respect to how the law applies to facts; or to state the legal or theoretical basis for a contention." *B. Braun Med. Inc. v. Abbott Labs.*, 155 F.R.D. 525, 527 (E.D. Pa. 1994); *see also Susquehanna Com. Fin., Inc. v. Vascular Res., Inc.*, No. 1:09-CV-2012, 2010 U.S. Dist. LEXIS 127125, at *29 (M.D. Pa. Dec. 1, 2010) ("Interrogatories that 'ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts' often are referred to as 'contention interrogatories.'" (citing *In re Grand Casinos, Inc., Sec. Litig.*, 181 F.R.D. 615, 618 (D. Minn. 1998))). Contention interrogatories "serve an important purpose in helping to discover facts supporting the theories of the parties" and "narrow[ing] and sharpen[ing] the issues thereby confining discovery and simplifying trial preparation." *Woodrow Woods & Marine Exhaust Sys., Inc. v. Deangelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012) (citing Fed. R. Civ. P. 33 advisory committee's note to 1970 amendment).

There is no question that Plaintiffs' interrogatories requesting the factual basis for Defendant Bluesource's affirmative defenses fall squarely within the definition of contention

6

interrogatories. *See Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) ("Interrogatory no. 15, which asks defendant to identify its affirmative defenses and state the facts supporting these defenses, is a contention interrogatory under Rule 33(a)(2)."); *Dalmatia Imp. Grp., Inc. v. FoodMatch, Inc.*, Civil Action No. 16-2767, 2016 U.S. Dist. LEXIS 136743, at *5 (E.D. Pa. Oct. 3, 2016) (finding interrogatories were contention interrogatories where they "each ask [the defendant] to 'state all facts and identify all evidence' to support various contentions or affirmative defenses"). But the analysis does not end there. Indeed, this is just the beginning of the inquiry.

Rule 33 of the Federal Rules of Civil Procedure provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). Relying on this Rule, Defendant Bluesource objected to Plaintiffs' contention interrogatories on the ground, *inter alia*, that "[a] party may not be compelled to respond to such contention interrogatories at the early stages of discovery." (Dkt. No. 307 at 7). Consistent with this theory, in ruling on Plaintiffs' Motion to Compel the Magistrate Judge concluded that it was not yet sufficiently late in discovery to require responses to the contention interrogatories and that "*Plaintiffs have not shown that an earlier response assists the goals of discovery.*" (Dkt. No. 335 at 4) (emphasis added). Along the same lines, Defendant Bluesource argues before this Court that Plaintiffs have not met their burden of showing why an early response to contention interrogatories is appropriate. (Dkt. No. 383 at 5-6).

This Court is of the view that Defendant Bluesource's objection and argument, and the Magistrate Judge's placement of the burden on Plaintiffs to show the need for an earlier response

7

to the contention interrogatories, are at odds with the plain text of Rule 33(a)(2). The Rule first makes clear that contention interrogatories are not objectionable in and of themselves. The Rule then goes on to allow the court discretion to order that such interrogatories be answered at a later time. Based on the structure and content of the Rule, the Court concludes that, contrary to Defendant Bluesource's objection, there is no *entitlement* to a delayed response time for contention interrogatories. Rather, the Rule requires that "contention interrogatories must be responded to within the usual 30-day period unless a court, in its discretion, finds that the response time should be delayed." *Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561, 566 (S.D. Ind. 2007). In other words, Rule 33 "recognizes that deferral of responses may be appropriate in some cases, but that such deferral is not the default rule." *Hill-Rom Servs. v. Tellisense Med.*, No. 1:17-cv-04725-TWP-MJD, 2019 U.S. Dist. LEXIS 234049, at *8 (S.D. Ind. Nov. 18, 2019). Because "[t]he general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required," *Starcher v. Correctional Med. Sys.*, 144 F.3d 418, 421 n.2 (6th Cir. 1998), the burden for justifying a deviation from the normal course must be shouldered by the party seeking the deviation. Accordingly, the Court concludes that the Magistrate Judge erred in placing the burden on Plaintiffs to justify the need for a timely response, rather than on Defendant Bluesource to demonstrate why the court should exercise its discretion

to extend the time for its response to the contention interrogatories. *Hill-Rom Servs.*, 2019 U.S. Dist. LEXIS 234049, at *8.[3] This error of law warrants reversal of the Magistrate Judge's opinion.[4]

The Court next turns to the issue of the discretion afforded to courts to defer responses to contention interrogatories. The Court recognizes that "there is considerable support" for the proposition that responses to contention interrogatories should be deferred until the latter part of discovery. *See, e.g.*, *B. Braun Med. Inc.*, 155 F.R.D. at 527 ("[T]here is considerable support for deferring contention interrogatories until the end of the discovery period."); *Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2016 U.S. Dist. LEXIS 33431, at *11 (N.D. Cal. March 15, 2016) ("[C]ourts tend to deny contention interrogatories filed before substantial discovery has taken place, [and instead] grant them if discovery almost is complete." (quoting *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008)

---

[3] The Court acknowledges that some district courts have found to the contrary—specifically that "[t]he moving party bears the burden to show 'that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure.'" *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 228, 229 (E.D. Pa. 2014) (quoting *Fischer & Porter Co. v. Tolson,* 143 F.R.D. 93, 96 (E.D.Pa.1992)); *see also In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985); *B. Braun Med. Inc.*, 155 F.R.D. at 527. This Court respectfully disagrees which such a conclusion for the reasons stated above.

[4] The Court recognizes that the decision to defer responses to contention interrogatories is discretionary. *See* Fed. R. Civ. P. 33(a)(2); *Engage Healthcare Communs., LLC v. Intellisphere, LLC*, Civil Action No. 12-cv-00787(FLW)(LHG), 2017 U.S. Dist. LEXIS 83068, at *33 (D.N.J. Feb. 10, 2017) ("[T]he decision to defer a response to a contention interrogatory is a discretionary one."). Further, when ruling on pre-trial discovery matters, the trial court may afford a magistrate judge's decisions "wide discretion." *White v. Day*, Civil Action No. 2018-0018, 2020 WL 3213355, at *2 (D.V.I. June 15, 2020) (citing *NLRB v. Frazier*, 966 F.2d 812, 817 (3d Cir.1992) and *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 92 (3d Cir.1992)). Here, Magistrate Judge Cannon decided, in his discretion, that as of January 7, 2022, the contention interrogatories were premature and denied Plaintiffs' Motion to Compel without prejudice. However, because the Magistrate Judge's erroneous assignment of the burden of proof serves as the foundation for his exercise of discretion, the error of law negates the "wide discretion" that may otherwise be afforded to a Magistrate Judge's pretrial discovery determinations. Because the Court resolves the Objection and Appeal on this ground, the Court need not address Plaintiffs' other grounds for appeal.

(internal quotation marks omitted)). The Court further recognizes that the justification for a court's deferral of answers to contention interrogatories is informed by the concern that parties who have not yet participated fully in discovery might be locked into legal positions based on facts that are not fully developed. *Dalmatia Imp. Grp., Inc.*, 2016 U.S. Dist. LEXIS 136743, at *4; *Novanta Corp. v. Iradion Laser, Inc.*, Civil Action No. 15-1033-SLR-SRF, 2016 U.S. Dist. LEXIS 126042, at *22-23 (D. Del. Sept. 16, 2016) ("If the court forces a party to respond to early contention interrogatories, the party may have to set forth theories of its case that have not yet been developed.").

Even while recognizing that answers to contention interrogatories might not be fully fleshed out prior to the completion of discovery, this does not—in the Court's view—sanction the wholesale deferral of responses to contention interrogatories, because all that is required is that a party state the facts in its possession. *See Sabin v. St. Croix Basic Servs.*, Civil No. 2002/80, 2003 U.S. Dist. LEXIS 24525, at *5-6 (D.V.I. Oct. 6, 2003) ("Regarding affirmative defenses, defendant must respond to interrogatories by stating all facts currently known to defendant as requested by Plaintiff."); *Bhagwandass v. Hovensa, L.L.C.*, No. Civ. 2001/5, 2002 WL 32349814, at *4 (D.V.I. Oct. 29, 2002) (same). And, there should be some such facts from the outset of the litigation because Rule 11 requires that counsel have a good faith basis for the assertions in pleadings. *See Nat'l Acad. of Recording Arts & Scis., Inc.*, 256 F.R.D. at 682 ("Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is '[c]onsistent with Rule 11 of the Federal Rules of Civil Procedure,' which requires parties [to] have some factual basis for their claims and allegations." (quoting *United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649 (C.D. Cal. 2007)); *Sanchez v. Cty. of Sacramento*, No. 2:19-CV-01545-MCE-AC, 2020 WL 605882, at *4 (E.D. Cal. Feb. 7, 2020) ("Federal Rule of

Civil Procedure 11, which requires parties to have some factual basis for their claims and allegations, allows for requests seeking documents to support a defendant's affirmative defenses." (quoting *Uribe v. McKesson*, No. 08-cv-1285 DMS (NLS), 2010 WL 653975, at *4 (E.D. Cal. Feb. 19, 2010)) (internal quotation marks omitted)); *Kartman*, 247 F.R.D. at 565 ("Plaintiffs should be able to articulate their general legal theories in this high-stakes, class action litigation even if these theories are not fully developed."). While the facts may change or evolve as the parties engage in discovery, the Rules provide the opportunity—indeed the duty—to supplement responses as appropriate. *See* Fed. R. Civ. P. 26(e); *Bhagwandass*, 2002 WL 32349814, at *4 ("A party must supplement its discovery response if additional or corrective information has not otherwise been made known to the other parties."); 7 Moore's Federal Practice - Civil § 33.78 (2021) ("[C]ourts have recognized that answers to contention interrogatories may evolve over time, and an answer to an interrogatory does not conclusively bind the answering party in all instances. However, the responding party would then have a duty to supplement or correct the previous responses unless the facts were made known in other discovery.").

Thus, Defendant Bluesource's response to the interrogatories at issue is misguided. The applicable Rules do not give defendants license to hide behind their counsel as the author of affirmative defenses; wrap counsel in the blanket of Rule 12(b)'s requirement to assert defenses in a responsive pleading; and then proceed to embark on a fishing expedition in an attempt to find support for whatever affirmative defenses may have been asserted in the responsive pleading— regardless of how untethered they may be to the facts of the case—while taking solace in their ability to withdraw any ill-founded defense. Yet, this is precisely what Bluesource's objection to Plaintiffs' contention interrogatories seems to suggest. (Dkt. No. 307 at 7-11 (stating that Defendant Bluesource has no personal knowledge of its affirmative defenses; that it must assert

11

every defense in its pleading under Rule 12(b); and that it may withdraw any defense that lacks

support after discovery has concluded)). Such an approach ignores the viability of Rule 11. Indeed,

as noted by a district court within the Third Circuit:

> All too often, the Court reviews answers littered with affirmative defenses unmoored from the facts of the case. When the Court confronts lawyers about these offending filings, the lawyers say, almost universally, that they asserted affirmative defenses prophylactically in order to avoid a waiver. That answer has superficial appeal. After all, what lawyer wouldn't want to be diligent and preserve all possible defenses for his client? But dig even a little bit deeper, and the answer reveals a serious problem: the Federal Rules of Civil Procedure do not allow for that approach. Instead, Rule 11 demands a lawyer have a good faith basis that there is evidentiary support for every assertion in a pleading. That requirement applies to affirmative defenses just like other assertions in a pleading. When lawyers ignore that obligation, they violate Rule 11.

*Greenspan v. Platinum Healthcare Grp.*, *LLC*, Case No. 2:20-cv-05874-JDW, 2021 U.S. Dist.

LEXIS 48884, at *1-2 (E.D. Pa. March 16, 2021). This Court agrees.

In short, while there may be occasions where a deferral of responses to contention

interrogatories for affirmative defenses may be appropriate in the exercise of the court's discretion,

this Court does not subscribe to the view—for the reasons stated above—that such an approach

should be either the default position or the norm. Just as a plaintiff must have a good faith basis

for asserting allegations in a complaint—and indeed must be able to survive an *Iqbal/Twombly*

challenge as to the sufficiency of the allegations—a defendant must also have a good faith basis

for asserting its affirmative defenses.[5] Thus, *some* response should usually be able to be provided

---

[5] The parties dispute whether the rules regarding "contention interrogatories" apply to Plaintiffs' demands for production of documents. (Dkt. Nos. 363 at 5; 383 at 5). The production of documents is governed by Rule 34 of the Federal Rules of Civil Procedure, which does not include a similar caveat as Rule 33 regarding a court's discretion to delay contention interrogatories. Accordingly, the Court concludes that the rule regarding contention interrogatories does not apply to document requests under Rule 34. In fact, the production of documents and evidence which support a party's defenses should commence as early as the time of a party's initial disclosures. Fed. R. Civ. P. 26(a)(1)(A)(ii) ("[A] party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored

to contention interrogatories during the 30-day discovery period, and the burden is on the defendant to show otherwise.[6]

## IV.    CONCLUSION

For the reasons stated above, the Court will reverse the Magistrate Judge's ruling as to Interrogatory Nos. 22, 23, 24, and 25, and Demand Nos. 29, 33, 34, 35, and 36, and will grant Plaintiffs' request in their Objection and Appeal to compel Defendant Bluesource to supplement its responses to those disputed discovery requests. Defendant Bluesource shall have 10 days from the date of this Order, up to and including March 11, 2022, to provide the responses to Plaintiffs.

An appropriate Order accompanies this Memorandum Opinion.

Date: March 1, 2022

_____/s/_____
WILMA A. LEWIS
District Judge

---

information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.").

[6] Defendant Bluesource argues that the Court should deny Plaintiffs' Objection and Appeal because Plaintiffs failed to confer with it prior to filing its Objection and Appeal. (Dkt. No. 383 at 2 (citing LRCi. 72.4 and LRCi 7.1(f))). While the parties are obligated to comply—and the Court expects compliance—with the Local Rules of Civil Procedure, the Court declines to deny Plaintiff's Objection and Appeal on that basis under the circumstances here.