IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>Plaintiff,<br><br>v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING and OPTIS EUROPE, LTD.,<br><br>Defendants. | CASE NO. 1:21-CV-00312<br><br>**BREACH OF CONTRACT**<br><br><u>JURY TRIAL DEMANDED</u> |

## ORDER

**THIS MATTER** having come before the Court on Plaintiff's Motion to Compel Defendant OPTIS to supplement its responses to Plaintiff's written discovery, and the Court having been advised in its premises, it is;

**ORDERED** that Plaintiff's Motion is **GRANTED**, and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 2 by producing a copy of OPTIS's organization documents, and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 6 by producing copies of all contracts and/or agreements between Defendant OPTIS and Andrew Canning, and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 7 by producing a copy of the personnel file of Co-Defendant Andrew Canning, and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 29 by producing copies of all communications between Defendant OPTIS and any insurance company concerning in any manner the claims and/or defenses in this matter, including any denial of coverage or reservation of rights

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**ORDER**
Page 2

letters, and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 33 by producing any and all indemnification agreements between Defendant OPTIS and Co-Defendants Island Project and Operating Services, LLC, Vitol US Holding Co., Vitol Virgin Islands Corp, and Andrew Canning applicable to this litigation, and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 34 by producing copies of all documents, communications, and demonstrative evidence which support Defendant OPTIS's denial of any of the allegations in Plaintiff's Complaint, and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 35 by producing copies of all documents, communications, and demonstrative evidence which support Defendant OPTIS's Affirmative Defense 'C' that, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS.", and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 36 by producing copies of all documents, communications, and demonstrative evidence which support Defendant OPTIS's Affirmative Defense 'F' that, "Plaintiff's own conduct may bar its causes of action and/or it from recovering any damages.", and further;

**ORDERED** that Defendant OPTIS supplement Demand No. 37 by producing copies of all documents, communications, and demonstrative evidence which support Defendant OPTIS's Affirmative Defense 'G' that, "Plaintiff's claims may be barred by fraud.", and further;

**ORDERED** that Defendant OPTIS supplement Interrogatory No. 2 by identifying all Defendant OPTIS's owners, members, executive officers, directors, board members, the date and place of Defendant OPTIS's formation, and describing the nature of business Defendant OPTIS

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**ORDER**
Page 3

conduct, and further;

**ORDERED** that Defendant OPTIS supplement Interrogatory No. 3 by describing in detail all relationships that exist or existed between Defendant OPTIS's and Co-Defendant Andrew Canning, including the terms and conditions of his employment/agency/contract/agreement with Defendant OPTIS, the date he was hired/retained, each position he held, and what his assigned job duties were in each position he held, identifying all persons he reported to in each position he held with Defendant OPTIS, and the date and reason for his separation or termination, if applicable, and further;

**ORDERED** that Defendant OPTIS supplement Interrogatory No. 18 by describing all work done between Defendant OPTIS and any Vitol company from 2018 to the present, including the type of work, the amount of payment for the work, the scope of any such contract, and if any such contract or work has been terminated, the date of the termination of the work and what Defendant OPTIS believe is the reason for the termination and the names and address of persons with knowledge as to the reasons for termination, and further;

**ORDERED** that Defendant OPTIS supplement Interrogatory No. 20 by identifying fully all facts which support Defendant OPTIS's Affirmative Defense 'C' that, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS." Identify the "privileged and or legally justified" actions and communications to which Defendant refer, explain how and why these actions and communications were privileged and/or legally justified, identifying all persons with knowledge and providing all relevant dates, and further;

**ORDERED** that Defendant OPTIS supplement Interrogatory No. 21 by identifying fully all facts which support Defendant OPTIS's Affirmative Defense 'F' that, "Plaintiff's own conduct may

Case: 1:21-cv-00312-WAL-EAH   Document #: 199-4   Filed: 05/16/23   Page 4 of 4

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**ORDER**
Page 4

bar its causes of action and/or it from recovering any damages." Describing in detail the conduct of Plaintiff to which Defendant refer, identifying all persons with knowledge and providing all relevant dates, and further;

**ORDERED** that Defendant OPTIS supplement Interrogatory No. 22 by identifying fully all facts which support Defendant OPTIS's Affirmative Defense 'G' that, "Plaintiff's claims may be barred by fraud." Identifying all persons with knowledge and providing all relevant dates, and further;

**ORDERED** that Defendant OPTIS supplement Interrogatory No. 23 by identifying fully all facts which support Defendant OPTIS's Affirmative Defense 'H' that, "Plaintiff's claims are barred by the gist of the action doctrine." Identifying all persons with knowledge and providing all relevant dates, and further;

**ORDERED** that Defendant OPTIS supplement its responses to Plaintiff's written discovery, within ten (10) days of this order.

**SO ORDERED** this _____ day of _____ 2023.

                                                  **Emile A. Henderson, III**
                        **Magistrate Judge of the District Court of**
                                                 **the Virgin Islands**