DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

**PETRO INDUSTRIAL SOLUTIONS, LLC,**

       **Plaintiff,**

v.

**ISLAND PROJECT & OPERATING SERVICES, LLC, VITOL US HOLDING II, CO., VITOL VIRGIN ISLANDS CORP., ANDREW CANNING, OPTIS EUROPE, LTD.,**

       **Defendants.**

_____

1:21-cv-00312-WAL-EAH

**TO:**      **Lee J. Rohn, Esq.**
              *On behalf of Plaintiff*
          **Simone D. Francis, Esq.**
              *On behalf of Island Project & Operating*
          **Andrew Kaplan, Esq.**
          **Gloria Park, Esq.**
          **Carl A. Beckstedt, III, Esq.**
              *On behalf of Vitol US Holding and Vitol VI*
          **Andrew C. Simpson, Esq.**
              *On behalf of Andrew Canning & OPTIS Europe*

## ORDER

**THIS MATTER** comes before the Court on the Motion for Sanctions for Failure to Comply with Court Order filed by Plaintiff, Petro Industrial Solutions, LLC ("Petro"). Dkt. No. 190. In the instant motion, Petro asks the Court to enter sanctions against Defendant Andrew Canning for failing to comply with the Court's April 25, 2023 Order that granted Petro's motion to compel Canning to supplement his response to Plaintiff's Interrogatory No. 18 by May 1, 2023. Dkt. No. 186. Because Canning failed to supplement his response, Petro seeks an Order directing Canning to do so within five days of the date of this Order, and sanctioning

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 2

him $400.00, representing one hour of attorney time for having to bring the motion for sanctions. *Id.* Petro also asks the Court to caution Canning that further failure to adhere to the Court's Orders will result in additional sanctions, including deeming Plaintiff's allegations as admitted and striking Canning's affirmative defenses. *Id.*

Canning did not respond to the motion for sanctions, and the time allotted by the Federal Rules of Civil Procedure to do so has passed.

## BACKGROUND

In July 2022, Petro propounded Interrogatories to Canning. Dkt. No. 162-1. After a meet and confer proved unsuccessful in resolving disputes concerning the sufficiency of some of Canning's responses, Petro sought an informal discovery conference with the Court, which was held on March 29, 2023. Given that Canning indicated he would not supplement his response to Interrogatory No. 18, to provide the name of the person at Defendant IPOS who informed Canning not to communicate directly with Petro, and that he should direct any communications regarding Petro to IPOS, Petro filed a motion to compel Canning to supplement his response to this Interrogatory. Dkt. No. 162. Canning did not respond to the motion to compel.

On April 25, 2023, the Court issued an Order directing Canning to supplement his response to Interrogatory No. 18 by May 1, 2023. Dkt. No. 186. On May 10, 2023, given that Canning had not supplemented his response, Petro filed the motion for sanctions for failure to comply with the Court's Order, seeking $400 in attorney's fees for the one hour of time required to prepare the motion for sanctions. Dkt. No. 190.

## DISCUSSION

Under Fed. R. Civ. P. 37, when a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the movant did not attempt to first obtain the discovery without court action, the nondisclosure was "substantially justified," or other circumstances made an award of expenses "unjust." Fed. R. Civ. P. 37(a)(5)(A). In a similar vein, Rule 37 provides for similar sanctions (payment of reasonable expenses, including attorney's fees) if a party fails to supplement. Fed. R. Civ. P. 37(c)(1). Finally, if a party "fails to obey an order to provide . . . discovery," the court may issue further "just orders," and permits different sanctions that may be assessed against a non-compliant party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

Canning had an opportunity to be heard both in response to Petro's motion to compel and Petro's motion for sanctions, but filed no response. Petro attempted to resolve this without court action, and nothing in the record shows that the failure to provide the discovery was substantially justified or an award of sanctions would be unjust.

However, the Court must deny Plaintiff's motion at this time because it has not borne its burden of establishing the reasonableness of its request. *Interfaith Cmty. Org. v. Honeywell, Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005). To do so, it must provide evidence "supporting the hours worked and rates claimed." *Id.* (quotations omitted). The opposing party then has the burden of challenging the reasonableness of the requested fee, "by affidavit or brief with

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 4

sufficient specificity to give fee applicants notice." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). While Petro has indicated that its attorney(s) expended an hour's time on the motion for sanctions, worth $400.00, it has not provided any support for that request. Consequently, the Court must deny the motion for sanctions without prejudice. The Court will, however, order Canning to supplement his response to Interrogatory No. 18 on or before May 30, 2023, and warns him that failure to comply with Court Orders may result in sanctions.

Accordingly, it is now hereby **ORDERED:**

1. Plaintiff's Motion for Sanctions for Failure to Comply with Court Order, Dkt. No. 190, is **DENIED WITHOUT PREJUDICE**.

2. Defendant Canning shall have five days from the date of this Order, until **May 30, 2023,** to supplement his response to Plaintiff's Interrogatory No. 18.

ENTER:

Dated: May 25, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE