**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING and OPTIS EUROPE, LTD.,<br><br>　　　　　Defendants. | CASE NO. 1:21-CV-00312<br><br><br>**BREACH OF CONTRACT**<br><br><u>JURY TRIAL DEMANDED</u> |

## <u>REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS</u>

OPTIS sets out the correct law but then provides an opposition to the motion to compel that is not in keeping with that law and attempts to narrowly construe the law. In fact, the decision of whether to allow discovery is should be applied liberally. *See* Fed. R. Civ. P. 26 (providing parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"); *see Creely v. Genesis Health Ventures, Inc.,* No. Civ. A. 04-CV-0679, 2005 WL 44526 (E.D. Penn. Jan. 10, 2005) ["'It is well recognized that the federal rules allow broad and liberal discovery,' *Pacitti v. Macy's,* 193 F.3d 766, 777 (3d Cir. 1999), and that relevancy is broadly construed. *See Oppenheimer Fund, Inc., v. Sanders,* 437 U.S. 340, 351 (1978) ("The court should and ordinarily does interpret 'relevant' very broadly to mean matters that are relevant to anything that is or may become an issue in the litigation.")]; *see Bell v. Lockheed Martin Corp.,* No. Civ. 08-6292, 2010 WL 372471, at *7 (D.N.J. Spet. 15, 2010) ("The contemplated breadth of

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 2

permissible discovery [ ] extends well beyond the more confined universe of evidence admissible at trial.") (*citing Hickman v. Taylor,* 329 U.S. 495, 507-08 (1947)).

**Interrogatory No. 2 and Demand No. 2.** Plaintiff did not waive anything as to what is requested in Interrogatory No. 2 and Demand No. 2. Plaintiff specifically seeks the identity of all owners, members, executive officers, directors, board members, the date and place of OPTIS' formation and a description of the nature of the business it conducts. Plaintiff merely summarized this information by stating "Plaintiff is clearly entitled to learn who owns OPTIS and who manages OPTIS." [Doc. 199, p. 2].

The identity of the individuals that comprise OPTIS as well as their respective roles, the formation of OPTIS, and a description of the nature of its business is extremely basic information.

Tellingly Defendant fails to cite to a single case where a single Court has ruled that information about a party is not discoverable.

Interrogatory No. 3. Defendant OPTIS position that it has answered as to Canning's work for OPTIS to the present. It has provided no information as to his job duties since about July 2022 when his contract was terminated by the VITOL Defendants.

Clearly to terms and conditions of his employment is relevant. Plaintiff has claimed certain of Canning's actions were in the course and scope of his employment. Further, the terms and conditions go to Canning's loyalty to OPTIS and whether he has decision making authority. Finally, OPTIS agrees that Plaintiff also has claims of discrimination and defamation against OPTIS such that the terms and condition of Canning's

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 3

employment is relevant and discoverable.

Again, Defendant has not cited to a single case from a single Court holding this evidence is not relevant nor discoverable.

**Interrogatory No. 18.** Again, Plaintiff is entitled to discover the relationship between OPTIS and Canning from 2018 to the present. Many of the actions and decisions made by VITOL Defendants were based upon representations about PETRO made by Canning of OPTIS. The depositions taken so far have established that the cancellation of PETRO's contract was provided by Canning's constant accusations against PETRO as to its time keeping and his false accusation that the document certifying Plaintiff's welding certificate for PETRO's welders was forged and altered and not a legitimate certification. In addition, Canning falsely accused Plaintiff of not meeting welding standards. Thus, the history of VITOL'S work with OPTIS and Canning is relevant as to why they would be likely to have relied on Canning/OPTIS statement as a result of their past relationship.

Likewise, if VITOL had previously terminated agreements with OPTIS then it would undermine any position that they relied on Canning/OPTIS recommendations.

Further answering this interrogatory is not onerous and as such the proportional agreement fails.

**Interrogatory No. 20.** Indeed, Defendant has failed to cite to any Virgin Islands law of a non-existent "consultant privilege" Defendant has not withdrawn that affirmative defense and Plaintiff is entitled to the facts to support the privilege Defendant continues to assert.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 4

**Interrogatory No. 21 and 22.** Clearly, Plaintiff is entitled to an answer under oath as to what fraudulent documents as to what work OPTIS claims Plaintiff engaged in. Plaintiff is entitled to OPTIS answer under oath, not what IPOS claims. Further, Plaintiff is entitled to an answer as to exactly what persons OPTIS claims has knowledge of those facts.

**Demand No. 6.** Plaintiff claims that the actions of Canning are within his contractual obligations with OPTIS. Clearly the terms of the contract between OPTIS and Canning is relevant and discoverable. Where Canning worked in the past for OPTIS does not identify what is the actual contractual relationship between these two parties are:

**Demand No. 7.** Again, Plaintiff has a derivative claim against OPTIS as a result of the actions and statements of Canning.

Information as to the passed discipline, past interference with contracts of others, past racist or false accusations. Further the personnel file will evidence whether OPTIS failed to properly train and/or supervise Canning. *See George v. Indus. Maint. Corp.,* 3055 F.Supp.3d 537 (D.V.I. 2002) (holding discovery of personnel files discoverable in discrimination action against employer but limited to portions of the pertinent personnel files by removing payroll information for irrelevant employees); *Nobles v. Jacobs/IMC,* No. Civ. 2002/26, 2003 WL 23198817 (D.V.I. July 7, 2003) ("In determining appropriate discovery to be allowed from personnel files, the court must weigh Plaintiff's right to relevant discovery against the privacy interest of such non-parties. On balance, it appears that the extent of discovery allowed must be tailored to the particular allegations

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 5

at issue.") (*citing Dorchy v. Washington Metro. Area Transit Auth.,* 45 F.Supp. 2d 5, 15 (D.D.C. 1999); *Onwuke v. Fed. Express Corp.,* 178 F.R.D. 508, 517-18 (D. Minn. 1997)); *Brooks v. Whitaker,* 2022 V.I. Super. 27U, ¶ 26 ("[T]he personnel file sought is relevant and Brooks is entitled to ask for this information.").

Plaintiff has no problem with OPTIS redacting, health insurance information, tax withholding, doctors notes with a proper privilege log as to what is redacted.

While Defendant cites to law as to not rewriting discovery, which Plaintiff is not attempting to have the Court do, Defendant fails to cite to a single case from a single Court hat a personnel file of the person who took the actions for which his employer is being sued is not discoverable.

Demand 9. What Plaintiff is aware of is that Canning and OPTIS dumped 18,386 documents on Plaintiff, including blank pages, multiple duplicate productions of thousands of bills and receipts. This isn't a protest of too many emails this is a complaint that emails are shuffled into thousands of other irrelevant not requested documents so that finding the relevant documents in 18,386 pages is like finding a needle in a haystack. In fact, while doing a word search to find any potential responsive document is the start of the project. The second step <u>requires</u> a party to then review those documents to determine if they are actually what is being requested and responsive.

"Courts frown upon the practice of 'document dumps,' where a party produces relevant and irrelevant documents together and fails to identify which documents are relevant; such production does not constitute proper disclosure." *Janvey v. Greenberg*

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 6

*Traurig, LLP,* No. 3:12-CV-4641-N-BQ, 2019 WL 13175533, at *4 (N.D. Tex. Feb. 12, 2019) *citing ReedHycalog UK, Ltd. v. United Diamond Drilling Servs., Inc.*, No. 6:07 CV 251, 2008 WL 11348342, at *2 (E.D. Tex. Oct. 3, 2008) ("[A] party may not frustrate the spirit of the discovery rules—open, forthright, and efficient disclosure of information potentially relevant to the case—by burying relevant documents amid a sea of irrelevant ones."); *see also S.E.C. v. Nutmeg Grp., LLC,* No. 09 C 1775, 2017 WL 4925503, at *4 (N.D. Ill. Oct. 31, 2017) ("A party cannot comply with Rule 26(a)(2)(C) by dumping a large volume of documents on an opposing party and leaving it to try to guess what a witness will say about the information contained in the documents.").

While a party may use search terms to locate relevant documents, production of documents in mass without any other quality control measure and without reviewing a single document is insufficient to satisfy a defendant's discovery obligations. *Youngevity Inter. Corp. v. Smith,* Case No. 16-CV-00704-BTM (JLB), 2017 WL 6541106, at *10 (S.D. Cal. Dec. 21, 2017) ("Search terms are an important tool parties may use to identify potentially responsive documents in cases involving substantial amounts of ESI. Search terms do not, however, replace a party's requests for production. *See In re Lithium Ion Batteries Antitrust Litig.,* No. 13MD02420 YGR (DMR), 2015 WL 833681, at *3 (N.D. Cal. Feb. 24, 2015) (noting that "a problem with keywords 'is that they often are overinclusive, that is, they find responsive documents but also large numbers of irrelevant documents'") (*quoting Moore v. Publicis Groupe,* 287 F.R.D. 182, 191 (S.D.N.Y. 2012)."). Defendants "may not frustrate the spirit of the discovery process rules by producing a flood of

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 7

documents it never reviewed … and thus bury responsive documents among millions of produced pages." *Id.* at *10 *citing Queensridge Towers, LLC v. Allianz Glob. Risks US Ins. Co.,* No. 2:13-CV-00197-JCM, 2014 WL 496952, at *6-7 (D. Nev. Feb. 4, 2014) (ordering plaintiff to supplement its discovery responses by specifying which documents are responsive to each of defendant's discovery requests when plaintiff responded to requests for production and interrogatories by stating that the answers are somewhere among the millions of pages produced); *see also In re Tutu Wells Contamination Litig.,* 162 F.R.D. 46 (D.V.I. 1995) (finding that defendants production of four volumes of raw data without identification as to the location of the relevant information was considered "non-responsive" and "a failure to answer"); *see also Brooks v. Whitaker,* 2022 V.I. Super. 27U, ¶ 22 ("However, a responding party may not simply refer to a "mass of records" when responding to a discovery request. The responding party must 'specifically identify which documents contain the requested information' when responding.") (*citing Nobles v. Jacobs IMC (JIMC),* No. 2002/26, 2003 WL 23198817, at *2at *5 (D.V.I. July 7, 2003). *See Swan Global Invest., LLC. v. Young,* Civil Action No. 18-CV-03124-CMA-NRN, 2020 WL 5204293 (D. Colo. 2020) (slip copy) (granting dismissal in part as a result of discovery production that was a "document dump" with thousands of unorganized pages without categorization").

Here, Defendant produced 18,386 pages of which hundreds – if not thousands – of them are blank. And a number of them are wholly irrelevant to these proceedings like multiple copies of invoices. Plaintiffs respectfully request that Defendants here be

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 8

required to go through the documents, remove all blank pages and determine which documents are actually relevant to the requests. Otherwise, Defendants have failed to properly comply with their discovery obligations.

Defendant did not "err" on the side of caution, but rather intentionally made it impossible to find the actual responsive documents. Defendant failed to comply with their discovery obligations.

**Demand No 10.** The spread sheet does not designate a single document that is responsive to demand 10. https://acrobat.adobe.com/link/track?uri=urn:aaid:scds:US:45510b6a-2135-3534-9536-8b299388918b. Interestingly Defendant does not even pretend to designate what 153 documents he claims are responsive.

**Demand No. 29.** Defendant does not dispute that it failed to provide a privilege log as to a single document withheld. Defendant without any support that the more notifying the insurance company of a claim is the "mental impressions of an attorney." The law is clear that reporting a claim to an insurance carrier in the regular course of business is not privileged. *Advanced Chimney, Inc. v. Graziano,* 153 A.D.3d 478 (N.Y. App. 2017) (providing reports prepared by insurance investigators, adjusters, or attorneys before the decision is made to pay or reject an insurance claim are not privileged and are discoverable, even when those reports are mixed/multipurpose reports, motivated in part by the potential for litigation with the insured).

Again, Defendant has not cited to a single case from a single jurisdiction that

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 9

correspondence between an insured and its insurance carrier is privileged. That is because it is not.

Further, as to the privilege log Defendant would mislead this Court by failing to provide the rest of the requirements of Rule 26(b)(5) which states "and do so in a manner that , without revealing the privilege information itself privilege or protected will enable other parties to access the claim."

Generally, that requires the date of the communication, to whom it was from, who the recipients were, the substance of the communication and the bases of the privilege. *Nobles v. Jacobs/IMC,* No. Civ. 2002/26, 2003 WL 23198817, at *3 (D.V.I. July 7, 2003) ("To properly demonstrate that a privilege exists, the privilege log should contain a brief description or summary of the contents of the document, the date the document was prepared, the person or persons who prepared the document, the person to whom the document was directed, or for whom the document was prepared, the purpose in preparing the document, the privilege or privileges asserted with respect to the document, and how each element of the privilege is met as to that document.... The summary should be specific enough to permit the court or opposing counsel to determine whether the privilege asserted applies to that document.") (*citing Smith v. Dow Chemical Co. PPG et. al.,* 173 F.R.D. 54, 57–58 (W.D.N.Y.1977)(internal citations omitted). *See also, McCoo v. Denny's Inc.,* 192 F.R.D. 675, 680 (D.Kan.2000); *In Re: Pfohl Brothers Landfill Litigation,* 175 F.R.D. 13, 20–21 (W.D.N.Y.1997); *First American Corp. v. AL–Nayhan,* 2 F.Supp.2d 58, 63 n. 5 (D.D.C.1998); *Jones v. Boeing Co.,* 163 F.R.D. 15, 17 (D.Kan.1995)); *see e.g.*

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 10

*Torres v. Kuzniasz,* 936 F.Supp. 1201, 1208 (D.N.J. 1996)(*citing Wei v. Bodner,* 127 F.R.D. 91, 96 (D.N.J. 1989)).  Moreover, the "Third Circuit has rejected 'broadside invocations of privilege' which fail to 'designate with particularity the specific documents or file to which the claim of privilege applies.'"  *Id. citing U.S. v. Neill,* 619 F.2d 222, 225 (3d Cir. 1980).

**Demand No. 32.** Defendant failed to produce the joint defense agreement that OPTIS is a party to. OPTIS refused to produce the joint defense agreement on the basis that it was not relevant and that it was subject to the "community of interest privilege."

In general, "a 'common interest privilege' is an exception to the general rule that the attorney-client privilege is waived upon disclosure of privileged information with a third party." *In re Milo's Kitchen Dog Treats Consol. Cases,* 307 F.R.D. 177, 182 (W.D. Pa. 2015) (citing references omitted).  "The common interest privilege protects from disclosure communications made by parties with a common interest to each other in furtherance of a joint defense to litigation." *Id.*

However, there is no community of interest privilege in the Virgin Islands.  V.I.R.E. 501(b) details the privileges recognized in the Virgin Islands which includes, but is not limited to, the attorney-client privilege as provided in 5 V.I.C. § 852. Subsection (d)(6) of 5 V.I.C. § 852 clearly states that "[t]here is no privilege under this section for the following … Joint Clients.  As to a communication relevant to a matter of common interest between or among two or more clients if the communication was made by any of them to a lawyer retained or consulted in common, when offered in an action between or among any of the

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 11

clients." 5 V.I.C. § 852(d)(6).

Plaintiff has no information as to the breath of the agreement and the duties under the agreement. Plaintiff has no idea what the "Standard Boiler Plate" information is as to such an agreement and in fact such agreements can have vast differences. The agreement is relevant to these proceedings to demonstrate bias and the reason each defendant may take on a position as demonstrated in the Motion to Compel. [Doc. # 199, p. 17].

Accordingly, Defendants are not entitled to claim community interest privilege under the governing substantive law of the Virgin Islands, the Joint Defense Agreement is relevant, and Defendants must produce it.

**Demand No. 33.** Defendant cannot dump 18,386 documents which consist of blank pages, receipts and invoices produced consisting of hundreds of pages produced multiple times schematics, photos produced over and over, and hundreds of pages totally irrelevant documents produced repeatedly as a response. Plaintiff is entitled to have the Court order Defendant to do what is should have done from the beginning; that out multiple duplicates, blank pages, irrelevant documents and actually produce only the relevant documents in an orderly manner and then referred to the bates numbers of those limited documents responsive to the demand. *Nobles v. Jacobs IMC (JIMC),* No. 2002/26, 2003 WL 23198817, at *2at *5 (D.V.I. July 7, 2003) ("Rule 33(d) allows the responding party the option of specifying the records from which the answer may be derived or ascertaining providing, however, that such '… specification shall be in sufficient detail to

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 12

permit the interrogating party to locate and to identify as readily as can the party served, the records from which the answer may be ascertained.' 'The responding party may not simply refer to a mass of records … to rely on Fed. R. Civ. P. 339(d) the responding party must specifically identify which documents contain the requested information in its answer to the interrogatory…'") (*citing Oleson v. Kmart Corp.,* 175 F.R.D. 560, 564 (D.Kan.1997); *see also Rainbow Pioneer v. Hawaii–Nevada Inv. Corp.,* 711 F.2d 902, 906 (9th Cir.1983); *Smith v. Logansport Comm. School Corp.,* 193 F.R.D. 637, 650 (N.D.Ind.1991); *Martin v. Easton Publishing Co.,* 85 F.R.D. 312, 315 (E.D.Pa.1980)).

**Demand Nos. 35-37.** Plaintiff seeks meaningful responses and not citations to thousands of totally irrelevant documents so Plaintiff can find in the hay stack the dew needles actually responsive.

                                                RESPECTFULLY SUBMITTED
                                                LEE J. ROHN AND ASSOCIATES, LLC
                                                Attorneys for Plaintiff

DATED: June 5, 2023                BY:   /s/ *Lee J. Rohn*
                                                Lee J. Rohn, Esq.
                                                VI Bar No. 52
                                                1108 King Street, Suite 3 (mailing)
                                                56 King Street, Third Floor (physical)
                                                Christiansted, St. Croix
                                                U.S. Virgin Islands 00820
                                                Telephone: (340) 778-8855
                                                lee@rohnlaw.com

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 13

# CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Alex Kaplan
Susman Godfrey
1000 Louisiana St., Suite 5100
Houston, TX  77002
Email Address: akaplan@susmangodfrey.com
   Attorney For: Vitol US Holding Co.

Alex Kaplan, Esq.
Susman Godfrey
1000 Louisiana St., Suite 5100
Houston, TX  77002
Email Address: akaplan@susmangodfrey.com
   Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Andrew   C. Simpson, Esq.
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI  00820
Email Address: asimpson@coralbrief.com
   Attorney For: Andrew Canning and OPTIS Europe, Ltd.

Andrew C. Simpson, Esq.
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI  00820
Email   Address:  asimpson@coralbrief.com;   coralbrief@gmail.com; jaycie.jorgensen@gmail.com
   Attorney For: Andrew Canning

Carl A. Beckstedt, III, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, USVI  00820
Email Address: carl@beckstedtlaw.com; tarsha@beckstedtlaw.com
   Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.
Sarah Hanningan, Esq.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**REPLY TO OPPOSITION TO MOTION TO COMPEL OPTIS**
Page 14

    Susman Godfrey, LLP
    1301 Avenue of the Americas, 32nd Floor
    New York, NY 10019
    Email Address: shannigan@susmangodfrey.com
        Attorney For: Vitol US Holding Co., Vitol Virgin Islands Corp. and VITOL US Holding II Co.

    Simone Francis, Esquire
    Ogletree, Deakins, Nash, Smoak & Stewart, LLC
    The Tunick Building, Suite 201
    1336 Beltjen Road
    St. Thomas, VI 00802
    Email Address: simone.francis@ogletreedeakins.com
        Attorney For: Island Project and Operating Services, LLC

    Y. Gloria Park
    Susman Godfrey LLP
    1301 Avenue of the Americas, 32nd Floor
    New York, NY 10019
    Email Address: GPark@susmangodfrey.com
        Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

        BY:   /s/ *Lee J. Rohn*   (rn)