# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>Plaintiff,<br><br>v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING and OPTIS EUROPE, LTD.,<br><br>Defendants. | CASE NO. 1:21-CV-00312<br><br>**BREACH OF CONTRACT**<br><br><u>JURY TRIAL DEMANDED</u> |

## AMENDED NOTICE OF SUBPOENA DUCES TECUM

**RECORDS DELIVERY ONLY.  NO ORAL TESTIMONY WILL BE TAKEN**

TO:  Saintnals, LLC
c/o Rodney & Associates
1138 King Street, Suite 104
Christiansted, VI 00820

**PLEASE TAKE NOTICE** that, pursuant to Rules 26, 30, and 45 of the Federal Rules of Civil Procedure, you are commanded to produce all requested documents in your possession, custody or control to **Lee J. Rohn and Associates, LLC, 1108 King Street, Suite 3 (mailing)/56 King Street, Third Floor (physical), Christiansted, St. Croix 00820** or info@rohnlaw.com, within twenty (20) days from the date of service of the attached Subpoena or on or before **Monday, June 26, 2023**.

1. **Documents evidencing funds paid by you or received by you, for maintenance, special projects, and equipment rentals at the St. Croix or St. Thomas WAPA Propane Terminals from September 2022 to the**

PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312
**NOTICE OF SUBPOENA DUCES TECUM**
Page 2

      present.

2. **Documents evidencing the formation of Saintnals, LLC, who its members or shareholders are, and who are its officers or directors since its formation to the present.**

3. **Documents evidencing any relationship between Saintnals, LLC, and any VITOL entities in the past five (5) years.**

4. **Any bids or documents related to how Saintnals, LLC came to be allowed to manage the WAPA St. Thomas and St. Croix Propane Terminals, or Propane Facilities, to include, but not be limited to, any contracts.**

5. **Any maintenance, equipment rental, or project contract that Saintnals, LLC has entered into since it took over the propane terminals at WAPA facilities.**

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by giving legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may produce electronic copies of any documents which are responsive to this subpoena.** You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. <u>**You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and**</u>

PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312
**NOTICE OF SUBPOENA DUCES TECUM**
Page 3

**place specified above.** You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena.

If you fail to:

(a)   appear as specified; or

(b)   furnish the records instead of appearing as provided above; or

(c)   object to this subpoena you may be in contempt of Court.

You are subpoenaed by the attorney whose name appears on the subpoena and, unless excused from the subpoena by the attorney or the Court, you shall respond to the subpoena as directed.

**Protection of Persons Subject to Subpoenas**.
(1)   A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A)   A person commanded to produce and permit for inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(2)(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit for inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A)   On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;

PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312
**NOTICE OF SUBPOENA DUCES TECUM**
Page 4

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may, in order to attend trial, be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden. (3)(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

**Duties in Responding to Subpoenas**.
  (1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
  (2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

RESPECTFULLY SUBMITTED
LEE J. ROHN AND ASSOCIATES, LLC
Attorneys for Plaintiff

DATED: June 6, 2023      BY:   /s/ *Lee J. Rohn*
                                Lee J. Rohn, Esq.
                                Bar No. 52
                                1108 King Street, Suite 3 (mailing)
                                56 King Street, Third Floor (physical)
                                Christiansted, St. Croix
                                U.S. Virgin Islands 00820
                                Telephone: (340) 778-8855
                                lee@rohnlaw.com

PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312
**NOTICE OF SUBPOENA DUCES TECUM**
Page 5

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on June 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Alex Kaplan, Esq.
Y. Gloria Park, Esq.
Susman Godfrey
1000 Louisiana St., Suite 5100
Houston, TX 77002
Email Address: akaplan@susmangodfrey.com; GPark@susmangodfrey.com
Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Andrew C. Simpson, Esq.
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Email Address: asimpson@coralbrief.com
Attorney For: Andrew Canning

Carl A. Beckstedt, III, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, USVI 00820
Email Address: carl@beckstedtlaw.com; tarsha@beckstedtlaw.com; gpark@susmanodfrey.com; akaplan@susmangodrfey.com
Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Simone Francis, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, VI 00802
Email Address: simone.francis@ogletreedeakins.com
Attorney For: Island Project and Operating Services, LLC

PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312
**NOTICE OF SUBPOENA DUCES TECUM**
Page 6

BY: /s/ *Lee J. Rohn* (kj)