## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

**PETRO INDUSTRIAL SOLUTIONS, LLC,**

      **Plaintiff,**

  v.

**ISLAND PROJECT & OPERATING SERVICES, LLC, VITOL US HOLDING II, CO., VITOL VIRGIN ISLANDS CORP., ANDREW CANNING, OPTIS EUROPE, LTD.,**

      **Defendants.**

_____

1:21-cv-00312-WAL-EAH

**TO:**      **Lee J. Rohn, Esq.**
*On behalf of Plaintiff*
**Simone D. Francis, Esq.**
*On behalf of Island Project & Operating*
**Andrew Kaplan, Esq.**
**Gloria Park, Esq.**
**Sarah Hannigan, Esq.**
**Carl A. Beckstedt, III, Esq.**
*On behalf of Vitol US Holding and Vitol VI*
**Andrew C. Simpson, Esq.**
*On behalf of Andrew Canning & OPTIS Europe*

## ORDER

**THIS MATTER** comes before the Court following the issuance of an Order on June 7, 2023, Dkt. No. 213, which granted in part and denied in part the Motion to Compel OPTIS Europe, Ltd. to Supplement Its Responses to Plaintiff's Written Discovery, Dkt. No. 199, filed by Plaintiff, Petro Industrial Solutions, LLC ("Petro"). In the Order, the Court, inter alia, reserved decision on Demand for Production 32, in which Petro requested "any and all joint defense agreements between [OPTIS] and Co-Defendants Island Project & Operating Services, LLC, Vitol US Holding Co., Vitol Virgin Islands Corp. and Andrew Canning applicable

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 2

to this litigation." Dkt. No. 199 at 16-17. OPTIS had objected that the request was subject to the community of interest privilege, and was not discoverable. *Id.* It nevertheless disclosed that it was party to a "Common Interest and Confidentiality Agreement" effective September 28, 2021, which it joined on January 4, 2023. The other parties to the agreement were the Defendants IPOS, the two Vitol entities, and Canning. *Id.* at 17.

Petro argued in its Motion to Compel that it was entitled to the production of this agreement to "show bias and reasons for positions taken by Defendants." *Id.* In its objection to the Motion to Compel, OPTIS asserted that it followed the teachings of *Ford Motor Co. v. Edgewood Properties, Inc.*, 257 F.R.D. 418, 428 (D.N.J. 2008), in disclosing that it was a party to such an agreement, the effective date, the date it joined, and the other parties, which would give Petro all the information it needed to attack the credibility of the parties. Dkt. No. 207 at 12-13. OPTIS further argued that the agreement contained "standard boilerplate language" and the only language specific to the litigation contains a "generalized description of the allegations" in the complaint. *Id*. at 13. OPTIS stated it had no objection to submitting the document for in camera review by the Court, as was done in *Ford Motor Co*. *Id*. The Court agreed with that suggestion, and ordered OPTIS to forward a copy of the agreement to the chambers email box by June 8, 2023. Dkt. No. 213 at 29-30.

OPTIS timely forwarded the agreement to the Court for in camera review. Having reviewed the document, the Court will deny Petro's Motion to Compel as it relates to Demand for Production No. 32.

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 3

In *Ford Motor Co.*, the court reviewed a joint defense agreement in camera. It concluded that the document contained "standard and boilerplate language that is not discoverable because it is not relevant to any claim or defense in this case. . . . [I]t contains language that parties typically include in joint defense agreements to protect from discovery privileged information revealed to a third party." 257 F.R.D. at 428 (internal quotation marks omitted).

The same result obtains in this case. The Court concludes that the Common Interest and Confidentiality Agreement contains "standard and boilerplate language," that is not discoverable because it is not relevant to any claim or defense. *Id.* The acknowledged existence of the agreement and the parties to it, "could allow [Petro] to explore through depositions or interrogatories if there is any indicia of witness bias." *Id*. at 429.

Accordingly, based on the reasoning above, it is hereby **ORDERED** that Plaintiff's Motion to Compel, Dkt. No. 199, is **DENIED** as to Demand for Production 32.

ENTER:

Dated: June 8, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE