IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>    PLAINTIFF,<br><br>V.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,<br><br>    DEFENDANTS. | CASE NO. 1:21-CV-00312 |

**OPPOSITION OF ANDREW CANNING AND OPTIS EUROPE, LTD. TO MOTION TO FILE SECOND AMENDED COMPLAINT**

Andrew Canning and OPTIS Europe, Ltd. oppose plaintiff's motion seeking leave to file a second amended complaint for the reasons set forth below.

## LAW

The Third Circuit has explained the circumstances when leave to amend a complaint may be denied:

> "[A] complaint may be amended once as a matter of right and afterward by leave of the court, which is to be freely granted." *Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). "This liberal amendment philosophy limits the district court's discretion to deny leave to amend"; a court may deny leave only if "a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." *Id.*

*Burns v. Stratos*, 833 F. App'x 509, 514 (3d Cir. 2020). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## LEAVE TO AMEND SHOULD BE CONDITIONAL

In explaining the nature of the proposed amendments, plaintiff has not been

forthright with the Court. Plaintiff asserts that "This case is in its infancy with no scheduling order in place to date. There is no prejudice to Defendant." Motion, Doc. No. 212, at 2–3. The case is not in its infancy. The case is almost two years old and fact discovery closes in a few days. Further, as the Court is aware, the parties have been engaged in extensive depositions over the last month to meet the deadline for completion of fact discovery. To even get those depositions scheduled, it was necessary for the Court to assist in a lengthy hearing on February 24, 2023 to arrive at a mutually acceptable schedule that allowed depositions to be taken three-to-four months later (in May and June). Further, while plaintiff *claims* that the amendments relate to information obtained during discovery, plaintiff has offered no evidence to support that claim or to explain why it was not discovered sooner.

Plaintiff also states in the motion that it "will not need any other depositions as the claims against Vitol, Inc." [Sic.] That, however, begs the question of what additional discovery plaintiff may seek against VTTI. It also fails to address the likelihood that VTTI, and potentially Vitol, Inc., may wish to conduct additional discovery of plaintiff in order to ascertain the basis for the claims against them. Such additional discovery will require a modification of the existing case management order. Moreover, the proposed second amended complaint alleges that VTTI "operates out of Rotterdam, Netherlands," which raises the prospect of additional delays associated with obtaining service of process over a foreign defendant. Certainly VTTI cannot be precluded from engaging in discovery should it wish to do so once it is properly joined. If that were to occur, Canning and OPTIS would be prejudiced by the additional delays.

Adding additional parties at this stage will also make it impossible to mediate the case by the current July 17 deadline. The parties have been trying to schedule the mediation and the first mutually acceptable date they can arrive at is August 24, 2023 and they are planning upon asking for the Court's leave to extend the mediation deadline to that date; however, it is not clear that even that date can be met if new parties are added.

Notwithstanding the above and recognizing the liberal approach to allowing amendments to pleadings, Canning and OPTIS proposed that if the Court allows the filing of the second amended complaint, it be conditioned upon the following:

1. Plaintiff is precluded from conducting fact discovery after the June 23, 2023 deadline;

2. The Court will address discovery needs (if any) of the newly added defendants once they are properly joined and have responded to the complaint but will not reopen fact discovery for existing parties and if those discovery needs will impact the current dispositive motion deadlines, then the newly added defendants will be severed from this case;

3. The existing deadline for mediation is vacated and will be reset after the newly added defendants have appeared.

                Respectfully submitted,

                **ANDREW C. SIMPSON, P.C.,**
                Counsel for Andrew Canning and OPTIS Europe, Limited

Dated: June 20, 2023

                _____
                By: Andrew C. Simpson

              VI Bar No. 451
              ANDREW C. SIMPSON, P.C.
              2191 Church Street, Suite 5
              Christiansted, VI 00820
              Tel: 340.719.3900
              asimpson@coralbrief.com