IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>PLAINTIFF,<br><br>V.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,<br><br>DEFENDANTS. | CASE NO. 1:21-CV-00312 |

**OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

OPTIS Europe, Ltd. and Andrew Canning object to the following portion of the Magistrate Judge's Order of June 7, 2023 (Doc. No. 213) as reaching a dispositive issue that is beyond his authority:

> The Court concludes that the consultant's privilege is not recognized in the Virgin Islands and thus OPTIS cannot rely upon it.

Order, Doc. No. 213 at 16.

**BACKGROUND**

This case arises out of work done at the Liquified Petroleum Gas ("LPG") plants located adjacent to the Virgin Islands Water and Power ("WAPA") power plants on St. Thomas and St. Croix. Vitol Virgin Islands Corp. ("VIVC") (one of the so-called "VITOL Defendants" identified in the first amended complaint) is the owner of the two LPG facilities. Another defendant, Island Project and Operating Services, LLC ("IPOS"),

1

operated the two facilities on behalf of VIVC. Petro Industrial Solutions, LLC ("Petro") was under contract to IPOS to provide maintenance services at the two facilities. On discrete occasions, Petro was also engaged, by either IPOS or VIVC, to work on non-maintenance projects.

The LPG facilities process large amounts of LPG, a "hazardous," "exetremely flammable gas."[1] "The vapor/gas is heavier than air and will spread along the ground. Gas may accumulate in low or confined areas or travel a considerable distance to a source of ignition and flash back, causing fire or explosion." *Id.* at 3. "Accidental releases pose a serious fire or explosion hazard." *Id.* at 3. For example, in January 1966, an LPG release at the Feyzin Refinery in France resulted in a fire and explosion that caused the death of 18 people and affected 1475 homes offsite.[2]

OPTIS Europe Limited ("OPTIS") was contracted to provide engineering consulting services to IPOS and subsequently to VIVC with respect to various work done at the LPG facilities. Canning is an OPTIS employee and was the OPTIS representative in the Virgin Islands. One of OPTIS' roles was to ensure that LPG piping and vessels were constructed or maintained in accordance with appropriate engineering standards in order to ensure that the LPG facilities would not present an unreasonable risk to the facility, the adjacent power plants, the individuals working at the facilities and power

---

[1] https://www.airgas.com/msds/001045.pdf (MSDS for LPG accessed on June 21, 2023).

[2] https://www.icheme.org/media/1278/lpb251_digimag.pdf (IchemE Loss Prevention Bulletin at 12.

plants, and the surrounding communities. A catastrophic explosion could also damage one of the power plants and cause a widespread power outage on the island supported by that plant.

In the first amended complaint, plaintiff alleges that "VITOL Defendants, OPTIS and Andrew Canning defamed Plaintiff to IPOS and others as to forging documents, causing incidents, doing shabby work, all of which are not true." First Amended Complaint, ¶88. While plaintiff's characterization in this paragraph is disputed, there is no question that Canning reviewed what purported to be certificates showing that certain Petro welders were certified welders and noticed a number of anomalies (such as differing fonts) that caused him to question whether the certificates were legitimately issued. He then spoke with an employee of the certification company that supposedly issued the certificates and was informed that the individual who allegedly signed the certificates on behalf of the certification company was not an employee of the company—and was not an employee of the company on the date the certificates were issued. In the course and scope of his role as a consulting engineer relating to the LPG facilities, Canning also occasionally questioned the quality of the work done by Petro, in particular as it related to welding. Canning communicated his concerns to IPOS, the operator of the LPG facility.

While Canning and OPTIS deny that Canning's communications were defamatory, they also assert that the communications were protected by a conditional privilege. This privilege is described in Section 595 of the RESTATEMENT (SECOND) OF TORTS:

> (1) An occasion makes a publication conditionally privileged if the

circumstances induce a correct or reasonable belief that

(a) there is information that affects a sufficiently important interest of the recipient or a third person, and

(b) the recipient is one to whom the publisher is under a legal duty to publish the defamatory matter or is a person to whom its publication is otherwise within the generally accepted standards of decent conduct.

(2) In determining whether a publication is within generally accepted standards of decent conduct it is an important factor that

(a) the publication is made in response to a request rather than volunteered by the publisher or

(b) a family or other relationship exists between the parties.

Comment d to the Restatement indicates that "a statement made for the protection of a lawful business, professional, property or other pecuniary interest and in some instances, a domestic interest, comes within the rule stated in this Section."

Canning and OPTIS asserted as an affirmative defense to the First Amended Complaint that their allegedly defamatory communications were privileged, stating, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS." *See* OPTIS Answer, Doc. No. 134, Affirmative Defense C; Canning Answer, Doc. No. 123, Affirmative Defense C. It was critical that Canning be able to inform the operator of the LPG facilities of issues that could compromise the safety of the facilities and potentially lead to widespread fatalities and catastrophic damage. As a matter of public policy, the ability to make such communications is essential.

Plaintiff served discovery on OPTIS and was unsatisfied with OPTIS's response to Interrogatory No. 20, which asked the factual basis for this affirmative defense. It filed a motion to compel (Doc. No. 199) and, with respect to this affirmative defense, asserted that "[i]n the Virgin Islands, there is no such qualified privilege as defendant attempts to claim." Despite arguing that the privilege did not exist, plaintiff insisted that OPTIS was required to give the factual basis for the affirmative defense. Doc. No. 199 at 6.

OPTIS opposed the motion to compel (Doc. No. 207) and with respect to this particular issue, asserted that its response was sufficient. With respect to the existence of a privilege, OPTIS asserted,

> Plaintiff disputes that this privilege exists under Virgin Islands law. But the fact that the parties disagree as to the state of the law does not mean that OPTIS has not sufficiently explained to plaintiff the basis for the affirmative defense. Plaintiff disputes that this privilege exists under Virgin Islands law. But the fact that the parties disagree as to the state of the law does not mean that OPTIS has not sufficiently explained to plaintiff the basis for the affirmative defense. There is nothing to compel here; *plaintiff is free to move for summary judgment based upon its understanding of the law*. When plaintiff does so, OPTIS will rely upon the Virgin Islands Supreme Court decisions recognizing privileges in defamation cases that go beyond those listed in 5 V.I.C. §§ 851–863. *See, e.g., Atl. Hum. Res. Advisors, LLC v. Espersen*, 2022 VI 11, ¶ 45 (2022) (recognizing as defenses to a defamation claim the privileges identified in the RESTATEMENT (SECOND) OF TORTS).

Doc. No. 207 at 6–7 (emphasis added).

The Magistrate Judge ordered OPTIS to supplement its answer to this

interrogatory but, in the process, stated:

> The Court concludes that the consultant's privilege is not recognized in the Virgin Islands and thus OPTIS cannot rely upon it.

Order, Doc. No. 213 at 16.

Thus, the Magistrate Judge's Order effectively granted summary judgment on OPTIS' (and Canning's) affirmative defense.

### THE MAGISTRATE JUDGE'S STATEMENT REGARDING VIRGIN ISLANDS LAW OF PRIVILEGES IS A DISPOSITIVE RULING THAT EXCEEDED HIS AUTHORITY.

Although OPTIS has complied with the Court's Order and supplemented its response to this interrogatory, this Objection to his ruling is not moot. The unnecessary statement by the Magistrate Judge that the consultant's privilege is not recognized in the Virgin Islands was effectively dispositive of the affirmative defense. A Magistrate Judge's ruling that has a dispositive effect is beyond the authority of a Magistrate Judge. *See, e.g., Melaih v. MSC Cruises, S.A.*, No. 20-CV-61341, 2021 WL 3731272, at *1 n.2 (S.D. Fla. July 27, 2021) (recognizing that a Magistrate Judge can rule on a motion to strike pleadings unless it has a dispositive effect). Accordingly, the Magistrate Judge's conclusion regarding the law of privilege in the Virgin Islands should be vacated as beyond his authority.

### THE MAGISTRATE JUDGE'S STATEMENT REGARDING VIRGIN ISLANDS LAW OF PRIVILEGES WAS LEGALLY INCORRECT.

If the Court concludes that the Magistrate Judge had the authority to rule that Virgin Islands law does not recognize a consultant's privilege, then the Court should reverse the Order because it is an incorrect statement of Virgin Islands law.

6

Plaintiff asserted that subchapter V of Title 5, Virgin Islands Code (5 V.I.C. §§ 851–863) is the sole source for privileges under Virgin Island law. But, as 5 V.I.C. § 851 makes clear, the privileges set forth in subchapter V relate solely to the (a) refusal to be a witness; (b) refusal to disclose any matter; (c) refusal to produce any object or writing; and (d) prevention of another from being a witness, disclosing a matter or producing an object or writing. Subchapter V has no applicability to privileges that are defenses to particular causes of action.

That subchapter V is not the sole source of privileges (and in particular, privileges that serve as defenses to a cause of action) is made clear by the Virgin Islands Supreme Court's decision in *Atl. Hum. Res. Advisors, LLC v. Espersen*, 2022 VI 11, ¶ 45 (2022), which recognized an absolute privilege when a person is required by law to communicate a defamatory matter. No such privilege is found in subchapter V. Further, in *Joseph v. Daily News Publishing Co., Inc.*, 57 V.I. 566 (2012), the Virgin Islands Supreme Court recognized that the second element of a defamation claim is an *unprivileged* publication of a defamatory statement to a third party and specifically held that "'unprivileged' refers to the alleged defamer's inability to demonstrate that he was in some way 'privileged' to make the defamatory communication. The types of privilege defenses available fall into two categories, 'absolute privileges,' *see* RESTATEMENT (SECOND) OF TORTS §§ 583-592A, and 'conditional privileges,' *see* RESTATEMENT (SECOND) OF TORTS §§ 593-598." *Joseph*, 57 V.I. at 586.

The privilege that OPTIS and Canning rely upon is set forth in RESTATEMENT

7

(SECOND) OF TORTS § 595 and is one of the conditional privileges expressly recognized by the Virgin Islands Supreme Court in *Joseph*. Thus, the Magistrate Judge's conclusion that Virgin Islands law does not recognize the privilege is contrary to the law as expressed by the highest court of the Virgin Islands.

## STANDARD OF REVIEW

A district court's review of a magistrate judge's legal conclusions on non-dispositive matters is subject to *de novo* review. *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (cited with approval in *Livingston v. Berger*, 2022 WL 613277, *2 (D.V.I. Mar. 1, 2022)).

## CONCLUSION

The Magistrate Judge lacked the authority to rule on an issue of law that has the preclusive effect of denying OPTIS and Canning of an affirmative defense. Further, the Magistrate Judge's legal conclusions regarding Virgin Islands privileges in the defamation context is a misapplication of applicable law. Accordingly, this Court should vacate that portion of the Magistrate Judge's order that held that Virgin Islands law does not recognize the consultant's privilege embodied in RESTATEMENT (SECOND) OF TORTS § 595.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Andrew Canning and
OPTIS Europe, Limited

Dated: June 21, 2023

_____
Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com