**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PETRO INDUSTRIAL SOLUTIONS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **ISLAND PROJECT & OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP., ANDREW CANNING and OPTIS EUROPE, LTD.,** <br><br> Defendants. <br> _____ | 1:21-cv-00312-WAL-EAH |

**TO:**   Lee J. Rohn, Esq.
            *For Plaintiff*
         Simone R.D. Francis, Esq.
            *For Defendant IPOS*
         Alex Kaplan, Esq.
         Sarah Hannigan, Esq.
         Carl A. Beckstedt, Esq.
            *For the Vitol Defendants*
         Andrew C. Simpson, Esq.
            *For Defendant Canning & OPTIS Europe*

**ORDER**

    **THIS MATTER** comes before the Court on a Motion to Amend the First Amended Complaint, filed by Plaintiff Petro Industrial Solutions, LLC ("Petro") on June 6, 2023. Dkt. No. 212. In its motion, Petro seeks to add two Defendants, VTTI and Vitol, Inc., as well as allegations and damages concerning events discovered during the discovery process. *Id.* at 1.

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 2

Petro states that "[t]his case is in its infancy with no scheduling order in place to date" and thus there is "no prejudice to Defendant" as a result of permitting the amendments. *Id.* at 1-2. It explains that, at the Rule 30(b)(6) deposition of Defendant Vitol Virgin Islands, it learned from Charlotte Pratt Horowitz that Vitol Virgin Islands had no direct employees but that persons employed by Vitol, Inc. interacted with Defendant IPOS, VTTI, and Petro regarding Petro's work. In fact, it was Horowitz, as a Vitol, Inc. employee, who demanded certificates for Petro's welders in July 2021 and other paperwork, and Vitol, Inc. employees decided not to pay Petro for certain invoices. *Id.* at 3. Petro represents that adding Vitol, Inc. will not extend discovery as it has already deposed Horowitz and it will not need any other depositions as to the claims against Vitol, Inc. *Id.*

Petro also learned at the deposition that IPOS was a wholly-owned subsidiary of VTTI, another Vitol company, and that IPOS appears to no longer exist. *Id.* In addition, Petro ascertained that "the company that actually did the investigation [and] agreed with Andrew Canning that Plaintiff's documents were forged, and decided to wrongfully terminate its contract and not pay the invoices was David Smith, who actually worked with VTTI at the time." *Id.* Mr. Smith would be appearing as the Rule 30(b)(6) witness for IPOS on June 21, 2023 and Petro was adding VTTI documents and questions to the deposition. *Id.*

Finally, Petro seeks to "correct scribner errors and make allegations more clear" in its proposed amended complaint. *Id.* at 4.

Petro did not seek the position of the Defendants, pursuant to LRCi 7.1(f), before filing its motion. On June 16, 2023, it filed a notice stating that counsel for IPOS, Canning, and OPTIS

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 3

Europe "would not agree to the stipulations," while the Vitol Defendants did not provide their position on the filing of Petro's motion. Dkt. No. 229.

On June 20, 2023, Defendants Canning and OPTIS, Dkt. No. 234, and Defendant IPOS, Dkt. No. 235, opposed Petro's motion to file the Second Amended Complaint, while the Vitol Defendants responded that it did not object to the motion to amend if the amendment complied with certain caveats set out in its response, Dkt. No. 236. All of the Defendants pointed out that Petro's statement that the "case was in its infancy with no scheduling order in place to date" was completely inaccurate. Dkt. No. 234 at 2; Dkt. No. 235 at 2; Dkt. No. 236 at 2.

In its Opposition, Canning and OPTIS Europe assert that the parties have engaged in extensive depositions over the last month to meet the discovery deadline, a schedule which was arrived at during an extensive February 2023 hearing that set the depositions in May and June. *Id.* at 2. In addition, Petro offered no evidence that the amendments relate to information obtained during discovery or why it could not have been discovered sooner; Petro significantly did not indicate what additional discovery it may seek against VTTI, and did not address the likelihood that VTTI and possibly Vitol Inc. may wish to conduct additional discovery of Petro to ascertain the basis of the claims against them, which would require modification of the case management order (including the July 17, 2023 mediation deadline). *Id.* at 2, 3. Further, since VTTI operates out of the Netherlands, additional delays associated with service of a foreign defendant would be likely, and Canning and OPTIS would be prejudiced by the additional delays. *Id.* at 2.

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 4

However, if the Court did allow the amendments, Canning and OPTIS Europe propose that it be conditioned upon: (1) precluding Petro from conducting fact discovery after the June 23, 2023 deadline; (2) the Court addressing discovery needs of the new Defendants once they have been properly joined and have responded to the complaint, but not reopening fact discovery for existing parties; (3) if the discovery needs of the new parties impact the current dispositive motion deadline, they be severed from the case; and (4) vacating the existing mediation deadline and resetting it after the new Defendants have appeared. *Id.* at 3.

In its opposition, IPOS asserts that the proposed Second Amended Complaint contains numerous new paragraphs with sweeping generalizations that misdescribe the record, which will burden it by the need to file yet another responsive pleading in this case. Dkt. No. 235 at 2. It adds that, if the Court does grant the motion to amend, conditions be included to minimize the prejudice to IPOS and other parties by directing that Petro may not conduct further discovery beyond the June 23, 2023 deadline, which would be consistent with Petro's representations that the allegations in the proposed Second Amended Complaint were learned through discovery and it would not need other depositions. *Id.*

As indicated above, the Vitol Defendants do not oppose the motion to amend based on the critical representations made by Petro that allowing the Second Amended Complaint "will not extend the discovery" and that it "will not need any other depositions as to the claims against Vitol, Inc." Dkt. No. 236 at 1 (quoting Dkt. No.212 at 3). The Vitol Defendants expressly preserve all of their rights and defenses regarding the Second Amended Complaint.

*Id*. at 1-2. Finally, they note that the motion to amend contains numerous factual misstatements. *Id*. at 2.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the non-moving party "has long been the touchstone for the denial of leave to amend." *Mullin v. Balicki*, 875 F.3d 140, 155 (3d Cir. 2017) (internal quotation marks omitted). "Prejudice means undue difficulty in prosecuting [or defending] a law suit as a result of a change in tactics or theories on the part of the other party. More specifically, courts consider whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Heraeus Med. GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217 (E.D. Pa. 2017) (internal quotation marks and footnotes omitted). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). Although "delay alone is an insufficient ground to deny leave to amend," the Third Circuit has recognized that "at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 6

burden on the opposing party." *Kern v. Phoenixville Hosp., LLC*, 342 F.R.D. 324, 328 (E.D. Pa. 2022).

"Rule 15(a)(2) places the burden to make such a showing on the party opposing the amendment." *Halliday v. Great Lakes Ins. SE*, 2019 WL 3500913, at *3 (D.V.I. Aug. 1, 2019) (quoting *Price v. Trans Union, LLC*, 737 F. Supp. 2d 276, 279 (E.D. Pa. 2010)). A motion to amend a complaint is committed to the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n,* 252 F.3d 267, 272 (3d Cir. 2001).

The burden of showing that amendment should be denied falls on the Defendants. *Halliday*, 2019 WL 3500913, at *3. OPTIS and Canning generally state that they would be prejudiced by the additional delay, but did not explain how, and IPOS generally mentions that it will be burdened by having to respond to another pleading, but does not invoke prejudice. The Court finds that these lukewarm responses do not suffice to meet these Defendants' burden of showing that they would suffer prejudice such that the Court should deny the motion to amend.

All of the Defendants mention, in various ways, that the motion to amend comes on the verge of the close of discovery in this case. In fact, the full briefing period on the motion will conclude after discovery has ended. Discovery has proven to be difficult and contentious, involving numerous informal discovery conferences with the Court and motions to compel, as well as extensive hearings simply to coordinate the numerous depositions. The parties have engaged in a serious effort to meet the June 23, 2023 discovery deadline, so as to also

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 7

meet the subsequent deadlines set forth in the First Amended Scheduling Order, Dkt. No. 136.

Still, the Court cannot find that the delay in filing the motion to amend is "undue," as contemplated by *Foman*, 371 U.S. at 182, because the operative Scheduling Order sets forth a June 30, 2023 deadline for amendment to the pleadings and addition of parties. Dkt. No. 136 at 3. Thus, while extremely late, the motion to amend is not untimely and the delay is not undue. Consequently, the Court will grant the motion to amend.

However, the Defendants' concerns about the lateness of the motion to amend, and the impact that granting the motion will have on the schedule in this case, are well taken. Based upon particular statements made by Petro in its motion to amend, the Court will impose certain requirements and restrictions on Petro regarding service of the new Defendants and the course of discovery to minimize, if possible, the disruption caused by the late amendment. In particular, Petro stresses in its motion that the amendments are prompted by what it has already learned in the discovery process—in the discovery that has taken place. Petro learned about the role of Vitol, Inc. during the Vitol Rule 30(b)(6) deposition, and explicitly states that "it will not need any other depositions as [to] the claims against Vitol, Inc." Dkt. No. 212 at 3. Moreover, Petro learned about the role of VTTI during that same deposition, and was preparing to "add documents and questions" to the upcoming Rule 30(b)(6) deposition of IPOS to flesh out the role of VTTI. Because Petro has had an opportunity to ascertain relevant facts in the discovery period about the two new

Defendants, Vitol, Inc. and VTTI, the Court will not reopen discovery to permit Petro to conduct further discovery of these entities, either in depositions or written discovery.

Moreover, the Court will impose deadlines for the new parties to be served: VTTI, in the Netherlands, must be served within two weeks of this Order, and Vitol, Inc. must be served within one week of this Order. *See Malibu Media, LLC v. John Does 1-16*, 902 F. Supp. 2d 690, 693 n.1 (E.D. Pa. 2012) (shortening the time for service in furtherance of the court's decision to expedite the proceedings).

The Court will terminate the July 17, 2023 deadline for mediation, as set forth in the Scheduling Order. It will set a status conference once the two new Defendants have appeared, and at that time will ascertain the way forward. The Court will keep in mind OPTIS's and Canning's suggestion that if the two new entities seek extensive discovery, the Court may consider severing them in order that this lawsuit may proceed to resolution.

## CONCLUSION

Based on the foregoing, it is now hereby **ORDERED** that

1. Petro's Motion to Amend the First Amended Complaint, Dkt. No. 212, is **GRANTED**.

2. Petro shall file forthwith its Second Amended Complaint, as it appears at Dkt. No. 212-2.

3. Petro shall serve VTTI on or before **July 7, 2023** shall serve Vitol, Inc. on or before **June 30, 2023**.

*Petro Indus. Solutions v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 9

4. The Court will not reopen discovery to allow Petro to conduct further discovery on the new Defendants, Vitol, Inc. and VTTI.

5. The mediation deadline of July 17, 2023, set forth in the First Amended Scheduling Order, Dkt. No. 136, is **TERMINATED**.

6. Once Defendants Vitol, Inc. and VTTI have appeared, the Court will schedule a Status Conference to discuss how this case will proceed.

                                      ENTER:

Dated: June 23, 2023                         /s/ Emile A. Henderson III
                                                            EMILE A. HENDERSON III
                                                             U.S. MAGISTRATE JUDGE