IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>    Plaintiff,<br><br>v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING, OPTIS EUROPE, LTD., VTTI, and VITOL, INC.,<br><br>    Defendants. | CASE NO. 1:21-CV-00312<br><br>**BREACH OF CONTRACT**<br><br><u>JURY TRIAL DEMANDED</u> |

**RESPONSE IN OPPOSITION TO OPTIS AND ANDREW CANNING'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

The Third Circuit has made it clear that "[i]t is undisputed that the proper standard of review for discovery orders is the clearly erroneous or contrary to law standard." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992), *as amended* (Sept. 17, 1992)(internal citations and quotations omitted). Because Defendants seek review of a discovery order, the Magistrate Judge did not exceed his authority.

Even if the Magistrate Judge did exceed his authority, this Court has already acknowledged the two options available to the district court:

> First, the district court may disregard the magistrate judge's order entirely and make its own determination on the matter in the first instance. Second, the Court may treat the magistrate judge's order as a report and recommendation, and review the magistrate judge's decision under the standard established for review of dispositive matters by the Federal Magistrates Act at subparagraph (B) of Section 636(b)(1). *See Long Branch*, 866 F.3d at 100-01 (permitting a district court—on remand of a case in which it erroneously treated a motion to enforce an agency

LEE J. ROHN AND ASSOCIATES, LLC
1108 King St, Ste 3
Christiansted, VI 00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Response in Opposition to OPTIS and Andrew Canning's Objections to Magistrate Judge's Order**
Page 2

> subpoena as a nondispositive rather than a dispositive matter, and thereby applied the wrong standard of review to the magistrate judge's decision—to "consider the motion to enforce in the first instance or [ ] treat the Magistrate Judge's order as a report and recommendation and allow the parties the opportunity to object") (citations omitted).

*Rivera v. Sharp*, No. CV 2008-0020, 2018 WL 3559176, at *4 (D.V.I. July 24, 2018), *vacated in part,* No. CV 2008-0020, 2019 WL 386144 (D.V.I. Jan. 30, 2019). No matter what option this Court chooses, the result is the same. There was no error in the Magistrate Judge's ruling and the objection of Defendants is without merit.

   a. **The Magistrate Judge made no error because Defendants sought to withhold discovery based on a privilege that is not recognized in the Virgin Islands.**

Despite Defendants' curious argument to the contrary, Defendants' refusal to fully respond to Interrogatory No. 20 based on a "consultant's privilege" was akin to a refusal to "disclose any matter", "refuse to produce any object or writing" and/or "prevent another from being a witness or disclosing any matter or producing any object or writing", in direct violation of 5 V.I.C. §851 unless some recognized Virgin Islands privilege permits it. As other district courts have noted, "[I]nterrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory." *United States v. Quebe*, 321 F.R.D. 303, 310 (S.D. Ohio 2017)(internal quotations and citations omitted); and, *Saria v. Massachusetts Mut. Life Ins. Co.*, 228 F.R.D. 536, 538 (S.D.W. Va. 2005)("This case raises an important point: if interrogatory responses may be used at trial, they are nothing short of testimony.")

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Response in Opposition to OPTIS and Andrew Canning's Objections to Magistrate Judge's Order**
Page 3

The Magistrate Judge then correctly noted that under FRE 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." In the Virgin Islands, there is no consultants privilege as defendant attempts to claim exists. Title 5, Sections 851-863 governs the law of privileges in the Virgin Islands. The following are the privileges recognized in the Virgin Islands: Section 852 (lawyer-client); Section 853 (healthcare provider); Section 854 (spousal privilege); Section 855 (spousal privilege); Section 856 (religious privilege); Section 857 (political vote privilege); Section 858 (trade secrets privilege); Section 859 (state secrets privilege) and Section 860 (identity of informer privilege). None of the privileges identified cover the made-up privilege that OPTIS relies upon to refuse to answer Plaintiff's discovery request.

Further, the Magistrate properly rejected Defendants' reliance on *Atl. Hum. Res. Advisors, LLC v. Espersen*, 76 V.I. 583, 597, 2022 VI 11 (2022) as the legal basis for its "consultant privilege". Nowhere in the *Espersen* opinion did the Virgin Islands Supreme Court recognize a consultant's privilege and *Espersen* did not concern a Defendants' refusal to "disclose any matter", "refuse to produce any object or writing" and/or "prevent another from being a witness or disclosing any matter or producing any object or writing", in direct violation of 5 V.I.C. §851. *Espersen* concerned qualified privilege in response to a defamation claim, where notwithstanding all the disclosed facts (testimony and documents), there was liability. Here, Defendants are refusing to provide testimony and documents based on a privilege that is not statutorily recognized in the Virgin Islands.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Response in Opposition to OPTIS and Andrew Canning's Objections to Magistrate Judge's Order**
Page 4

    **b.**    **Defendants' have waived their Objection.**

Additionally, while Plaintiff contends that the matter before the Magistrate Judge was one of statutory interpretation, specifically title 5, Sections 851-863 of the Virgin Islands Code, to the extent Defendants believed the issue was not statutory, they were required to conduct a *Banks'* analysis and did not and this issue should be deemed waived.

In *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (2011), the Virgin Islands Supreme Court determined that, where no precedent on a common law rule established by the Supreme Court of the Virgin Islands exists, courts in the Virgin Islands must conduct a "*Banks* analysis" to determine which legal rule to adopt. To that end, this Court previously determined that, "[t]he Court agrees that counsel is responsible for providing a sound legal analysis for its arguments, including a *Banks* analysis when necessary." *Ainger v. Great Am. Assurance Co.*, No. CV 2020-0005, 2022 WL 4379794, at *7 (D.V.I. Sept. 22, 2022)(declining to find waiver because the defendants cited cases that had applied a *Banks* analysis). Unlike *Ainger,* nowhere in Defendants briefing before the Magistrate Judge or now in their Objection, did they conduct the required *Banks* analysis or cite to a case that had applied *Banks*. This issue should be deemed waived.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Response in Opposition to OPTIS and Andrew Canning's Objections to Magistrate Judge's Order**
Page 5

                        RESPECTFULLY SUBMITTED
                        LEE J. ROHN AND ASSOCIATES, LLC
                        Attorneys for Plaintiff

DATED: July 12, 2023        BY:   /s/ *Lee J. Rohn*
                                                  Lee J. Rohn, Esq.
                                                  VI Bar No. 52
                                                  1108 King Street, Suite 3 (mailing)
                                                  56 King Street, Third Floor (physical)
                                                  Christiansted, St. Croix
                                                  U.S. Virgin Islands 00820
                                                  Telephone: (340) 778-8855
                                                  lee@rohnlaw.com

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Response in Opposition to OPTIS and Andrew Canning's Objections to Magistrate Judge's Order**
Page 6

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on July 12, 2023, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

Alex Kaplan, Esq.
Y. Gloria Park, Esq.
Susman Godfrey
1000 Louisiana St., Suite 5100
Houston, TX  77002
Email Address: akaplan@susmangodfrey.com;
GPark@susmangodfrey.com
 Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Andrew C. Simpson, Esq.
Andrew C. Simpson, P.C.
2191 Church Street, Suite 5
Christiansted, VI  00820
Email Address: asimpson@coralbrief.com
Attorney For: Andrew Canning

Carl A. Beckstedt, III, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, USVI  00820
Email  Address:  carl@beckstedtlaw.com;  tarsha@beckstedtlaw.com; gpark@susmanodfrey.com; akaplan@susmangodrfey.com
 Attorney For: Vitol Virgin Islands Corp. and VITOL US Holding II Co.

Simone Francis, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, VI  00802
Email Address: simone.francis@ogletreedeakins.com
Attorney For: Island Project and Operating Services, LLC

BY: __/s/ *Lee J. Rohn*_____(dvn)