IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>    PLAINTIFF,<br><br>V.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,<br><br>    DEFENDANTS. | CASE NO. 1:21-CV-00312 |

REPLY TO RESPONSE TO OBJECTION TO MAGISTRATE JUDGE'S ORDER

Plaintiff's response to OPTIS' and Canning's (collectively "Objectors") objection to the Magistrate Judge Order is riddled with factual and legal errors. In this reply, Objectors will focus only on the most critical errors.

**A. THE CLAIM THAT OBJECTORS WITHHELD DISCOVERY ON THE BASIS OF A CLAIM OF PRIVILEGE IS FALSE.**

Plaintiff's response to Objectors' objection to the Magistrate Judge's Order is based upon a fundamentally false premise: that OPTIS and Canning "refus[ed] to fully respond to Interrogatory No. 20 based on a 'consultant's privilege.'" Plaintiff's Response, Doc.. No. 258, at 2. Objectors *never* claimed a privilege *to avoid responding*. Rather, they had asserted *as an affirmative defense* that they had a privilege to communicate allegedly defamatory information to the companies that retained them to provide advice as to work being done at the Water and Power Authority LPG

facilities on St. Croix and St. Thomas.

When plaintiff asked OPTIS the factual basis for the affirmative defense asserting a privilege to communicate the information, OPTIS responded and did not assert a privilege to avoid responding. Although plaintiff was not satisfied with the response, OPTIS' response was *not* based upon a claim that there was a privilege to avoid responding to the discovery. To reiterate, Objectors are asserting a qualified privilege that is a substantive defense to plaintiff's defamation claim and are not asserting (and never have asserted) a procedural privilege to avoid responding to the discovery.

Plaintiff further demonstrates its misunderstanding of the issue with its effort to distinguish the *Espersen* case because it "did not concern a Defendants' refusal to disclose any matter'." As Plaintiff explains—apparently without realizing what this explanation betrays—"Espersen concerned qualified privilege in response to a defamation claim." Plaintiff's Response, Doc. No. 258, at 3. Exactly. So too here, which is why Objectors cited it.

For this reason alone, the entire premise of plaintiff's response to the objection is fatally flawed.

**B. NO *BANKS* ANALYSIS WAS REQUIRED AND THEREFORE THERE WAS NO WAIVER.**

Plaintiff's second prong of its response is as flawed as its first. Plaintiff claims that Obejctors were required to do a *Banks* analysis based upon *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (2011). But no *Banks* analyis is required when the Virgin Islands Supreme Court has affirmatively stated the common law of the Virgin Islands. In opposition to the motion to compel, OPTIS cited the *Espersen* decision which

recognized a privilege in a defamation case that went beyond the procedural privileges set forth in 5 V.I.C. §§ 851–863. Citing that was sufficient for purposes of responding to the argument raised by plaintiff in the motion to compel (that *only* the privileges set forth in 5 V.I.C. §§ 851–863 are valid under Virgin Islands law).

After the Magistrate Judge reached the dispositive issue and affirmatively stated that there is no "consultant" privilege recognized under Virgin Islands law, Objectors file their objection, which cited *Joseph v. Daily News Publishing Co., Inc.*, 57 V.I. 566 (V.I. 2012) in addition to *Espersen* and quoted from the *Joseph* decision in which it recognized the 'conditional privileges set forth in RESTATEMENT (SECOND) OF TORTS §§ 593-598. *Joseph*, 57 V.I. at 586. As Objectors further pointed out, they rely upon RESTATEMENT (SECOND) OF TORTS § 595, which is one of the conditional privileges expressly recognized by the Virgin Islands Supreme Court in *Joseph*. Given that the Virgin Islands Supreme Court has already determined the common law of the Virgin Islands (and did so after specifically applying the *Banks* factors, *see Joseph*, 57 V.I. at 585, n. 10), there was no reason for Objectors to conduct a *Banks* analysis and thus no waiver of the issue.

C. **THE MAGISTRATE JUDGE EXCEEDED HIS AUTHORITY.**

Plaintiff argues that because the Magistrate Judge's conclusion of law was rendered in a discovery order, he did not exceed his authority. But the Magistrate Judge went beyond what was needed to render his discovery order and ruled that the privilege that Objectors raised as an affirmative defense did not exist under Virgin Islands law. He

3

could have ruled on the sufficiency of OPTIS' response without determining whether the affirmative defense was valid—all he needed to do was assume its validity and rule on the discovery issue before him—the sufficiency of the response to the interrogatory. Thus, that aspect of his Order was beyond his authority.[1]

Objectors agree with plaintiff that the Court may either disregard the Magistrate Judge's Order in its entirety and make its own determination; or review the Order as if it is a Report and Recommendation. In either event, the review is plenary and the result should be the same—the Court should vacate the holding that the consultant's privilege does not exist in the Virgin Islands as a defense to a claim of defamation.

          Respectfully submitted,

          **ANDREW C. SIMPSON, P.C.,**
          Counsel for Andrew Canning and
          OPTIS Europe, Limited

Dated: July 13, 2023

          _____
          Andrew C. Simpson
          VI Bar No. 451
          ANDREW C. SIMPSON, P.C.
          2191 Church Street, Suite 5
          Christiansted, VI 00820
          Tel: 340.719.3900
          asimpson@coralbrief.com

---

[1] The Magistrate Judge's authority to issue the discovery order is not challenged and OPTIS accordingly complied with his directive to supplement its response to Interrogatory No. 20. Only the legal conclusion that there is no legal basis for the affirmative defense is the subject of this objection.