IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>    PLAINTIFF,<br><br>  V.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,<br><br>    DEFENDANTS. | CASE NO. 1:21-CV-00312 |

**OPTIS EUROPE LIMITED'S ANSWER TO THE SECOND AMENDED COMPLAINT**

  Now comes OPTIS Europe Limited and in answer to the plaintiff's second amended complaint respectfully avers, in correspondingly numbered paragraphs, as follows:

1. Defendant admits the allegations of this paragraph of the second amended complaint.

2. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

3. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

4. Defendant lacks sufficient information regarding the factual allegations of this

paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

5. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

6. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

7. Defendant does not know what plaintiff has learned in discovery and therefore lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

8. Defendant does not know what plaintiff has learned in discovery and therefore lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

9. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

10. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

11. Defendant does not know what plaintiff has learned in discovery and therefore lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

12. Defendant does not know what plaintiff has learned in discovery and therefore lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

13. Defendant does not know what plaintiff has learned in discovery and therefore lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

14. Defendant does not know what plaintiff has learned in discovery and therefore lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

15. Defendant denies the allegations of this paragraph of the second amended complaint.

16. Defendant denies the allegations of this paragraph of the second amended complaint.

17. Defendant denies the allegations of this paragraph of the second amended complaint.

18. Defendant denies the allegations of this paragraph of the second amended complaint as stated. Defendant admits that Canning is a consulting engineer employed by Optis Europe, Ltd., who consulted with VTTI from September 2016 until November 2020 and with VVIC from December 2020 until approximately November 2021.

19. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

20. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

21. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

22. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

23. Defendant denies the allegations of this paragraph of the second amended complaint.

24. Defendant admits that Vitol Virgin Islands Corp. entered into a consulting agreement with OPTIS Europe, Ltd on or about November 1, 2020, which agreement speaks for itself, but otherwise denies the allegations of this

paragraph of the second amended complaint.

25. Defendant denies the allegations of this paragraph of the second amended complaint.

26. Defendant admits the allegations of this paragraph of the second amended complaint.

27. The allegations of this paragraph of the second amended complaint are incomplete and do not make sense and defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

28. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

29. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

30. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

31. Defendant denies the allegations of this paragraph of the second amended complaint as stated. Defendant admits that plaintiff and IPOS entered into Agreement No. IPOS-11-150533 and avers that the services specified in the contract rather than those described in this paragraph of the second amended

complaint are the services Petro was contracted to provide. Defendant otherwise denies the allegations of this paragraph of the second amended complaint.

32. Defendant admits that plaintiff and IPOS entered into Agreement No. IPOS-11-150533, which speaks for itself, and otherwise denies the allegations of this paragraph of the second amended complaint.

33. Defendant admits that plaintiff and IPOS entered into Agreement No. IPOS-11-150533, which speaks for itself, and otherwise denies the allegations of this paragraph of the second amended complaint.

34. Defendant denies the allegations of this paragraph of the second amended complaint.

35. Defendant denies the allegations of this paragraph of the second amended complaint.

36. Defendant denies the allegations of this paragraph of the second amended complaint.

37. Defendant denies the allegations of this paragraph of the second amended complaint.

38. Defendant denies the allegations of this paragraph of the second amended complaint.

39. Defendant denies the allegations of this paragraph of the second amended complaint.

40. Defendant denies the allegations of this paragraph of the second amended complaint.

41. Defendant denies the allegations of this paragraph of the second amended complaint.

42. Defendant denies the allegations of this paragraph of the second amended complaint.

43. Defendant denies the allegations of this paragraph of the second amended complaint.

44. Defendant denies the allegations of this paragraph of the second amended complaint.

45. Defendant denies the allegations of this paragraph of the second amended complaint.

46. Defendant denies the allegations of this paragraph of the second amended complaint.

47. Defendant denies the allegations of this paragraph of the second amended complaint.

48. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

49. Defendant denies the allegations of this paragraph of the second amended complaint.

50. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

51. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

52. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

53. Defendant denies the allegations of this paragraph of the second amended complaint.

54. Defendant denies the allegations of this paragraph of the second amended complaint.

55. Defendant denies the allegations of this paragraph of the second amended complaint.

56. Defendant denies the allegations of this paragraph of the second amended complaint.

57. Defendant denies the allegations of this paragraph of the second amended complaint.

58. Defendant admits that he fell through a platform due to poor workmanship by plaintiff but otherwise denies the allegations of this paragraph of the second amended complaint.

59. Defendant admits that *one* of the reasons he fell through the platform was due to plaintiff's failure to install sufficient fastener clips but otherwise denies the allegations of this paragraph of the second amended complaint.

60. Defendant denies the allegations of this paragraph of the second amended complaint.

61. Defendant denies the allegations of this paragraph of the second amended complaint.

62. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

63. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

64. Defendant does not understand this allegation of the second amended complaint and therefore denies same.

65. Defendant denies the allegations of this paragraph of the second amended complaint.

66. Defendant denies the allegations of this paragraph of the second amended complaint.

67. Defendant admits the allegations of this paragraph of the second amended complaint.

68. Defendant denies the allegations of this paragraph of the second amended complaint.

69. Defendant denies the allegations of this paragraph of the second amended complaint.

70. Defendant denies the allegations of this paragraph of the second amended complaint.

71. Defendant admits the email was sent and refers to the substance of that email as it speaks for itself. Defendant otherwise denies the allegations of this paragraph of the second amended complaint.

72. Defendant admits the allegations of this paragraph of the second amended complaint.

73. Defendant denies the allegations of this paragraph of the second amended complaint.

74. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

75. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

76. Defendant denies the allegations of this paragraph of the second amended complaint as stated. Defendant admits that IPOS instructed Canning that the chain of command was for him to raise issues relating to plaintiff through IPOS, which would then address them with plaintiff.

77. Defendant denies the allegations of this paragraph of the second amended complaint.

78. Defendant lacks sufficient information regarding the factual allegations of this

paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

79. Defendant denies the allegations of this paragraph of the second amended complaint.

80. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

81. Defendant denies the allegations of this paragraph of the second amended complaint.

82. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

83. Defendant denies the allegations of this paragraph of the second amended complaint as stated. Defendant understands that the certification agency, Acuren, stated that they did not have a welding inspector carrying out welding certification on island on the dates when the plaintiff claimed its welders were certified by Acuren. Defendant further avers that Acuren indicated that Guillermo Castro, the individual whose signature apparently was on the certificates, was not an employee of Acuren. Defendant further avers that the welding certificates were for the wrong kind of metal and thus, even if they were legitimate, were insufficient to establish the welder's qualifications.

84. Defendant denies the allegations of this paragraph of the second amended

complaint.

85. Defendant denies the allegations of this paragraph of the second amended complaint.

86. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

87. Defendant denies the allegations of this paragraph of the second amended complaint.

88. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

89. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

90. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

91. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

92. Defendant denies the allegations of this paragraph of the second amended complaint.

93. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

94. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

95. Defendant denies the allegations of this paragraph of the second amended complaint.

96. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

97. Defendant avers that "industry standards" in this context is undefined and ambiguous and therefore denies the allegations of this paragraph of the second amended complaint. Defendant further avers that given the failure rate of the welds and the questions about the qualifications of plaintiffs' welders, it would have exposed the community at large to unacceptable danger to fail to check all of the welds.

98. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

99. Defendant denies the allegations of this paragraph of the second amended complaint.

100. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

101. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

102. Defendant denies the allegations of this paragraph of the second amended complaint.

103. Defendant denies the allegations of this paragraph of the second amended complaint.

104. The allegations of this paragraph of the second amended complaint make no sense and therefore are denied.

105. Defendant denies the allegations of this paragraph of the second amended complaint.

106. Defendant denies the allegations of this paragraph of the second amended complaint.

107. Defendant denies the allegations of this paragraph of the second amended complaint.

108. Defendant denies the allegations of this paragraph of the second amended complaint.

109. Defendant denies the allegations of this paragraph of the second amended complaint.

110. Defendant denies the allegations of this paragraph of the second amended complaint.

111. Defendant denies the allegations of this paragraph of the second amended complaint.

112. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

113. Defendant denies the allegations of this paragraph of the second amended complaint.

114. Defendant denies the allegations of this paragraph of the second amended complaint.

115. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

116. Defendant denies the allegations of this paragraph of the second amended complaint.

117. Defendant denies the allegations of this paragraph of the second amended complaint.

118. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

119. Defendant lacks sufficient information regarding the factual allegations of this

paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

## COUNT I

120. Defendant incorporates its responses to the previous allegations of the second amended complaint as set forth above.

121. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

122. Defendant lacks sufficient information regarding the factual allegations of this paragraph of the second amended complaint to allow a response and therefore the allegations are denied.

## COUNT II

123. Defendant incorporates its responses to the previous allegations of the second amended complaint as set forth above.

124. Defendant denies the allegations of this paragraph of the second amended complaint.

125. Defendant denies the allegations of this paragraph of the second amended complaint.

## COUNT III

126. Defendant incorporates its responses to the previous allegations of the second amended complaint as set forth above.

127. Defendant denies the allegations of this paragraph of the second amended

complaint.

128. Defendant denies the allegations of this paragraph of the second amended complaint.

## COUNT V [SIC]

129. Defendant incorporates its responses to the previous allegations of the second amended complaint as set forth above.

130. Defendant denies the allegations of this paragraph of the second amended complaint.

131. Defendant denies the allegations of this paragraph of the second amended complaint.

## AFFIRMATIVE DEFENSES

A. Plaintiff fails to state a claim against this defendant upon which relief may be granted.

B. Plaintiff may have failed to mitigate its damages.

C. Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning.

D. Any statements made by Canning were true and/or statements of opinion.

E. Plaintiff must prove that any allegedly defamatory statements were untrue.

F. Plaintiff's own conduct may bar its causes of action and/or it from recovering any damages.

G. Plaintiff's claims may be barred by fraud.

H.  The alleged conduct of this defendant was not the cause or proximate cause of any damages allegedly sustained by plaintiff.

I.  Plaintiff is not entitled to prejudgment interest as a matter of law.

          Respectfully submitted,

          **ANDREW C. SIMPSON, P.C.,**
          Counsel for OPTIS Europe Limited

Dated: July 15, 2023

          _____
          By: Andrew C. Simpson, Esq.
          VI Bar No. 451
          ANDREW C. SIMPSON, P.C.
          2191 Church Street, Suite 5
          Christiansted, VI 00820
          Tel: 340.719.3900
          asimpson@coralbrief.com