## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>                      Plaintiff,<br><br>      v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, (IPOS), VITOL US HOLDING II, CO., VITOL VIRGIN ISLANDS CORP, (VVIC), ANDREW CANNING and OPTIS EUROPE, LTD., (OPTIS),<br><br>                  Defendants. | CIVIL NO. 1:21-CV-00312<br><br>BREACH OF CONTRACT<br><br>JURY TRIAL DEMANDED |

## ANSWER TO SECOND AMENDED COMPLAINT

COME NOW Defendants Vitol Virgin Islands Corp., Vitol U.S. Holding II Co., and Vitol Inc. (collectively, the "Vitol Defendants"), by their undersigned attorneys, and serve their Answer to Plaintiff's Second Amended Complaint (Docket No. 239), in correspondingly numbered paragraphs as follows:

## ANSWER

1.     Admitted.

2.     Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

3.     Admitted.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.      Denied.

9.      Vitol Defendants admit that Defendant Vitol US Holding II Co. is a Delaware corporation with its principal place of business in the State of Texas, but deny the remainder of the allegations.

10.     Denied.

11.     Denied.

12.     Vitol Defendants admit that employees of Vitol Inc. worked on behalf of Vitol Virgin Islands Corp., but deny the remainder of the allegations.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Vitol Defendants admit that, upon information Andrew Canning is a citizen of the United Kingdom and works for OPTIS Europe, Ltd, but deny the remainder of the allegations.

19.     Vitol Defendants admit that Defendant Vitol Virgin Islands Corp. is a Delaware corporation with its principal place of business in the State of Texas and a wholly-owned subsidiary of Vitol US Holding II Co.. To the extent this paragraph contains any additional allegations, they are denied.

20.     Vitol Defendants admit that Defendant Vitol Virgin Islands Corp. entered into an agreement with the Virgin Islands Water and Power Authority ("WAPA") to

perform certain services at the Randolph Harley Power Plant and at the Richmond Power Plant (collectively, the "Plants"), but deny the remainder of the allegations.

21. Denied.

22. Denied.

23. Denied.

24. Vitol Defendants admit that Defendant Vitol Virgin Islands Corp. entered into that certain consulting agreement with OPTIS Europe, Ltd on or about November 1, 2020, which agreement speaks for itself, but otherwise deny the allegations.

25. Denied.

26. Admitted, upon information and belief.

27. Denied.

28. Denied.

29. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

30. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

31. Vitol Defendants admit that, upon information and belief, Plaintiff and Co-Defendant Island Project and Operating Services, LLC (IPOS) entered into a certain maintenance contract on or about September 1, 2019, which contract speaks for itself, but otherwise deny the allegations.

32. Vitol Defendants admit that, upon information and belief, Plaintiff and Co-Defendant IPOS entered into a certain maintenance contract on or about September 1, 2019, which contract speaks for itself, but otherwise deny the allegations.

33.     Vitol Defendants admit that, upon information and belief, Plaintiff and Co-Defendant IPOS entered into a certain maintenance contract on or about September 1, 2019, which contract speaks for itself, but otherwise deny the allegations.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

40.     Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

41.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

42.     Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

43.     Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore denies same.

44.     Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore denies same.

45. The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

46. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

47. Denied.

48. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

49. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

50. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

51. The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

52. Denied.

53. The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

54. The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

55.   The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

56.   Denied.

57.   Denied.

58.   Vitol Defendants admit that Canning fell through a platform in February 2021, but deny the remainder of the allegations.

59.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

60.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

61.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

62.   Denied.

63.   Denied.

64.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

65.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

66.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

67.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

68.  Vitol Defendants lacks knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

69.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

70.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

71.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

72.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

73.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

74.  The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

75.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

76.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

77.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

78.  Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

79.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

80.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

81.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

82.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

83.     Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

84.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

85.     Denied.

86.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

87.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

88.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

89.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

90.     The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

91.     Denied.

92.     Denied.

93.     Denied.

94.     The allegations are denied as to Vitol Defendants. As to the other co-defendant(s), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99. The allegations are denied as to Vitol Defendants. As to the other co-defendant(s), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

100. The allegations are denied as to Vitol Defendants. As to the other co-defendant(s), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

101. The allegations are denied as to Vitol Defendants. As to the other co-defendant(s), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

102. Denied.

103. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

104. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

105. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

106. Denied.

107. The allegations are denied as to Vitol Defendants. As to the other co-defendant(s), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

108. Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

109.   The allegations are denied as to Vitol Defendants. As to the other co-defendant(s), Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

110.   Denied.

111.   This allegation is not applicable to Vitol Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

112.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

113.   The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

114.   The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

115.   Vitol Defendants admit that the term of the contract between IPOS and Vitol Virgin Islands Corp. came to an end, but deny the remainder of the allegation(s).

116.   Denied.

117.   Vitol Defendants admit that they currently contract with Saintnals, but deny the remainder of the allegation(s).

118.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

119.   Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

## COUNT I
## (BREACH OF CONTRACT AS TO IPOS)

120.  Vitol Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth herein.

121.  The allegation is not applicable to the Vitol Defendants and, therefore, no response is required. To the extent that a response is required, the allegation is denied.

122.  The allegation is not applicable to the Vitol Defendants and, therefore, no response is required. To the extent that a response is required, the allegation is denied.

## COUNT II
## (VIOLATION OF THE DISCRIMINATION STATUTES OF THE VIRGIN ISLANDS AS TO ALL DEFENDANTS)

123.  Vitol Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth herein.

124.  The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

125.  Denied.

## COUNT III
## (TORTIOUS INTERFERENCE AND [sic] WITH CONTRACT AS TO CANNING AND VITOL DEFENDANTS)

126.  Vitol Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth herein.

127.  The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

128.  Denied.

## COUNT V [sic]
## (DEFAMATION AS TO CANNING AND VITOL DEFENDANTS)

129.   Vitol Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth herein.

130.   The allegations are denied as to Vitol Defendants. As to the allegations about co-defendant(s), Vitol Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation(s) and therefore deny same.

131.   Denied.

## ADDITIONAL DENIALS

1.   Vitol Defendants deny each and every allegation in Plaintiff's Complaint not heretofore expressly admitted or otherwise pleaded to in response.

2.   Vitol Defendants deny that they are liable for any act or omission of any kind or nature whatsoever that would warrant the imposition of damages against them, as alleged or at all.

## AFFIRMATIVE DEFENSES

1.   The Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiff lacks standing to bring some or all of the claims alleged in the Complaint.

3.   Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

4.   The court lacks personal jurisdiction, including because process and/or service of process was improper and insufficient.

5.   The alleged conduct of Vitol Defendants was not the cause or proximate cause of the losses alleged by Plaintiff.

6.   Plaintiff's claims are barred, in whole or in part, by the doctrine of prior material breach.

7.   Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and

13

in pari delicto.

8.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

9.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take reasonable action to mitigate alleged injuries and damages, if any, suffered as a result of the conduct alleged in the Complaint.

10.    At all times material hereto, the actions of Vitol Defendants were privileged and/or a legally justified exercise of either (1) their own legal rights or (2) a good-faith claim to a colorable legal right.

11.    All statements and/or actions of Vitol Defendants are conditionally privileged by virtue of having been made in protection of interests in common with recipients.

12.    Vitol Defendants are not liable for the improper and/or illegal actions of any of their independent contractors which actions, if made (which is denied), were made without authority and/or outside the scope of their authority.

13.    Any statements made by Vitol Defendants with regard to Plaintiff were true, or substantially true, and/or subject to a qualified privilege. In the alternative, any alleged defamatory statements made by Vitol Defendants are statements of opinion and are thus not actionable.

14.    Vitol Defendants are entitled to indemnification and/or contribution, in whole or in part, from co-defendants and/or unnamed third parties yet to be determined.

15.    Plaintiff's claims and damages are subject to the economic loss doctrine.

16.    Plaintiff's claims and damages are subject to the gist of the action doctrine.

17.    Plaintiff is not entitled to pre-judgment interest as a matter of law.

18.    Vitol Defendants incorporate and adopt by reference any and all affirmative defenses

asserted by other defendants to this matter which are not included herein.

19.    Vitol Defendants reserve the right to amend and/or add any affirmative defense that becomes appropriate based on investigation and other discovery that may occur during the course of litigation.

WHEREFORE, Vitol Defendants demand judgment against the Plaintiff dismissing the Complaint, with Plaintiff taking nothing, together with an award to Vitol Defendants of their costs and attorneys' fees, and such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**BECKSTEDT & KUCZYNSKI, LLP**
Attorneys for the Vitol Defendants
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831
Carl@BeckstedtLaw.com

Dated:  July 20, 2023     By:     *s/ Carl A. Beckstedt III*
                                                Carl A. Beckstedt III, Esq.
                                                Virgin Islands Bar No. 684

                                                *and*

                                                **SUSMAN GODFREY L.L.P.**
                                                Attorneys for the Vitol Defendants

Dated:  July 20, 2023     By:     *s/ Alex Kaplan*
                                                Alex Kaplan, Esq., *Admitted Pro Hac Vice*
                                                1000 Louisiana St., Suite 5100
                                                Houston, TX 77002
                                                Tel:  (713) 651-9366
                                                Fax:  (713) 654-6666
                                                akaplan@susmangodfrey.com

Dated:  July 20, 2023     By:     *s/ Sarah Hannigan*
                                                Sarah Hannigan, *Admitted Pro Hac Vice*
                                                1301 Avenue of the Americas, 32nd Fl.
                                                New York, NY 10019

Tel:  (212) 336-8330
Fax:  (212) 336-8340
shannigan@susmangodfrey.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this July 20, 2023, the foregoing will be served upon all counsel of record pursuant to the Court's electronic filing system.

*s/ Sarah Hannigan*