IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br>　　　　　　　PLAINTIFF,<br><br>　　V.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,<br><br>　　　　　　　DEFENDANTS. | CASE NO. 1:21-CV-00312 |

**OPPOSITION OF NON-PARTY SAINTNALS, LLC TO MOTION TO SHOW CAUSE**

Plaintiff's effort to obtain documents from non-party Saintnals, LLC is founded upon a series of errors:

- Plaintiff subpoenaed Saintnals to produce documents with a return date after the close of discovery;

- Plaintiff initially intended to subpoena Saintnals more than a year ago, on June 24, 2022 (Doc. No. 76), which would have at least been within the discovery period;[1] however, for unknown reasons, that subpoena was never served.

- Then on May 15, 2023, plaintiff again announced its intent to serve Saintnals (Doc. No. 195), with a return date of June 5, 2023 (*see* Doc. No.

---

[1] Saintnals would still have had objections to the subpoena, but filing the subpoena in a timely fashion would have eliminated the untimeliness objection.

1

    195-1 at 1), which again would at least have been within the discovery period.

- Plaintiff had sought the same information from two parties to the litigation (Doc. Nos. 87 and 90); but, when the parties objected a year ago (August 17, 2022) (Doc. No. 99), plaintiff elected *not* to file a motion to compel the parties to respond.

- Plaintiff seeks an order directing Saintnals to show cause why it should not be held in contempt when Saintnals has fully complied with Fed. R. Civ. P. 45(d)(2)(B) by timely objecting to the subpoena (Doc. No. 271-4).

- Plaintiff has not complied with Fed. R. Civ. P. 45(d)(2)(B)(i) and sought an order compelling production or inspection. Without such an order, there is no basis to suggest that Saintnals is in contempt of court.

### ARGUMENT

Rule 45 provides a procedure that allows a non-party that is subpoenaed to produce documents to instead object to the request for documents. Fed. R. Civ. P. 45(d)(2)(B). After Saintnals was served with the subpoena duces tecum, it objected in accordance with the rule. Doc. No. 271-4. Once a party has served such an objection, the burden shifts to the subpoenaing party to obtain "an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494, n.5 (9th Cir. 1983) (holding that "[o]nce the person subpoenaed objects to the subpoena," "the provisions of Rule 45(d) come into play" and "the party seeking discovery must obtain a court order directing compliance."). *See also Kant v.*

*Seton Hall Uni*v.,, 2009 WL 5033927, at *2 (D.N.J. Dec. 14, 2009) (finding contempt sanctions under Rule 45(e) "inappropriate" where plaintiff did not first "file a motion with the Court to order compliance").

Plaintiff has skipped the critical step of obtaining a Court order directing Saintnals to comply with the subpoena. Presumably, plaintiff skipped that step because LRCi 26.5 provides that '[u]nless otherwise ordered by the Court, motions to compel discovery must be filed within the discovery period." Since the discovery period is closed, plaintiff cannot file a motion to compel without first obtaining leave of Court.

Because Saintnals is in full compliance with Rule 45, there is no basis to hold it in contempt. *If plaintiff had filed a motion to compel* and the Court had ordered Saintnals to respond but Saintnals failed to do so, then, and only then, there might be a basis for a contempt motion. At this moment, however, Plaintiff does not get to skip the critical motion to compel stage[2] and go straight to the contempt process.

                                              Respectfully submitted,

                                              **ANDREW C. SIMPSON, P.C.,**
                                              Counsel for Andrew Canning

---

[2] If plaintiff files a motion to compel, Saintnals will oppose such a motion for the same reasons explained in the informal discovery conference it participated in before Judge Henderson: That the subpoena was untimely because it required a response after discovery had closed and that the subpoena was an improper effort to shift the burden of discovery to a third party when plaintiff could obtain the same information from two party defendants but failed to use the remedies available to plaintiff when those two parties objected to the discovery. Saintnals would also opposed such a motion as untimely under LRCi 26.5. However, because plaintiff has made no effort to compel a response from Saintnals, there is no need to brief those issues at this time.

Dated: August 8, 2023

By: Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com