# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. CROIX

**PETRO INDUSTRIAL SOLUTIONS, LLC,**

        **Plaintiff,**

v.

**ISLAND PROJECT & OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP., ANDREW CANNING, OPTIS EUROPE, LTD., VITOL, INC., VTTI,**

        **Defendants.**

1:21-cv-00312-WAL-EAH

**TO:**    **Lee J. Rohn, Esq.**
        *On behalf of Plaintiff*
    **Simone D. Francis, Esq.**
        *On behalf of Island Project & Operating Servs.*
    **Andrew Kaplan, Esq.**
    **Sarah Hannigan, Esq.**
    **Carl A. Beckstedt III, Esq.**
        *On behalf of the Vitol Defendants*
    **Andrew C. Simpson, Esq.**
        *On behalf of Andrew Canning, OPTIS Europe,*
        *and non-party Saintnals LLC*

## ORDER

THIS MATTER comes before the Court on the "Motion to Show Cause Why Non-Party Saintnals, LLC Should Not be Held in Contempt of Court for Failure to Produce Documents Pursuant to Subpoena Duces Tecum," filed by Plaintiff Petro Industrial Solutions, LLC

*Petro v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 2

("Petro") on July 25, 2023. Dkt. No. 271. Non-Party Saintnals, LLC filed an Opposition.[1] Dkt. No. 275. For the reasons that follow, the Court will deny the motion.

## BACKGROUND

In its motion, Petro provides an overview of the procedural background that led to its filing the instant motion. On June 14, 2023, it served Saintnals with a subpoena duces tecum requiring it to produce certain documents at the office of Petro's counsel, Lee J. Rohn & Associates, on June 26, 2023. Dkt. No. 271 at 1. Petro states that the June 26, 2023 date was a "scrivener's error" as "the instructions were to have the documents produced at the close of discovery," which was June 23, 2023. *Id.* The subpoena asked Saintnals to produce: (1) documents evidencing funds paid or received for maintenance, special projects, and equipment rentals from the St. Croix or St. Thomas WAPA propane terminals from September 2022 to the present; (2) documents evidencing the formation of Saintnals, its members, shareholders, and officers; (3) documents evidencing the relationship between Saintnals and any Vitol entities in the past five years; (4) any bids/documents related to how Saintnals came to manage the two WAPA terminals or facilities, including any contracts; and (5) any maintenance, equipment rental, or project contract that Saintnals entered into since it took over the propane terminals at the WAPA facilities. *Id.* at 2, citing Dkt. No. 271-3.

---

[1] Based on the facts and the law related to this motion, the Court need not await a reply from Petro in order to rule on it.

*Petro v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 3

Saintnals objected on June 26, 2023. Dkt. No. 271-4. After a meet and confer, Saintnals declined to produce the documents, stating they could be obtained from Defendant Vitol Virgin Islands Corporation. Dkt. No. 271 at 2, citing Dkt. No. 271-5. The undersigned held an informal conference on July 11, 2023 with the entities; Saintnals declined to produce the documents. Dkt. No. 271 at 2-3. Petro then filed the instant motion.

Petro argues that while Saintnals claims the documents should be produced by the Vitol Defendants, the Vitol Defendants had earlier refused to produce them, claiming they were irrelevant. *Id.* at 3. However, on June 23, 2023, the Vitol Defendants supplemented their Rule 26 disclosures admitting that Saintnals had relevant information as to the issue of damages, but they continued to refuse to supplement their responses to discovery to produce the documents. Petro contended that the fact that a Defendant had been asked for documents but refused to produce them did not excuse a third-party from having to obey a subpoena duces tecum, citing *Vitalis v. Sun Constructors*, No. 05-cv-0101, 2020 WL 4912298, at *17 (D.V.I. Aug. 20, 2020) (inability to comply with a subpoena "must fail in the absence of even a modicum of good faith in responding to the subpoena") (citing *United States v. Bryan*, 339 U.S. 323, 332 (1950)). *Id.* Petro thus requests that the Court issue an order requiring Saintnals to show cause why it should not be held in contempt for refusal to comply with the subpoena and requiring Saintnals to promptly produce the requested documents. *Id.*

In its Opposition, Saintnals refers to a number of occurrences in the procedural history of this case that were omitted from Petro's background. It cites Petro's intention to

*Petro v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 4

subpoena Saintnals on June 24, 2022, Dkt. No. 76, which would have been within the discovery period, but the subpoena was never served. Dkt. No. 275 at 1. On May 15, 2023, Petro again filed an intent to serve a subpoena on Saintnals, Dkt. No. 195, with a return date of June 5, 2023, which also would have been within the discovery period, but the subpoena was not served. In addition, Petro sought the same information it now seeks from Saintnals from the two Vitol Defendants, parties to the litigation, *see* Dkt. Nos. 87 and 90. However, when those parties objected in August 2022, Dkt. No. 99, Petro elected not to file a motion to compel. Dkt. No. 275 at 2.

Saintnals properly objected to Petro's subpoena, pursuant to Rule 45(d)(2)(B), and Petro's instant motion has not complied with Rule 45(d)(2)(B)(i). *Id.* Saintnals contends that once a party has objected under Rule 45(d)(2)(B), the burden shifts to the subpoenaing party to obtain an order compelling production or inspection. *Id.* at 3. Saintnals posits that Petro has skipped the critical step of obtaining a Court Order directing its compliance with the subpoena—and that may be because LRCi 26.5 provides that "[u]nless otherwise ordered by the Court, motions to compel discovery must be filed within the discovery period." And since the discovery period has closed, Petro could not file a motion to compel without first obtaining leave of Court. *Id.* at 3.

## DISCUSSION

### I.   Legal Standards

#### A.  Fed. R. Civ. P. 45

Federal Rule of Civil Procedure 45 authorizes parties to serve subpoenas on parties or non-parties commanding the production of books, documents, electronically stored information, or tangible items in that person's possession, custody, or control. Under Rule 45(a)(1)(A), an attorney, as an officer of the court, may issue a subpoena on behalf of the court in which the attorney is authorized to practice. The recipient of such a subpoena is required to produce documents "kept in the ordinary course of business." Rule 45(e)(1)(A). The recipient may serve a written objection; if an objection is made, "the serving party may move the court for the district where compliance is required for an order compelling production[.]" Rule 45(d)(2)(B)(i).

The procedure for complying with a Rule 45 subpoena directed to a nonparty to produce documents is virtually identical to the procedure set forth in Rule 34, governing requests to produce documents directed to the parties in an action. *Riemensnyder v. Barr*, Civ. No. 20-109, 2021 WL 1320826, at *2 (M.D. Pa. Apr. 8, 2021). Thus, a Rule 45 subpoena "must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1)," *id.* (internal quotation marks omitted), and such subpoenas are subject to the same discovery deadlines that apply to the parties in a case, *Galloway v. Islands Mech. Contractor, Inc.*, 2013 WL 163985, at *5 (D.V.I. Jan. 14, 2013); *see also* LRCi 26.5 ("Discovery requests that call for responses. . .

*Petro v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 6

after the discovery deadline will not be enforceable except by order of the Court for good cause shown. Unless otherwise ordered by the Court, motions to compel discovery must be filed within the discovery period.").

The general rule is that "[i]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a nonparty witness." 8A Charles Alan Wright, et al., *Federal Practice & Procedure* § 2204 at 365 (2nd ed. 1994). In that regard, "[t]he leading treatises agree that . . . resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party." *In re Keebaugh*, No. MC 19-163, 2019 WL 5802703, at *5 (E.D. Pa. Nov. 6, 2019) (quoting *Stokes v. Xerox Corp.*, No. 05-71683, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006)); *see also* 7 *Moore's Federal Practice* § 34.02[5][e] (3d ed.) ("Although Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders. Discovery from a party, as distinct from a nonparty, is governed by Rule 34, not Rule 45.") (citing *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99 (D.Mass.1996)). Thus, when the 30-day response deadline for a party under Rule 34 has passed, the party should not be allowed to circumvent that deadline by serving a Rule 45 subpoena on a nonparty when the party could have sought the production of the same documents under Rule 34 from a party in the first instance. *Layman v. Jr. Players Golf Academy, Inc.*, 314 F.R.D. 379, 385-86 (D.S.C. 2016). Finally, "it is well settled that decisions

on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion." *R.J. Reynolds Tobacco v. Philip Morris Inc.,* 29 F. App'x 880, 881 (3d Cir. 2002).

### B. Contempt

A court may hold a person in contempt for failing to comply with a properly served subpoena and who "fails without adequate excuse to obey the subpoena or an order related to it." Rule 45(g). Once a party establishes by clear and convincing evidence that the non-party has violated a subpoena, the burden shifts to the subpoenaed party to offer proof beyond "'a mere assertion of inability'" to comply. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1324 (3d Cir. 1995) (quoting *Citronelle–Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir. 1991)). Generally, however, a non-party cannot be held in contempt "as long as it took all reasonable steps to comply." *Id.* But if the non-party fails to introduce any evidence to prove the reasonable steps made towards compliance, then the Court may grant a motion for contempt. *Id.* A court may impose sanctions, including attorney's fees incurred as a result of the failure to comply with Court Orders. *Cupolex Building Sys USA, LLC v. Varsity Slab Solutions,* Civ. No. 16-3200, 2018 WL 4922362, at *1 (D.N.J. July 6, 2018). The decision to hold a non-party in contempt under Rule 45 is within the sound discretion of the trial court. *Harris,* 47 F.3d at 1349.

The contempt power of a magistrate judge is set forth in 28 U.S.C. § 636(e). In a case in which the parties have not consented to the jurisdiction of the magistrate judge (such as

in this case), the magistrate judge "shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6). When the facts have been certified, the "district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*; *see Cupolex Bldg. Sys., USA, LLC,* 2018 WL 4922362, at *1.

## II. Application

Saintnals's opposition to Petro's motion is based on a procedural error made by Petro under Rule 45. It contends that Petro cannot seek contempt sanctions by leapfrogging over the fact that Petro has to first file a motion to compel production, pursuant to Rule 45(d)(2)(B)(i)—which Petro has not filed—and moving immediately to find the entity in contempt. Only then, if the Court orders production and Saintnals fails to respond to that Court Order, can the Court entertain a motion for contempt. Case law supports this position. *See, e.g., Kant v. Seton Hall Univ.*, Civ. No. 00-cv-5204, 2009 WL 5033297, at *1 (D.N.J. Dec. 14, 2009) ("Where there is no involvement of a court (e.g., an order to compel), sanctions are not available under Rule 45(e) [the precedessor rule to Rule 45(g)].") (citing authority); *see*

*Petro v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 9

*also* Fed. R. Civ. P. 45(g), notes to 2013 Amendment ("In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena[.]").

Few courts in this circuit have discussed the interplay between Rule 45(d)(2)(B)(i) and Rule 45(g). The former requires an objection to the subpoena, followed by a motion to compel (and a Court Order compelling production); the latter requires the entity served to provide an "adequate excuse" for not obeying the subpoena or a court order (apparently an order compelling production). In *Gardella v. Prodex Int'l, Inc.*, Civ. No. 60-cv-1821, 2007 WL 710289 (E.D. Pa. Mar. 5, 2007), the court held: "Because Rule 45[(d)](2)(B) permits the objection to the subpoena, the initial objection of a person to a subpoena ordinarily would not provide grounds for contempt. Moreover, the court's civil contempt power is a potent weapon to be used with caution and in the court's discretion. Objecting to a subpoena does not necessarily constitute failure to obey a subpoena." *Id.* at *2. Further, in *United States ex rel. Simpson v. Bayer A.G.*, Civ. No. 06-3895, 2021 WL 363705 (D.N.J. Feb. 2, 2021), the court quoted a Seventh Circuit case opining that "intervening court involvement is required prior to initiation of contempt proceedings if the recipient of the subpoena serves a written objection on the party designated in the subpoena. . . . On receipt of such an objection, the party serving the subpoena may move the issuing court for an order compelling production or inspection and the production or inspection may be required only as directed in the order." *Id.* at *6 (internal quotation marks omitted).

*Petro v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 10

Based on the above authority, the Court concludes that Saintnals' procedural objection is well taken, and that Petro should have first moved to compel (particularly since it sought and received an informal conference with the Court in an effort to resolve its discovery dispute with Saintnals—thereby satisfying the condition precedent to filing a motion to compel). Because Petro did not do so, it may not, on this record, seek contempt sanctions against Saintnals.

But it is likely that Petro did not move to compel because of the dictates of LRCi 26.5, which provides that (1) discovery requests calling for responses after the discovery deadline will not be enforceable except by Court Order for good cause shown, and that (2) motions to compel discovery must be filed within the discovery period. Taking the last point first, the discovery period ended on June 23, 2023, so therefore Petro's July 25, 2023 motion to compel would be untimely and could not be made without permission from the Court—which the Court in this instance will not provide. As to the first point, Petro's subpoena required Saintnals to produce documents on Monday, June 26, 2023—after the Friday, June 23, 2023 close of discovery. Petro seeks to excuse this fact by stating that the June 26th date is a mere scrivener's error. But nothing in the record supports its position. The subpoena stated the return date was 6/26/23. Dkt. No. 211. The attached Amended Notice of Subpoena Duces Tecum provided that the documents were due on Monday, June 26, 2023. Dkt. No. 211-2. If Petro simply mixed up the dates (writing June 26 instead of June 23), the date of the week on the Amended Notice would have been Friday, June 26, not Monday. The Court rejects

*Petro v. IPOS*
1:21-cv-00312-WAL-EAH
Order
Page 11

Petro's "scrivener's error" explanation. Nor has Petro explained at all why its earlier filings showing an intent to seek this discovery from Saintnals by subpoena, Dkt. Nos. 76 and 195, or to follow through with a motion to compel after having sought production of these documents from parties to this action, Dkt. Nos. 87, 90, and 99—all while the discovery period was open—came to naught.

And finally, Rule 45 is not a vehicle for circumventing the requirements and protections of Rule 34 for the production of documents belonging to a party. *In re Keebaugh*, 2019 WL 5802703, at *5. Petro recognized that the Vitol defendants possessed these documents and served Rule 34 discovery on them. When these Defendants did not produce the discovery, Petro did not file a motion to compel, but waited until the end of the discovery period to serve non-party Saintnals with a subpoena for the same documents. This is a textbook example of attempted circumvention of the discovery rules.

Accordingly, for the reasons set forth above, it is hereby **ORDERED** that Plaintiff's "Motion to Show Cause Why Non-Party Saintnals, LLC Should Not be Held in Contempt of Court for Failure to Produce Documents Pursuant to Subpoena Duces Tecum," Dkt. No. 271, is **DENIED**.

ENTER:

Dated: August 10, 2023

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE