IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC, (PETRO), | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CASE NO. 1:21-cv-00312 |
| ISLAND PROJECT AND OPERATING SERVICES, LLC,  VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING, OPTIS EUROPE, LTD., VTTI and VITOL, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
ISLAND PROJECT AND OPERATING SERVICES, LLC TO PLAINTIFF'S SECOND
AMENDED COMPLAINT**

**COMES NOW** Island Project and Operating Services, LLC ("IPOS"), by and through its

undersigned attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, LLC, and hereby respectfully

submits the following Answer and Affirmative Defenses to the Second Amended Complaint (the

"Complaint") of Plaintiff Petro Industrial Solutions, LLC ("Plaintiff") [Doc. No. 239].

1. IPOS admits that this Court has subject matter jurisdiction.

2. The allegations of paragraph 2 of the Complaint appear to relate solely to Plaintiff;

thus, it would seem that no response is required from IPOS.  To the extent a response is required,

or to the extent the allegations may be construed against it, IPOS admits upon information and

belief that Plaintiff is a United States Virgin Islands limited liability company.

3. IPOS denies the allegations of paragraph 3 of the Complaint as written, and

affirmatively states that it is a single member United States Virgin Islands limited liability

company.  Except as so admitted, IPOS denies the remaining allegations of paragraph 3 of the

Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 2

4.    IPOS denies the allegations of paragraph 4 of the Complaint as written, and affirmatively states that it is owned by its sole member, which is VTTI Terminal Support Services B.V. Except as so admitted, IPOS denies the remaining allegations of paragraph 4 of the Complaint.

5.    IPOS denies the allegations of paragraph 5 of the Complaint as written, and affirmatively states that it ceased all operations on June 30, 2022. Except as so admitted, IPOS denies the remaining allegations of paragraph 5 of the Complaint.

6.    The allegations of paragraph 6 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS denies the allegations of paragraph 6 of the Complaint.

7.    The allegations of paragraph 7 of the Complaint appear to relate to, and describe what Plaintiff alleges to have learned in discovery; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS denies the allegations of paragraph 7 of the Complaint.

8.    The allegations of paragraph 8 of the Complaint appear to relate to, and describe what Plaintiff alleges to have learned in discovery; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS denies the allegations of paragraph 8 of the Complaint.

9.    The allegations of paragraph 9 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS states that it lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9 of the Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 3

10.     The allegations of paragraph 10 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint.

11.     The allegations of paragraph 11 of the Complaint appear to relate to, and describe what Plaintiff alleges to have learned in discovery; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS denies the allegations of paragraph 11 of the Complaint.

12.     The allegations of paragraph 12 of the Complaint appear to relate to, and describe what Plaintiff alleges to have learned in discovery about entities other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint.

13.     The allegations of paragraph 13 of the Complaint appear to relate to, and describe what Plaintiff alleges to have learned in discovery about an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.     The allegations of paragraph 14 of the Complaint appear to relate to, and describe what Plaintiff alleges to have learned in discovery about an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS states

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 4

that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations

of paragraph 14 of the Complaint.

15.     The allegations of paragraph 15 of the Complaint appear to relate to, and describe

what Plaintiff alleges to have learned in discovery about an entity other than IPOS; thus, it would

seem that no response is required from IPOS.  To the extent a response is required, IPOS states

that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations

of paragraph 15 of the Complaint.

16.     The allegations of paragraph 16 of the Complaint appear to relate to, and describe

an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the

extent a response is required, or to the extent the allegations may be construed against it, IPOS

denies any allegations that may be construed against it and lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the

Complaint.

17.     IPOS admits that, as of the time of the events described in the Complaint, IPOS

was operating the propane facilities in St. Croix, Virgin Islands and in St. Thomas, Virgin Islands

on behalf of Vitol VI.  Except as so admitted, IPOS denies the remaining allegations of paragraph

17 of the Complaint.

18.     The allegations of paragraph 18 of the Complaint appear to relate to, and describe

entities or individuals other than IPOS; thus, it would seem that no response is required from IPOS.

To the extent a response is required, IPOS admits upon information that Andrew Canning

("Canning") is a citizen of the United Kingdom who at the time of the events described in the

Complaint was employed by OPTIS Europe Limited ("OPTIS"), which upon information entered

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 5

into a contract with Vitol VI to perform certain services.  Except as so admitted, IPOS denies the remaining allegations of paragraph 18 of the Complaint.

19.    The allegations of paragraph 19 of the Complaint appear to relate to, and describe entities other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint.

20.    The allegations of paragraph 20 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS admits upon information that Vitol VI entered into an agreement with the Virgin Islands Water and Power Authority ("WAPA") relating to the propane facilities in St. Croix, Virgin Islands and in St. Thomas, Virgin Islands.

21.    The allegations of paragraph 21 of the Complaint appear to relate to, and describe entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22.    The allegations of paragraph 22 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23.    The allegations of paragraph 23 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.    To the

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 6

extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint.

24.     The allegations of paragraph 24 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS admits upon information that OPTIS entered into a contract with Vitol VI to perform certain services relating to the propane facilities in St. Croix, Virgin Islands and in St. Thomas, Virgin Islands.

25.     The allegations of paragraph 25 of the Complaint appear to relate to, and describe actions by entities or individuals other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies the allegations of paragraph 25 of the Complaint as written.

26.     The allegations of paragraph 26 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS admits upon information that at the time of the events described in the Complaint, Canning was employed by OPTIS.

27.     The allegations of paragraph 27 of the Complaint appear to relate to, and describe an entity other than IPOS, namely, the Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint as written to include an incomplete or fragmented sentence, and therefore denies these allegations.

28.     The allegations of paragraph 28 of the Complaint appear to relate to, and describe an entity other than IPOS, namely, the Plaintiff; thus, it would seem that no response is required

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 7

from IPOS.  To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the employees of Plaintiff, and upon information and belief, denies the allegations of paragraph 28 of the Complaint insofar as they pertain to the management team and members or owners of Plaintiff.

29.     IPOS denies the allegations of paragraph 29 of the Complaint.

30.     IPOS admits that, in or around April 2018, IPOS entered into an agreement with Plaintiff.  Except as so stated, IPOS denies any remaining allegations of paragraph 30 of the Complaint.

31.     IPOS denies the allegations of paragraph 31 of the Complaint, except that IPOS states that IPOS entered into a Maintenance Contract with Plaintiff on or about September 1, 2019.

32.     IPOS denies the allegations of paragraph 32 of the Complaint, except that IPOS states that IPOS entered into a Maintenance Contract with Plaintiff on or about September 1, 2019.

33.     IPOS denies the allegations of paragraph 33 of the Complaint.

34.     The allegations of paragraph 34 of the Complaint appear to relate to, and describe an entity other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS admits only that IPOS entered into a Maintenance Contract with Plaintiff on or about September 1, 2019.  To the extent the allegations of paragraph 34 of the Complaint relate to or pertain to any entity or person other than IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations, but admits upon information that OPTIS entered into a contract with Vitol VI to perform certain services relating to the propane facilities in St. Croix, Virgin Islands and in St. Thomas, Virgin Islands.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 8

35.     The allegations of paragraph 35 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, denies the allegations of paragraph 35.

36.     IPOS denies the allegations of paragraph 36 of the Complaint to the extent that these allegations relate to or purport to describe knowledge of or communications to IPOS.  To the extent that the allegations of paragraph 36 relate to or purport to describe communications by employees of Plaintiff to Canning, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations and denies any remaining allegations of paragraph 36.

37.     IPOS admits that, in or around April 2018, IPOS entered into an agreement with Plaintiff.  Except as so stated, IPOS denies any allegations of paragraph 37 of the Complaint to the extent that these allegations relate to or purport to describe knowledge of or communications to IPOS, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of the Complaint.

38.     IPOS denies the allegations of paragraph 38 of the Complaint.

39.     The allegations of paragraph 39 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 39 of the Complaint.

40.     The allegations of paragraph 40 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required,  IPOS lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40 of the Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 9

41.      The allegations of paragraph 41 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint.

42.      IPOS denies the allegations of paragraph 42 of the Complaint.

43.      The allegations of paragraph 43 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of the Complaint.

44.      The allegations of paragraph 44 of the Complaint appear to relate to, and describe persons or entities other than IPOS, namely, Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the Complaint.

45.      The allegations of paragraph 45 of the Complaint appear in part to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS denies any allegations that relate to it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the Complaint.

46.      The allegations of paragraph 46 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 10

To the extent a response is required, IPOS denies the allegations of paragraph 46 of the Complaint that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 46 of the Complaint.

47.     The allegations of paragraph 47 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 47 of the Complaint.

48.     The allegations of paragraph 48 of the Complaint appear to relate to, and describe persons or entities other than IPOS, namely, Plaintiff; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the Complaint.

49.     The allegations of paragraph 49 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS admits that it has conducted business with Trager Brothers on occasion, denies any remaining allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint that pertain to Plaintiff's relationship with Trager Brothers.

50.     IPOS denies the allegations of paragraph 50 of the Complaint.

51.     IPOS denies the allegations of paragraph 51 of the Complaint.

52.     IPOS denies the allegations of paragraph 52 of the Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 11

53.     The allegations of paragraph 53 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 of the Complaint.

54.     The allegations of paragraph 54 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54 of the Complaint.

55.     The allegations of paragraph 55 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55 of the Complaint.

56.     The allegations of paragraph 56 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 56 of the Complaint.

57.     The allegations of paragraph 57 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 12

To the extent a response is required, IPOS admits only that Canning notified IPOS on February

11, 2021 that on that same day, he suffered a fall through a new access platform for the boilers on

St. Thomas.  Except as so stated, IPOS denies any allegations that may be construed against it, and

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of paragraph 57 of the Complaint.

58.     The allegations of paragraph 58 of the Complaint appear to relate to, and describe

persons or entities other than IPOS; thus, it would seem that no response is required from IPOS.

To the extent a response is required, IPOS admits that Canning notified IPOS that he had fallen

through a platform on February 11, 2021, admits that Adrian Melendez on February 11 and

February 12, 2021 notified IPOS about certain statements purportedly made by Canning to two of

Plaintiff's employees, and otherwise states that it lacks first-hand knowledge or information

sufficient to form a belief as to the truth of the information contained in the February 11 and 12,

2021 communications from Plaintiff or about the truth of allegations of paragraph 58 of the

Complaint concerning Canning's statements to Plaintiff's employees about that incident.

59.     IPOS admits that an investigation into the cause of the collapse of the platform was

undertaken, but denies the remaining allegations of paragraph 59 of the Complaint.

60.     The allegations of paragraph 60 of the Complaint appear to relate to, and describe

persons or entities other than IPOS; thus, it would seem that no response is required from IPOS.

To the extent a response is required, IPOS lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of paragraph 60 of the Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 13

61.     The allegations of paragraph 61 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies the allegations of paragraph 61 of the Complaint.

62.     IPOS denies the allegations of paragraph 62 of the Complaint.

63.     IPOS denies the allegations of paragraph 63 of the Complaint.

64.     The allegations of paragraph 64 of the Complaint appear to relate to, and describe actions by entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS admits only that on March 31, 2021, Canning sent an email requesting clarification about Plaintiff's welding procedures. IPOS denies the remaining allegations of paragraph 64 to the extent that they deviate from the language of the subject communication.

65.     The allegations of paragraph 65 of the Complaint appear to relate to, and describe actions by entities other than IPOS; namely, Plaintiff. Thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS admits only that on March 31, 2021, Adrian Melendez sent an email responding to Canning's email communication.  IPOS denies the remaining allegations of paragraph 65 to the extent that they deviate from the language of the subject communication.

66.     IPOS denies the allegations of paragraph 66 of the Complaint.

67.     The allegations of paragraph 67 of the Complaint appear to relate to, and describe actions by entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits only that on March 31, 2021, Canning sent an email requesting clarification about

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 14

Plaintiff's welding procedures. IPOS denies the remaining allegations of paragraph 67 to the extent that they deviate from the language of the subject communication.

68.     The allegations of paragraph 68 of the Complaint appear to relate to, and describe actions by entities other than IPOS; namely, Plaintiff. Thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS admits only that on March 31, 2021, Adrian Melendez sent an email that responded to Canning's email communication, which included reference to cable wrapping. IPOS denies the remaining allegations of paragraph 68 to the extent that they deviate from the language of the subject communication.

69.     The allegations of paragraph 69 of the Complaint appear to relate to, and describe actions by entities other than IPOS; namely, Plaintiff. Thus, it would seem that no response is required from IPOS.  To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits only that on March 31, 2021, Adrian Melendez sent an email that responded to Canning's email communication, which included a reference to Javier Vazquez. IPOS denies the remaining allegations of paragraph 69 to the extent that they deviate from the language of the subject communication.

70.     The allegations of paragraph 70 of the Complaint appear to relate to, and describe actions by entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS admits only that on March 31, 2021, a communication was sent to Plaintiff by Canning that inquired in part, how root welds were being inspected. IPOS denies the remaining allegations of paragraph 70 to the extent that they deviate from the language of the subject communication.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 15

71.     The allegations of paragraph 71 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS admits only that on March 31, 2021, Adrian Melendez sent an email communication, which referred in part to an inspection conducted by a PT technician from Versa Inspection. IPOS denies the remaining allegations of paragraph 71 to the extent that they deviate from the language of the subject communication.

72.     The allegations of paragraph 72 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS admits only that on March 31, 2021, a communication was sent to Plaintiff by Canning that inquired in part, about how the final weld inspection would be undertaken and what percentage of welds would be inspected.  IPOS denies the remaining allegations of paragraph 72 to the extent that they deviate from the language of the subject communication.

73.     The allegations of paragraph 73 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits only that on March 31, 2021, Plaintiff sent an email representing in part that Versa Inspections will perform PAUT (Phase Array Ultrasonic) on 10% of all welds.  IPOS denies the remaining allegations of paragraph 73 of the Complaint to the extent that they deviate from the language of the subject communication.

74.     IPOS admits only that on April 15, 2021, IPOS sent an email to Plaintiff noting receipt of Welder Certificates and inquiring about the Datasheet on the welding consumables.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 16

IPOS denies the remaining allegations of paragraph 74 of the Complaint to the extent that they deviate from the language of the subject communication.

75.     IPOS admits only that on April 19, 2021, Plaintiff sent an email to IPOS forwarding a MTR for welding rods and pictures of labels.  IPOS denies the remaining allegations of paragraph 75 of the Complaint to the extent that they deviate from the language of the subject communication.

76.     IPOS denies the allegations of paragraph 76 of the Complaint.

77.     The allegations of paragraph 77 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     IPOS denies the allegations of paragraph 78 of the Complaint.

79.     IPOS denies the allegations of paragraph 79 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

80.     IPOS denies the allegations of paragraph 80 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

81.     The allegations of paragraph 81 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 17

To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 81.

82.     The allegations of paragraph 82 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS admits only that on July 22, 2021 and July 23, 2021, David Smith sent an email requesting certain documentation, including all testing records.  IPOS denies the remaining allegations of paragraph 82 of the Complaint to the extent that they deviate from the language of the subject communication.

83.     IPOS denies the allegations of paragraph 83 of the Complaint.

84.     The allegations of paragraph 84 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, or to the extent the allegations may be construed against it, IPOS admits that on July 20, 2021, Canning sent an email in which he expressed concerns with Plaintiff's welder's certification. IPOS denies the remaining allegations of paragraph 84 of the Complaint to the extent that they deviate from the language of the subject communication.

85.     IPOS denies the allegations of paragraph 85 of the Complaint.

86.     IPOS denies the allegations of paragraph 86 of the Complaint to the extent these allegations relate to it, except that IPOS states that on July 27, 2021, Plaintiff provided an email with certain information about testing with an unsigned letter dated July 29, 2021 which purported to be from a Guillermo Castro.  IPOS denies the remaining allegations of paragraph 86 of the Complaint to the extent that they deviate from the language of the subject communication.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 18

87.     The allegations of paragraph 87 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies the allegations of paragraph 87 of the Complaint.

88.     The allegations of paragraph 88 of the Complaint appear to relate to or describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS admits only that on July 22, 2021 and July 26, 2021, certain information was requested from Plaintiff via email, including, full inspection and test plan, daily records, and welding and mechanical tests of WPQs.  IPOS denies the remaining allegations of paragraph 88 of the Complaint to the extent that they deviate from the language of the subject communications.

89.     IPOS denies the allegations of paragraph 89 of the Complaint to the extent these allegations relate to it, except that IPOS admits that on July 27, 2021, certain information was requested from Plaintiff.  IPOS denies the remaining allegations of paragraph 89 of the Complaint to the extent that they deviate from the language of the subject communication.

90.     IPOS denies the allegations of paragraph 90 of the Complaint to the extent these allegations relate to it, except IPOS admits that on July 27, 2021, Plaintiff provided a communication.  IPOS denies the remaining allegations of paragraph 90 of the Complaint to the extent that they deviate from the language of the subject communication, and denies that Plaintiff provided a report from Mr. Castro.

91.     The allegations of paragraph 91 of the Complaint appear to relate to, and describe actions by entities other than IPOS; thus, it would seem that no response is required from IPOS.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 19

To the extent a response is required, IPOS denies the remaining allegations of paragraph 91 of the

Complaint.

92.    The allegations of paragraph 92 of the Complaint appear to relate to, and describe

actions by entities other than IPOS; thus, it would seem that no response is required from IPOS.

To the extent a response is required, IPOS denies the allegations of paragraph 92 of the Complaint.

93.    The allegations of paragraph 93 of the Complaint appear to relate to, and describe

actions by entities other than IPOS; thus, it would seem that no response is required from IPOS.

To the extent a response is required, denies the allegations of paragraph 93 of the Complaint.

94.    IPOS denies the allegations of paragraph 94 of the Complaint to the extent these

allegations pertain to it, except that IPOS admits that it issued a letter dated July 28, 2021 providing

Plaintiff notice of termination of the Maintenance Contract.

95.    IPOS denies the allegations of paragraph 95 of the Complaint.

96.    IPOS denies the allegations of paragraph 96 of the Complaint, except affirmatively

states that IPOS engaged Versa Integrity Group in or around August 2021 to conduct a 100%

inspection of the welding completed by Plaintiff.

97.    IPOS denies the allegations of paragraph 97 of the Complaint.

98.    IPOS denies the allegations of paragraph 98 of the Complaint.

99.    IPOS denies the allegations of paragraph 99 as written, and affirmatively states it

has brought claims against Plaintiff for Breach of Contract, Breach of Duty of Good Faith and Fair

Dealing, Negligence and Breach of Professional Duty, and Fraudulent or Negligent

Misrepresentation.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 20

100.    IPOS denies that it has any contractual relationship with WAPA and denies generally the allegations of paragraph 100 of the Complaint to the extent that these allegations relate to it.  IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100 to the extent that they relate to, and describe actions by entities other than IPOS.

101.    IPOS denies the allegations of paragraph 101 of the Complaint to the extent these allegations relate to it.  IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 101 to the extent that they relate to, and describe actions by entities other than IPOS.

102.    IPOS denies the allegations of paragraph 102 of the Complaint to the extent these allegations relate to it.  IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations of paragraph 102 to the extent that they relate to, and describe actions by entities other than IPOS.

103.    The allegations of paragraph 103 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 103 of the Complaint.

104.    The allegations of paragraph 104 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies any allegations that may be construed against it,

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 21

and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 104 of the Complaint.

105.     The allegations of paragraph 105 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies the allegations of paragraph 105 of the Complaint that may be construed against it and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 105 of the Complaint.

106.     The allegations of paragraph 106 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 106 of the Complaint.

107.     IPOS denies the allegations of paragraph 107 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

108.     The allegations of paragraph 108 of the Complaint appear to relate to, and describe persons or entities other than IPOS; thus, it would seem that no response is required from IPOS. To the extent a response is required, IPOS denies the allegations of paragraph 108 of the Complaint that may be may be construed to relate to or describe communications by Plaintiff to IPOS, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 108 of the Complaint.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 22

109.     IPOS denies the allegations of paragraph 109 of the Complaint to the extent these allegations relate to it, and lacks knowledge or information sufficient to form a belief as to the truth of these allegations of paragraph 109 to the extent that the allegations relate to, and describe persons or entities other than IPOS.

110.     IPOS denies the allegations of paragraph 110 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

111.     IPOS denies the allegations of paragraph 111 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

112.     IPOS denies the allegations of paragraph 112 of the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

113.     IPOS denies the allegations of paragraph 113 of the Complaint to the extent these allegations relate to it, except that IPOS admits that it requested that Plaintiff retrieve certain items from the site.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

114.     IPOS admits that it has requested certain documents from Plaintiff, which have not been provided to IPOS.  Except as so admitted, IPOS denies the allegations of paragraph 114 of

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 23

the Complaint to the extent these allegations relate to it.  To the extent that the allegations do not relate to or describe actions by IPOS, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

115.    IPOS denies the allegations of paragraph 115 of the Complaint as written, but admits that its contract with Vitol VI ended, and that it therefore ceased operating the propane facilities in St. Croix, Virgin Islands and in St. Thomas, Virgin Islands.

116.    The allegations of paragraph 116 of the Complaint appear to relate to, and describe entities and individuals other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS lacks knowledge or information sufficient to form a belief as to the truth of these allegations.

117.    The allegations of paragraph 117 of the Complaint appear to relate to, and describe entities and individuals other than IPOS; thus, it would seem that no response is required from IPOS.  To the extent a response is required, IPOS states upon information that Vitol VI entered into a contract with Saintnals, LLC related to operating the propane facilities in St. Croix, Virgin Islands and in St. Thomas, Virgin Islands, but lacks knowledge or information sufficient to form a belief as to the truth of any allegations regarding the specific terms of the contract.

118.    IPOS denies the allegations of paragraph 118 of the Complaint to the extent the allegations pertain to it, except admits that IPOS did not engage Plaintiff to perform any maintenance services after it terminated the contract and affirmatively states that it has not engaged any services related to the operation of the propane facilities in St. Croix, Virgin Islands and in St. Thomas, Virgin Islands after June 30, 2022.  IPOS lacks knowledge or information sufficient to

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 24

form a belief as to the truth of the remaining allegations of paragraph 118 which do not describe or relate to IPOS.

119.    IPOS lacks knowledge or information sufficient to either admit or deny the allegations of paragraph 119 of the Complaint, but denies that any alleged losses are a result of any wrongful actions of IPOS.

## COUNT I

120.    IPOS repeats and incorporates by reference all of its responses to all preceding paragraphs as if fully set forth herein.

121.    IPOS denies the allegations of paragraph 121 of the Complaint.

122.    IPOS denies the allegations of paragraph 122 of the Complaint.

## COUNT II

123.    IPOS repeats and incorporates by reference all of its responses to all preceding paragraphs as if fully set forth herein.

124.    Paragraph 124 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 124 of the Complaint.  As and for a further response, IPOS states that paragraph 124 states certain conclusions of law to which no response is required from IPOS.

125.    Paragraph 125 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 125 of the Complaint.  As and for a further response,

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 25

IPOS states that paragraph 125 states certain conclusions of law to which no response is required from IPOS.

## COUNT III

126.    IPOS repeats and incorporates by reference all of its responses to all preceding paragraphs as if fully set forth herein.

127.    Paragraph 127 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 127 of the Complaint.  As and for a further response, IPOS states that paragraph 127 states certain conclusions of law to which no response is required from IPOS.

128.    Paragraph 128 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 128 of the Complaint.  As and for a further response, IPOS states that paragraph 128 states certain conclusions of law to which no response is required from IPOS.

## COUNT V[1]

129.    IPOS repeats and incorporates by reference all of its responses to all preceding paragraphs as if fully set forth herein.

130.    Paragraph 130 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 130 of the Complaint.  As and for a further response,

---

[1]    Count V follows Count III of the Second Amended Complaint.  The Second Amended Complaint does not contain a Count designated as "IV."

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 26

IPOS states that paragraph 130 states certain conclusions of law to which no response is required from IPOS.

131.    Paragraph 131 is not asserted against IPOS, and as a result, no response is required from IPOS to the allegations of paragraph 131 of the Complaint.  As and for a further response, IPOS states that paragraph 131 states certain conclusions of law to which no response is required from IPOS.

## **GENERAL DENIAL**

Except as specifically admitted herein, IPOS denies all allegations, whether express or implied, in Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

IPOS asserts that it bears the burden of proof, if at all, only on those matters as set forth as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure. In addition to the defenses identified below, IPOS reserves the right to assert any and all applicable defenses to Plaintiff's claims.  Without waiving the generality of the foregoing and without conceding that any such defense must be set forth in IPOS's Answer pursuant to Rule 12 of the Federal Rules of Civil Procedure or otherwise, IPOS states as follows on information and belief, subject and without prejudice to its ability at the conclusion of discovery and/or at the conclusion of the presentation of evidence at trial, if any, to withdraw any legal defense that has been preserved, but which is not supported by facts or circumstantial evidence developed during the litigation:

1.    All or certain of the claims of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 27

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiff may lack standing to assert all or certain of the claims in the Complaint.

4.      Plaintiff has failed to utilize reasonable efforts to mitigate or minimize the alleged damages, as required by law.

5.      Without in any way conceding or admitting that any improper or unlawful act was taken by any employee, contractor, or alleged agent of IPOS against Plaintiff, IPOS states that any such conduct was outside the course and scope of that individual's relationship with IPOS, and was not ratified, confirmed, or approved by IPOS.  Thus, any such actions cannot be attributed or imputed to IPOS.

6.      There exists no proximate causation between any alleged act or alleged omission by IPOS and Plaintiff's claimed damages, attorney's fees and expenses, or any other amounts claimed by Plaintiff.

7.      Any losses or other damages experienced or incurred by Plaintiff were due in whole or in part to Plaintiff's own actions, inaction, and/or the actions or omissions of third parties.

8.      Plaintiff's claims for damages may be barred, in whole or in part, to the extent that Plaintiff seeks multiple recoveries for the same alleged actions or omissions.

9.      Plaintiff's claims for damages may be barred, in whole or in part, by the doctrines of unclean hands, and/or by the doctrines of waiver and/or estoppel and/or laches.

10.     Any decisions made by or on behalf of IPOS were made and taken in good faith and based upon IPOS's reasonable belief at the time said actions were taken.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 28

11. Plaintiff's claims for damages may be barred, in whole or in part, by the doctrine of changed circumstances.

12. Plaintiff's claims may be barred by the failure of consideration.

13. Plaintiff's claims may be barred due to the failure to plead with the requisite particularity required by the Federal Rules of Civil Procedure.

14. Plaintiff's claims may be barred in whole or in part by the terms of any contracts or agreements between Plaintiff and IPOS.

15. IPOS expressly asserts and preserves the defenses of insufficient process and/or insufficient service of process on IPOS.

16. Plaintiff's claims for damages may be barred, in whole or in part, by the doctrine of accord and satisfaction or by the doctrines of payment and/or release.

17. Plaintiff's claims for damages may be barred, in whole or in part, or subject to offset or reduction, to the extent that any of the services for which payment is claimed were not performed in a workman like manner, utilizing the care and skill that is customary and expected in the trade or profession, and/or to the extent that payment of amounts alleged to be owed therefore would unjustly enrich the Plaintiff.

18. Plaintiff's claims for damages may be barred, in whole or in part, to the extent that Plaintiff has failed to satisfy reasonable conditions precedent to payment, to include Plaintiff's failure, refusal or inability to timely furnish all documentation as requested by IPOS to enable IPOS to validate and verify the quality of the work.

19. Plaintiff's claims may be barred in whole or in part by the doctrines of fraud and/or illegality.

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 29

20.     IPOS is entitled to indemnification and/or contribution, in whole or in part, from co-defendants and/or unnamed third parties.

21.     IPOS reserves the right to assert additional affirmative defenses as may be warranted based upon further discovery and investigation.

22.     IPOS reserves the right to assert additional affirmative defenses as may be warranted based upon developments in applicable law.

23.     To the extent not inconsistent with its denials or other defenses, IPOS incorporates, adopts, and reserves the right to expressly assert any and all affirmative defenses asserted by other defendants to this matter which may be applicable to IPOS.

24.     IPOS reserves the right to amend this answer to assert crossclaims in accordance with Fed. R. Civ. P. 13(g), if warranted, and in accordance with Fed. R. Civ. P. 13(a) or (b), refers Plaintiff to and reasserts its previously-asserted counterclaims as if set forth in full herein (Doc. No. 12).

**WHEREFORE**, having fully answered Plaintiff's Second Amended Complaint, IPOS prays for relief as follows:

1.     That Plaintiff's Second Amended Complaint be dismissed with prejudice;

2.     That IPOS be awarded its reasonable costs and attorneys' fees in defending this matter; and

3.     For such other and further relief as this Court deems proper, including but not limited to all relief sought in its previously-asserted counterclaims (Doc. No. 12).

*Petro Industrial Solutions, LLC v. Island Project and Operating Services, LLC, et al.*
Case No. 1:21-cv-00312
Answer of Island Project and Operating Services, LLC to
Plaintiff's Second Amended Complaint
Page 30

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, LLC**

Dated: August 17, 2023            By:   */s/ Simone R.D. Francis*
                                         SIMONE R. D. FRANCIS
                                         V.I. Bar Number 537
                                         The Tunick Building, Suite 201
                                         1336 Beltjen Road
                                         St. Thomas, VI 00802
                                         Telephone: (340) 714-1235
                                         Facsimile:  (340) 714-1245
                                         Email: simone.francis@ogletree.com

                                         *Attorneys for Island Project and Operating*
                                         *Services, LLC*