IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>    PLAINTIFF,<br><br> V.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,<br><br>    DEFENDANTS. | CASE NO. 1:21-CV-00312 |

MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE
OPINIONS AND TESTIMONY OF DON S. LAW BASED UPON
FED. R. CIV. P. 37(1)(C) AND FED. R. EVID. 702

OPTIS Europe, Ltd. and Andrew Canning move to exclude the opinions and testimony of plaintiff's designated expert, Don S. Law, because he has failed to provide a report as required by Fed. R. Civ. P. 26(a)(2)(B) and because his opinion fails to meet the requirements of Fed. R. Evid. 702. Specifically, Mr. Law's report fails to state either his opinions or the reasons and basis for same; omits *all* information required by Rule 26(a)(2)(B); and his testimony

 (1) will not assist the jury in understanding plaintiff's claimed economic losses;;

 (2) lacks sufficient facts to offer an opinion on plaintiff's alleged economic losses;

 (3) uses an unreliable methodology; and

 (4) has not disclosed any qualifications that would allow him to be qualified as an expert to testify as to plaintiff's alleged economic losses.

1

**BACKGROUND**

Plaintiff claims that the defendants discriminated against it, interfered with a contract it had with Island Project and Operating Services ("IPOS"), and defamed it. Presumably in support of a claim for alleged business losses, plaintiff produced what it describes as an expert report of Don S. Law. A complete copy of what plaintiff produced as Mr. Law's report is attached as Exhibit A to this motion.

Mr. Law's report contains no narrative, no conclusions and seemingly consists of a few pages from various data sources and printout of a spreadsheet that is apparently an effort at showing the plaintiff's actual past income and projected income through 2026. It cannot even be discerned from this expert "report" whether the projected income is Mr. Law's projection or simply information he received from the plaintiff.

**LAW**

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that an expert witness who is retained to provide expert testimony in a case must provide a written report that contains the following elements:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

  (vi) a statement of the compensation to be paid for the study and testimony in the case.

The consequence for failing to provide the required expert disclosure is set forth in Fed. R. Civ. P. 37(c)(1):

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

## ARGUMENT

### A. THE DEFAULT RULE WHEN A PARTY FAILS TO COMPLY WITH FED. R. CIV. P. 26(a)(2)(B) IS EXCLUSION OF THE EXPERT'S OPINION.

"[A] party must 'disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.' Fed. R. Civ. P. 26(a)(2)." *Lee v. Kmart Corp.*, No. CV 2014-0079, 2016 WL 4373694, at *4 (D.V.I. Aug. 15, 2016) (Lewis, J.). Further, "'[u]nless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.' Fed. R. Civ. P. 26(a)(2)(B)." *Lee*, at *4. The party "'must make these disclosures at the times and in the sequence that the court orders,' Fed. R. Civ. P. 26(a)(2)(D)." *Lee,* at *4.

A Rule 26(a) expert report must be "detailed and complete." Fed. R. Civ. P. 26 Advisory Committee's note on 1993 Amendment. The report "is intended to set forth the substance of the direct examination" [of the expert]; "should be written in a manner

3

that reflects the testimony to be given by the witness[;] and it must be signed by the witness." *Id*. The Advisory Committee's Notes "explain that the purpose of the report is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). "It is not sufficient that an expert report merely set forth the opinions the expert will offer; it must also describe the reasons and basis for those opinions. Expert reports must include "how" and "why" the expert reached a particular result, not just his conclusory opinion." *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 430 (N.D. Okla. 2008); *accord Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998). Courts may strike expert reports if they are insufficiently detailed and complete to satisfy Rule 26(a)(2). *Fielding Ins. Broking Ltd.*, No. 91 Civ. 0748, 1996 WL 19028, at *12 (S.D.N.Y. Jan.17, 1996). "Preclusion is appropriate where an expert's report is 'so inadequate that it is impossible for [the other party] to ascertain. . . the specifics to which [the expert] will testify or any of the bases from which [he or she] derived their conclusions.'" *Giladi v. Strauch*, Case No. 94-cv- 3976, 2007 WL 415365, at *7 (S.D.N.Y. Feb. 6, 2007) (quoting *251 CPW Hous. Ltd. v. Paragon Cable Manhattan*, Case No. 93-cv-0944, 1995 WL 70675 at *4 (S.D.N.Y. Feb 21, 1995) (alterations made by the quoting court).

4

**B. THE PROPONENT OF AN EXPERT CAN OVERCOME THE DEFAULT RULE OF EXCLUSION BY DEMONSTRATING THAT THE EXPERT'S FAILURE IS SUBSTANTIALLY JUSTIFIED OR HARMLESS.**

"'If a party fails to properly provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence. . . at trial, unless the failure was substantially justified or is harmless.' Fed. R. Civ. P. 37(c)(1)." *Lee,* at *4. "A party can overcome Rule 37 sanctions by demonstrating that a Rule 26 violation was 'substantially justified or harmless.'"*Lamb v. Montgomery Twp.*, 734 F. App'x 106, 110 (3d Cir. 2018) (quoting Fed R. Civ. P. 37(c)(1)). *See generally Amgen, Inc. v. Sandoz Inc.*, Case No. 18-11026, 2021 WL 11565942, at *3 (D.N.J. July 2, 2021). The burden is on the rule-breaking party to show harmlessness. *Lee*, at *5. In determining whether the proponent of the witness to be excluded has met its burden of proving harmlessness, the Third Circuit considers the five "*Pennypack*[1] factors":

> (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified or the excluded evidence would have been offered;
>
> (2) the ability of that party to cure the prejudice;
>
> (3) the extent to which allowing such witnesses or evidence would disrupt the orderly and efficient trial of the case or of other cases in the court;
>
> (4) any bad faith or willfulness in failing to comply with the court's order; and

---

[1] *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir.1977), overruled on other grounds by *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir.1985)

5

(5) the importance of the excluded evidence.

*Lee*, at *4 (quotation marks omitted).

### C. MR. LAW'S EXPERT REPORT DOES NOT COMPLY WITH RULE 26(a)(2)(B).

Rule 26(a)(2)(B) enumerates six elements that are required to be in an expert report:

>    (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;
>
>    (ii)   the facts or data considered by the witness in forming them;
>
>    (iii)  any exhibits that will be used to summarize or support them;
>
>    (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
>    (v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
>    (vi)   a statement of the compensation to be paid for the study and testimony in the case.

Mr. Law manages to achieve a "double-trifecta": His report does not contain a single one of the six elements. Actually, his report is missing a seventh element: the introduction to Rule 26(a)(2)(B) requires that the expert report must be signed by the expert. Mr. Law's report is not signed.

### 1. THE REPORT DOES NOT CONTAIN A COMPLETE STATEMENT OF MR. LAW'S OPINIONS AND THE BASIS AND REASONS FOR SAME.

"A damage figure in an expert report cannot satisfy Rule 26(a)(B)(2) simply by stating a conclusory figure and then attaching documents that purportedly support that figure. Rather, the report must supply actual calculations with detailed and

6

complete information elucidating how the expert arrived at the damage figure." *Great White Bear, LLC v. Mervyns, LLC*, Case No. 06-cv-13358, 2008 WL 2220662, at *3 (S.D.N.Y. May 27, 2008).

Here, Mr. Law apparently intended to convey his "opinion" via the following table found in Exhibit A:

PETRO / IPOS ACTUAL AND PROJECTED INCOME

|   | Year | Actual Income / Per 1099 | Labor Cost | Material/Equipment Cost | Projected Total Cost | Labor Profit | Material/Equipment Profit | Total Net Profit | Actual and projected | Multiplier | Avg. Multiplier |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7 Months | 2018 | $ 832,837.55 | $ 297,878.06 | $ 413,498.67 | $ 711,376.73 | $ 171,458.94 | $ 41,350.76 | $ 212,809.70 | 364,816.62 | | |
|  | 2019 | $ 1,298,481.00 | $ 464,423.11 | $ 644,687.75 | $ 1,109,110.86 | $ 267,322.45 | $ 64,470.17 | $ 331,792.61 | 331,792.61 | 0.90947778 | |
|  | 2020 | $ 2,266,382.70 | $ 810,609.09 | $ 1,125,244.93 | $ 1,935,854.02 | $ 466,587.47 | $ 112,526.92 | $ 579,114.39 | 579,114.39 | 1.74541075 | |
| 7 Months | 2021 | $ 1,719,346.52 | $ 614,952.59 | $ 853,644.87 | $ 1,468,597.46 | $ 353,967.38 | $ 85,366.33 | $ 439,333.71 | 753,143.50 | 1.30050903 | 1.318465857 |
|  | 2022 | $ 4,169,090.00 | $ 1,491,143.69 | $ 2,069,927.28 | $ 3,561,070.97 | $ 858,302.31 | $ 206,992.73 | $ 1,065,295.03 | $ 1,065,295.03 | 1.41446488 | |
|  | 2023 | | | | | | | | $ 1,404,555.13 | 1.31846586 | |
|  | 2024 | | | | | | | | $ 1,851,857.98 | 1.31846586 | |
|  | 2025 | | | | | | | | $ 2,441,611.53 | 1.31846586 | |
|  | 2026 | | | | | | | | $ 3,219,181.43 | 1.31846586 | |

But the table tells the reader nothing. It is impossible to determine from the table how Mr. Law has arrived at projected income for 2023–26. There is no explanation of the "multiplier" Mr. Law uses or why he uses a multiplier. There is no explanation as to how Mr. Law arrives at the figures for "Labor Profit" and "Material/Equipment Profit" (or why these subcategories have any relationship to his opinion).

Critically, plaintiff alleges that the contract that is the subject of its lawsuit was terminated on July 28, 2021. *See* Doc. No. 239, Second Amended Complaint, ¶94. Based upon what appears to be Mr. Law's calculation of "Actual Income/Per 1099" for 2022,[2] it appears that plaintiff had a banner year in the year *following* the termination of its contract–its average profit per month in 2022 was $88,775 whereas its average

---

[2] There are no 1099s for 2022 attached to Mr. Law's expert disclosure.

monthly profit during the 40 months it performed work for IPOS was $39,076. Plaintiff's 2022 profit was nearly double its best year ever when working for IPOS. Given that plaintiff's income increased substantially the year after its contract with IPOS was terminated, the logical conclusion is that the loss of the IPOS contract did *not* cause plaintiff a business loss; rather, it was able to redirect its resources to other, more profitable, business. At a minimum, one would expect Mr. Law to explain why he (apparently) concludes that plaintiff suffered a projected loss for the years 2023 through 2026 when the trend shows that plaintiff was *more profitable* when not performing work for IPOS.

In *Lava Trading, Inc. v. Hartford Fire Ins. Co.*, Case No. 03-cv-7037, 2005 WL 4684238, at *4 (S.D.N.Y. Apr. 11, 2005), the court was faced with a similarly deficient report. The report, "did not describe"

> (1) the specific facts-including, for example, prior and subsequent performance data, and market size-that Dr. Clemons may have relied upon,
>
> (2) the specific computational model (if any) that he had used, or
>
> (3) the details of what use he was making of pre-existing data, as well as his mathematical calculations, to arrive at the very specific projected monthly lost-revenue totals that he was estimating.

*Id.* at *4. Further, the expert "develop[ed] an unspecified 'total growth potential of the industry,' and [used] an unspecified growth or 'traction' curve to project the amount of new business" that the company would have attracted in the future. *Id.* The expert "never departed from this grossly impressionistic level of generality to describe what

in fact he was doing to reach his dollar figures." *Id.* And, similar to what Mr. Law has disclosed in this case, the expert's "only disclosure of any data or calculations was a chart at the end of the report that simply listed, on a month-by-month basis, [the plaintiff's] actual revenues and the amount of revenues that [the expert] thought that [the plaintiff] would have earned." As the Court noted in excluding the expert's opinion, "how [the expert] had derived the revenue-loss numbers was left a complete mystery." *Id.*

So too, here. Mr. Law's report leaves the reader guessing as to what his opinion is and provides no basis and reasons for his opinion. The report fails to meet the requirements of Rule 26(a)(2)(B) and unless plaintiff can prove that the omissions are substantially justified or harmless, Mr. Law's opinions must be excluded.

**2. THE REPORT FAILS TO STATE THE FACTS OR DATA CONSIDERED BY THE WITNESS IN FORMING HIS OPINIONS.**

Mr. Law's report fails to identify the facts or data that he relied upon to arrive at calculations for "Labor Cost"; "Material/Equipment Cost"; "Projected Total Cost"; "Labor Profit"; "Material/Equipment Profit"; and "Total Net Profit." He also fails to explain how he arrived at a "multiplier" or why he even employs a multiplier in his analysis. Further, as noted, the underlying data to support the claim for actual income in 2022 is omitted from Mr. Law's report.

9

3. **THE REPORT ALSO DOES NOT INCLUDE**
   - **MR. LAW'S QUALIFICATIONS;**
   - **A LIST OF ALL PUBLICATIONS AUTHORED IN THE PREVIOUS 10 YEARS;**
   - **A LIST OF ALL CASES IN WHICH LAW HAS TESTIFIED AS AN EXPERT AT TRIAL OR BY DEPOSITION IN THE LAST FOUR YEARS;**
   - **A STATEMENT OF THE COMPENSATION TO BE PAID FOR THE STUDY AND TESTIMONY IN THE CASE;**
   - **MR. LAW'S SIGNATURE.**

In addition to being completely devoid of any substantive opinion or analysis, Mr. Law's expert report also ignores the other requirements of Rule 26(a)(2)(B). The report does not identify any qualifications for Mr. Law. (The heading of the document prepared by counsel for plaintiff indicates that Mr. Law has an MBA.) There is no list of publications; no list of cases in which Mr. Law has testified; no statement of the compensation he is to be paid; and he failed to sign the report. Indeed, the only place where Mr. Law's name appears is in the document prepared by plaintiff's counsel by which the report was produced. *See* Exh. A, at 1. Mr. Law's report inexcusably fails to comply with Rule 26(a)(2)(B).

**D. MR. LAW'S REPORT SHOULD ALSO BE EXCLUDED UNDER FED. R. EVID. 702.**

Rule 702 of the Federal Rules of Evidence specifies that a "witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Mr. Law's opinion and testimony should be excluded under Fed. R. Evid. 702 because his grossly deficient "report" meets none of Rule 702's requirements.

A trial court has the discretion to strike an expert under Rule 702 based solely upon the expert's written report. *See, e.g., MicroStrategy Inc. v. Business Objects, S.A.*, 429 F.3d 1344, 1356 (Fed. Cir.2005) (holding that the trial properly exercised its discretion in striking an expert under Rule 702 where the expert's "principles and methods, as disclosed in his three expert reports, were speculative and unreliable"); *Vision Center Northwest, LLC v. Vision Value, LLC*, Case No. 3:07-CV-183, 2009 WL 529609, *1 (N.D. Ind. Mar. 2, 2009) (striking plaintiff's expert after concluding, *inter alia*, that the expert's report "offers little explanation about his methodology or the principles he used in determining the damage amounts he sets forth, leading the court to conclude that his opinions aren't the product of sufficiently reliable principles . . . as required by Federal Rule of Evidence 702"); *Self v. Equilon Enterprises, LLC*, Case No. 400-cv-1903, 2007 WL 1880739 (E.D. Mo. June 29, 2007) (holding that the record "failed to establish how the expert had the 'knowledge, skill, experience, training, or education' regarding the subjects to which he proffered opinions," *id.* at *2, where the opposing party pointed out that the expert report was "devoid of any information about [the expert's] educational background or his training or experience in any field of economics." *Id.* at *1.

With respect to Mr. Law, the record discloses *no* information about his qualifications (other than that presumably he has an MBA); no information about the facts and data that he relied upon; no explanation of the principles and methods he

11

employed such that the Court could determine whether he reliably reached his opinion; and without information about the facts he relied upon and the methods he used, the Court has no way of determining whether or not he reliability applied his methodology to the facts.

## CONCLUSION

Mr. Law's report fails to comply with Fed. R. Civ. P. 26(a)(2)(B) and thus must be excluded unless plaintiff is able to meet its burden of establishing that the deficiencies are substantially justified or harmless.[3] Even if the Court were to find that the deficiencies were substantially justified or harmless, however, the Mr. Law's opinions and testimony must be excluded because they fail to meet the requirements of Fed. R. Evid. 702 (which does not take into consideration substantial justification or harmlessness because there can be no justification or harmlessness from allowing an unreliable opinion into evidence). For the foregoing reasons, movants respectfully submit that their motion should be granted and Mr. Law should be barred from offering opinion testimony at the trial of this matter.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Andrew Canning

Dated: January 19, 2024

　/s/ Andrew C. Simpson　

---

[3] Because plaintiff bears the burden of proving that the failure is substantially justified or harmless, movants need not come forward with evidence relating to same at this time. If plaintiff attempts to overcome the burden of proof in its opposition, movants will address such evidence in their reply memorandum.

By:  Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

13