**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO), | CASE NO. 1:21-CV-00312 |
| Plaintiff, | |
| v. | |
| ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING, OPTIS EUROPE, LTD., VTTI, and VITOL, INC., | <u>JURY TRIAL DEMANDED</u> |
| Defendant. | |

**RESPONSE TO DEFENDANTS ANDREW CANNING AND OPTIS EUROPE, LTD'S MOTION TO EXCLUDE THE OPINION AND TESTIMONY OF DON S. LAW**

Plaintiff Petro Industrial Solutions, LLC (Petro) disclosed Don. S. Law as an expert only out of an abundance of caution. The plaintiff withdraws Mr. Law as an expert because it was recently discovered that he is now terminally ill and unable to testify. The plaintiff intends to rely on the testimony of its founder, owner, and manager, Adrian Melendez, Jr., to establish economic damages. *See Donlin v. Philips Lighting N. Am. Corp.,* 581 F.3d 73, 81-82 (3d Cir. Pa. 2009)[1]; *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir.

---

[1] The *Donlin v. Philips Lighting N. Am. Corp.,* 581 F.3d 73, 81-82 (3d Cir. Pa. 2009), the Third Circuit Court of Appeals held that:

> This does not mean that an expert is always necessary whenever the testimony is of a specialized or technical nature. When a lay witness has particularized knowledge by virtue of her experience, she may testify -- even if the subject matter is specialized or technical -- because the testimony is based upon the layperson's personal knowledge rather than on specialized knowledge within the scope of Rule 702. See Notes to 2000 Amendments. At the same time, we have consistently required that lay testimony requiring future projections

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Response to Defendants Andrew Canning and Optis Europe, Ltd's Motion to Exclude the Opinion and Testimony of Don S. Law**
Page 2

1993). *Id.*; *See also* Advisory Committee's Notes to the 2000 Amendment to Rule 701[2].

---

> of a business or operation come from someone who has intimate and thorough knowledge of the business gathered from either a lengthy tenure or a position of authority.
>
> For instance, in *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993), we allowed a company's founder and owner to testify regarding his lost future profits and harm to the value of his business. *Id.* at 1175. Though the testimony concerned a "specialized" field and involved predictions about future business performance, we found that the witness had **adequate personal knowledge in light of his in-depth experience** with the business's contracts, operating costs, and competition. *Id.*; cf. In re Merritt Logan, Inc., 901 F.2d 349, 360 (3d Cir. 1990) (principal shareholder of business properly testified concerning business projections where he was intimately involved with the investments and management of the business); *Teen-Ed, Inc. v. Kimball Int'l, Inc.*, 620 F.2d 399, 403 (3d Cir. 1980) (company's licensed public accountant was allowed to testify regarding lost profits based on his personal knowledge of company's balance sheets).

*Id.*

[2] The Advisory Committee Notes to FRE 701 provide:
> For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.* 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Response to Defendants Andrew Canning and Optis Europe, Ltd's Motion to Exclude the Opinion and Testimony of Don S. Law**
Page 3

                                          RESPECTFULLY SUBMITTED
                                          LEE J. ROHN AND ASSOCIATES, LLC
                                          Attorneys for Plaintiff

DATED: January 25, 2024           BY:  /s/ *Lee J. Rohn*
                                                    Lee J. Rohn, Esq.
                                                    VI Bar No. 52
                                                    1108 King Street, Suite 3 (mailing)
                                                    56 King Street, Third Floor (physical)
                                                      Christiansted, St. Croix
                                                      U.S. Virgin Islands 00820
                                                      Telephone: (340) 778-8855
                                                      lee@rohnlaw.com

## **CERTIFICATE OF SERVICE**

      **THIS IS TO CERTIFY** that on January 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

    All Counsel of Record

                                                             BY:  /s/ *Lee J. Rohn*  (dvn)