IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>Plaintiff,<br><br>v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, (IPOS), VITOL HOLDING CO., VITOL VI and ANDREW CANNING,<br><br>Defendants. | CIVIL NO. 1:21-CV-00312 |

**Declaration of Doug Rice**

Doug Rice, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am the General Manager at Acuren Inspection Services ("Acuren") and have personal knowledge of the facts stated in this declaration.

2.      On or around February 18, 2022, Acuren was served with a subpoena by Vitol Virgin Islands Corp., a copy of which is attached to this Declaration as Exhibit A ("Subpoena").

3.      The Subpoena directed Acuren to produce, among others, (i) documents reflecting work or services that may have been performed by Acuren for or alongside Petro Industrial Solutions, LLC ("Petro") (Request No. 1); (ii) documents that Acuren provided to Petro (Request No. 2); (iii) documents regarding Acuren employees or contractors that may have worked on any project for or alongside Petro (Request No. 3); and (iv) documents reflecting equipment that Acuren may have used in performing services for or alongside Petro (Request No. 4).

4.      In response to the Subpoena, I, in consultation with Acuren's Corporate Counsel David Redd, reviewed Acuren's records and investigated the extent to which Acuren had any business relationship with Petro. I have determined that Acuren has no documents responsive to Request Nos. 1–4.

VITOL-000043

Exhibit J

5.     In particular, Acuren has no record of Petro ever being a client of Acuren, or working on any project that Petro was involved in, or providing any documents to Petro.

6.     Acuren discontinued its services and operations in the U.S. Virgin Islands on or around January 10, 2021. Accordingly, Acuren also has no documents responsive to Request Nos. 8–9, which sought various logs and documents reflecting any work that Acuren may have performed in the U.S. Virgin Islands starting on February 1, 2021, which was after Acuren's discontinuation of operations there.

7.     On April 7, 2022, counsel for Vitol Virgin Islands Corp. provided Mr. Redd with certain Welder Performance Qualification Records, attached to this Declaration as Exhibit B ("2018 PQR") and Exhibit C ("2021 PQRs") (together, the "PQRs"). The 2018 PQR is Bates-stamped PIS000192 and the 2021 PQRs are Bates-stamped PIS000186–PIS000191. The 2018 PQR purports to show that Acuren conducted non-destructive volumetric testing relating to welding work performed by Daniel Martinez. The 2021 PQRs purport to show that Acuren conducted non-destructive volumetric testing relating to welding work performed by certain other individual welders—Edgardo Batista, Bernardo Cruz, George Rodriguez, Fernando Lebron, Jonathan Rodriguez, and Richael Philips.

8.     Based on my investigation, however, Acuren has no record of conducting the testing claimed on the PQRs. Specifically, Acuren has no record of conducting any testing for Petro, or related to any welding work by Daniel Martinez, Edgardo Batista, Bernardo Cruz, George Rodriguez, Fernando Lebron, Jonathan Rodriguez, or Richael Philips (or anyone by the name of Michael Philips).

9.     Additionally, the following issues about the PQRs provide further confirmation that these records did not originate from Acuren:

VITOL-000044

Exhibit J

(i) The PQRs have Guillermo Castro's name *typed* into the "Welding Test Conducted By" field. That is contrary to Acuren's historical and current practice of having the inspector of record *sign* that field on all such forms.

(ii) The PQRs note Guillermo Castro's certification as Level III. Although Acuren employed Guillermo Castro until around July 2019, Acuren has no record of Guillermo Castro ever having held this level of certification with Acuren or any other employer.

(iii) The dates on the 2021 PQRs (February 19, 2021 to April 1, 2021) are after Acuren exited from business in the U.S. Virgin Islands.

10.     In sum, to the best of my knowledge and after a diligent investigation and search of Acuren's business records, the PQRs are not and were never business records of Acuren, and the representation and inference on the PQRs that Acuren conducted the non-destructive volumetric testing set forth therein is inaccurate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _5/25/2022_

Doug Rice

Exhibit J

VITOL-000045

# EXHIBIT A

VITOL-000046

Exhibit J

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of the Virgin Islands

| | | |
|---|---|---|
| Petro Industrial Solutions, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-00312 |
| Island Project and Operating Services, LLC; Vitol Holding Co.; Vitol VI; Andrew Canning | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Acuren Inspection, Inc., c/o Corporation Service Company, 100 Pearl Street, 17th Floor, MC-CSC1, Hartford, CT 06103

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Susman Godfrey LLP, 1301 Ave. of the Americas, 32nd Floor, New York, NY 10019 | Date and Time: 03/10/2022 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        02/17/2022

|      *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | s/ Gloria Park |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Vitol Virgin Islands Corp., Vitol US Holding Co. _____ , who issues or requests this subpoena, are:

Gloria Park, Susman Godfrey, 1301 Ave. of the Americas, 32nd Fl, New York, NY 10019; gpark@susmangodfrey.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

VITOL-000047

**Exhibit J**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:21-cv-00312

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

VITOL-000048

Exhibit J

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit J**

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>                      Plaintiff,<br><br>      v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, (IPOS), VITOL HOLDING CO., VITOL VI and ANDREW CANNING,<br><br>                 Defendants. | CIVIL NO. 1:21-CV-00312 |

## EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants Vitol Virgin Islands Corp. and Vitol US Holding Co. (collectively, the "Vitol Defendants") request that Acuren Inspection, Inc. produce the documents and other tangible items requested below within twenty-one (21) days of receiving the subpoena transmitting these Requests.

### Definitions and Instructions

1.     "Petro" means Plaintiff Petro Industrial Solutions, LLC.

2.     "Limetree Bay" refers to Limetree Bay Terminals, LLC, Limetree Bay Refining, LLC, and any officer, employee, agent, director, representative, consultant, contractor, attorney, or person acting under Limetree Bay's control or on behalf of Limetree Bay, or any predecessors or successors in interest of Limetree Bay.

3.     "You" and "Your" refer to Acuren Inspection, Inc. ("Acuren") and any officer, employee, agent, director, representative, consultant, contractor, attorney, or person acting under Acuren's control or on behalf of Acuren, or any predecessors or successors in interest of Acuren.

VITOL-000050

4.     "Relevant Time Period" means the time period from April 30, 2016 to April 30, 2021.

5.     "Documents" means without limitation any item described by Federal Rule of Civil Procedure 34, and any written, printed, typed, electronic, graphic, photographed, and recorded or otherwise reproduced or stored communication or representation, including but not limited to letters, memoranda, correspondences, e-mails and cancelled checks. This term includes whatever form and by whatever means such documents may have been created or stored including, but not limited to: any handmade form, such as writing; any photographic form, such as microfilm, microfiche, prints, slides, negatives, photocopies; and mechanical form such as printing or typing; any electrical, electronic, or magnetic form such as tape recordings, cassettes, or any information on an electronic or magnetic storage device such as computer servers, floppy diskettes, hard disks, backup tapes, CD-ROMS, optical discs, printer buffers, smart cards, memory calculators, electronic dialers, hard drives, or electronic notebooks; and any printout or readout from any magnetic storage device.

6.     "Any" and "all" are interchangeable.

7.     "Relating to" a given subject matter means comprises, concerns, constitutes, contains, deals with, describes, discloses, embodies, evidences, explains, identifies, pertains to, proposes, references, sets forth, states, summarizes, or otherwise addresses in any way that subject, whether in whole or in part.

8.     If You withhold any Documents subject to Fed. R. Civ. P. 33(d) under a claim of privilege, please provide a privilege log that includes:

     a.   a unique identification number for each Document and the basis for the claim (attorney-client privileged or work-product protection);

     b.   the type of Document (*i.e.*, email, letter, report, etc.);

Exhibit J

VITOL-000051

    c.   the name of the Document, or, if the name does not adequately describe the subject matter of the Document, the subject matter of the Document;

    d.   the date of the Document;

    e.   every author of the Document; and

    f.   every recipient of the Document.

9.    Any Document or part of a Document withheld under a claim of privilege must be preserved. If no Documents are withheld under a claim of privilege, please so indicate in writing.

10.    If you have no Documents responsive to the Requests, please so state in writing.

11.    The Requests for Documents are continuing in nature and call for prompt, further, and supplemental productions of documents and things whenever you receive or discover any additional documents responsive to the Requests.

## **Requests for Documents**

1.    For the Relevant Time Period, all contracts, agreements, statements of work, purchase orders, invoices, or other Documents reflecting any work or services performed by You for Petro (or on any project that both You and Petro worked on, including any project for Limetree Bay).

2.    For the Relevant Time Period, all welding certificates, welder performance qualification records, verifications, analyses, test results, or similar documents that You provided to Petro.

3.    For the Relevant Time Period, time sheets for all of Your employees or contractors for any work or services performed on any project for Petro (or on any project that both You and Petro worked on, including any project for Limetree Bay).

Exhibit J
VITOL-000052

4.      For the Relevant Time Period, logs for any machinery, tools, or other equipment used for any work or services on any project for Petro (or on any project that both You and Petro worked on, including any project for Limetree Bay).

5.      For the Relevant Time Period, any welding certificates or welder performance qualification records that You have relating to the following welders:

   a.  Edgardo Batista

   b.  Bernardo Cruz

   c.  George Rodriguez

   d.  Fernando Lebron

   e.  Jonathan Rodriguez

   f.  Richael Philips

6.      Your employment records for Guillermo Castro.

7.      Time sheets for Guillermo Castro for any work or services that he performed on any project from February 1, 2021 to April 30, 2021.

8.      Logs for any machinery, tools, or other equipment used for any work or services that You performed in Puerto Rico and/or the U.S. Virgin Islands from February 1, 2021 to April 30, 2021.

9.      All Documents reflecting or related to any work or services performed by You in connection with the 3-inch vent pipe replacement project, starting in or around March 2021, at the U.S. Virgin Islands Water and Power Authority facilities (the "Project"). This request includes but is not limited to the following:

   a.  all contracts, agreements, statements of work, purchase orders, invoices, or other
       Documents reflecting any work or services performed by You on the Project;

Exhibit J

VITOL-000053

     b.  all welding certificates, welder performance qualification records, verifications, analyses, test results, or similar documents that You provided to Petro or any other entity related to the Project;

     c.  all time sheets for all of Your employees or contractors for any work or services performed on the Project; and

     d.  logs for any machinery, tools, or other equipment that You used for any work on the Project.

10.    Documents sufficient to show the date on which You discontinued Your services and operations in the U.S. Virgin Islands.

Respectfully submitted,

Dated:  February 17, 2022

*s/ Gloria Park*

**SUSMAN GODFREY L.L.P.**
Alex Kaplan
1000 Louisiana St., Suite 5100
Houston, TX 77002
Tel:  (713) 651-9366
akaplan@susmangodfrey.com

Y. Gloria Park
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Tel:  (212) 336-8330
gpark@susmangodfrey.com

**Beckstedt & Kuczynski LLP**
Carl A. Beckstedt III, Esq.
Virgin Islands Bar No. 684
2162 Church Street
Christiansted, VI 00820
Tel:  (340) 719-8086
carl@beckstedtlaw.com

*Attorneys for Vitol Defendants*

Exhibit J

VITOL-000054

# EXHIBIT B

VITOL-000055

# Welder Performance Qualification Record (WPQ)

| | | | | | |
|---|---|---|---|---|---|
| **Welder's Name** | Daniel Martinez | | **ID. #** 6941 | | **Stamp #** P22 |
| **WPS No.** | | PISL-GTAW-SS | | | |
| **Welding Process(es)** | Gas Tungsten Arc Welding (GTAW) | | | **Type** | Manual |
| **Base Material(s)** | SA-106 Gr. B | **To** | SA-106 Gr. B | **Thickness** | 0.147" |

**Manual or Semi-Automatic Variables for Each Process**

| | **Actual Values** | **Range Qualified** |
|---|---|---|
| **Backing** | F6- Without | F6-With/Without |
| **ASME P-No. To    P- No.** | P1 to P1 | P1 to P15E |
| ☐ Plate  ☒ Pipe  (enter diameter, if pipe) | 1/2" | 1/2" NPS Minimum |
| **Filler Metal Specification (SFA) Classification**    Root/Fill | 5.18 | 5.18 |
| | - | - |
| **Filler Metal Group No.**    Root/Fill | 6 | 6 |
| | - | - |
| **Filler Metal Product Form** | Solid Rod | Solid Rod |
| **Consumable Insert for GTAW or PAW** | None | None |
| **Weld Deposit Thickness**    F  6 | 0.147" | 0.294" Maximum |
| | - | - |
| **Welding Position** | 6G (Three Coupon)* | All |
| **Maximum Deposition Rate** | N/A | |
| **Welding Progression (Uphill/ Downhill)** | Uphill | Uphill |
| **Backing Gas for GTAW, PAW, GMAW or FCAW/G** | None | With/ Without Argon |
| **GMAW Transfer Mode** | N/A | N/A |
| **FCAW/ GTAW Welding Current Type/ Polarity** | DC/ EN | DC/EN |

**\*Remarks:** * Total weld length: 7.91"

## Guide Bend Test Results

| - | Side | X | Trans. Root (R) & Face (F) | | Long. Root & Face | Results |
|---|---|---|---|---|---|---|
| | - | | T-052918-06-R1-Figure QW-462.3 (a) | | | Acceptable |
| | - | | T-052918-06-R2-Figure QW-462.3 (a) | | | Acceptable |
| | - | | T-052918-06-F1-Figure QW-462.3 (a) | | | Acceptable |
| | | | T-052918-06-F2-Figure QW-462.3 (a) | | | Acceptable |

**Radiographic Test Results:** None

**Visual Examination Results:** **Face:** Acceptable  **Root:** Acceptable

**Welding Test Conducted By:** Guillermo Castro, LIII

**Mechanical Tests Conducted By:** Acuren Inspection Services  **Laboratory Test No.** PAUT052918-P22

We certify that the statements in this record are correct and that the test coupons were prepared, welded, tested in accordance with the requirements of ASME Section IX/2013

**Organization:** Petro Industrial Solutions, LLC

**By:** Adrian Melendez Jr., PM   **Exhibit J**   **Date:** 5/29/2018   **VITOL-000056**

PIS000192

# EXHIBIT C

VITOL-000057

Exhibit J

# Welder Performance Qualification Record (WPQ)

| | | | | | |
|---|---|---|---|---|---|
| **Welder's Name** | Edgardo Batista | | **ID. #** | 9325 | **Stamp #** EB (74) |
| **WPS No.** | | PISL-GTAW-SS | | | |
| **Welding Process(es)** | | Gas Tungsten Arc Welding (GTAW) | | **Type** | Manual |
| **Base Material(s)** | SA-106 Gr. B | **To** | SA-106 Gr. B | **Thickness** | 0.147" |

| **Manual or Semi-Automatic Variables for Each Process** | | **Actual Values** | **Range Qualified** |
|---|---|---|---|
| **Backing** | | F6- Without | F6-With/Without |
| **ASME P-No. To   P- No.** | | P1 to P1 | P1 to P15E |
| ☐ Plate   ☒ Pipe (enter diameter, if pipe) | | 1/2" | 1/2" NPS Minimum |
| | Root/Fill | 5.18 | 5.18 |
| **Filler Metal Specification (SFA) Classification** | | - | - |
| | Root/Fill | 6 | 6 |
| **Filler Metal Group No.** | | - | - |
| **Filler Metal Product Form** | | Solid Rod | Solid Rod |
| **Consumable Insert for GTAW or PAW** | | None | None |
| | F   6 | 0.147" | 0.294" Maximum |
| **Weld Deposit Thickness** | - | - | - |
| **Welding Position** | | 6G (Three Coupon)* | All |
| **Maximum Deposition Rate** | | N/A | |
| **Welding Progression (Uphill/ Downhill)** | | Uphill | Uphill |
| **Backing Gas for GTAW, PAW, GMAW or FCAW/G** | | None | With/ Without Argon |
| **GMAW Transfer Mode** | | N/A | N/A |
| **FCAW/ GTAW Welding Current Type/ Polarity** | | DC/ EN | DC/EN |

**\*Remarks:** * Total weld length: 7.93"

## Guide Bend Test Results

| - Side | ☒ Trans. Root (R) & Face (F) | ☐ Long. Root & Face | Results |
|---|---|---|---|
| - | T-011419-74-R1-Figure QW-462.3 (a) | | Acceptable |
| - | T-011419-74-R2-Figure QW-462.3 (a) | | Acceptable |
| - | T-011419-74-F1-Figure QW-462.3 (a) | | Acceptable |
| | T-011419-74-F2-Figure QW-462.3 (a) | | Acceptable |

**Radiographic Test Results:** None

**Visual Examination Results:** Face: Acceptable   Root: Acceptable

**Welding Test Conducted By:** Guillermo Castro, LIII

**Mechanical Tests Conducted By:** Acuren Inspection Services   **Laboratory Test No.** PAUT021621-EB

We certify that the statements in this record are correct and that the test coupons were prepared, welded, tested in accordance with the requirements of ASME Section IX/2013

**Organization:** Petro Industrial Solutions, LLC

**By:** _Adrian Melendez Jr., PM_   ~~Exhibit J~~   **Date:** 02/19/2021

VITOL-000058

PIS000186

# Welder Performance Qualification Record (WPQ)

| | | | | |
|---|---|---|---|---|
| **Welder's Name** | Bernardo Cruz | | **ID. #** 9788 | **Stamp #** BC (45) |

**WPS No.** PISL-GTAW-SS

**Welding Process(es)** Gas Tungsten Arc Welding (GTAW)     **Type** Manual

**Base Material(s)** SA-106 Gr. B     **To** SA-106 Gr. B     **Thickness** 0.147"

| **Manual or Semi-Automatic Variables for Each Process** | | **Actual Values** | **Range Qualified** |
|---|---|---|---|
| **Backing** | | F6- Without | F6-With/Without |
| **ASME  P-No. To    P- No.** | | P1 to P1 | P1 to P15E |
| ☐ **Plate**  ☒ **Pipe  (enter diameter, if pipe)** | | 1/2" | 1/2" NPS Minimum |
| | Root/Fill | 5.18 | 5.18 |
| **Filler Metal Specification (SFA) Classification** | | - | - |
| | | - | - |
| | Root/Fill | 6 | 6 |
| **Filler Metal Group No.** | | - | - |
| **Filler Metal Product Form** | | Solid Rod | Solid Rod |
| **Consumable Insert for GTAW or PAW** | | None | None |
| | F   6 | 0.147" | 0.294" Maximum |
| **Weld Deposit Thickness** | - | - | - |
| **Welding Position** | | 6G (Three Coupon)* | All |
| **Maximum Deposition Rate** | | N/A | |
| **Welding Progression (Uphill/ Downhill)** | | Uphill | Uphill |
| **Backing Gas for GTAW, PAW, GMAW or FCAW/G** | | None | With/ Without Argon |
| **GMAW Transfer Mode** | | N/A | N/A |
| **FCAW/ GTAW Welding Current Type/ Polarity** | | DC/ EN | DC/EN |

**\*Remarks:**  * Total weld length: 7.99"

Bernardo Cruz

## Guide Bend Test Results

| - **Side** | ☒ **Trans. Root (R) & Face (F)** | **Long. Root & Face** | **Results** |
|---|---|---|---|
| - | T-011419-45-R1-Figure QW-462.3 (a) | | Acceptable |
| - | T-011419-45-R2-Figure QW-462.3 (a) | | Acceptable |
| - | T-011419-45-F1-Figure QW-462.3 (a) | | Acceptable |
| | T-011419-45-F2-Figure QW-462.3 (a) | | Acceptable |

**Radiographic Test Results:**     None

**Visual Examination Results:**  **Face:**  Acceptable   **Root:**  Acceptable

**Welding Test Conducted By:**     Guillermo Castro, LIII

**Mechanical  Tests Conducted By:**     Acuren Inspection Services     **Laboratory Test No.**  PAUT021621-BC

We certify that the statements in this record are correct and that the test coupons were prepared, welded, tested in accordance with the requirements of ASME Section IX/2013

**Organization:**     Petro Industrial Solutions, LLC

**By:** _____     **Date:** 02/19/2021     **VITOL-000059**

Adrian Melendez Jr., PM  **Exhibit J**

**PIS000187**

# Welder Performance Qualification Record (WPQ)

| | | | | | |
|---|---|---|---|---|---|
| **Welder's Name** | George Rodriguez | | **ID. #** 6471 | | **Stamp #** JR (10) |
| **WPS No.** | | PISL-GTAW-SS | | | |
| **Welding Process(es)** | Gas Tungsten Arc Welding (GTAW) | | | **Type** | Manual |
| **Base Material(s)** | SA-106 Gr. B | **To** | SA-106 Gr. B | **Thickness** | 0.147" |

**Manual or Semi-Automatic Variables for Each Process**   **Actual Values**   **Range Qualified**

| | Actual Values | Range Qualified |
|---|---|---|
| **Backing** | F6- Without | F6-With/Without |
| **ASME P-No. To   P- No.** | P1 to P1 | P1 to P15E |
| ☐ Plate  ☒ Pipe (enter diameter, if pipe) | 1/2" | 1/2" NPS Minimum |
| Root/Fill | 5.18 | 5.18 |
| **Filler Metal Specification (SFA) Classification** | - | - |
| Root/Fill | 6 | 6 |
| **Filler Metal Group No.** | - | - |
| **Filler Metal Product Form** | Solid Rod | Solid Rod |
| **Consumable Insert for GTAW or PAW**  F  6 | None | None |
| **Weld Deposit Thickness**   - | 0.147" | 0.294" Maximum |
| | - | - |
| **Welding Position** | 6G (Three Coupon)* | All |
| **Maximum Deposition Rate** | N/A | |
| **Welding Progression (Uphill/ Downhill)** | Uphill | Uphill |
| **Backing Gas for GTAW, PAW, GMAW or FCAW/G** | None | With/ Without Argon |
| **GMAW Transfer Mode** | N/A | N/A |
| **FCAW/ GTAW Welding Current Type/ Polarity** | DC/ EN | DC/EN |

**\*Remarks:** * Total weld length: 7.98"

## Guide Bend Test Results

| - Side | ☒ Trans. Root (R) & Face (F) | Long. Root & Face | Results |
|---|---|---|---|
| - | T-011419-10-R1-Figure QW-462.3 (a) | | Acceptable |
| - | T-011419-10-R2-Figure QW-462.3 (a) | | Acceptable |
| - | T-011419-10-F1-Figure QW-462.3 (a) | | Acceptable |
| | T-011419-10-F2-Figure QW-462.3 (a) | | Acceptable |

**Radiographic Test Results:** None

**Visual Examination Results:** **Face:** Acceptable   **Root:** Acceptable

**Welding Test Conducted By:** Guillermo Castro, LIII

**Mechanical Tests Conducted By:** Acuren Inspection Services   **Laboratory Test No.** PAUT021621-JR

We certify that the statements in this record are correct and that the test coupons were prepared, welded, tested in accordance with the requirements of **ASME Section IX/2013**

**Organization:** Petro Industrial Solutions, LLC

**By:** Adrian Melendez Jr., PM   **Exhibit J**   **Date:** 02/19/2021

**VITOL-000060**

**PIS000188**

# Welder Performance Qualification Record (WPQ)

| | | | |
|---|---|---|---|
| **Welder's Name** | Fernando Lebron | **ID. #** 2151 | **Stamp #** FL (52) |
| **WPS No.** | PISL-GTAW-SS | | |
| **Welding Process(es)** | Gas Tungsten Arc Welding (GTAW) | **Type** | Manual |
| **Base Material(s)** | SA-106 Gr. B  **To**  SA-106 Gr. B | **Thickness** | 0.147" |

| **Manual or Semi-Automatic Variables for Each Process** | **Actual Values** | **Range Qualified** |
|---|---|---|
| **Backing** | F6- Without | F6-With/Without |
| **ASME  P-No. To   P- No.** | P1 to P1 | P1 to P15E |
| ☐ **Plate**  ☒ **Pipe  (enter diameter, if pipe)** | 1/2" | 1/2" NPS Minimum |
| **Root/Fill** | 5.18 | 5.18 |
| **Filler Metal Specification (SFA) Classification** | - | - |
| **Root/Fill** | 6 | 6 |
| **Filler Metal Group No.** | - | - |
| **Filler Metal Product Form** | Solid Rod | Solid Rod |
| **Consumable Insert for GTAW or PAW** | None | None |
| **F  6** | | |
| **Weld Deposit Thickness** | 0.147" | 0.294" Maximum |
| **F** | - | - |
| **Welding Position** | 6G (Three Coupon)* | All |
| **Maximum Deposition Rate** | N/A | |
| **Welding Progression (Uphill/ Downhill)** | Uphill | Uphill |
| **Backing Gas for GTAW, PAW, GMAW or FCAW/G** | None | With/ Without Argon |
| **GMAW Transfer Mode** | N/A | N/A |
| **FCAW/ GTAW Welding Current Type/ Polarity** | DC/ EN | DC/EN |

**\*Remarks:** * Total weld length: 7.95"

## Guide Bend Test Results

| ☐ **Side** | ☒ **Trans. Root (R) & Face (F)** | ☐ **Long. Root & Face** | **Results** |
|---|---|---|---|
| - | T-112118-52-R1-Figure QW-462.3 (a) | | Acceptable |
| - | T-112118-52-R2-Figure QW-462.3 (a) | | Acceptable |
| - | T-112118-52-F1-Figure QW-462.3 (a) | | Acceptable |
| | T-112118-52-F2-Figure QW-462.3 (a) | | Acceptable |

**Radiographic Test Results:** None

**Visual Examination Results:** **Face:** Acceptable  **Root:** Acceptable

**Welding Test Conducted By:** Guillermo Castro, LIII

**Mechanical Tests Conducted By:** Acuren Inspection Services   **Laboratory Test No.** PAUT033021-FL

We certify that the statements in this record are correct and that the test coupons were prepared, welded, tested in accordance with the requirements of **ASME Section IX/2013**

**Organization:** Petro Industrial Solutions, LLC

**By:** _____   **Date:** 04/01/2021   **VITOL-000061**

Adrian Melendez Jr., PM  **Exhibit J**

**PIS000189**

# Welder Performance Qualification Record (WPQ)

| | | | | | |
|---|---|---|---|---|---|
| **Welder's Name** | Jonathan Rodriguez | | **ID. #** 7145 | | **Stamp #** JR2 (49) |
| **WPS No.** | | PISL-GTAW-SS | | | |
| **Welding Process(es)** | Gas Tungsten Arc Welding (GTAW) | | | **Type** | Manual |
| **Base Material(s)** | SA-106 Gr. B | **To** | SA-106 Gr. B | **Thickness** | 0.147" |

**Manual or Semi-Automatic Variables for Each Process**

| | | Actual Values | Range Qualified |
|---|---|---|---|
| **Backing** | | F6- Without | F6-With/Without |
| **ASME P-No. To  P- No.** | | P1 to P1 | P1 to P15E |
| Plate  [X] Pipe (enter diameter, if pipe) | | 1/2" | 1/2" NPS Minimum |
| | Root/Fill | 5.18 | 5.18 |
| **Filler Metal Specification (SFA) Classification** | | - | - |
| | Root/Fill | 6 | 6 |
| **Filler Metal Group No.** | | - | - |
| **Filler Metal Product Form** | | Solid Rod | Solid Rod |
| **Consumable Insert for GTAW or PAW** | | None | None |
| | F  6 | 0.147" | 0.294" Maximum |
| **Weld Deposit Thickness** | | - | - |
| **Welding Position** | | 6G (Three Coupon)* | All |
| **Maximum Deposition Rate** | | N/A | |
| **Welding Progression (Uphill/ Downhill)** | | Uphill | Uphill |
| **Backing Gas for GTAW, PAW, GMAW or FCAW/G** | | None | With/ Without Argon |
| **GMAW Transfer Mode** | | N/A | N/A |
| **FCAW/ GTAW Welding Current Type/ Polarity** | | DC/ EN | DC/EN |

**\*Remarks:** * Total weld length: 7.91"

## Guide Bend Test Results

| - **Side** | [X] **Trans. Root (R) & Face (F)** | **Long. Root & Face** | **Results** |
|---|---|---|---|
| - | T-052918-49-R1-Figure QW-462.3 (a) | | Acceptable |
| - | T-052918-49-R2-Figure QW-462.3 (a) | | Acceptable |
| - | T-052918-49-F1-Figure QW-462.3 (a) | | Acceptable |
| | T-052918-49-F2-Figure QW-462.3 (a) | | Acceptable |

**Radiographic Test Results:** None

**Visual Examination Results:** **Face:** Acceptable   **Root:** Acceptable

**Welding Test Conducted By:** Guillermo Castro, LIII

**Mechanical  Tests Conducted By:** Acuren Inspection Services   **Laboratory Test No.** PAUT033021-JR2

We certify that the statements in this record are correct and that the test coupons were prepared, welded, tested in accordance with the requirements of ASME Section IX/2013

**Organization:** Petro Industrial Solutions, LLC

**By:** _Adrian Melendez Jr., PM_   Exhibit J   **Date:** 04/01/2021

VITOL-000062

PIS000190

# Welder Performance Qualification Record (WPQ)

| | | | | |
|---|---|---|---|---|
| **Welder's Name** | Richael Philips | | **ID. #** 4799 | **Stamp #** RP (51) |
| **WPS No.** | | PISL-GTAW-SS | | |
| **Welding Process(es)** | Gas Tungsten Arc Welding (GTAW) | | **Type** Manual | |
| **Base Material(s)** | SA-106 Gr. B | **To** SA-106 Gr. B | **Thickness** 0.147" | |

**Manual or Semi-Automatic Variables for Each Process**

| | Actual Values | Range Qualified |
|---|---|---|
| **Backing** | F6- Without | F6-With/Without |
| ASME P-No. To  P- No. | P1 to P1 | P1 to P15E |
| ☐ Plate  ☒ Pipe (enter diameter, if pipe) | 1/2" | 1/2" NPS Minimum |
| Root/Fill | 5.18 | 5.18 |
| Filler Metal Specification (SFA) Classification | - | - |
| Root/Fill | 6 | 6 |
| Filler Metal Group No. | - | - |
| Filler Metal Product Form | Solid Rod | Solid Rod |
| Consumable Insert for GTAW or PAW | None | None |
| F  6 | 0.147" | 0.294" Maximum |
| Weld Deposit Thickness | - | - |
| Welding Position | 6G (Three Coupon)* | All |
| **Maximum Deposition Rate** | N/A | |
| Welding Progression (Uphill/ Downhill) | Uphill | Uphill |
| Backing Gas for GTAW, PAW, GMAW or FCAW/G | None | With/ Without Argon |
| GMAW Transfer Mode | N/A | N/A |
| FCAW/ GTAW Welding Current Type/ Polarity | DC/ EN | DC/EN |

**\*Remarks:** * Total weld length: 7.91"

## Guide Bend Test Results

| ☐ Side | ☒ Trans. Root (R) & Face (F) | ☐ Long. Root & Face | Results |
|---|---|---|---|
| - | T-082118-51-R1-Figure QW-462.3 (a) | | Acceptable |
| - | T-082118-51-R2-Figure QW-462.3 (a) | | Acceptable |
| - | T-082118-51-F1-Figure QW-462.3 (a) | | Acceptable |
| | T-082118-51-F2-Figure QW-462.3 (a) | | Acceptable |

**Radiographic Test Results:** None

**Visual Examination Results:** **Face:** Acceptable  **Root:** Acceptable

**Welding Test Conducted By:** Guillermo Castro, LIII

**Mechanical Tests Conducted By:** Acuren Inspection Services   **Laboratory Test No.** PAUT031721-RP

We certify that the statements in this record are correct and that the test coupons were prepared, welded, tested in accordance with the requirements of ASME Section IX/2013

**Organization:** Petro Industrial Solutions, LLC

**By:** _____   **Date:** 3/22/2021

Adrian Melendez Jr., PM   **Exhibit J**

**VITOL-000063**

**PIS000191**