IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

---

PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),

                PLAINTIFF,

    V.

ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), VITOL HOLDING, CO., VITOL VI AND ANDREW CANNING,

                DEFENDANTS.

CASE NO. 1:21-CV-00312

---

OPTIS EUROPE LIMITED'S SUPPLEMENTAL RESPONSES
TO INTERROGATORY NOS. 2, 3 AND 20

Now comes OPTIS Europe Limited and in accordance with the Court's order (Doc. No. 213) supplements its responses to Plaintiff's Interrogatory Nos. 2, 3 and 20, as follows:

2.      Please identify all your owners, members, executive officers, directors, board members, the date and place of your formation, and describe the nature of business you conduct.

**ORIGINAL RESPONSE:**

        Defendant objects to this request as it is not relevant to the claim or defense of any party and is therefore beyond the scope of discovery. Further, it is not proportionate to the requirements of this case.

**SUPPLEMENTAL RESPONSE:**

      OPTIS is jointly owned and managed by Andrew Canning and Jeff Regans, who

EXHIBIT
**11**

are the sole directors, executive officers, board members, owners, and members of the company. The Company was incorporated on January 17, 2000 with a registered office in England and Wales at the time of formation. The company's present address is Europarc Innovation Centre, Innovation Way, Europarc, Grimsby, North East Lincolnshire DN37 9TT. The company offers engineering and project management services and consulting in the oil and gas industries.

3.      Please describe in detail all relationships that exist or existed between you and Co-Defendant Andrew Canning, including the terms and conditions of his employment/agency/contract/agreement with you, the date he was hired/retained, each position he held, and what his assigned job duties were in each position he held, identify all persons he reported to in each position he held with you, and the date and reason for his separation or termination, if applicable.

**ORIGINAL RESPONSE:**

Andrew Canning, employee, job title: Technical Director, 2000 to present.

a.      Assignment 2005 - 2006 Centrica Storage, Dimlington Road, Dimlington, Hull. NE Yorkshire. Maintenance Coordinator. Supervisor Tariq Mirza. Reason for leaving; work scope completion through maintenance backlog reduction.

b.      Assignment 2006 - 2007 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Catastrophic failure investigation team engineer (mechanical). Supervisor Don Reid. Reason for leaving: completion of work scope through clear definition of failure mechanisms with implementation of facility, and national corrective measures through the issuance of safety notices under the UK Health and Safety Executive.

c.      Assignment 2007 - 2008 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Rotating Machinery. Reliability and Integrity Engineer. Supervisor: Tariq Mirza. Reason for leaving: Progression of work scope into facility lifecycle extension program.

d.      Assignment 2008 -2009 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Gas Storage Facility Lifecyle Extension Engineer. Supervisor: Don Reid. Reason for leaving: clear definition of lifecycle degradation mechanisms for a facility operating beyond design life and the identification of mitigating measure options.

e.      Assignment 2009 -2010 Centrica Storage, Unit One, St Augustine's Park, Hedon, Hull. Maintenance Manager. Supervisor: Mike Benson. Reason for leaving: Transition to a full time Centrica company replacement.

f.      Assignment 2010 - 2011 Centrica Energy, Centrica House, Staines, Middlesex. Condition and Integrity Assessment Engineer. Supervisor: Glenn Sibbick. Reason for leaving: completion of equipment remnant life assessments and completion of preparations for depleted gas well site facilities for future storage utilization.

g.      Assignment 2011-2012 Leni Oil & Gas. Compania Petrolifera de Sedano S.L., No35 la Planta, Madrid 28002. Spain. Operations & Maintenance Engineer. Supervisor: Garry Stoker. Reason for leaving: Completion of equipment integrity assessments and operational risk assessments for the facilities and operation.

h.      Assignment 2012 & 2014 Baker Hughes Inc. Middle East - UAE /Kuwait. Operation & Maintenance Engineer. Supervisor Charles Goedhals. Reason for leaving: Delivery of advance integrated digital field technology solutions to West Kuwait oil field operations.

i.      Assignment 2014 - 2015. Tullow Ghana Limited Plot No. 71 Off George Walker Bush Highway, North Dzorwulu Accra, Ghana. Operations & Maintenance Engineer. Supervisor: Peter O'Toole. Reason for leaving: Delivery of maintenance program and population of the CMMS for two FPSO's

j.      Assignment 2016 - September 2016. Caracal Energy Chad Africa, communications through Upstream Advisors, Bowman House, 29 Wilson Street, London EC2M 2SJ. Maintenance and Operations Engineer. Supervisor Hiren Sanghrajka. Reason for leaving: Completion of operations support including operating procedures & maintenance program.

k.      Assignment September 2016 - 2022. WAPA Propane plant. Engineering Consultant. From September 2016 until December 1, 2020, provided consulting services to the IPOS General Manager. During that same period, he reported directly to Vitol Virgin Islands Corp. on the delivery of capital expenditure and asset improvement activities (projects). Commencing December 1, 2020,

Canning reported to Vitol Virgin Islands Corp. for maintenance, repair, and project activities; however, he continued to provide advice directly to IPOS on safety and integrity issues and provided technical support as needed.

**SUPPLEMENTAL RESPONSE:**

Canning draws a salary of $10,000 per year and is a full-time employee of OPTIS. He is not supervised by anyone at OPTIS. He is an employee at-will and receives 25 days of vacation per year.

20.    Please identify fully all facts which support your Affirmative Defense 'C' that, "Canning's actions and his communications with the other defendants in this matter were privileged and or legally justified such that plaintiff has no cause of action against Canning or against OPTIS." Identify the "privileged and or legally justified" actions and communications to which you refer, explain how and why these actions and communications were privileged and/or legally justified, identify all persons with knowledge and provide all relevant dates.

**ORIGINAL RESPONSE:**

Defendant objects to this contention interrogatory as premature, as a party may not be compelled to respond to such contention interrogatories at the early stages of discovery, *see, e.g., Wood for use & benefit of Johnson v. Northwest Airlines, Inc.*, No. 209CV02317BBDDKV, 2010 WL 11598163, at *4 (W.D. Tenn. Mar. 16, 2010) *B. Braun Medical, Inc. v. Abbot Laboratories*, 155 F.R.D. 525, (E.D. Pa. 1994), and as written discovery is ongoing, and depositions have not yet been taken. Defendant objects to the demand to identify "all facts" and "all persons with knowledge" and "all relevant dates." *See, e.g., Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) ("[W]hile contention interrogatories are a perfectly acceptable form of discovery, Defendants' requests, insofar as they seek every fact, every piece of evidence, every witness, and every application of law to fact . . . are overly broad and unduly burdensome.") (citations omitted)).

Subject to and without waiving these objections, OPTIS understands that as a consultant it has a qualified privileged to communicate observations and concerns to the party employing it and that party's agents, employees and contractors without being subject to a claim for defamation.

4

## SUPPLEMENTAL RESPONSE:

At the time of the making of the defamatory statements alleged in the first amended complaint, Andrew Canning, on behalf of OPTIS, provided engineering consulting services to Island Project and Operating Services ("IPOS"). OPTIS was retained because of its experience engineering and project management in the oil and gas engineering field. IPOS was charged with operating the LPG plants located at or near the WAPA power plants on St. Thomas and St. Croix. The LPG plants handle liquified petroleum gas, a highly flammable and explosive product. A primary component of the work provided by OPTIS to IPOS was to review work and operations at the LPG plants, including work performed by plaintiff, to ensure that the work was done in compliance with engineering and safety standards so that the plants would not present an unacceptable hazard to WAPA and its employees and the communities and businesses near the plants that could be impacted by an LPG explosion. OPTIS, through Canning, was tasked with informing IPOS of any unsafe work conditions or unsafe maintenance, construction or repair practices that could create a hazardous risk at the LPG plants. The questions regarding (1) the quality of Petro's welding and (2) its qualifications to properly and safely weld piping and other fittings directly related to an important interest of IPOS; third parties living or working in the vicinity of the LPG plants; and the general public who are reliant on WAPA as a source of power. Canning/OPTIS had a contractual duty to report Canning's concerns to IPOS. Further, IPOS was an entity to whom the publication of such information was otherwise within the generally accepted standards of decent conduct. Consequently, Canning/Optis had a privilege to publish Canning's concerns to IPOS and such privilege is a defense to the plaintiff's claim of defamation.

I declare, under the penalty of perjury, that the foregoing response is true and accurate.

_____
Andrew Canning o/b/o OPTIS Europe, Ltd.

5