# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),

    Plaintiff,

vs.

ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), VITOL HOLDING, CO., VITOL VI and ANDREW CANNING,

    Defendants.

CASE NO. 1:21-CV-00312

**BREACH OF CONTRACT**

<u>JURY TRIAL DEMANDED</u>

## PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VIRGIN ISLANDS CORP.'S FIRST SET OF INTERROGATORIES

**COMES NOW** Plaintiff, PETRO INDUSTRIAL SOLUTIONS, LLC, and responds to Defendant VITOL VIRGIN ISLANDS CORP.'s First Set of Interrogatories as follows:

**INTERROGATORIES:**

1. In Paragraph 79 of the Complaint, You state that "VITOL Defendants, and Andrew Canning violated the discrimination statutes of the U.S. Virgin Islands." With respect to that allegation, identify:

   a. Each statement, communication, incident, event, act, decision, or other conduct that serves as the basis for that allegation; and

   b. All persons that You believe have knowledge concerning this allegation.

   **Response:**

   On April 15, 2021, we emailed WAPA, Vitol, and IPOS (including Andrew Canning) a second time our WPS and our WPQ. Also in the emails, Andrew Canning acknowledged in his words "given the sensitivity on my direct communication with

**LEE J. ROHN AND ASSOCIATES, LLC**
1108 King St, Ste 3
Christiansted, VI 00820
Tel: 340.778.8855
Fax: 340.773.2954
lee@rohnlaw.com



**PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312**
**PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES**
**Page 2**

Petro", meaning he did not want to speak to me directly. Merlin Figueira, David Smith, Chad Persaud has knowledge of this. He is indirectly putting himself above us, making us inferior by stating he cannot directly communicate with us. Also, David Smith and Merlin Figueira had already cautioned Andrew Canning about his racist demeanor therefore, this email about direct communication was sent by Andrew Canning.

February 2021, Andrew Canning fell through a platform and falsely blamed us for substandard work. Merlin Figueira, David Smith, and Chad Persaud has knowledge of this.

January 2021 for the RIO Shades Project, Andrew Canning and another engineer named David Nagle, were supposed to run a job that we provided manpower for. It turned out that they were purposely delaying my guys from doing work and in turn blamed us for the delays. Also, Andrew Canning blamed my crew of forging the gate logs by writing down earlier times than when they came in. We explained that our crew mistakenly put the incorrect time. Chad Persaud had also called Andrew Canning to tell him that the crew would be running late due to an emergency in another facility. On our time sheets that Andrew Canning signed for this project he again corrected the time and signed the timesheet. But again, Andrew Canning went ahead and falsely accused Petro of forging and lying, then had that crew permanently removed from the facility. Merlin Figueira, David Smith, and Chad Persaud has knowledge of this.

Besides the above incidents, Andrew Canning stated that he cannot work with the subject crew because he could not understand their English. This was the same

**PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312**
**PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES**
Page 3

crew that had been working on-site for the past three years and had successfully completed numerous jobs.

In September 2020, Merlin, the IPOS general Manager and his crew were tired of Andrew Canning. Andrew Canning is mostly involved in every project between IPOS and Petro, but this time IPOS wanted to work directly with us. We successfully completed two major projects of inspecting a propane vessel and critical well tie-in to an existing propane line. This enraged Andrew Canning and he began taking retaliatory actions because he did not want us working with IPOS as they realize we were professional and easy to work with and he was trying to get rid of us.

In June 2020, a project called 1 inch vent line, was out for bid by Andrew Canning and David Nagle. Petro was not given an opportunity to bid on it. We had given Andrew a budgetary estimate in late 2019 for the same project. Our estimate was a high-level assumption of hell to demo, construct, that would not have the facility down for too many days. When we asked about the job, we were told by Andrew Canning that it was too late for us to submit our bid. We convinced the general manager, Merlin, and finally the bid package was given to us. We submitted our bid which was a competitive amount in Andrew Canning's words, but he then in-turn falsely accused us of stealing viable information from our supplier Traeger brothers, which was not the case. We explained ourselves to Merlin, David Smith, and Andrew Canning that Traeger had given us the pricing on a bill of material that they had already submitted because of the short deadline. Andrew Canning acknowledged and, as usual, put us on a pedestal in

**PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312**
**PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES**
Page 4

front of everybody else, but never apologized. I believe Merlin Figueira, David Smith, Chad Persaud has knowledge of this.

In August of 2018, Andrew Canning accused Petro again of falsifying the gate entry log. IPOS has a gate attendant and observes everybody that walks in and out of their facility. The attendant has a logbook that everyone has to sign in and sign out with the time and their signature next to it. Andrew Canning always played these gotcha games and accused Petro of falsifying these logbooks and said that he was going to report us to the authorities because we were criminals. I believe David Smith and Chad Persaud has knowledge of this.

Because of the demeanor and attitude of Andrew Canning toward my Hispanic/West Indian crew and myself, it was clear that his intentional actions occurred as a result of discrimination as to our race, color and national origins.

2. In Paragraph 85 of the Complaint, You state that "VITOL Defendants and Andrew Canning defamed Plaintiff to IPOS and others as to forging documents, causing incidents, doing shabby work, all of which are not true." With respect to that allegation, identify:
    a. Each defamatory statement You claim was made by Andrew Canning, including without limitation the specific content of the alleged statement, when it was made, whether it was made orally and/or in writing, and each person who allegedly heard or received the statement;

**PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312**
**PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES**
Page 5

    b. Each defamatory statement, if any, that You claim was made by anyone other than Andrew Canning, including without limitation the speaker or author of the alleged statement, the specific content of the alleged statement, when it was made, whether it was made orally and/or in writing, and each person who allegedly heard or received the statement; and

    c. All persons that You believe have knowledge concerning this allegation.

**Response:**

See response to Interrogatory 1.

3. In Paragraph 82 of the Complaint, You state that "VITOL Defendants, and Andrew Canning, tortiously interfered with Plaintiff's contract with IPOS." With respect to that allegation, identify:

    a. Each alleged act of Andrew Canning that You claim tortiously interfered with Plaintiff's contract with IPOS;

    b. Each alleged act, if any, of anyone other than Andrew Canning that You claim tortiously interfered with Plaintiff's contract with IPOS; and

    c. All persons that You believe have knowledge concerning this allegation.

**Response:**

See response to Interrogatory 1.

June 22, 2021, representative of Traeger, Dave Tilman, came for a site visit and informed us that they were missing critical information needed for them to move forward on various projects that has been delayed for months and even years. Andrew Canning

**PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312**
**PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES**
Page 6

was the one that was not giving the needed information, but blamed it on us. Andrew Canning was furious that we went over his head and went directly to IPOS for the information. Merlin, the previous general manager, set a meeting a week later to discuss with us how we can move forward without involving Andrew.

April 2019, my father, Adrian Melendez, Sr., who had been working for VITOL as a consultant Quality Control since 2013. He has over 35 years of experience as a quality control manager and a third-party certified welding inspector. David Smith, general manager for IPOS, didn't know the mechanical side of the facility and relied on Andrew to explain. After the hurricane in 2019, Andrew Canning accused my dad of fraudulently receiving per diem while living in an IPOS company home. This was a minor technicality that my dad was not aware of; however, Andrew Canning made such an issue out of it that my dad was terminated. Andrew Canning could not have my dad working there as a minority who was an equal to him and who knew more than him.

Aside from the above incidents, Andrew Canning stated that he could not work with our welding crew because he could not understand their English. This was the same crew that had been working for IPOS and Vitol for the last three years and had successfully completed numerous jobs.

Ultimately, everything that has been stated was a direct interference by Andrew Canning which made Petro seem incompetent in the eyes of Vitol and IPOS, in-turn losing our Maintenance Contract. Andrew Canning tormented our daily work and in most occasions, Petro complained to Merlin/David Smith (General Managers and direct supervisors) about Andrew Canning's demeaning and racist demeanor.

**PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312**
**PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES**
**Page 7**

4. With respect to Your claim for "loss of reputation" (*see, e.g.*, Complaint at ¶ 74), identify every person whom You contend has a more negative view of Your reputation as a result of any of the purportedly unlawful conduct alleged in Your Complaint.

**Response:**

Merlin Figueira, IPOS

David Smith, IPOS

Tim Kologinczak, Vitol

Sebastian Morretti, Vitol

Charlotte Pratt Horowitz, Vitol

Matthias Clarke, WAPA

Cyril Moses, WAPA

5. With respect to any claim by You for lost profits or lost business opportunities (*see, e.g.*, Complaint at ¶ 74), identify every contract, project, or opportunity that You claim You lost as a result of any of the purportedly unlawful conduct alleged in Your Complaint.

**Response:**

The termination of the maintenance contract with IPOS is loss of profits and business opportunities, as well as non-payment of past due invoices to IPOS.

**PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312**
**PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES**
**Page 8**

                        RESPECTFULLY SUBMITTED

                        LEE J. ROHN AND ASSOCIATES, LLC
                        Attorneys for Plaintiff

DATED: March 11, 2022        BY:   /s/ *Lee J. Rohn*
                                            Lee J. Rohn, Esq.
                                            VI Bar No. 52
                                            1108 King Street, Suite 3 (mailing)
                                            56 King Street, Third Floor (physical)
                                            Christiansted, St. Croix
                                            U.S. Virgin Islands 00820
                                            Telephone: (340) 778-8855
                                            lee@rohnlaw.com

PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312
PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES
Page 9

## CERTIFICATION

I, _Adrian Melendez_, pursuant to 28 U.S.C. § 1746 declare under penalty of perjury that the foregoing responses to Interrogatories are true and correct.

DATED: 3/10/22

BY: _____
Petro Industrial Solutions, LLC

PETRO INDUSTRIAL SOLUTIONS, LLC V. IPOS, ET. AL., CASE NO. 1:21-CV-00312
PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VI CORP.'S FIRST SET OF INTERROGATORIES
Page 10

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on March 11, 2022, I caused a true and correct copy of **PLAINTIFF PETRO INDUSTRIAL SOLUTIONS, LLC'S RESPONSE TO VITOL VIRGIN ISLANDS CORP.'S FIRST SET OF INTERROGATORIES** to be served via electronic mail upon**:**

Alex Kaplan
Susman Godfrey
1000 Louisiana St., Suite 5100
Houston, TX  77002
Email Address: akaplan@susmangodfrey.com
   Attorney For: VITOL Defendants

Carl A. Beckstedt, III, Esq.
Beckstedt & Kuczynski LLP
2162 Church Street
Christiansted, USVI  00820
Email Address: carl@beckstedtlaw.com; tarsha@beckstedtlaw.com;
   Attorney For: VITOL Defendants

Simone Francis, Esquire
Ogletree, Deakins, Nash, Smoak & Stewart, LLC
The Tunick Building, Suite 201
1336 Beltjen Road
St. Thomas, VI  00802
Email Address: simone.francis@ogletreedeakins.com
   Attorney For: Island Project and Operating Services, LLC

Y. Gloria Park
Susman Godfrey LLP
1301 Avenue of the Americas, 32nd Floor
New York, NY  10019
Email Address: gpark@susmangodfrey.com
   Attorney For: VITOL Defendants

BY:   /s/ *Lee J. Rohn*             (raw)