IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),

        PLAINTIFF,

v.

ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,

        DEFENDANTS.

CASE NO. 1:21-CV-00312

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNCONTESTED MATERIAL FACTS**

INTRODUCTION

"A rule not enforced is no rule." - Anonymous.

When the Court repeatedly forgives violations of a local rule, the result is predictable: Litigants will not merely continue to violate the rule, they will push the envelope of what they can get away with even further . Furthermore, adverse litigants are left to wonder whether the Court's refusal to enforce the rule adversely affected their case. Plaintiff's Response to the Defendants' Statement of Uncontested Material Facts in this case is a perfect example of what happens when a rule is not enforced.

For at least the last 13 years the Court has shown leniency with respect to enforcement of LRCi 56.1(b), the rule that specifies exactly what a party opposing summary judgment must do in responding to a statement of uncontested material facts. Although LRCi 56.1(d) specifies that a party's failure to comply with the rule

1

may result in the facts being deemed admitted, the Court has not enforced the rule in the manner specified in its own rules. This lack of consequences for failing to follow the rule creates the exact scenario described above: flaunting of the rule and pushing the envelope of what can be "gotten away with." Most important, it defeats the purpose of the rule which is to make it easier for the Court to address motions for summary judgment.

The table in the addendum summarizes nine instances over the past 13 years where this Court found that a litigant failed to follow LRCi 56.1(b) but did not impose any significant consequence—and, in particular, did not impose the consequence that is specifically laid out in the Local Rule:

> Failure to respond to a movant's statement of material facts, . . . as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.

Presently pending before the Court is yet another example of a statement of uncontested material facts that utterly fails to comply with LRCi 56.1(b). Indeed, this response appears to push the envelope in a manner that undersigned counsel has not found in any of the cases on the issue: It incorporates multiple responses in other responses—and even incorporates responses in a circular fashion. For example, the seven-page response to SUMF No. 19 incorporates the responses to Nos. 6, 18 and 36. But the response to No. 36 incorporates the response to No. 33, which . . . incorporates the seven-page response to No. 19 (as well as No. 20 – but No. 20 *also* incorporates No.19). Thus, to fully evaluate plaintiff's response to No. 19, the Court must also evaluate Nos. 6, 18, 36, 33, and 20. Fourteen other responses incorporate the seven-

page response to No. 19.[1]

Andrew Canning and OPTIS Europe, Ltd. (collectively "Defendants") move to strike Plaintiff's Response to the Statement of Uncontested Material Facts (Dkt. No. 305) for violation of LRCi 56.1(b).

## LAW

LRCi 56.1(b) mandates that the party adverse to a motion for summary judgment "address the facts upon which the movant has relied . . . either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) *demonstrating that the fact is disputed*." LRCi 56.1(b) (emphasis added). The rule further requires the respondent to, "affix to the response copies of, and cite to, the precise portions of the record relied upon as evidence of each disputed material fact," and allows the respondent to, "file *a concise statement of any additional facts, serially numbered*, that the respondent contends are material to the motion for summary judgment." LRCi 56.1(b) (emphasis added).

The rule clearly contemplates no further explanation once a fact is admitted (whether for summary judgment purposes or otherwise). When a fact is disputed, the rule only allows serially numbered concise statements "demonstrating" the facts that are in dispute. When a movant fails to respond, or in this case, responds in a manner that is non-responsive, the Court is empowered to find the asserted facts are not in dispute for purposes of summary judgment. LRCi 56.1(d). The Third Circuit has

---

[1] Nos. 4, 8, 20–22, 24, 26–32 all incorporate No. 19 (which means that they also incorporate the five responses (nos. 6, 18, 36, 33 and 20) that are incorporated in No. 19).

3

expressly recognized that a district court "may consider undisputed any fact not *properly addressed* by the party opposing it." *Ullrich v. U.S. Sec'y of Veterans Affs.*, 457 F. App'x 132, 137 (3d Cir. 2012) (emphasis added).

The purpose of the separate statement of facts and the response to same is to allow the Court to quickly determine which facts are truly in dispute.

> Requiring strict compliance with the local rule is justified both by the nature of summary judgment and by the rule's purposes. The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement. The opponent then has the opportunity to respond by filing a counter-statement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record.

*Gardels v. Cent. Intelligence Agency*, 637 F.2d 770, 773 (D.C. Cir. 1980).

Rules such as LRCi 56.1(b) are "anti-ferret" rules intended to "prevent litigants from shifting [the] burden [of finding facts in support of or against summary judgment] onto the court." *Lopez-Hernandez v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26 (1st Cir. 2023). "[A] district court judge should not be obliged to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make his own analysis and determination of what may, or may not, be a genuine issue of material disputed fact." *Twist v. Meese*, 854 F.2d 1421, 1425 (D.C. Cir. 1988). "Judges are not like pigs, hunting for truffles buried in briefs." *DeShields v. Int'l Resort Properties Ltd.*, 463 F. App'x 117, 120 (3d Cir. 2012) (cleaned up) (affirming grant of summary judgment). The Third Circuit recognizes that local rules "'play a vital role in the district courts' efforts to

4

manage themselves and their dockets. They facilitate the implementation of court policy, both by setting norms and putting the local bar on notice of their existence, and serve to impose uniformity on practice within a district.'" *Greene v. Virgin Islands Water & Power Auth.*, 557 F. App'x 189, 200 (3d Cir. 2014) (quoting *Knoll v. City of Allentown*, 707 F.3d 406, 411 (3d Cir.2013) (citations and internal quotation marks in *Knoll* omitted by the *Greene* court).

As the court in *Twist* further explained, it is counsel's *duty* to identify the pertinent parts of the record for the district court to consider. *Id.* "When counsel fails to discharge this vital function, he may not be heard to complain that the district court has abused its discretion by failing to compensate for counsel's inadequate effort." *Id. See also Marino v. Cross Country Bank*, No. CIV 07-426, 2009 WL 2232519, at *6 (D. Del. July 24, 2009) (finding a violation of Fed. R. Civ. P. 56(e) and affirming that it "is not the obligation of the court to ferret out factual information . . .").

Although district courts enjoy broad discretion when interpreting their local rules (*Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 613 (3d Cir. 2018)) adherence to the rules relating to responding to a statement of uncontested material facts is important to the efficient resolution of summary judgment motions. Consequently, strict adherence to the Court's requirements for responding to a statement of uncontested material facts is appropriate. *See Mariani-Colon v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007) (warning that because of the important purpose" of a local rule similar to LRCi 26.1(b), "this Court has repeatedly upheld its enforcement, stating that litigants ignore it 'at their peril.'" (quoting *Cabán Hernández*,

486 F.3d at 7)). *See also Gardels*, 647 F.2d at 773; *REVZIP, LLC v. McDonnell*, No. 3:19-CV-191, 2023 WL 3260662, at *12 (W.D. Pa. May 4, 2023) (citing *Rozier v. United Metal Fabricators, Inc.*, No. 3:09-257, 2012 WL 170197, at *2 (W.D. Pa. Jan. 19, 2012)). Violations of such local rules also burden appellate courts. *See, e.g.*, *Lopez-Hernandez*, 64 F.4th at 26 (noting that "[v]iolations of this local rule are astoundingly common and constitute an unnecessary burden to the trial court's docket and time, *and frequently make their way before us for review*") (emphasis added).

## ANALYSIS

Like the response in *Galloway v. Islands Mech. Contractor, Inc.*, Case No. 1:08-cv-0071, 2012 WL 3984891, at *1, n.1 (D.V.I. Sept. 11, 2012), Petro's response is non-responsive, argumentative, and avoids the twenty-page limit of LRCi 7.1 by following the admissions of numerous facts with arguments that properly belong in its Opposition to Motion for Summary Judgment (Doc. No. 304). Petro's responses also incorporate other defects that have previously been criticized by this Court. For example, Petro incorporates in its response statements that "would have been appropriately asserted in his own concise statement of facts." *Todd v. Blake*, No. 3:17-CV-0012, 2023 WL 2665757, at *9 (D.V.I. Mar. 28, 2023). But, pushing the envelope even further, Petro's responses also incorporate other responses and, as noted in the Introduction, in some cases, like a snake swallowing its tail, the incorporation of other responses is circular.

I. **PETRO'S RESPONSES THAT ARE ADMITTED, BUT WITH ARGUMENT IMPROPERLY ADDED.**

Argument belongs in the opposition to the motion for summary judgment, not in the Response to the SUMF. *See, e.g., Bass v. Fed. Express Corp.*, No. CV 2014-0060, 2016 WL 3892394, at *6 (D.V.I. July 13, 2016) (observing that the "substance, style and length" of the plaintiff's responses "clearly demonstrate that they are being 'improperly used by Plaintiff to argue [his] case-in-chief.'" (quoting *Moore v. U.S. Virgin Islands Dept. of Tourism*, Case No. 1:14-cv-0081, Dkt. No. 61 at 7 (June 10, 2016)). This is particularly true when it comes to admissions—if the party opposing summary judgment admits a statement of uncontested material fact, then there is no further text or embellishment needed (or appropriate). To the extent a party wishes to assert additional facts (and then *argue* them *in the opposition to the motion*), LRCi 56.1(b) plainly states that the procedure for adding facts is to "file a concise statement of any additional facts . . . ."[2]

Out of the 53 statements of uncontested material facts, Petro properly admitted without argument only three: 9, 10 and 13. The remaining "admissions" are analyzed in the table below:

---

[2] Petro opted not to file a separate statement of additional facts. There is an obvious strategic advantage to Petro in doing so—as LRCi authorizes the filing of a statement of uncontested material facts and a response to same; and a counterstatement of uncontested material fact and a response to same. It does not authorize filing a "reply." Thus, by burying dozens of "facts" that are not responsive to the Defendants' SUMF, Petro effectively denies Defendants the opportunity to respond to them.

| Responses Admitted, but with argument added ||
|---|---|
| Resp. No. | Comment |
| 2 | Admits, but adds an exhibit (despite the fact being uncontested); editorializes as to the nature of the contract; and adds argument about the nature of IPOS's relationship to VITOL when that is not the subject of the SUMF. |
| 5 | Admits, but adds an exhibit (despite the fact being uncontested); then over a half-page, "denies" a series of "facts" that are not contained in the SUMF and adds two additional exhibits. Also incorporates Petro's 2-1/4 page response to SUMF No. 4, which in turn incorporates Responses 19 (7 pages),[3] 6 (3 pages) and 12 (3/4 page).[4] |
| 7 | Admits, but adds argumentative facts and incorporates SUMF No. 4 (which incorporates Responses to Nos. 19,[5] 6 and 12[6]) and No. 6 (which is already incorporated in No. 4) |
| 11 | Admits, but adds argument and an exhibit (despite the fact being uncontested) and then adds a statement regarding the Exhibit that is not supported by the Exhibit. |

---

[3] Response 19 in turn incorporates 18 (1-1/2 pages) and 36 (1 page) (in addition to No. 6, which is already incorporated via the incorporation of No. 4).

[4] Response 12 in turn incorporates Response 10 (an admission without commentary).

[5] See footnote 3.

[6] Response 12 in turn incorporates Response 10 (an admission without commentary).

8

| | **Responses Admitted, but with argument added** |
|---|---|
| 22 | Admits, but adds argument and an exhibit (despite the fact being uncontested) and then incorporates its Response to No. 19.[7] |
| 23 | Admits, but adds argument and then incorporates its Response to No. 20.[8] |
| 27 | Admits, but adds argument and an exhibit (despite the fact being uncontested) and then incorporates its Responses to No. 19[9] and 26.[10] |
| 35 | Admits, but adds argument and two exhibits (despite the fact being uncontested). |
| 37 | Admits, but adds argument. |
| 38 | Admits, but adds argument and an exhibit (despite the fact being uncontested). |
| 40 | Admits, but adds argument. |
| 45 | Admits, but adds argument and two exhibits (despite the fact being uncontested). |
| 47 | Restates the uncontested material fact and then admits its self-serving modified version. Also incorporates its response to No. 46 |

---

[7] Response 19 in turn incorporates 18 (1-1/2 pages) and 36 (1 page) (in addition to No. 6.

[8] Response No. 20 incorporates Response 19 (which in turn incorporates the responses to Nos. 6, 18 and 36).

[9] See footnote 7.

[10] There is no Response to No. 26 other than a statement incorporating the Response to No. 19. In other words, Petro response to No. 27 incorporates No. 19 twice. As noted, in footnote 8, Response 19 in turn incorporates the responses to Nos. 6, 18 and 36).

| **Responses Admitted, but with argument added** ||
|---|---|
| 48 | Admits, but adds argument and an exhibit (despite the fact being uncontested). |
| 49 | Admits, but adds argument and an exhibit (despite the fact being uncontested). |
| 53 | Admits, but adds argument and three exhibits (despite the fact being uncontested). |

All of the above statements should be deemed admitted and the Court should strike all content after "Admit."

## II. PETRO'S RESPONSES THAT ARE DENIED BUT NOT PROPERLY SUPPORTED AND WITH IMPROPER ARGUMENT ADDED.

Although Plaintiff denies many of the statements of uncontested material fact, the explanations following the denials do not properly support the denials. Consequently, Plaintiff fails to demonstrate that the fact is contested. Furthermore, Plaintiff incorporates responses to other statements in support of its denials without further demonstrating how the incorporated response supports the denial. Additionally, none of the denials can be considered "concise statements."

As noted, LRCi 56.1(b) allows a party opposing summary judgment to deny a statement of uncontested material fact by "demonstrating that the fact is disputed." (emphasis added). In those instances where Plaintiff's response fails to demonstrate that the fact is disputed, the fact should be deemed to be admitted. Similarly, in those instances where Plaintiff fails to provide supporting material facts in the correct format, the fact should be deemed to be admitted. Neither the Court nor opposing

10

counsel should be required to sift through hundreds of pages to determine what is material and in dispute. *See Twist, supra.*

The above arguments apply to Plaintiff's responses to SUMF Nos. 1, 3, 4, 6, 8, 12, 14-21, 24-26, 28-34, 36, 39, 41-44, 46, 50, and 52. It is impossible to address all of the deficiencies in the denials and remain within the page limitations of the local rules. Instead, Defendants will provide examples that demonstrate the problem.

**SUMF 1:** Defendants cited and relied upon, the specific factual allegation of *Petro's* Second Amended Complaint, in which *Petro* alleged that Petro is a legal entity organized under Virgin Islands law (and thus not a natural person). Petro denied this and argued that as an LLC, it "has the same powers as an individual to do all things necessary or convenient to carry on its business or affairs." Whether a limited liability company has such powers does not change the *fact* that Petro is not a natural person. Petro was free to argue, *in the opposition to the motion for summary judgment*, that this language allows a limited liability company to recover under the Virgin Islands discrimination laws, but the argument does not belong in the Response to the SUMF.

**SUMF 3:** Defendants asserted that at all relevant times, VVIC owned the propane facilities. Defendants again relied upon *an allegation in the Second Amended Complaint* for support. Petro's second amended complaint denies the SUMF and cites testimony relating to the 2023 plan to transfer ownership to WAPA "at some point." But the Petro contract was terminated in 2021 and thus changes in ownership after that termination are not "relevant times."

**SUMF 4:** Defendants asserted that OPTIS, through Canning, provided consulting services until October 31, 2020. Among other deficiencies in its 2-1/4 page response,

Petro introduces argument relating to a time that is not encompassed in the SUMF: ". . . from November 2020 onwards . . ." How the relationship may have evolved after October 31, 2020 is not the subject of this SUMF.[11] Petro's argumentative denial is an attempt to circumvent the twenty-page limit of LRCi 7.1. Furthermore, Plaintiff incorporates by reference responses to SUMF Nos. 6, 12,[12] and 19,[13] making it impossible to pinpoint which facts supposedly support the denial. And almost all of the extraneous commentary is argument, not citation to evidence that supports the denial.

An analysis of the remaining denials is summarized in the following table:

| No. | Length in pages (if more than 1/3 of a page) | Analysis |
|---|---|---|
| 8 | 1 | Incorporates No. 19 |
| 12 | 3/4 | Incorporates No. 10 |
| 16 | | No facts identified. Merely incorporates No. 14 by reference. |
| 17 | | No facts identified. Merely incorporates No. 14 by reference. |
| 19 | 7-1/3 | Incorporates Nos. 6, 18 and 36. (7 page response to No. 19!) |
| 20 | | Incorporates No. 19 |
| 21 | | Incorporates Nos. 19 and 20 (which incorporates No.. 19) |
| 24 | | Fails to deny the actual statement. Instead, denies "the implication" that Petro reads into the statement. Incorporates No. 19. |

---

[11] Defendants cover the period after October 31, 2020 in SUMF No. 5, which Petro admitted but then added argument unrelated to SUMF No. 5.

[12] Response No. 12 in turn incorporates the Response to No. 10.

[13] Response No. 19 in turn incorporates the Responses to No.s 18, 36 and 6 (and the Response to No. 6 was already incorporated as part of the Response to No. 4).

| 25 |  | No support for denial other than to claim it is hearsay. (It's a hearsay exception, goes to Andrew's state of mind.) |
|---|---|---|
| 26 |  | Although couched as a denial, the response is actually an admission. Relies solely upon response to No. 19. |
| 28 |  | Does not deny; merely argues the statement is not relevant. Incorporates No. 19. |
| 29 | 2/3 | The SUMF describes Cannings' motivation – the number of defects in the welds – for looking at the welding certifications. Petro's response does not challenge the motivation and simply argues that different companies have differing opinions as to what is an acceptable level of defects. Incorporates No. 19. |
| 30 | 1/2 | The SUMF quotes Canning's explanation about his concerns about the welds. The response does not challenge that Canning had these concerns. It merely argues that neither IPOS nor VITOL had complained about Petro's work quality. |
| 31 |  | The response is argumentative (accusing Canning of fabricating issues about the welding certificates and does not address the thrust of the SUMF, which is that Canning informed IPOS of his concerns, which stated it would investigate the matter. Incorporates No. 19. |
| 32 |  | There is no response other than a citation to two exhibits that do not contradict or undermine the SUMF. Also incorporates No. 19 without explanation. |

13

| 33 | 1/2 | The SUMF refers to a request for WQS's made by IPOS on July 22, 2021. Petro responds with argument that it had previously provided the WQS's. Incorporates Nos. 19 and 20. |
|---|---|---|
| 34 | | Fails to deny. The SUMF refers to a specific email request on July 22, 2021 that Canning was not copied on (to help show that IPOS was independently investigating the issue after Canning raised it on Jul 20, 2021). Petro's response refers to an April email and the email Canning sent on July 20, 2021 that initiated IPOS's independent investigation. |
| 36 | 1 | This SUMF simply asks Petro to admit that a request was made to it by IPOS's Global Technical Director. Petro does not deny that simple fact (which is memorialized in an email) but instead argues about the motivation for the sending of the email, which is not at issue in the SUMF. Incorporates Petro's response to No. 33 (which incorporates Nos. 19 and 20 [which incorporates 19]) |
| 39 | | This SUMF asks Petro to admit that IPOS informed Petro of three types of information its Global Technical Director was waiting to receive from Petro. Petro's response does not address two of those three requests and simply argues that with respect to the third request, it had provided the requested information "numerous times." Incorporates Nos. 19, 20 and 35. |

14

| 41 | 1/3 | The first sentence of Petro's response is responsive, albeit unsupported by the document it cites. The remainder of the response is argument. |
|---|---|---|
| 42 | | This SUMF simply asked Petro to admit that IPOS requested alternative information in lieu of the information that Petro had stated it could not provide. Petro's response does not contradict this statement and instead engages in argument. |
| 43 | | This SUMF describes a request for further information and asks Petro to admit that the request was made. Instead of admitting that the request was made, Petro argues that the request "was not a proper request."Incorporates No. 42. |
| 44 | | This SUMF asks Petro to admit that its response to the request for further information was to provide an unsigned letter from Castro. Instead of admitting this, Petro argues what Castro's letter meant. Incorporates No. 19. |
| 46 | | Petro offers no evidence to support its denial of this SUMF. Petro provides the testimony of David Smith to the effect that Smith did not know the information; but that does not contradict or impeach the SUMF. It then adds unsupported statements ("Andreas never sae any of Petro's welds") and makes arguments about how VITOL (which is not even mentioned in the SUMF) was purportedly influenced by Canning's accusations. |

15

| 50 | | This SUMF asserts that Canning was not aware of IPOS's intent to terminate the contract until after it was terminated. Instead of admitting this uncontroverted fact, Petro argues that Canning wanted the contract terminated, which does not controvert the SUMF. |
|---|---|---|
| 51 | | This SUMF is specifically limited to Canning's lack of involvement in discussions/ communications between July 21 and July 28, 2021. Petro cites ¶¶17-18 of David Smith's Declaration (Exh. 6) but those paragraphs in no way respond to the SUMF. |
| 52 | | Petro denies without support and then argues that the SUMF is irrelevant. Incorporates No. 50. |

## Conclusion

If LRCi 56.1 is to have any meaning, it must be enforced. This Court has adopted various strategies to attempt to address the issue but does not appear to have ever employed the strategy that is expressly called for in LRCi 56.1(d): deeming the facts admitted for purposes of summary judgment. The alternative "solutions" employed by the Court have not worked and are prejudicial to the party that complied with the rules.

For example, in *Pollara v. Ocean View Invest. Holding, LLC*, Case No. 1:09-cv-00060, Dkt. No. 324 at 1 (D.V.I. Dec. 6, 2012), the Court stated that it would "consider each party's statement of fact pursuant to applicable rules and standards, as appropriate." The Court took the same approach in *Jerome v. Waters Sports Adventure*

16

*Rentals & Equipment, Inc.*, 2013 WL 692471, at *1 n.3 (D.V.I. Feb. 26, 2013). But without specifying in a memorandum opinion exactly which parts of each statement of fact that the Court considered, the record on appeal is impossible to discern. (And the Court should not have to go to such effort in any event.) Moreover, it deprives the defendant of the opportunity to respond to *additional* facts that a plaintiff has improperly incorporated in the Response.

In *Moore v. U.S. Virgin Islands Dept. of Tourism*, Case No. 1:14-cv-0081, Dkt. No. 61 at 5-8 (D.V.I. June 10, 2016), and again in *Bass v. Fed. Express Corp.*, No. CV 2014-0060, 2016 WL 3892394, at *4 (D.V.I. July 13, 2016), the Court took a different approach and required the Plaintiff to revise its response in accordance with LRCi 56.1(b). But, that is unfair to the moving party as that effectively gives the plaintiff a second bite at the apple and unduly delays the proceedings.

In *Todd v. Blake*, No. 3:17-CV-0012, 2023 WL 2665757, at *9 (D.V.I. Mar. 28, 2023) (Molloy, C.J.), the Court took yet another approach and concluded that because the defendant had not been prejudiced, it would ignore the violation. While a court certainly has discretion to waive compliance with its local rules, the violation in *this* case is not a trifle. The violation has prejudiced Defendants—they cannot meaningfully respond to the opposition to the motion for summary judgment and they have been denied their right to respond to the additional facts that Plaintiff wove into its RSUMF rather than presenting in a separate statement of additional facts (as allowed by LRCi 56.1(b)). It is important to recognize that, as the cases cited in the addendum demonstrate, violation of LRCi 56.1(b) is a recurring problem with the law firm representing Plaintiff. Evidently, a decision has been made that the consequences

imposed (to date) do not outweigh the benefit to the law firm's clients of obfuscating the facts in an effort to avoid summary judgment.

At the end of the day, the result of not enforcing LRCi 56.1(b) through the vehicle authorized by LRCi 56.1(d) is to leave litigants who have followed the rule to wonder whether their opponent prevailed on summary judgment because it got away (once again) with violating the rule. That undermines the judicial system and should not be tolerated. For the foregoing reasons, Defendants submit that Plaintiff's RSUMF should be stricken and the 53 enumerated uncontested material facts in the Defendants' SUMF should be deemed uncontested for purposes of summary judgment.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Andrew Canning and OPTIS Europe, Ltd.

Dated: May 15, 2024

   /s/ Andrew C. Simpson
Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

## CERTIFICATION OF COUNSEL

I certify that in accordance with LRCi 7.1(f), I sought the concurrence from counsel for Plaintiff in this motion but such concurrence was denied.

   /s/ Andrew C. Simpson

18

**ADDENDUM**

| 2011 | *Sewer v. Liat, Ltd.,* Case No. 3:04-cv-76, 2011 WL 635292 at *1, n.2 (D.V.I. Feb. 16, 2011) (Sanchez, J.) | The Court commented on the "difficulty" plaintiff created by filing a non-complaint Response to the Statement of Uncontested Material Facts. |
|---|---|---|
| 2012 | *Galloway v. Islands Mech. Contractor, Inc.,* Case No. 1:08-cv-0071, 2012 WL 3984891, at *1, n.1 (D.V.I. Sept. 11, 2012) (Lewis, C.J.) | The Court noted that the plaintiff's response to the Statement of Uncontested Material Facts violated LRCi 56.1(b) and observed that the practice made "litigation much more cumbersome and serves to obscure, not clarify, the issues." |
| 2012 | *Pollara v. Ocean View Invest. Holding, LLC*, Case No. 1:09-cv-00060, Dkt. No. 324 at 1 (D.V.I. Dec. 6, 2012) (Ambrose, J.) | The Court denied motion to strike improper Response to Statement of Uncontested Material Facts but stated "the Court will consider each party's statement of fact pursuant to applicable rules and standards, as appropriate." |
| 2013 | *Jerome v. Waters Sports Adventure Rentals & Equipment, Inc.*, 2013 WL 692471, at *1 n.3 (D.V.I. Feb. 26, 2013) (Lewis, C.J.) | The Court stated it would not "entertain arguments advanced" in the improper filings. |
| 2013 | *Kantz v. Univ. of the Virgin Islands*, Case No. 1:08-cv-0047, Dkt. No. 109 at 3-7 (Thompson, J.) | The Court required plaintiff to file a response to the statement of uncontested material facts that complied with LRCi (56.1(b). |
| 2013 | *Abney v. Univ. of Virgin Islands*, Case No. 1:08-cv-0116, 2013 WL 12354494, at *2 (D.V.I. Apr. 15, 2013) (Lewis, C.J.) | The Court commented on the violation but took no other action. |
| 2016 | *Moore v. U.S. Virgin Islands Dept. of Tourism*, Case No. 1:14-cv-0081, Dkt. No. 61 at 5-8 (D.V.I. June 10, 2016) (Lewis, C.J.) | The Court required Plaintiff to revise her Response to the SUMF "in accordance with the dictates of Local Rule 56.1(b)". |

| 2016 | *Bass v. Fed. Express Corp.*, No. CV 2014-0060, 2016 WL 3892394, at *4 (D.V.I. July 13, 2016) (Lewis, C.J.) | The Court required plaintiff to file a response to the statement of uncontested material facts that complied with LRCi (56.1(b). |
|------|------|------|
| 2023 | *Todd v. Blake*, No. 3:17-CV-0012, 2023 WL 2665757, at *9 (D.V.I. Mar. 28, 2023) (Molloy, C.J.) | Court denied motion to strike the Response to the Statement of Uncontested Material Facts because the movant would not be prejudiced. |