**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING, OPTIS EUROPE, LTD., VTTI, and VITOL, INC.,<br><br>　　　　　　　Defendants. | CASE NO. 1:21-CV-00312<br><br><br><br>JURY TRIAL DEMANDED |

**OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF UNCONTESTED MATERIAL FACTS AND TO DEEM THE FACTS IN THE STATEMENT OF UNCONTESTED MATERIAL FACTS UNCONTESTED**

Plaintiff, Petro Industrial Solutions, LLC (Petro), through undersigned counsel, opposes Defendants' Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts and to Deem the Facts in The Statement of Uncontested Material Facts as Uncontested (Motion). In filing this Motion and their Reply to Plaintiff's Opposition to Motion for Summary Judgment (ECF No. 308), OPTIS Europe, Ltd. and Andrew Canning (Defendants) transparently attempt to get by default what they are not entitled to on the merits. Defendants' Motion must be denied because Defendants have not shown (1) that Petro violated the rules of civil procedure and (2), most crucially, that any alleged violation warrants the issuance of a remedy as extreme as striking Petro's responses or deeming material facts uncontested.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts
Page 2

## ARGUMENT AND AUTHORITIES

### I. Petro Did Not Violate the Rules of Civil Procedure.

Although Defendants misstate the language of Virgin Islands District Court Rule 56.1, Defendants' Motion is based upon Petro's alleged failure to comply with Local Rule of Civil Procedure 56.1 (b), which provides:

> Documents Filed by Respondent. Any party adverse to a motion filed under this rule may file, in addition to the documents authorized by LRCi 7.1, a response to the movant's statement of material facts about which the movant contends there is no genuine issue. The respondent must address the facts upon which the movant has relied pursuant to subsection (a), using the corresponding serial numbering and either: (i) agree that the fact is undisputed; (ii) agree that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) state that the fact is disputed. If the fact is disputed the respondent shall affix to the response copies of, and cite to, the precise portions of the record relied upon as evidence of each disputed material fact. In addition, the respondent may file a concise statement of any additional facts, serially numbered, that the respondent contends are material to the motion for summary judgment and as to which the respondent contends there exists a genuine issue to be tried.

LRCi 56.1(b)

Defendants state "[wh]en a fact is disputed, the rule only allows serially numbered concise statements demonstrating the facts in dispute." (ECF #310 p. 3)(internal quotation omitted). No citation is provided for this proposition, but it is a misstatement of what the applicable rule says. The rule requires that the respondent address the facts upon which the movant relied. Although the rule provides three potential answers that must correlate to the movant's serial numbering, nowhere does it state that those three answers (along with the citation to the relevant portions of the record) alone must be the

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 3

complete and exclusive contents of the response. Moreover, not only does the rule's language not specifically preclude explanation in the nonmoving party's response, but the rule must be considered in light of the underlying purpose of the procedure the rule regulates and in conjunction with the applicable Federal Rule of Civil Procedure. Local rules must be construed and applied consistent with the Federal Rules of Civil Procedure. *Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev.*, 922 F.2d 168, 174 (3d Cir. 1990). Summary judgment is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. Advisory Committee Notes, Fed. R. Civ. P. 56. A party asserting that a fact is genuinely disputed must support that assertion by *showing* that the materials cited do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(2).

As Defendants suggest, parties admitting or denying with only a citation provides the Court with no true guidance on what is being admitted or denied. At best, this would leave the Court trying to figure it out without the proper context, and at worst, it would lead to misconstruing relevant facts. "Facts" are not contained in a vacuum; even those admitted may require further elucidation.

Defendants provide three examples of responses they claim demonstrate the problem with Petro's responses. (ECF #310, p. 11-12). Defendants take issue with Petro denying their "Statement of Material Facts" (SUMF) that Petro is not a natural person. Contextually, the only reason Defendants raise this as a fact is in support of their frivolous

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 4

argument that Petro cannot sue Defendants for discrimination.[1] Therefore, in its response, Petro provided context for how it believes this fact should be framed and considered by the Court. The real question is whether Petro is considered an individual who can sue and be sued. In arguing that Petro should have included this information in its argument section instead of in SUMF responses, Defendants concede this is a crucial point and area of dispute, and in asking the Court to strike the response and deem the fact undisputed, asks the Court to place form over the function of summary judgment proceedings specifically, and the pursuit of a just determination overall.

Defendants next take issue with Petro's response to SUMF 3 in which Petro denies Defendants' assertion that VVIC owned the propane facilities at all relevant times. Petro's response quotes and cites VITOL's Vice President of Operations testimony in which he said he was not sure who owned the facilities. He testified that VITOL was in the process of returning the facilities to WAPA but could not identify which entity was returning them. It stands to reason that if he does not know who is now transferring facilities, he did not know who owned them at Defendants" "all relevant times." If the Vice President of Operations cannot give a definitive answer, there exists a genuine issue of material fact.

Defendants also criticize Petro's response to SUMF 4, in which they claim that OPTIS, through Canning, provided operations support consulting services from

---

[1] This being the very first "fact" offered by Defendants foretells the frivolousness of their Motion for Summary Judgment. See Opposition to Motion for Summary Judgment (ECF. # 304), for why this natural person argument is directly contrary to law and a violation of Fed. R. Civ. P. 11, at any rate, has been waived and/or forfeited by Defendants.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al*., Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 5

September 2016 until October 2020. However, despite Defendants' false insistence to the contrary, in its response, Petro points to each part of the record that substantiates that it was not Canning's role to provide operations support consulting services.

On several occasions, Defendants complain that in some of its responses, Petro referred to other numbered responses. Actions do not operate in isolation, and anytime a denial could be further elucidated by another response, counsel referenced that response instead of repeating the information that could be found in other sections of the document.

Petro maintains that it did not violate the rules when contextualizing its admissions and denials to Defendants' alleged facts, which is particularly germane in discrimination cases. Because it is the rare case where a defendant will admit to a discriminatory motive, circumstantial evidence necessarily must be employed to negate the innoxious motivations presented by a defendant. This in turn may lead to longer denials. In fact, the case, *Ullrich v. U.S. Sec'y of Veterans Affs*. cited by Defendants, indicates the importance of a more robust response. In *Ullrich*, the Court of Appeals found that the District Court was correct in granting the motion for summary judgment because "the factual dispute at issue is whether discriminatory animus motivated the employer…[T]he non-moving plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Ullrich v. U.S. Sec'y of Veterans Affs*., 457 F. App'x 132, 139 (3d Cir. 2012). Logically, a plaintiff can only do so with a robust and detailed response to the alleged "facts"

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 6

Defendants, such as the Defendants here, claim supports summary judgment.

## II. Striking Petro's Responses and Deeming Defendants' Facts as Uncontested are Against the Interests of Justice.

Even if this Court finds that Petro's responses violated LRCi 56.1(b), Defendants have not provided legal authority for their requested relief. Defendants cite LRCi 56.1(d) that states:

> Rule Effect of Failure to Respond. Failure to respond to a movant's statement of material facts, or a respondent's statement of additional facts, as provided by these Rules may result in a finding that the asserted facts are not disputed for the purposes of summary judgment.

However, Petro did not fail to respond. In fact, if Defendants are to be believed, Petro over-responded. So LRCI 56.1(d) does not provide any support for Defendants' attempt to get summary judgment by default.

The relief requested in Defendants' Motion is for the Court to deem Defendants' facts uncontested and to strike Plaintiff's response. Striking is an "extreme sanction." *Mendez v. Puerto Rican Int'l Cos., Inc.*, No. 05-174, 2013 WL 5295088, at *3 (D.V.I. Sept. 18, 2013) (providing that the Court "hesitates to apply the extreme sanction of striking Plaintiffs' responses to four significant dispositive motions" and that striking responses requires an "egregious infraction"); *U.S. v. Benjamin*, No. 2013-32, 2014 WL 7156519, at *11 (D.V.I. Dec. 15, 2014) ("[T]he Court is not persuaded that the extreme sanction of striking [defendant's] testimony is merited."). A party requesting sanctions carries a high burden. *See Rogers v. Director Internal Revenue Bureau*, No. 14-08, 2019 WL 771237, at *8 (D.V.I. Feb. 21, 2019) (slip copy) ("In the face of his high burden, Plaintiff's Motion

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 7

for Sanctions fails.").

Although Defendants quote many statements offered by Courts that on the surface seem to support their requested relief, the cases themselves do not speak to the circumstances in this case. The cases cited by Defendants address scenarios where parties provided so little information or guidance to the Court, that it would have had to ferret through the entire record to find support for the party's contentions or accept them as true as if the case were at the motion to dismiss for failure to state a claim phase. For example, in *Gardels v. Cent. Intel. Agency*, plaintiff CIA's motion for summary judgment, instead of including a statement of material facts as to which there was no genuine issue, incorporated by reference four witness affidavits and the defendant's answer to the plaintiff's interrogatories. The Court of Appeals found that the CIA's proffer was so inadequate that the Court couldn't determine whether genuine issues of material fact existed when summary judgment was granted. *Gardels v. Cent. Intel. Agency*, 637 F.2d 770, 774 (D.C. Cir. 1980). Similarly, in *Ullrich v. U.S. Sec'y of Veterans Affs.*, the Court of Appeals found that the plaintiff's response was woefully lacking in citations to the record and that the plaintiff did nothing to expand the record beyond the defendant's submissions. *Ullrich*, 457 F. App'x 132, 137. Notably, the Court of Appeals found that the District Court had rightfully considered all the facts of record even though not properly addressed by the plaintiff and went on to state, "…we have noted in reviewing similar procedural rules in other district courts, such local rules are permissible so long as district courts do not use them to bypass the merits analysis." *Id*. In *Twist v. Meese,* another case

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 8

cited by Defendants, the plaintiff failed to include the required statement of disputed facts under the District of Columbia's local rules. He failed to specify the material facts upon which he relied and merely incorporated entire affidavits and other materials without reference to the particular facts recited therein, which supported his view that no genuine issues of material fact exist. *Twist v. Meese*, 854 F.2d 1421, 1424 (D.C. Cir. 1988).

Defendants insert the quote, "[j]udges are not like pigs, hunting for truffles buried in briefs." (ECF #310, p. 4). But the Court of Appeals used that quote in the context of the following statements. "If factual support for DeShields's claim existed in the record, it was incumbent upon her to direct the District Court's attention to those facts. Similarly, the District Court noted that DeShields's opposition to summary judgment alleged that the horse galloped in an area not designated as a galloping area, but again failed to cite to any evidence from the record in support of that claim." *DeShields v. Int'l Resort Properties Ltd.*, 463 F. App'x 117, 120 (3d Cir. 2012). It is without dispute that Petro thoroughly and comprehensively addressed every statement of fact and supported its response with detailed citations to the record.

In a First Circuit case cited by Defendants, the responding party did not admit, deny, or qualify each of the appellee's assertions of fact. Instead, it argued that its alternative statement of facts fulfilled the spirit of the local rule. In reviewing the lower Court's grant of summary judgment, the Court stated that it "has previously held that submitting an alternate statement of facts, rather than admitting, denying, or qualifying a defendant's assertions of fact paragraph by paragraph as required by Local Rule 56(c),

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 9

justifies the issuance of a deeming order, which characterizes defendant's assertions of fact as uncontested." *Mariani-Colon v. Dep't of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 (1st Cir. 2007). (internal quotations removed). Those are not the facts at issue here.

Defendants provide another First Circuit case for support. But even in that case, where the Court took issue with a party's responses because they included extraneous and irrelevant details, the Court turned repeatedly to the fact that the party did not cite specific areas of the record for support.

> López-Hernández responded to Terumo's motion for summary judgment, denying fifty-nine and qualifying seven of Terumo's SUF. These responses failed to adhere to Local Rule 56(c) & (e)'s record citation requirement. Numerous "facts" memorialized in her opposition statement were **supported only by general references to López-Hernández's SUF yet those citations-- to deposition transcripts -- collectively comprised hundreds of pages**. First, many of López-Hernández's responses failed to contradict the proffered facts because they included extraneous and irrelevant details, consisting of speculation and conclusory assertions. Additionally, many of the **qualifications and denials were not properly supported by a citation**. Many of López-Hernández's factual assertions do not actually oppose the truth of the statements Terumo offered, were **unaccompanied by "a citation to the specific page or paragraph of identified record material supporting the assertion**," D.P.R. Civ. R. 56(e), or **cited to lengthy deposition testimony without providing a more specific location**. See Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (abrogated on other grounds by Casanova v. Dubois, 289 F.3d 142 (1st Cir. 2002) ("[F]ailure to present a statement of disputed facts, **embroidered with specific citations to the record**, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.")). Appellant's record citations, **rather than cite a "specific page or paragraph" as Rule 56(e) requires, often cite generally to multiple exhibits which are themselves**

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 10

> **voluminous**. "This is far removed from compliance with the requirement that **'[a]n assertion of fact ... shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion.'** " Cabán Hernández, 486 F.3d at 7–8 (quoting D.P.R. Civ. R. 56(e)).

*Lopez-Hernandez v. Terumo Puerto Rico LLC*, 64 F.4th 22, 26–27 (1st Cir. 2023). (emphasis added).

Petro did not commit any of the violations that have led other courts (many of which are in other jurisdictions) to deem the movant's facts conceded, specifically by failing to cite specific parts of the record that support its responses or by failing to respond to the facts at all. In each of its responses, Petro sometimes quotes the exact testimony and always cites the exact part of the record that supports its response. Moreover, each of Petro's responses provides the necessary factual context to evaluate whether genuine issues of material fact exist.

Turning back to the Third Circuit, the Court has refused to strike responses outright and deem facts conceded but follows relevant guidance. "Given that the motions at issue arc [sic] dispositive, the Court in this instance is mindful of the **Third Circuit's preference for resolving disputes on the merits**, *Mendez v. Puerto Rican Int'l Companies*, Inc., No. 05-199, 2013 WL 5295088, at *2 (D.V.I. Sept. 18, 2013)(quoting *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir.2003)(emphasis added). In *Williams v. Pennsylvania State University*, the plaintiff responded to the defendant's motion for summary judgment by including 107 paragraphs of additional material facts, despite the local rules not allowing a responding party to file her own additional facts. Despite this

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al*., Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 11

violation of the rule, the Court denied the defendant's request that the additional facts be stricken from the record. The Court found that disregarding additional material facts would make it impossible for the court to evaluate the plaintiff's arguments opposing summary judgment, and waiver of the plaintiff's opportunity to defend her claims was too harsh a sanction. *Williams v. Pennsylvania State Univ.*, No. 4:20-CV-00298, 2023 WL 6626789, at *3 (M.D. Pa. Oct. 11, 2023)

Even when Third Circuit Courts have found a party has significantly strayed from the rule, the Court has at least given the parties the ability to provide statements of undisputed facts the Court finds more in line with the relevant rules. "[D]eeming certain facts admitted will not assist the court with the 'direct and accurate' consideration of the underlying summary judgment motion[s] because it is possible that some of the facts deemed admitted might be dispositive to some of the serious claims at issue here." *Park v. Veasie*, No. 3:09-CV-2177, 2011 WL 1831708, at *4 (M.D. Pa. May 11, 2011) (striking and ordering the refiling of statements of material facts). *See also, Hickey v. Merritt-Scully*, No. 4:18-CV-01793, 2021 WL 949448, at *2 (M.D. Pa. Mar. 12, 2021).(Thus, given Hickey's noncompliance with Local Rule 56.1 in connection with her own motion and in her response to the defendants' motions, the court's discretion in these matters, and its duty to accurately assess the substantive issues on summary judgment review, we will deny Hickey's motion, but grant her leave to properly respond to the defendants' motions.)

Finally, Defendants have suffered no prejudice. Defendants argue implausibly that the form of Petro's reply prejudiced them because had Petro filed a separate statement

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 12

of additional facts, Defendants could have filed a reply pursuant to LRCi 56.1(c). However, if Defendants wanted to reply to facts they felt were misplaced, they could have sought leave of Court to file a surreply. But instead of responding substantively, they counted pages for each of Petro's responses and made charts to point out each area where they believed the document could have been better drafted. Their entire filing is an unfortunate distraction from the merits of the case.

                                                RESPECTFULLY SUBMITTED
                                                LEE J. ROHN AND ASSOCIATES, LLC
                                                Attorneys for Plaintiff

DATED: May 29, 2024                  BY:   /s/ *Lee J. Rohn*
                                                                   Lee J. Rohn, Esq.
                                                                   VI Bar No. 52
                                                                   1108 King Street, Suite 3 (mailing)
                                                                   56 King Street, Third Floor (physical)
                                                                   Christiansted, St. Croix
                                                                   U.S. Virgin Islands 00820
                                                                   Telephone: (340) 778-8855
                                                                   lee@rohnlaw.com

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Opposition to Defendant's Motion to Strike Plaintiff's Response to Defendants' Statement of Uncontested Material Facts**
Page 13

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on May 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

All Counsel of Record

BY: ___/s/ *Lee J. Rohn*___ (dvn)