IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),

          PLAINTIFF,

V.

ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,

          DEFENDANTS.

CASE NO. 1:21-CV-00312

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE**

This Court's previous decisions setting forth the requirements of LRCi 56.1(b) obviously have had no impact upon Plaintiff or its counsel. Plaintiff's opposition to the Defendants' motion to strike demonstrates exactly why full enforcement of LRCi 56.1(b) is necessary. On at least nine prior occasions cited in the Addendum to Defendants' Memorandum in Support of Motion to Strike ("the Addendum"),[1] this Court has explained what is required in a response to a statement of uncontested material facts. Eight of the cases in the Addendum involve the same law firm that represents Plaintiff.[2] Yet Plaintiff fails to address any of those decisions in its opposition memorandum. Rather, Plaintiff has the temerity to argue that its response to the statement of uncontested material facts complies with LRCi 56.1(b). Just last

---

[1] Doc. No. 310 at ECF p.19–20.

[2] The only case in the Addendum not involving Petro's law firm is *Jerome v. Waters Sports Adventure Rentals & Equipment, Inc.*, 2013 WL 692471 (D.V.I. Feb. 26, 2013).

1

year, this Court noted that the plaintiff's responses to the statement of uncontested material facts—prepared by the same law firm—"fail to directly address the facts asserted, assert facts of his own and/or lack specific citations in support thereof" and that two of the responses "span four and eleven pages, respectively, and inject commentary far beyond the requirements of Rule 56.1(b)." *Todd v. Blake*, No. 3:17-CV-0012, 2023 WL 2665757, at *9 (D.V.I. Mar. 28, 2023). Similarly, twelve years ago, in *Galloway v. Islands Mech. Contractor, Inc.*, Case No. 1:08-cv-0071, 2012 WL 3984891, at *1, n.1 (D.V.I. Sept. 11, 2012), the Court noted that the plaintiff's response to the statement of uncontested material facts

> violates the Local Rule, in that his responses are variously non-responsive, argumentative, conclusory, and appear to be improperly used by Plaintiff to advance his case-in-chief. The length of the responses serves to make the litigation much more cumbersome and serves to obscure, not clarify, the issues.

The problems noted in *Todd* and *Galloway* are all found in this case. But, the problem in this case is magnified by the circular incorporation of other responses into responses.

The message from the eight prior cases involving the same law firm (dating to 2011) still has not been learned. Plaintiff makes no effort to discuss or distinguish any of the eight cases—all from this Court—and instead simply blithely insists the LRCi 56.1(d) only applies to a failure to respond and that Plaintiff "did not fail to respond" but instead "over-responded." Opp. Mem. at 6. But Plaintiff misreads Local Rule 56.1(d). It is not limited only to a "failure to respond." Rather, it applies to a "[f]ailure to respond . . . *as provided by these Rules*." (Emphasis added.) And as the cases from this Court in the Addendum establish, responses in the nature of Plaintiff's

2

response—responses that are argumentative or are not concise or that are thinly disguised efforts to exceed the Court's page limits—do not comply with LRCi 56.1(b).

Without a hint of irony, Plaintiff claims that cases cited by Defendants from beyond the District of the Virgin Islands "seem to support [Defendants] requested relief, [but] the cases themselves do not speak to the circumstances in this case." Opp. Mem. at 7. However, the cases *from this Court* cited in the Addendum speak directly to the "circumstances of this case" with the only difference being that the latest violation of LRCi 56.1 is even more egregious than those cases. It is evident that Plaintiff and its law firm simply do not accept the prior rulings of this Court.

The question then becomes, "What is the remedy for Plaintiff's willful violation of LRCi 56.1(b)?" Plaintiff argues there is no violation and therefore the Court should take no action. Defendants detailed in their memorandum in support of this motion how 13 years of leniency with violations of LRCi 56.1(b) has only led to contempt for the rule. Plaintiff also gratuitously claims that Defendants were not prejudiced by Plaintiff's contempt for the Local Rules. This is untrue, as Defendants were unable to respond to portions of the opposition to the motion for summary judgment.[3]

More to the point, though, a showing of prejudice is *not required* when a district court enforces a violation of a local rule relating to a statement of material facts. "The district court's obligation . . . extends therefore only to a determination of whether the

---

[3] Plaintiff suggests that Defendants should have requested leave to file a surreply (presumably to the Response to the Statement of Uncontested Material Facts). But if Plaintiff's actions forced Defendants to file a surreply that is not normally required, that in itself is a form of additional prejudice (legal expenses that should not be incurred). Moreover, the fact is that the Responses to the Statement of Uncontested Material Facts are so convoluted and intertwined, that filing a surreply is not feasible.

3

party opposing summary judgment has complied with the rule's plain requirements. *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996). A court "need not consider whether non-compliance with [the local rule] was willful, impeded the court's ability to evaluate a motion for summary judgment, or caused prejudice to the moving party. A requirement that the district court do so would subvert the purposes of the rule." *Id.* The *Jackson* court noted its agreement with the Third Circuit's statement "with respect to a parallel local rule"[4] in *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 172 (3d Cir.1990). In *Anchorage Associates*, the Third Circuit rejected the notion that prejudice was required, explaining that the local rule "does not contemplate that the court will exercise discretion as to whether, for example, the opposing party's failure to respond was due to excusable neglect or whether the movant will suffer prejudice if the motion is denied." *Anchorage Associates*, 922 F.2d at 174. The Third Circuit recognized that "the objective of the rule would be defeated if the district court had to stop and investigate such matters before acting." *Anchorage Associates*, 922 F.2d at 174.[5]

---

[4] *Jackson*, 101 F.3d at 153.

[5] The Third Circuit also held in *Anchorage Associates* that consideration of the *"Poulis* factors" ( *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir.1984)) is not required when granting a summary judgment that has not been opposed. *Anchorage Associates*, 922 F.2d at 176. A district court may grant summary judgment if the facts before it from the moving party establish an entitlement to summary judgment as a matter of law. *Id.* Thus, while striking Plaintiff's Response to the Statement of Uncontested Material Facts may be harsh, it does not result in an automatic default judgment liggin favor of Defendants—the Court must still review the facts that are uncontested and determine whether Defendants have met their summary judgment burden.

The Court should enforce its local rule. Plaintiff has violated it in an egregious fashion. Plaintiff is represented by a law firm that has been repeatedly placed on notice that it is not appropriate to file argumentative, overly lengthy responses designed to circumvent the page limitations imposed for opposition memoranda. LRCi 56.1(d) specifies that a '[f]ailure to respond to a movant's statement of material facts . . ., *as provided by these Rules* my result in a finding that the asserted facts are not disputed for purposes of summary judgment." (Emphasis added.) This Court should strike Plaintiff's response [thereby ensuring that the record of the case only reflects facts that have been properly supported as set forth in LRCi 56.1) and deem Defendants' Statement of Uncontested Material Facts as undisputed. In accordance with *Anchorage Associates*, the Court should then determine whether—based upon these undisputed facts—Defendants are entitled to summary judgment.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Andrew Canning and OPTIS Europe, Ltd.

Dated: June 4, 2024

　/s/ Andrew C. Simpson　
Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

5