IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>Plaintiff,<br><br>v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING, OPTIS EUROPE, LTD., VTTI, and VITOL, INC.,<br><br>Defendants. | CASE NO. 1:21-CV-00312<br><br><br><br><br>JURY TRIAL DEMANDED |

**OBJECTION AND APPEAL OF MAGISTRATE JUDGE'S ORDER DATED SEPTEMBER 25, 2024 [ECF NO. 314]**

The Federal Rules of Civil Procedure provide that a District Judge must consider a party's objections to the dispositive order of a Magistrate Judge *de novo* and may receive further evidence. Fed. R. Civ. P. 72 (b)(3). Plaintiff Petro Industrial Solutions, LLC, timely objects to and appeals to the Magistrate Judge's September 25, 2024, Report and Recommendation [ECF. 314].

## ARGUMENT

I. **Striking most of Plaintiff's facts and deeming admitted Defendants' facts on a summary judgment motion as a sanction for Plaintiff's alleged non-responsive answers is manifestly unjust when there is little to no prejudice to the Defendants and an easy cure exists to correct the error.**

Striking is an "extreme sanction." *Mendez v. Puerto Rican Int'l Cos., Inc.*, No. 05-174, 2013 WL 5295088, at *3 (D.V.I. Sept. 18, 2013) (providing that the Court "hesitates to apply the extreme sanction of striking Plaintiffs' responses to four significant dispositive motions" and that striking responses requires an "egregious infraction"); *U.S. v. Benjamin*, No. 2013-32, 2014 WL 7156519, at *11 (D.V.I. Dec. 15, 2014) ("[T]he Court is not persuaded that the extreme sanction of striking



Case: 1:21-cv-00312-WAL-EAH    Document #: 315    Filed: 10/09/24    Page 2 of 14

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 2

[defendant's] testimony is merited."). A party requesting sanctions carries a high burden. *See Rogers v. Director Internal Revenue Bureau*, No. 14-08, 2019 WL 771237, at *8 (D.V.I. Feb. 21, 2019) (slip copy) ("In the face of his high burden, Plaintiff's Motion for Sanctions fails.").

In motions to strike critical expert disclosures, the Third Circuit has cautioned that because "[t]he exclusion of critical evidence is an extreme sanction," it should not be imposed where an untimely or improper expert disclosure amounts to only a "slight deviation from pre-trial notice requirements" or occasions only "slight prejudice" to the movant." *Withrow v. Spears*, 967 F.Supp.2d 982, 1000 (D.Del., 2013) (citation omitted). "Instead, the remedy of exclusion should be reserved for circumstances amounting to "willful deception or flagrant disregard of a court order by the proponent of the evidence." *Id.* (citation omitted). Likewise, striking a plaintiff's response to a summary judgment motion, which would end the plaintiff's case without reaching the merits, should not be imposed where there is no prejudice or "slight prejudice" to the moving defendant. Further, the plaintiff has not engaged in willful deception or a flagrant disregard of a court order.

It is important to note that Petro did not fail to respond, or fail to cite to the record, or fail to provide evidence on the merits of each of its claims. Petro did not commit any of the violations that have led other courts (many of which are in other jurisdictions) to deem the movant's facts conceded, specifically by failing to cite specific parts of the record that support its responses or by failing to respond to the facts at all. In each of its responses, Petro sometimes quotes the exact testimony and cites the exact part of the record supporting its response. Moreover, each of Petro's responses provides the necessary factual context to evaluate whether genuine issues of material fact exist.

To the extent the Court finds that Petro's responses to Defendants' statements of undisputed facts are "argumentative" and/or "lengthy," (Order, p. 12), that is a not a failure to respond and there is an uncomplicated and manageable solution recognized by the Magistrate Judge himself. He stated, "[t]hese additional 'facts' could have been included in a separate counterstatement of facts, allowed by

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 3

LRCi 56.1 (b)," and "if Petro wished to provide its own material facts to support its theory of the case, it could have offered a counterstatement of material fact." (Order, p. 20). He also admitted that Plaintiff's responses that "contain additional facts . . . should be contained in a counterstatement of facts." (Order, p. 23, note 2). The Magistrate Judge further clarified that a counterstatement of facts would resolve the issue of any non-responsive answers. "If Petro wished to frame its own facts to provide more 'context' for the SUMF, it had the opportunity to do so by filing a counterstatement of facts, permitted under LRCi 56.1(b). Instead, it combined its Responses with its own counterstatement of facts." (Order, p. 24, note 3). The Magistrate Judge recommended that the "introductory statements on pages 1 and 2 of Petro's Responses that purport to define the relevant parties" . . . "should be contained in . . . a counterstatement of facts." (Order, p. 26).

Despite acknowledging that a counterstatement of facts would resolve any issues, the Magistrate Judge admitted he "loathe[d]" to permit Petro "to file a revised and compliant Response to Defendants' SUMF and a Counterstatement of Material Facts . . ." (Order p. 29). The Court spent "an inordinate amount of time in analyzing the extensive problems with Petro's Response," only to then deny Petro a chance to revise and refile per the Court's analysis. *Id.* Indeed, the only reason the Magistrate Judge recommends striking responses instead of revising and refiling is the apparent need to punish the plaintiff's counsel to the harm of the plaintiff and the defendant's benefit and without any prior notice to the plaintiff or plaintiff's counsel, which is in direct violation of Fed. R. Civ. P. 11, which provides a 21-day safe harbor before any such sanctions may be imposed.

The Magistrate Judge pointed out that refiling a revised RSOF and CSOF was the solution offered in other discrimination cases in this jurisdiction, where the Court found that the plaintiffs had filed non-responsive answers to statements of facts. (Order, p. 30) (citing e.g., *Bass v. Fed. Express Corp.*, 2016 WL 3892394 (D.V.I. July 13, 2016 (age discrimination); *Kantz v Univ. of the V.I.*, (2013) (race and color discrimination); *Abney v. Univ. Of the V.I.,* (2013) (race discrimination).

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 4

It is undisputed that the undersigned counsel represents a large percentage of plaintiffs in this jurisdiction, in both federal and local court. It is also undisputed that undersigned counsel has filed arguably **hundreds** of Responses to Statements of Facts in **hundreds** of Oppositions to motions for summary judgments in this jurisdiction. The Magistrate Judge pointing out four deficient responses from over eight (8) and more years ago is undeniable proof that Plaintiff's counsel complies with LRCi 56.1(b). The Magistrate Judge's claim that "Petro's counsel has had ample notice that the Court does not approve of her failure to comply with LRCi 56.1(b)" is not supported by the facts. And what is at issue here is not Plaintiff's counsel but Plaintiff's claims that the Magistrate Judge placed two hundred pounds of sand on the scales of justice in favor of defendants who boldly discriminated against him as a sanction for Plaintiff's counsel alleged violation of a local rule.

Denying Plaintiff the right to have his case considered on the merits when it would be 1) very simple to resolve the issue of an alleged non-responsive RSOF; and 2) Plaintiff has done no wrong here as the Magistrate Judge makes clear that he takes issue with Plaintiff's counsel, not Plaintiff, would be a manifest injustice to Petro. As shown below, Petro should not be sanctioned for counsel's alleged non-compliance in filing an RSOF when Rule 11 provided the proper framework for any offending paper, which the defendants **NEVER** complied with.

The Magistrate Judge's recommendation that the Court deems admitted most of the Defendants' alleged undisputed facts is harsh and extreme and should be rejected. The Magistrate's recommendation that the Plaintiff rewrite its brief based on the limited parameters is time-consuming and unnecessary and should be rejected. (Order pp. 32-33).

Rather, while Plaintiff's counsel disagrees that she violated LRCi 56.1(b), to move this matter forward, Plaintiff will be filing a motion for leave to file a Counterstatement of Material Facts (CSOF) with his CSOF attached. The Magistrate Judge recognized the CSOF would nullify any prejudice to Defendants regarding their alleged inability to respond to Petro's facts. Therefore, there would be no

Case: 1:21-cv-00312-WAL-EAH    Document #: 315    Filed: 10/09/24    Page 5 of 14

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 5

prejudice to Defendants as it would be cured. Moreover, Petro would not have to revise and file a totally new Opposition brief, as the Magistrate Judge recommends. (Order p. 32-33) (noting "this recommendation elicits more briefing"). The only thing that would need revising is the citations to the record. The plaintiff will replace the RSOFs with the appropriate CSOFs. No substantive changes would be required in the briefing, saving time and expense.

Permitting Plaintiff to correct his filing on a motion for summary judgment would align with the Third Circuit's preference for resolving disputes on the merits. Courts permit litigants to correct their filings so they can be decided on the merits. the Court has refused to strike responses outright and deem facts conceded but follows relevant guidance. "Given that the motions at issue arc [sic] dispositive, the Court in this instance is mindful of the **Third Circuit's preference for resolving disputes on the merits**, *Mendez v. Puerto Rican Int'l Companies*, Inc., No. 05-199, 2013 WL 5295088, at *2 (D.V.I. Sept. 18, 2013)(quoting *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir.2003)(emphasis added). In *Williams v. Pennsylvania State University*, the plaintiff responded to the defendant's motion for summary judgment by including 107 paragraphs of additional material facts, despite the local rules not allowing a responding party to file her own additional facts. Despite this violation of the rule, the Court denied the defendant's request that the additional facts be stricken from the record. The Court found that disregarding additional material facts would make it impossible for the court to evaluate the plaintiff's arguments opposing summary judgment, and waiver of the plaintiff's opportunity to defend her claims was too harsh a sanction. *Williams v. Pennsylvania State Univ.*, No. 4:20-CV-00298, 2023 WL 6626789, at *3 (M.D. Pa. Oct. 11, 2023).

Even when Third Circuit Courts have found a party has significantly strayed from the rule, the Court has at least given the parties the ability to provide statements of undisputed facts the Court finds more in line with the relevant rules. "[D]eeming certain facts admitted will not assist the court with the 'direct and accurate' consideration of the underlying summary judgment motion[s] because it

Case: 1:21-cv-00312-WAL-EAH   Document #: 315   Filed: 10/09/24   Page 6 of 14

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 6

is possible that some of the facts deemed admitted might be dispositive to some of the serious claims at issue here." *Park v. Veasie*, No. 3:09-CV-2177, 2011 WL 1831708, at *4 (M.D. Pa. May 11, 2011) (striking and ordering the refiling of statements of material facts). *See also, Hickey v. Merritt-Scully*, No. 4:18-CV-01793, 2021 WL 949448, at *2 (M.D. Pa. Mar. 12, 2021).(Thus, given Hickey's noncompliance with Local Rule 56.1 in connection with her own motion and in her response to the defendants' motions, the court's discretion in these matters, and its duty to accurately assess the substantive issues on summary judgment review, we will deny Hickey's motion, but grant her leave to properly respond to the defendants' motions.)

The Court in *Hickey v. Merritt-Scully* recognized the danger of deeming unopposed facts admitted on a motion for summary judgment. The Court concluded that "deeming certain facts admitted will not assist the court with the 'direct and accurate' consideration of the underlying summary judgment motion[s] because it is possible that some of the facts deemed admitted might be dispositive to some of the serious claims at issue here." *Id.* The same is true here. If this Court admits the facts per the Magistrate Judge's recommendation, then the Court will not be able to give the underlying summary judgment motion its direct and accurate consideration as most of the facts deemed admitted would be dispositive to Petro's claims.

II. **The Magistrate's Report & Recommendation bears all the hallmarks of a Rule 11 sanction in favor of Defendants without having complied with the 21-day safe harbor required by the Rule.**

The Magistrate Judge's Report & Recommendation that the Court strike the Plaintiff's response and therefore deem the Defendants' facts admitted is because he takes issue with Plaintiff's counsel, which bears all the hallmarks of a sanction under Rule 11 without the required 21-safe harbor.

Rule 11(c) allows a court to impose sanctions on an attorney or party for violating Rule 11(b), **as long as the party seeking sanctions complies with the Rule's "safe harbor" provision**. *VI Carnival Comm., Inc. v. VI Dep't of Tourism*, No. CV 2022-19, 2022 WL 20678363, at *1 (D.V.I. Sept.

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 7

13, 2022) "Fed.R.Civ.P. 11 provides that when an attorney signs a pleading, motion, or other paper and submits it to the Court, she represents that the document is not presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; that the claims and contentions are warranted by existing law; that the factual contentions have evidentiary support; and that the denials of factual contentions are warranted on the evidence." *Illaraza v. Hovensa, L.L.C.*, 2012 WL 1153283, at *3 (D.Virgin Islands, 2012) (citing Fed.R.Civ.P. 11(b)(1)-(4)). A party who violates Rule 11 may be sanctioned by awarding the prevailing party reasonable expenses including attorney's fees incurred in preparing the sanctions motion. Fed.R.Civ.P. 1 1(c). The primary goal of the Rule "is not 'wholesale fee shifting but [rather] correction of litigation abuse.'" *Doering v. Union Cnty. Bd. of Chosen Freeholders,* 857 F.2d 191, 194 (3d Cir.1988) (quoting *Gaiardo,* 835 F.2d at 483).

Sanctions are prescribed "only in an 'exceptional circumstance ... where a claim or motion is patently unmeritorious or frivolous.'" *Harvey v. Sav–U Car Rental,* 2010 WL 2949570, at *5 (D.V.I. July 21, 2010) (quoting *Doering,* 857 F.2d at 194). Rule 11 sanctions do not require a showing of bad faith—the party to be sanctioned "need only have engaged in objectively unreasonable conduct in filing the pleading or in later advocating it." *Nufrio v. Quintavella,* 2012 WL 458437, at *2 (D.N.J. Feb. 10, 2012) (citing *In re Taylor,* 655 F.3d 274, 282 (3d Cir.2011)). A "district court's choice of deterrent is appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior." *Doering,* 857 F.2d at 194. When assessing sanctions, a district court may consider a number of mitigating factors, such as the conduct of the parties, an ability to pay sanctions, an attorney's history of filing frivolous actions, the defendant's need for compensation, and the degree of frivolousness of the filing. *Id.* at 197 & n.6; *see also Illaraza v. Hovensa, L.L.C.,* 2012 WL 1153283, at *3–4.

If Rule 11 requires a 21-day notice before sanctions may be imposed, the Magistrate Judge's sanction of having the defendants' facts admitted must be rejected because the Defendants did not comply with the 21-day safe harbor notice to permit the curing of any purported violation of a local

Case: 1:21-cv-00312-WAL-EAH    Document #: 315    Filed: 10/09/24    Page 8 of 14

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 8

rule. Further, Petro's RSOF was clearly not frivolous but, rather, overly ambitious. The Magistrate Judge pointed out the "additional facts" that should be in a counterstatement of facts instead of in the RSOF, thereby acknowledging their worth. The facts were just placed in an inappropriate document. Petro's counsel sought to vigorously represent her client by providing full context for the facts asserted by OPTIS and Canning to have Petro's claims summarily dismissed. The deficiency is easily cured and already cured as shown in Plaintiff's forthcoming motion for leave to file Petro's CSOF. This Court should not adopt a Report and Recommendation that permits the striking of facts and to have the defendants' facts deemed admitted where the defendants never complied with the safe harbor of Rule 11.

### III. Petro's discrimination claim under the Virgin Islands Civil Rights Act was improperly dismissed.

#### A. Defendants waived the lack of statutory standing defense.

The Magistrate Judge recommended that the Court deny Petro's discrimination claim on impermissible grounds. (Order pp. 34 – 42). First, the Magistrate Judge failed to recognize that the "standing" argument was waived by OPTIS and Canning for failure to raise it as an affirmative defense or in a Rule 12(b)(6), or Rule 12(c) motion. (Order, pp. 36-37). The lack of statutory standing defense, as the Magistrate Judge noted, must be brought pursuant to a Rule 12(b)(6) motion to dismiss. (Order, p. 36-37) (citing *Leyse v. Bank of America Nat. Ass'n*, 804 F.3d 316, 320 (C.A.3 (N.J.), 2015). The Magistrate Judge then incorrectly found that because the Defendants asserted a "failure to state a claim" defense in their Answer, they had not waived the statutory standing defense. But Rule 12(h) delineates when a "failure to state a claim" defense may be asserted. Pursuant to Rule 12(h):

> Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>
> **(A)** in any pleading allowed or ordered under Rule 7(a);
>
> **(B)** by a motion under Rule 12(c); or

Case: 1:21-cv-00312-WAL-EAH    Document #: 315    Filed: 10/09/24    Page 9 of 14

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 9

**(C)** at trial.

Fed. R. Civ. P. 12(h).

The instant motion for summary judgment does not fall under any of these provisions, therefore, Defendants waived the defense and the Magistrate Judge's ruling on this issue is erroneous. As Plaintiff's Opposition to Summary Judgment makes clear, Defendants waived and/or forfeited the defense by failing to raise it earlier. This is true especially considering cases holding that "questions concerning statutory standing -- unlike those concerning constitutional standing -- are waivable." *Kansas by and through Kansas Department for Children and Families v. SourceAmerica*, 826 Fed.Appx. 272, 283 (C.A.4 (Va.), 2020) (citing *Del Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 872 (4th Cir. 2016); *see also Bancor Group Inc. v. Rodriguez*, 2023 WL 6441904, at *2 (S.D.Fla., 2023) (holding "Defendants cannot amend their affirmative defenses via a response to a summary judgment motion" to assert lack of statutory standing.)

Further, Defendants litigated the discrimination claim for years. (*See* Opposition Brief, [ECF. 304] at pp. 2-4). Although not precedential on the issue, a V.I. Superior Court case's analysis of the waiver of statutory arguments, is instructive:

> Waiver is particularly appropriate here, where Defendants' purely legal argument concerning statutory interpretation, without reference to the particular facts of the case, could have been raised, and in the interests of fairness and efficiency, should have been raised in a motion to dismiss for failure to state a claim, or a motion for judgment on the pleadings, or at some earlier stage than in reply to the opposition to its post-judgment motion for reconsideration, before the parties spent such time and incurred such expense in further litigating this three-year-old matter.

*Federal National Mortgage Association v. Teel*, 2016 WL 6126471, at *3 (V.I.Super., 2016). Furthermore, even if statutory standing was not waived (which it was), Petro has standing to pursue its discrimination claim against Defendants.

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 10

### B. Petro has standing to sue under VICRA.

First, this Court must recognize that Defendants raised only a statutory standing defense to Petro's discrimination claim. Defendants argued Petro lacked standing to sue for discrimination pursuant to the V.I. Civil Rights Act because Petro is not a "natural person," or an "individual" under either 10 V.I.C. § 3, 10 V.I.C. § 61, or 10 V.I.C. § 64(1)(a). Defendants never argued that Petro failed to assert OPTIS or Canning were his employers as a defense to this claim. Therefore, the Magistrate Judge erroneously raised this issue *sua sponte* as a reason why 10 V.I.C. § 64 and 24 V.I.C. § 451 would not apply here, with no opportunity for the plaintiff to respond or supply evidence, which is why courts are not allowed to *sua sponte* raise issues in the context of summary judgment motion. *Otis Elevator Co. v. George Washington Hotel Corp.*, 27 F.3d 903, 910 (3d Cir. 1994)("Under our cases, a district court may not grant summary judgment *sua sponte* unless the court gives notice and an opportunity to oppose summary judgment."). This Court should reject the Magistrate Judge's report and recommendation that *sua sponte* recommends dismissal on an issue never raised by defendants with no notice and opportunity for the plaintiff to respond.

Second, the Magistrate Judge is wrong in his interpretation of Virgin Islands law when he argues that an LLC cannot be considered an "individual" to sue for discrimination under the Virgin Islands Civil Rights Act. (Order, p. 38). However, the Magistrate Judge recognized that 10 V.I.C. § 3[1] would apply, but improperly determined that the Virgin Islands discrimination statute would not protect Petro as an LLC "because LLCs do not possess the attributes of age, race, creed, color, or national origin . . . that the Virgin Islands Legislature has seen fit to protect from discrimination."

---

[1]  10 V.I.C. § 3 states in part:
(a) All **natural persons** within the jurisdiction of the United States Virgin Islands, without regard to race, creed, color, or national origin, and subject only to the conditions and limitations established by law and applicable in like manner to all persons, are entitled to-
(1) equal treatment with respect to employment, pay, and working conditions in any and all businesses and industry, and with respect to union membership.
10 V.I.C. § 3 (emphasis added).

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 11

(Order, pp. 36-37). However, this ignores the nature of many local black-owned businesses that are single-member LLCs, such as Petro, which are owned and operated by a single person, and the member is the alter ego of the LLC.[2]

Even in the context of a corporation, the Virgin Islands Supreme Court has acknowledged that a corporation can only act through its agents. *See Defoe v. Phillip*, 56 V.I. 109, 129 n. 10 (V.I. 2012) ("[W]e recognize the principle that corporations may only act through their agents…") *quoting Tavarez v. Klingensmith*, 372 F.3d 188, 191-92 (3d Cir. App. 2004). In *Mosler v Gerace*, the Defendants argued that Plaintiffs did not suffer a pecuniary loss because it was their company, Barabus, Inc., that spent money in repairing the restaurant. The Court held, "[w]hen the shareholder of an S corporation 'is so actively engaged in the company's day-to-day operations that he is akin to the entity's alter ego, an S corporation may be treated differently from a C Corporation.'" *Mosler v. Gerace*, 2024 WL 26761, at *9 (citing *Bova v. Gary*, 843 N.E.2d 952, 958 (Ind. Ct. App. 2006)). The *Mosler* Court found that "Barabus is an S corporation, meaning that Gerace and Vooys are the sole shareholders; they are also the president and vice president respectively and, as such, are the primary decision makers." *Id.* "Thus, Gerace and Vooys are essentially Barabus's alter ego, and the expenses incurred by Barabus can serve to represent the losses Gerace and Vooys incurred." *Id.* The Virgin Islands Supreme Court would not hesitate to determine that closely-held single-member companies such as Petro, where the sole member is actively engaged in day-to-day operations, are indeed the type of "individual" VICRA was meant to protect.

The Virgin Islands Supreme Court has made clear that "the Virgin Islands Civil Rights Act, in addition to being significantly broader in scope than the federal Civil Rights Act, is one of the original provisions of the Virgin Islands Code that went into effect on September 1, 1957, and thus predates

---

[2] The Virgin Islands Legislature made clear that "[e]ach member is an agent of the limited liability company for the purpose of its business, and an act of a member…binds the company". VI ST tit. 13, § 1301.

Case: 1:21-cv-00312-WAL-EAH    Document #: 315    Filed: 10/09/24    Page 12 of 14

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 12

the adoption of the federal Civil Rights Act—originally enacted by Congress in 1964—by nearly a decade." *Rennie v. Hess Oil Virgin Islands Corporation*, 62 V.I. 529, 551–52, 2015 WL 525941, at *11 (V.I., 2015). In *Rennie,* the V.I. Supreme Court expressed disapproval of and rejected the federal courts long-standing narrow interpretations of V.I. remedial statutes such as the Wrongful Discharge Act and the V.I. Civil Rights Act. *See e.g. Rennie v. Hess Oil Virgin Islands Corporation*, 62 V.I. at 552, 2015 WL 525941, at *12 ("Rather than grafting the *McDonnell Douglas* pleading framework onto the Virgin Islands Civil Rights Act—an approach that we have already rejected earlier in this opinion with respect to the Virgin Islands Wrongful Discharge Act—we believe the better methodology is to simply look to the statutory language itself.").

In *Atlantic Human Resource Advisors, LLC v. Espersen,* 76 V.I. 583, 610–11, 2022 VI 11, ¶ 30, 2022 WL 1793689, at *9 (V.I., 2022), the V.I. Supreme Court reiterated its' holding in *Rennie* where it "expressly held that the plain language of the VIWDA precludes such reliance on federal case law interpreting Title VII and other federal employment statutes, for the language of the statutes are wholly dissimilar, and they were enacted for completely different purposes." *Id.* (citing *Rennie*, 62 V.I. at 542-43). "Rather than grafting federal case law interpreting dissimilar federal statutes onto the VIWDA, this Court has instead applied the traditional rules of statutory construction to determine the meaning of the terms used in the VIWDA." *Atlantic Human Resource Advisors, LLC v. Espersen*, 76 V.I. 583, 610–11, 2022 VI 11, ¶ 30, 2022 WL 1793689, at *9 (citing *Rennie*, 62 V.I. at 545).

In addition, *Rennie* clarified that the federal courts had always been wrong in denying standing to V.I. civil rights law claimants. The *Rennie* Court stated:

> We hold that the pre–2011 District Court cases were wrongly decided, and that section 451 always authorized a private cause of action. While several of these District Court opinions interpreted section 451 in a cursory manner, the *Miller* decision represents perhaps the most comprehensive attempt at addressing this issue. In *Miller,* the District Court recognized that under the "common law tradition ... the denial of a remedy [is] the exception rather than the rule," and that "[i]f a statute was enacted for the benefit of a special class, a remedy was recognized for members of that class." 46 V.I. at 627. **Under this approach, silence or**

Case: 1:21-cv-00312-WAL-EAH Document #: 315 Filed: 10/09/24 Page 13 of 14

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 13

>  **ambiguity could not be a reason to deny standing to enforce a statute by an individual who the statute was clearly enacted to protect.** *Id.* (citing *Jacobs v. Pabst Brewing Co.,* 549 F. Supp. 1050, 1055 (D. Del. 1982) (collecting cases)).

*Rennie v. Hess Oil Virgin Islands Corporation*, 62 V.I. at 552, 2015 WL 525941, at *10. (emphasis added). The emphasized portion of *Rennie* above is important here because the Magistrate Judge's recommendation to deny Petro standing to enforce the V.I. Civil Rights Act goes against what *Rennie* stands for, especially in the context of closely held LLC's such as Petro. The question is not solely whether Petro is a "natural person" or an "individual" who can bring suit under 10 V.I.C. § 3. The relevant inquiry under *Rennie* is whether any ambiguity or silence in the statute should prevent Petro, a sole member LLC that is the alter ego of Adrian Melendez, a natural person, from protection under the civil rights statutes enacted to protect Mr. Melendez. The answer the Virgin Islands Supreme Court would soundly give is NO. *Id.; see also Mosler v. Gerace*, 2024 WL 26761, at *9 (V.I., 2024).

Defendants have not put forth any evidence to deny that Petro was Melendez's alter ego, as Melendez was the sole member of the LLC, and the two operated as one. Therefore, the damages incurred by Petro serve to represent Melendez's losses. The case law of *Rennie* and *Mosler and the Uniform Limited Liability Act all support the* finding that Petro has standing to sue under the Virgin Islands Civil Rights Act. The Uniform Limited Liability Act's definition that "**a limited liability company has the same powers as an individual to** do all things necessary or convenient to carry on its business or affairs, including power to: **(1) sue and be sued, and defend in its name,**" even if silent or ambiguous, would still afford Petro a remedy to sue for discrimination. 13 V.I.C. § 1113 (emphasis added). The Magistrate Judge's analysis and interpretation of VICRA failed to consider the case law interpreting the statute. As such, the Court must reject the Magistrate Judge's recommendation to dismiss the discrimination claim for lack of standing.

*Petro Industrial Solutions, LLC v. IPOS, LLC, et. al.*, Case No. 1:21-CV-00312
**Objection and Appeal of Magistrate's Order Dated September 25, 2024 [ECF No. 314]**
Page 14

|  |  |
|---|---|
|  | RESPECTFULLY SUBMITTED |
|  | LEE J. ROHN AND ASSOCIATES, LLC |
|  | Attorneys for Plaintiff |
| DATED: October 9, 2024 | BY: __/s/ Lee J. Rohn__ |
|  | Lee J. Rohn, Esq. |
|  | VI Bar No. 52 |
|  | 1108 King Street, Suite 3 (mailing) |
|  | 56 King Street, Third Floor (physical) |
|  | Christiansted, St. Croix |
|  | U.S. Virgin Islands 00820 |
|  | Telephone: (340) 778-8855 |
|  | lee@rohnlaw.com |

### CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on October 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

To All Counsel of Record

BY: __/s/ Lee J. Rohn__ (dvn)