IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),<br><br>Plaintiff,<br><br>v.<br><br>ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING, OPTIS EUROPE, LTD., VTTI, and VITOL, INC.,<br><br>Defendants. | CASE NO. 1:21-CV-00312<br><br><u>JURY TRIAL DEMANDED</u> |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A COUNTERSTATEMENT OF FACTS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Petro Industrial Solutions, LLC, ("Petro") hereby files this motion for leave to file its Counter-Statement of Facts in further Opposition to Motion for Summary Judgment filed by Defendants Andrew Canning and OPTIS Europe, Ltd.

Defendants filed their Motion for Summary Judgment on February 15, 2024 with a Statement of Undisputed Facts. [ECF Docs. 297, 298, 299]. Plaintiff filed its Opposition and Responses to Statement of Facts on April 8, 2024. [ECF Doc. 304, 305]. After requesting from plaintiff an extension of time to respond to the briefing, which plaintiff did not object to, Defendants filed a Motion to Strike Plaintiff's Responses to Defendants' Statement of Uncontested Material Facts and to Deem the Facts in the Statement of Uncontested Material Facts Conceded. [ECF. Doc.s 309, 310]. Plaintiff filed its Opposition to Motion to Strike, and Defendants filed their Reply. [ECF. Docs. 311, 312].

This Court referred the motion for summary judgment and motion to strike to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge recommended striking all of Plaintiff's



*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Motion for Leave to File a Counterstatement of Facts in Opposition to Motion for Summary Judgment**
Page 2

alleged non-responsive facts and deeming most of Defendants' facts admitted, potentially dismissing all of Plaintiff's claims against Defendants OPTIS and Canning. *See* Magistrate's Report and Recommendation, September 25, 2024 [ECF. Doc. 314].

Plaintiff seeks leave of Court to file a Counter-Statement of Facts (CSOF) as the Magistrate Judge has recognized such a filing would resolve the issues with Plaintiffs' alleged non-responsive answers to Defendants' Statement of Undisputed Facts in support of summary judgment. *See* Report and Recommendation, September 25, 2024 [ECF. Doc. 314]; *see also* Plaintiff's Objection to Magistrate Judge's Report and Recommendation [ECF. Doc. 315].

To the extent the Court finds that Petro's responses to Defendants' statements of undisputed facts are "argumentative" and/or "lengthy," (Magistrate's Report, p. 12), there is an uncomplicated and manageable solution. The Magistrate Judge stated, "[t]hese additional 'facts' could have been included in a separate counter-statement of facts, allowed by LRCi 56.1 (b)," and "if Petro wished to provide its own material facts to support its theory of the case, it could have offered a counter-statement of material fact." (Report, p. 20). He also admitted that Plaintiff's responses that "contain additional facts . . . should be contained in a counter-statement of facts." (Report, p. 23, note 2). The Magistrate Judge further clarified that a counter-statement of facts would resolve the issue of any non-responsive answers. "If Petro wished to frame its own facts to provide more 'context' for the SUMF, it had the opportunity to do so by filing a counter-statement of facts, permitted under LRCi 56.1(b). Instead, it combined its Responses with its own counter-statement of facts." (Report, p. 24, note 3). The Magistrate Judge recommended that the "introductory statements on pages 1 and 2 of Petro's Responses that purport to define the relevant parties" . . . "should be contained in . . . a counter-statement of facts." (Report, p. 26). Therefore, given that Defendants have not established any

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Motion for Leave to File a Counterstatement of Facts in Opposition to Motion for Summary Judgment**
Page 3

prejudice, and since it would be easy to cure any alleged prejudice with the filing of a CSOF (see attached), Plaintiff respectfully requests leave to file this CSOF in order for the Court to consider the motion for summary judgment on its merits as is the preference of the Third Circuit. *See Mendez v. Puerto Rican Int'l Companies*, Inc., No. 05-199, 2013 WL 5295088, at *2 (D.V.I. Sept. 18, 2013)(quoting *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir.2003)

It is well established that the United States Supreme Court recognizes that a district court has inherent powers to manage their own affairs to achieve the orderly and expeditious dispositions of cases. *See Margo v. Ethicon, Inc.*, 2020 WL 8225162, at *2 (W.D.Pa., 2020) (citing *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016)). "Further, Federal Rule of Civil Procedure 1 requires that the Rules of Civil Procedure must be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Margo v. Ethicon, Inc.*, 2020 WL 8225162, at *2 (citing Fed. R. Civ. P. 1) (granting motion for leave to file a supplemental motion for summary judgment).

In furtherance of these principles, Plaintiff seeks leave to file its Counter-Statement of Facts. The proposed Counter Statement of Facts and Revised RSOF will be filed by separate notice of filing.

Pursuant to LRCi 7.1(f), Plaintiff sought concurrence from Defendants, who have indicated that they object to this request.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Plaintiff's Motion for Leave to File a Counterstatement of Facts in Opposition to Motion for Summary Judgment**
Page 4

                                                        RESPECTFULLY SUBMITTED
                                                        LEE J. ROHN AND ASSOCIATES, LLC
                                                        Attorneys for Plaintiff

DATED: October 11, 2024            BY:   /s/ Lee J. Rohn
                                                        Lee J. Rohn, Esq.
                                                        VI Bar No. 52
                                                        1108 King Street, Suite 3 (mailing)
                                                        56 King Street, Third Floor (physical)
                                                        Christiansted, St. Croix
                                                        U.S. Virgin Islands 00820
                                                        Telephone: (340) 778-8855
                                                        lee@rohnlaw.com

## CERTIFICATE OF SERVICE

     **THIS IS TO CERTIFY** that on October 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

    To All Counsel of Record

                                                                BY:   /s/ Lee J. Rohn     (dvn)