IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| **PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO),**<br>　　　　　　　**PLAINTIFF,**<br><br>　　　V.<br><br>**ISLAND PROJECT AND OPERATING SERVICES, LLC (IPOS), ET AL.,**<br>　　　　　　　**DEFENDANTS.** | **CASE NO. 1:21-CV-00312** |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A COUNTERSTATEMENT OF MATERIAL FACTS**

Without citing any relevant legal authority or providing any proof of excusable neglect, Plaintiff ("Petro") seeks leave to file a Counterstatement of Material Facts ("CSMF") more than six months *after* the [extended] deadline for filing a CSMF.[1] The motion also was filed after the Magistrate Judge specifically recommended that Petro should not be permitted to file a CSMF given Petro's refusal to comply with LRCi 56.1(b) in the face of repeated admonitions to Petro's counsel explaining what is permitted by LRCi 56.1(b) and what is not. As such, Petro's Motion for Leave is simply an effort to do an end run around the Objection process set forth in Fed. R. Civ. P. 72(b)(2).

---

[1] LRCi 56.1(b) authorizes the filing of a CSMF. LRCi 6.1(b)(2) establishes the deadline for the non-movant to file a "response, affidavits and other supporting documents."

1

**BACKGROUND**

Andrew Canning and OPTIS Europe, Ltd. ("Defendants") filed their motion for summary judgment on February 15, 2024. Doc. No. 297. Petro's opposition was due 21 days later, on March 7, 2024. LRCi 6.1(b)(2). Without objection from Defendants, Petro received an extension until April 8, 2024 to file its opposition. Petro represented to the Court that it needed this time "to prepare a competent response" to the motion. Doc. No. 302 at 2. Petro filed its response on April 8, 2024. The response consisted of a 20-page opposition; a 41-page Response to Defendants' Statement of Uncontested Material Facts that the Magistrate Judge properly characterized as "almost totally non-compliant with LRCi 56.1(b) (Doc. No. 314 at 27); and 31 exhibits totaling 647 pages.

Along with a partial reply (Doc. No. 308) to the opposition to the motion for summary judgment, Defendants filed a Motion to Strike (Doc. No. 309) Petro's Response to Defendants' Statement of Uncontested Material Facts. Petro opposed the motion to strike (Doc. No. 311) and insisted that it had not violated LRCi 56.1(b). Petro's opposition to the motion to strike implicitly suggested that if the Court found that Petro had "significantly strayed from the rule," the Court could give Petro leave to file a Response to the Statement of Undisputed Material Facts "the Court finds more in line with the relevant rules." Doc. No. 311 at 11.[2] Petro did not suggest or imply that it should also be given leave to file a CSMF. Nor did it claim that it had inadvertently failed to file a CSMF.

---

[2] In opposing the Motion to Strike, Petro did not request the right to file a revised Response to the Statement of Material Facts. The closest it came to making such a request was to cite two district court decisions from Pennsylvania where a party had been allowed to file revised responses to the statement of uncontested material facts.

Both motions were fully briefed by June 4, 2024 and on July 18, 2024, this Court referred both motions to the Magistrate Judge for a Report and Recommendation. Doc. No. 313. On September 25, 2024, the Magistrate Judge issued his Report and Recommendations. Doc. No. 314. The Magistrate Judge agreed that Petro had failed to comply with LRCi 56.1(b): "Plaintiff's Responses were almost totally non-compliant with LRCi 56.1(b)." Doc. No. 314 at 27. The Magistrate Judge determined that "Petro has employed a litigation strategy that uses a consistent violation of Local Rule 56.1(b) to gain an improper advantage in summary judgment litigation." *Id.* at 29.

The Magistrate Judge specifically concluded that allowing Petro to file "a revised and compliant Response to Defendants' SUMF and a Counter-Statement of Material Facts" was "particularly ill-advised because the District Judge has, on numerous occasions, permitted Petro's counsel to resubmit compliant responses to defendants' SUMF or revisions to its counter-statement of material facts after pointing out the same kind of violations of LRCi 56.1(b) on display here." *Id.* at 29–30. In these prior cases, Petro's counsel had filed what were apparently improper CSMFs and the Court granted leave to file revised CSMFs. In this case, Petro did not file a CSMF.

Petro filed objections to the Magistrate Judge's Report and Recommendations on October 9, 2024. Doc. No. 315. However, Petro did not specifically object to the recommendation that it not be permitted to file a CSMF; this means that the recommendation that it not be permitted to file a CSMF is subject to review for clear error.[3] Petro then moved for leave to file a CSMF on October 11, 2024—effectively

---

[3] Blanket or general objections are treated as a failure to object and are only considered in the context of the Court's review of a Report and Recommendation for

3

seeking a surreptitious *de novo* review of the same recommendation.

## ARGUMENT

### A. PETRO HAS MADE NO EFFORT TO SHOW THE EXCUSABLE NEGLECT REQUIRED TO JUSTIFY FILING A CSMF MORE THAN SIX MONTHS AFTER THE DEADLINE FOR DOING SO.

As noted, any CSMF was due to be filed on April 8, 2024. After a court deadline has passed, the federal rules authorize the Court to extend the time for complying with the deadline "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

A district court's broad discretion to extend deadlines is constrained by Fed. R. Civ. P. 6(b)(1)(B). *See, e.g.*, *Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010) (holding that "a party must make a formal motion for extension of time and the district court must make a finding of excusable neglect . . . before permitting an untimely motion"); *accord Talley v. Wetzel*, Case No. 21-1855, 2022 WL 3712869, at *2 (3d Cir. Aug. 29, 2022). Petro's Motion for Leave is properly treated as a motion for extension of time as it implicitly recognizes that it cannot presently file a CSMF without leave of Court because it missed the deadline set in LRCi 6.1(b)(2).

The factors applicable to consideration of excusable neglect claims under any of the Federal Rules of Civil Procedure are the factors enunciated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Associations*, 507 U.S. 380, 395 (1993). *In re O'Brien Envt'l Energy, Inc.*, 188 F.3d 116, 125 n.7 (3d Cir.1999) (collecting cases).

---

clear error. *Carty v. Testamark*, Case No. CV 2023-0015, 2024 WL 3835583, at *4 (D.V.I. Aug. 15, 2024).

"Under *Pioneer*, the excusable neglect inquiry must consider 'all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . ., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Drippe*, 604 F.3d at 785.

When a party seeking to file an untimely document has offered no evidence to establish excusable neglect, the court is "require[d]" to deny it "because [the court] 'must' make a finding of excusable neglect before permitting" the untimely document. *Lang v. Springfield Sch. Dist.*, Case No. CV 22-4042, 2024 WL 1806425, at *3 (E.D. Pa. Apr. 25, 2024) (quoting *Drippe*, 604 F.3d at785). *See also Nestorovic v. Metro. Water Reclamation Dist. of Greater Chicago*, 926 F.3d 427, 432 (7th Cir. 2019) (appellant "offered no meaningful explanation" for the untimely filing and therefore there was no record of excusable neglect). Here, Petro has made no showing of excusable neglect and therefore the Court must deny the Motion for Leave.

Even if Petro had attempted to meet its burden of proving excusable neglect, it is evident that it could not make the required showing. First, the reason for the delay is anything but excusable—Petro's counsel has repeatedly been admonished as to what is required to comply with LRCi 56.1(b) but refuses to do so (and even refuses to acknowledge that the Response to the Statement of Uncontested Material Facts filed in this case was improper). Second, those repeated admonishments also rule out any argument that the failure to comply with LRCi 56.1(b) was in good faith. Third, resolution of the motion for summary judgment has already been delayed by over six

5

months and the Magistrate Judge's initial Report and Recommendations will have to be completely redone if Petro is permitted to file a CSMF at this late date—to the prejudice of the Court and Defendants.[4] Fourth, compliance with LRCi 56.1(b) was entirely within the control of Petro's counsel.

### B. PETRO'S MOTION FOR LEAVE IS A TRANSPARENT ATTEMPT AT EVADING THE MAGISTRATE JUDGE'S RECOMMENDATIONS AND THE OBJECTION PROCESS.

As noted, the Magistrate Judge's Recommendations included a specific recommendation that Petro not be permitted to file a CSMF. The Magistrate Judge considered allowing the filing of a CSMF to be "ill-advised" given this Court's repeated admonishments—and leniency—to Petro's counsel "after pointing out the same kind of violations of LRCi 56.1(b) on display here." Because Petro only challenged the recommendation to deem certain of Defendants' Statement of Material Facts admitted and did not raise a challenge to the recommendation that Petro not be permitted to file a CSMF, the latter recommendation is subject to clear error review rather than *de novo* review. *Carty v. Testamark*, Case No. CV 2023-0015, 2024 WL 3835583, at *4 (D.V.I. Aug. 15, 2024).

By filing a separate motion for leave to file the CSMF instead of directly objecting to it, Petro is effectively seeking to gain a *de novo* decision and bypass the process by which this Court reviews objections to a Magistrate Judge's Report and Recommendations as set forth in Fed. R. Civ. P. 72(b)(3). This Court should not

---

[4] Even if there is no prejudice to the non-movant, "it will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (cleaned up) quoted with approval in *Talley v. Wetzel*, Case No. 21-1855, 2022 WL 3712869, at *2 (3d Cir. Aug. 29, 2022).

countenance such gamesmanship. Moreover, to ensure that the record is clear in any subsequent appeal, Defendants respectfully submit that the Court should specifically state that it is denying the Motion for Leave on the grounds that it is either an untimely objection or an attempt to evade the objection process; and that it will only consider the recommendation to not allow a CSMF for clear error as part of its consideration of the Objections that were timely filed by Petro.

## CONCLUSION

Petro's Motion for Leave to file a CSMF should be denied on the following grounds:

1. the deadline for filing a CSMF has passed and Petro failed to provide any evidence of excusable neglect that would allow this Court to find excusable neglect; and

2. because it is an untimely, and improper, attempt to bypass the objection process set forth in Fed. R. Civ. P. 72(b)(3).

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Andrew Canning and OPTIS Europe, Ltd.

Dated: October 21, 2024

　/s/ Andrew C. Simpson
Andrew C. Simpson
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com