# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO), <br><br> Plaintiff, <br><br> v. <br><br> ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING, OPTIS EUROPE, LTD., VTTI, and VITOL, INC., <br><br> Defendants. | CASE NO. 1:21-CV-00312 <br><br><br><br> <u>JURY TRIAL DEMANDED</u> |

### REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION AND APPEAL OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Defendants' Response to Petro's Objection to the Magistrate Judge's September 25, 2024, Report and Recommendation, [ECF. 314, 315, 318], makes it clear that the Magistrate Judge's Recommendation is a punitive Rule 11 sanction against Plaintiff's counsel, instead of an unbiased application of LRCi 56.1 to regulate summary judgment practice. [ECF. 318, p. 8]. Because the defendants did not request Rule 11 sanctions or comply with the requisite 21-day safe harbor provision, the court must reject the Magistrate Judge's Report and Recommendation.

Further, Defendants did not refute that filing a Counter Statement of Facts (CSOF) was the logical and straightforward solution to the issue of Plaintiff's alleged non-responsive answers to Defendants' Statement of Undisputed Facts. Defendants did not refute that the proposed CSOF provided Defendants with an opportunity to address all factual statements made by Plaintiff to cure any prejudice. Nor did Defendants contest the fact that Plaintiff's counsel has filed arguably hundreds of Oppositions to summary judgment motions with hundreds of RSOF in this jurisdiction, which



*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 2

have not been ruled deficient or in violation of LRCi 56.1. Therefore, Plaintiff was not on "ample notice that the Court does not approve of her failure to comply with LRCi 56.1(b)," using the few examples cited by the Magistrate Judge. [ECF. 314], Order, p.30]. For Defendants to argue that the Magistrate Judge was not sanctioning counsel with his Report and Recommendation lacks credence. The Magistrate Judge's use of the word "loathe" regarding why he refused to grant Plaintiff a chance to provide a CSOF (taken directly from the RSOF without adding anything new) speaks volumes. [ECF. 314], Order, p. 29.

Defendants also have not shown how the cases relied upon by the Magistrate Judge to impose extreme sanctions against Plaintiff support imposing such stringent measures. They do not. The District Judge should reject the Magistrate's Report and Recommendation for the reasons stated in Petro's Objection and this Reply Brief. The extreme measure of striking Plaintiff's RSOF and deeming Defendants' facts admitted is manifestly unjust and has not been deployed a single time in the District Court of the Virgin Islands. On the contrary, in every case where a party alleged that a response to a fact is improper, this Court permitted the failures to be remedied. Indeed, the new law the Magistrate Judge is attempting to create in this jurisdiction will make summary judgment motion practice a nightmare, where Defendants, who don't have any basis to seek summary judgment, will file one anyway. Then, they will wait for the Plaintiff to file a response, make feigned arguments of prejudice due to "argumentative" or "non-responsive" responses to the statement of facts, file motions to strike, and rely on the legal precedent of this case as the basis for having otherwise meritorious cases thrown out on technicalities due to facts being *deemed* admitted.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 3

### I. The Magistrate's Harsh Sanction is not supported by the District Court of the Virgin Islands cases or the cases cited by the Magistrate and Defendants.

The plaintiff's filing of a motion for leave to file a CSOF – from the facts extracted **_verbatim_** from the RSOF without adding anything new—resolves the issue of an allegedly deficient RSOF. [ECF. 316]. However, Defendants, like the Magistrate Judge, seek to deny Plaintiff his "day in court" and impose stringent punitive measures in contravention of the law of this jurisdiction. Neither Defendants in its Response, nor the Magistrate Judge in his Report, pointed to a District Court of the Virgin Islands case that took such extreme measures against a Plaintiff who filed an RSOF opposing summary judgment, even if such RSOF was deemed non-compliant with LRCI 56.1. Quite the opposite. The District Courts in the Virgin Islands hold the Court has discretion to overlook failure to comply with the Local Rules, and this discretion has _**always**_ been exercised in favor of overlooking the failure and curing any prejudice. *See Watson v. LPP Mortg., Ltd.*, No. 1:16-CV-00078, 2019 WL 123878, at *1 n.2 (D.V.I. Jan. 7, 2019) (overlooking a party's noncompliance with LRCi 56.1 when it failed to file a statement of material facts as to which there was no genuine issue). *Watson'*s holding was relied on very recently by another District Court case.

Very recently, on September 13, 2024, in the case *Honore v. Virgin Islands Housing Finance Authority*, 2024 WL 4186762, at *2 (D.Virgin Islands, 2024), the District Court examined a situation where the defendant failed to file a Rule 56 statement of material facts properly. The plaintiff opposed because the motion should be denied based on the non-compliance of Rule 56. *Id.* ("Plaintiffs cited several cases where the Court denied without prejudice motions for summary judgment in part because they did not include a separate statement of material facts."). This District Court refused to deny the motion for summary judgment on these "technical" grounds. *Id.* at * 6. ("[T]he Court agrees

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 4

with VIHFA that these are merely technical violations that would not warrant the Court denying its motion.") (citing *Watson v. LPP Mortg., Ltd.*, No. 1:16-CV-00078, 2019 WL 123878, at *1 n.2 (D.V.I. Jan. 7, 2019)). Significantly, the defendant, VIHFA, attempted to correct its filing errors. "VIHFA included a corrected statement of material facts and a corrected motion for summary judgment as exhibits to the notice." *Id.*, at * 2, note 7. The District Court stated, "[w]hile the Court acknowledges the corrections in the notice, . . . the Court determines that the initial motion and statement are sufficient for it to proceed, as there were no substantive differences, and the changes were only technical edits.").

The same is true here. Plaintiff's proposed CSOF, which has already been filed, contains no substantive differences, and the changes are only "technical edits" in that the non-responsive paragraphs were moved from the RSOF to the CSOF. Under the law of this jurisdiction, the District Courts recognize that technical deficiencies do not warrant the harsh and extreme sanction of admitting a Defendants' facts and denying a plaintiff and full and fair opportunity to be heard on a summary judgment motion. Therefore, the striking of Plaintiff's RSOFs and admitting Defendants' facts, are not supported by the law cited by the Magistrate Judge as Defendants claim in their Response. ECF. 318, p. 8. This Draconian measure does not align with LRCi 56.1's purpose or intention, and the Court must reject the Magistrate Judge's harsh and unsupported Recommendation. It is undisputed that Plaintiff filed a fully cited Opposition brief in response to Defendant's motion for summary judgment. *See* Petro's Opposition to Summary Judgment [ECF. 304]; *see also* Plaintiff's RSOF to the Defendants' fifty-three SOF. [ECF. 305]. The cases used to punish Plaintiff for allegedly filing non-responsive answers to Defendants' SOF are based on wholly different facts.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 5

Further, Defendants find fault with Plaintiff for not refuting the cases relied upon by the Magistrate Judge "to regulate summary judgment practice." Defendants argue that those cases provide the precedent needed for the Magistrate Judge to strike Plaintiff's Responses to Defendants' Statement of Undisputed Facts (RSOF), and deem most of Plaintiff's facts admitted, thereby giving Defendants a windfall success on this case. *See* Order, [ECF. 314], p.16; Defendants' Response to Objection, [ECF 318], p. 8. However, the Defendants argument fails for many reasons, including that those cases were out of other jurisdictions, such as Pennsylvania, when the District Court of the Virgin Islands cases held the exact opposite, and those cases do not encompass a summary judgment Opposition like what is at issue here.

For instance, in *Romero v. Township of Tobyhanna*, 2023 WL 2728829, at *2 (C.A.3 (Pa.), 2023), the Third Circuit found that "the District Court was well within its discretion in striking Romero's untimely responses to the defendants' statements of material facts. The responses failed to include required references to the record. Also, Romero failed to file a brief in opposition to the defendants' motions, as explicitly directed both by Local Rule 7.6 and the court's own order." *Id.* The Third Circuit noted that the district court had granted Romero "multiple extensions of time to comply with these requirements, including one *sua sponte* extension entered three weeks after the expiration of Romero's time to respond." *Id.* Based on that procedural history, the Third Circuit concluded that the District Court "properly struck Romero's statements of facts." *Romero v. Township of Tobyhanna*, 2023 WL 2728829, at *2 (C.A.3 (Pa.), 2023).

While it is true that the District Courts in Pennsylvania use their discretion to impose the harsh sanction of striking an alleged non-responsive Rule 56.1 filing, as in *Rau v. Allstate Fire and Casualty Insurance Company*, 793 Fed.Appx. 84, 87 (C.A.3 (Pa.), 2019) and *Weitzner v. Sanofi Pasteur Inc.,* 909 F.3d

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 6

604, 614 (C.A.3 (Pa.), 2018)[1], both cited by the Magistrate Judge [ECF. 314, p. 16], and by Defendants in its Response to Plaintiff's Objection [ECF. 318, p. 8], the Virgin Islands District Courts use their discretion to recognize substance over form as noted above in *Watson v. LPP Mortg., Ltd., and Honore v. Virgin Islands Housing Finance Authority*, 2024 WL 4186762. *See also Cyril v. Pereira*, 2021 WL 9219471, at *2 (D.Virgin Islands, 2021) (holding that "Plaintiffs' Statement is sufficiently related to Defendants' Statement so that the Court should use its discretion under LRCi 56.1 and should not deem Defendants' asserted facts undisputed."); *Abney v. University of Virgin Islands*, 2013 WL 12354494, at *7 (D.Virgin Islands, 2013) (holding that "the Court will require Plaintiff to re-file his Counter-Statement of Additional Facts," and "re-file a Response to Defendant's Statement of Undisputed Material Facts that complies with LRCi 56.1(b)"); *Bass v. Federal Express Corporation*, 2016 WL 3892394, at *6 (D.Virgin Islands, 2016) ("the Court will require Plaintiff to revise his Response to Defendant's Statement of Undisputed Material Facts and Counter Statement of Facts in accordance with the dictates of Local Rule 56.1(b).").

Plaintiff Petro has filed an RSOF responding to Defendants' alleged undisputed facts promptly, and the facts amply show a dispute of facts such that summary judgment would be unjust. Under the overwhelming precedent in this Court—the District Court of the Virgin Islands—it has routinely used its discretion to allow Plaintiff to refile a CSOF and a revised RSOF, which have already been done in this case. The Third Circuit has determined that even if a District Court chooses to strike a Plaintiff's responses to a moving party's statement of facts or deem facts admitted, the District Court

---

[1] In *Weitzner v. Sanofi Pasteur Inc.,* 909 F.3d 604, 614 (C.A.3 (Pa.), 2018), the Third Circuit held that "the District Court was still required to conduct a full analysis to determine whether granting summary judgment was appropriate, [and] we find no error in the District Court's Rule 56 analysis, which **_fully addressed plaintiffs' factual allegations_**. *Id.* (emphasis added) *(citing Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990))*.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 7

is still required to "conduct a full analysis to determine whether granting summary judgment [is] appropriate," and must "fully address[] plaintiffs' factual allegations." *Weitzner v. Sanofi Pasteur Inc.,* 909 F.3d 604, 614 (C.A.3 (Pa.), 2018). For these reasons, Defendants' Response fails to refute Plaintiff's Objection to the Magistrate's Report and Recommendation.

## II. Defendants' reliance on Eighth Circuit and Fourth Circuit cases interpreting Rule 12(h) is misplaced because the Third Circuit has held otherwise.

Citing cases from the Fourth and Eighth Circuits, Defendants claim that courts have rejected Petro's argument that Defendants can only raise the statutory defense (which Petro argued has been waived) at trial. (Opp at 11-12). Defendants further argue that Petro "quibbles over semantics" (Opp. at 12), and this Court should, therefore, ignore the plain language of Fed. R. Civ. P. 12(h). So, what is good for the goose is not good for the gander because, on the one hand, Petro must be penalized for a purported violation of a local rule, but Defendants must be excused from their blatant violation of a federal rule of civil procedure. More concerning is that the Third Circuit has expressed that Fed. R. Civ. P. 12(h)(2) says what it means and means what it says:

> Under this provision, a successive motion to dismiss for "[f]ailure to state a claim ... may be raised (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed.R.Civ.P. 12(h)(2). Bank of America's second motion to dismiss was plainly neither a Rule 7(a) pleading nor a motion raised at trial. Nor was it a Rule 12(c) motion for judgment on the pleadings, which may be filed only "[a]fter the pleadings are closed." Fed.R.Civ.P. 12(c). Thus, because no exception to Rule 12(g)(2) covers Bank of America's successive motion, it was improper to consider that motion.

*Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320–21 (3d Cir. 2015)(citing by the Magistrate Judge). In *Leyse*, while the Third Circuit was evaluating a successive motion to dismiss, it applied the plain language of Rule 12(h)(2) to disallow the successive motion because it was not (1) a pleading allowed

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 8

or ordered under Rule 7(a), (2) a motion under Rule 12(c) or (3) an issue raised at trial. The same is true here; a motion for summary judgment does not fall under either of the pleadings that Rule 12(h) specifies. The Third Circuit also emphasized that district courts should enforce the applicable rules even if their failure to do so is not grounds for reversal. *Id.*, n.5. It is perplexing that Defendants are advocating for the forgiving of "technicalities" only when it benefits them. The Magistrate Judge's Report and Recommendation recommends that this Court consider the waived statutory standing defense should be REJECTED.

### III. Plaintiff's Objection to the Magistrate Judge's disposition of Petro's discrimination claim is well within the parameters of a proper Objection per Fed. R. Civ. P. 72(b)(3)

Defendants argue that new issues cannot be raised on an Objection to a Magistrate Judge's Report and Recommendation. [ECF 318, pp. 15-16]. They claim that Plaintiff raised a new issue by arguing that Adrian Melendez is Petro's alter ego and is covered by the V.I. Civil Rights Act. *Id. First*, both the Magistrate Judges Act and Supreme Court precedent provide District Courts with discretion to consider or not consider new arguments raised in objections. *See e.g., Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (observing that both the Magistrate Judges Act and Supreme Court precedent provide district courts discretion not to consider novel arguments raised in objections because "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the Magistrate Judge's consideration of the matter and would not help to relieve the workload of the district court.").

*Second,* if the Magistrate Judge issues a report that misinterprets a local statute under Virgin Islands Supreme Court precedent, it is incumbent that the Plaintiff address it or waive that argument on an appeal of the District Court's decision regarding the Magistrate Judge's report. *See Diamond v.*

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 9

*Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005). (holding that "[a]lthough plaintiff had objected to the magistrate judge's resolution of that claim in his first report, she did not object to it as addressed in the second report. The Act cannot be interpreted to permit a party to ignore the right to file objections with the district court without thereby imperiling his right to raise the objections on appeal from the district court's order."). It is well established that if a Plaintiff fails to object to a Magistrate's Report's findings and conclusions, Plaintiff will have waived his right to appellate review of his claims. *Id.*

*Third*, Plaintiff's Objection did not present "new" evidence that Adrian Melendez was the sole member of Petro's LLC. Nor did Plaintiff raise the importance of interpreting the VICRA per V.I. Supreme Court precedent like *Rennie for the first time*. [ECF. 304, Opp. to Motion for Summary Judgment, pp. 5-6].

**A. The parties discussed extensively that Melendez was the sole owner, founder, and president of Petro; therefore, Melendez being the "alter ego" of Petro is not a new argument raised for the first time in the Objection.**

Defendants assert that there is no evidence or argument that Adrian Melendez was Petro's owner, sole member, and alter ego of Petro. Not so. The plaintiff clarified that Petro is the same as Mr. Adrian Melendez throughout the summary judgment briefing. Plaintiff wrote:

- **Adrian Melendez** -- sole member and President of Petro LLC, a local Virgin Islander who started Petro in April 2018. *See* [ECF. 305], Pl's RSOF, p. 1.

Throughout his Opposition brief, Plaintiff referred to Melendez as its alter ego, if not with those words, then by its non-ambiguous meaning. For instance, Plaintiff wrote, "Adrian Melendez, owner of Petro, testified that this action by Canning was reckless and contributed to the confrontation

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 10

that ensued, where Canning then verbally attacked the quality of Petro's work." *See* [ECF. 304], Opp to SJ Motion, p. 10. Plaintiff asserted, "The evidence supports a jury seeing the case in this light and supports a jury finding for Petro ***on all its claims.*** For instance, Mr. David Smith, IPOS's General Manager with personal knowledge of the facts, testified:

- With respect to the 3" vent line project, on March 31, 2021, Mr. Canning sent an email to **Adrian Melendez of Petro**, and to various other individuals including me, in which he requested clarification about a welding procedure because of "a few potential anomalies that I observed during a site visit earlier today."
- On April 13, 2021, Mr. Canning sent an email to me and to IPOS Terminal Manager Merlin Figueira in which **he requested that IPOS ask Mr. Melendez to provide IDs** and qualification records for welders working on the vent line and for material certification and mechanical testing for the welding consumables being used because he thought the certificates were suspect. (RSOF 19).

Additionally, Adrian Melendez repeatedly submitted the welder qualification certifications to IPOS, Vitol, and WAPA for the 3-inch vent line project, emphasizing the necessity of accuracy in these records and confirming the accuracy of the certifications submitted. (RSOF 19; Opp to SJ Motion, p. 11). Plaintiff made clear that Melendez is its sole owner and operator when it wrote:

> In this case, Plaintiff's testimony is actual evidence based on his own knowledge, observations, and experiences regarding the kind of business revenues Petro was earning and the profits it lost. Defendants have not argued otherwise. Petro's Adrian Melendez can testify to Petro's loss of profits and business opportunities, as well as non-payment of past due invoices to IPOS and Vitol (RSOF 53). Melendez confirms the accuracy of financial figures presented in Petro's Second Supplemental Response to Vitol's Third Set of Interrogatories, specifically addressing the breakdown of costs, projected profits, and the differentiation between project types (maintenance vs. project-specific work). (RSOF 53).

[ECF. 304], Opp to SJ Motion, p. 20. Defendants also acknowledged in their reply brief, that Melendez is Petro's "Founder, owner, and manager." *See* Defs' Reply, pp. 2-3, [ECF. 308].

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 11

Defendants further argue that "there is nothing in the Second Amended Complaint [SAC] that suggests that Defendants discriminated against Petro because of the race or national origin of [Petro's owner] Melendez." *See* Response to Objection, [ECF. 318], p. 15. This is blatantly wrong. Not only was it asserted in the SAC, but it was also made clear in the discovery and in Plaintiff's Opposition to Summary Judgment. Petro asserted in its Second Amended Complaint (which Defendants cited to) that, "Petro is a company made up of all local West Indian or local Hispanic employees, ***as are its management team and owners***. *See* Second Am. Complaint, [ECF. 239] at ¶ 28 (emphasis added). As an "individual" and a "person," Petro can sue Defendants for discrimination under VICRA. Indeed, the Civil Rights statutes were enacted in the Virgin Islands precisely to prevent the type of racial animus and discrimination documented by the evidence in this case (RSOF 6 and exhibits thereto). *See* Opposition to SJ Motion, p. 5. These arguments were already presented and are not new. Moreover, Plaintiff must address the Magistrate Judges erroneous interpretation of the VICRA or waive that issue on appeal. Therefore, the Defendants' objection on this ground lacks merit, and the District Court should consider the Plaintiff's objection to the Magistrate Judge's Report and Recommendation regarding the misinterpretation of VICRA to Melendez as the alter ego of Petro. Petro, whose founder, owner, and president was Adrian Melendez, was discriminated against by Defendants under the facts of this case.

**IV. Defendants' Response to Plaintiff's Objection Fails to Make any Meritorious Arguments for Rejecting Plaintiff's Request that the Summary Judgment motion be decided on all the relevant facts, including Plaintiff's asserted facts in dispute.**

Defendants failed to address the salient points in Plaintiff's Objection, which is that permitting Plaintiff to correct his filing of facts on a motion for summary judgment would align with the Third

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 12

Circuit's preference for resolving disputes on the merits. [ECF. 315, p. 5]. Courts permit litigants to correct their filings so they can be decided on the merits. The Court has refused to strike responses outright and deem facts conceded but follows relevant guidance. "Given that the motions at issue arc [sic] dispositive, the Court in this instance is mindful of the ***Third Circuit's preference for resolving disputes on the merits***, *Mendez v. Puerto Rican Int'l Companies*, Inc., No. 05-199, 2013 WL 5295088, at *2 (D.V.I. Sept. 18, 2013)(quoting *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 51 (3d Cir.2003)(emphasis added).

Defendant did not address the argument that "[e]ven when Third Circuit Courts have found a party has significantly strayed from the rule, the Court has at least given the parties the ability to provide statements of undisputed facts the Court finds more in line with the relevant rules. "[D]eeming certain facts admitted will not assist the court with the 'direct and accurate' consideration of the underlying summary judgment motion[s] because it is possible that some of the facts deemed admitted might be dispositive to some of the serious claims at issue here." *Park v. Veasie*, No. 3:09-CV-2177, 2011 WL 1831708, at *4 (M.D. Pa. May 11, 2011) (striking and ordering the refiling of statements of material facts). [ECF. 315, pp. 5-6].

Further, Defendants' focus on whether Plaintiff challenged the "Magistrate Judge's conclusions that the responses were improper" completely misses the point. [ECF. 318, p. 4]. Plaintiff expressly stated that while it disagreed that the RSOF was improper, to move the matter along and to cure any purported prejudice, the Plaintiff would follow the Magistrate Judge's solution by filing a proposed CSOF that incorporates all of the RSOF deemed improper by the Magistrate Judge. [ECF. 316].

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 13

Defendants argue that the sanction imposed by the Magistrate Judge is, in effect, a Rule 11 sanction, a new argument that was waived. However, Plaintiff could not offer that argument before the Report and Recommendation because 1) Plaintiff did not believe the RSOF was improper in a discrimination case in which context is crucial for understanding the case; and 2) Plaintiff had no way of anticipating that the Magistrate Judge would reject the prior cases in this jurisdiction and ***deny*** Plaintiff the chance to adopt his noted easy cure of filing a CSOF. Therefore, comparing the Magistrate Judge's Recommendation to a Rule 11 sanction was proper in the Objection because the Magistrate Judge specifically mentions Plaintiff's counsel having "ample notice' of deficient RSOFs and that he was "loathed" to offer Petro a chance to cure his filing because it would not "deter" Plaintiff's counsel "from violating Rule 56.1(b) once again." [ECF. 314, p. 30]. Those are Rule 11 sanctions disguised as a remedy under LRCI 56.1(b) without compliance with the 21-day safe harbor of Rule 11. Neither the Magistrate Judge nor the Defendants have cited any District Court of the Virgin Islands cases that adopted such a harsh penalty under similar circumstances. The District Court should grant the Plaintiff's motion for leave to file the CSOF. This simple cure allows the Court to address the merits of the motion for summary judgment.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.*, Case No. 1:21-CV-00312
**Reply to Defendants' Response to Plaintiff's Objection and Appeal of Magistrate Judge's Report and Recommendations**
Page 14

                                          RESPECTFULLY SUBMITTED
                                          LEE J. ROHN AND ASSOCIATES, LLC
                                          Attorneys for Plaintiff

DATED: October 24, 2024          BY: __/s/ Lee J. Rohn__
                                          Lee J. Rohn, Esq.
                                          VI Bar No. 52
                                          1108 King Street, Suite 3 (mailing)
                                          56 King Street, Third Floor (physical)
                                          Christiansted, St. Croix
                                          U.S. Virgin Islands 00820
                                          Telephone: (340) 778-8855
                                          lee@rohnlaw.com

## **CERTIFICATE OF SERVICE**

      **THIS IS TO CERTIFY** that on October 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

    To All Counsel of Records

                                            BY: __/s/ Lee J. Rohn__ (dvn)