IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PETRO INDUSTRIAL SOLUTIONS, LLC (PETRO), <br><br> Plaintiff, <br><br> v. <br><br> ISLAND PROJECT AND OPERATING SERVICES, LLC, VITOL US HOLDING II CO., VITOL VIRGIN ISLANDS CORP, ANDREW CANNING, OPTIS EUROPE, LTD., VTTI, and VITOL, INC., <br><br> Defendants. | CASE NO. 1:21-CV-00312 <br><br><br> <u>JURY TRIAL DEMANDED</u> |

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A COUNTERSTATEMENT OF FACTS**

Plaintiff, Petro Industrial Solution, LLC, hereby files its Reply to Defendants' Opposition to Petro's motion for leave to file a Counterstatement of Material Facts (CSOF) in support of Petro's Opposition to Defendants' motion for summary judgment. [ECF. 304, 316, 317, 319].

On September 25, 2024, the Magistrate Judge issued a Report and Recommendation [ECF. 314] that most of Plaintiff's Responses to Defendants' Statement of Undisputed Facts ("RSOF") were non-responsive because they were "argumentative" and/or "lengthy." [ECF. 314, Order, p. 12]. The Magistrate recommended striking most of Plaintiff's RSOFs and admitting most of Defendants' statement of facts, which if accepted would be manifestly unjust as it would potentially give Defendants a windfall in denying Plaintiff's meritorious claims for discrimination, tortious interference with contract and defamation. *Id.*

Simultaneously to this unjust and unfair recommendation, the Magistrate Judge recognized there is an uncomplicated and manageable solution to the Plaintiff's alleged non-responsive answers.



*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Counterstatement of Facts**
Page 2

He stated, "[t]hese additional 'facts' could have been included in a separate counterstatement of facts, allowed by LRCi 56.1 (b)," and "if Petro wished to provide its own material facts to support its theory of the case, it could have offered a counterstatement of material fact." (ECF. 314, Order, p. 20]. He also admitted that Plaintiff's responses that "contain additional facts . . . should be contained in a counterstatement of facts." *Id.* p. 23, note 2. The Magistrate Judge further clarified that a counterstatement of facts would resolve the issue of any non-responsive answers. "If Petro wished to frame its own facts to provide more 'context' for the SUMF, it had the opportunity to do so by filing a counterstatement of facts, permitted under LRCi 56.1(b). Instead, it combined its Responses with its own counterstatement of facts." *Id.*, p. 24, note 3. The Magistrate Judge recommended that the "introductory statements on pages 1 and 2 of Petro's Responses that purport to define the relevant parties" . . . "should be contained in . . . a counterstatement of facts." [ECF. 314, Order, p. 26].

Despite acknowledging that a counterstatement of facts would resolve any issues, the Magistrate Judge admitted he "loathe[d]" to permit Petro "to file a revised and compliant Response to Defendants' SUMF and a Counterstatement of Material Facts . . ." [ECF. 314, Order p. 29]. The Court spent "an inordinate amount of time in analyzing the extensive problems with Petro's Response," only to then deny Petro a chance to revise and refile per the Court's analysis. *Id.* Indeed, the only reason the Magistrate Judge recommends striking responses instead of revising and refiling is the apparent need to punish the plaintiff's counsel to the harm of the plaintiff and the defendant's benefit and without any prior notice to the plaintiff or plaintiff's counsel, which is in direct violation of Fed. R. Civ. P. 11, which provides a 21-day safe harbor before any such sanctions may be imposed. Plaintiff explained this fully in its Objection and Appeal. [ECF. 315].

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Counterstatement of Facts**
Page 3

Plaintiff filed a timely Objection and Appeal of the Magistrate's Report and Recommendation. [ECF. 315]. Contrary to Defendants' assertion that Plaintiff did not object to the denial of a CSOF in its Objection and Appeal [ECF.319, p. 6], Plaintiff spent pages objecting to such denial and discussing why the Magistrate Judge's denial of a CSOF to cure any deficiencies was unjust. [ECF. 315, pp. 2-4]. Therefore, Defendants' argument that the motion for leave to file a CSOF is an attempt to end run the Objection process lacks any merit. Plaintiff filed a timely Objection and Appeal, unequivocally discussed the improper denial of a CSOF that the Magistrate admitted would cure any deficient responses, and this motion for leave to file a CSOF is not an attempt to end run a procedure that Plaintiff already complied with. Indeed, as explained more fully below in the context of Defendants never raising an issue with Plaintiff's RSOF in seeking an extension from Plaintiff, it is Defendants who have used a motion to strike to end run Rule 11 with claims of prejudice and never having complied with Rule 11's 21-day safe harbor.

Defendants are also misguided in their argument that Plaintiff's motion for leave to file a CSOF must be denied because Plaintiff has not shown excusable neglect under Rule 6(b)(1)(B). Under Rule 6(b)(1)(B), a litigant may seek permission for a Court to extend a deadline to file out of time for reasons that amount to excusable neglect. However, there is no Court Order and no deadline at issue that Plaintiff has not met. The Report & Recommendation has not been accepted by the District Court and Plaintiff has objected to that Report & Recommendation, because the Magistrate Judge's Recommendation is overly harsh and punitive and provided no Rule 11 protections, especially since no other District Court of the Virgin Islands has imposed such stringent measures against a Plaintiff. [ECF. 320, Pl's Reply to Defs' Response to Pl's Objection and Appeal of Magistrate Judge's Sept. 25, 2024 Report].

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Counterstatement of Facts**
Page 4

The failure of the Defendants to follow the strictures of Rule 11 is more egregious here because the Defendants, before filing their Reply to Plaintiff's Opposition to Motion for Summary Judgment, sought from the plaintiff an extension of 30 days to file their Reply Brief, to which Plaintiff in good faith agreed. *See* Notice of Negotiated Extension of Deadline, ECF 306]. During that 30-day extension, if Defendants were truly concerned about prejudice, they could have complied with the 21-day safe harbor of Rule 11 and to avoid any issues, Plaintiff could have filed a CSOF and Defendants would have still had time to file a Reply Brief within the extended deadline. [*See* Notice of Negotiated Extension of Deadline, ECF 306]. With the negotiated extension, Defendants had a full 44 days to file a Reply Brief. Not once did Defendants, *in seeking an extension from Plaintiff*, mention to Plaintiff that they took any issue with the RSOF as filed or would otherwise being using the extension to draft a motion to strike seeking the harsh sanction of having Petro's statement of facts deemed conceded.

Incredibly, Defendants "Notice of Negotiated Extension" itself violates this Court local rules and this Court's Scheduling Order. LRCi 6.1(b)(7) is explicit that "No party may amend the deadlines for the filing of motions or responses thereto if the Court has issued an order setting such deadlines." This Court First Amended Scheduling Order states that: "No extensions for filing oppositions or reply briefs are allowed <u>*without leave of Court*</u>." (ECF Doc. 136 ¶ 11.)(emphasis added) In compliance with the local rules, Plaintiff filed an unopposed motion for its extension of time to respond to Defendants' Summary Judgment motion (ECF Doc. 302), which this Court granted on March 5, 2024. (ECF Doc. 303). Defendants, however, filed no such motion. So, only Defendants' violations of local rules are apparently excusable in this Court based on the Magistrate Judge's Report and Recommendation and Defendants' logic.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Counterstatement of Facts**
Page 5

Defendants did not refute that filing a Counterstatement of Facts (CSOF) was the logical and simple solution to the issue of Plaintiff's alleged non-responsive answers to Defendants' Statement of Undisputed Facts. Plaintiff's filing of a motion for leave to file a CSOF – from the facts extracted verbatim from the RSOF without adding anything new—resolves the issue of an allegedly deficient RSOF. [ECF. 316]. However, Defendants, like the Magistrate Judge, seek to deny Plaintiff his "day in court," and impose stringent punitive measures in contravention to the law of this jurisdiction. Neither Defendants in its Response, nor the Magistrate Judge in his Report, pointed to a District Court of the Virgin Islands case that took such extreme measures against a Plaintiff who filed a RSOF opposing summary judgment, even if such RSOF was deemed noncompliant with LRCI 56.1. In fact, quite the opposite. The District Courts in the Virgin Islands hold that the Court has discretion to overlook a failure to comply with the Local Rules and have exercised that discretion to excuse such failures. *See Watson v. LPP Mortg., Ltd.*, No. 1:16-CV-00078, 2019 WL 123878, at *1 n.2 (D.V.I. Jan. 7, 2019) (overlooking a party's noncompliance with LRCi 56.1 when it failed to file a statement of material facts as to which there was no genuine issue). *Watson'*s holding was relied on very recently by another District Court case.

Very recently, on September 13, 2024, in the case, *Honore v. Virgin Islands Housing Finance Authority*, 2024 WL 4186762, at *2 (D.Virgin Islands, 2024), the District Court examined a situation where the defendant failed to properly file a Rule 56 statement of material facts. The plaintiff opposed on grounds that the motion should be denied based on the noncompliance of Rule 56. *Id.* ("Plaintiffs cited several cases where the Court denied without prejudice motions for summary judgment in part because they did not include a separate statement of material facts."). This Court refused to deny the motion for summary judgment on these "technical" grounds. *Id.* at * 6. ("[T]he Court agrees with

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Counterstatement of Facts**
Page 6

VIHFA that these are merely technical violations that would not warrant the Court denying its motion.") (citing *Watson v. LPP Mortg., Ltd.*, No. 1:16-CV-00078, 2019 WL 123878, at *1 n.2 (D.V.I. Jan. 7, 2019)). Significantly, the defendant, VIHFA attempted to correct its filing errors. "VIHFA included a corrected statement of material facts and a corrected motion for summary judgment as exhibits to the notice." *Id.*, at * 2, note 7. The District Court stated, "[w]hile the Court acknowledges the corrections in the notice, . . . the Court determines that the initial motion and statement are sufficient for it to proceed, as there were no substantive differences, and the changes were only technical edits.").

The same is true here. Plaintiff's proposed CSOF, which has already been filed [ECF. 317] to show the Court how simple a cure is, contains no substantive differences and the changes are only "technical edits" in that the alleged non-responsive paragraphs were simply reproduced from the RSOF to the CSOF. Under the law of this jurisdiction, the District Courts recognize that technical deficiencies do not warrant the harsh and extreme sanction of admitting a Defendants' facts and denying Plaintiff its day in court. Therefore, the striking of Plaintiff's RSOFs and admitting Defendants' facts, are not supported by the law cited by the Magistrate Judge and does not align with LRCi 56.1's purpose or intention and the Court must reject the Magistrate Judge's harsh and unsupported recommendation. It is undisputed that Plaintiff filed a fully cited Opposition brief in response to Defendant's motion for summary judgment. *See* Petro's Opposition to Summary Judgment [ECF. 304]; *see also* Plaintiff's RSOF to the Defendants' fifty-three SOF. [ECF. 305]. The cases relied upon to punish Plaintiff for allegedly filing non-responsive answers to Defendants' SOF are based on wholly different facts.

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Counterstatement of Facts**
Page 7

With no time limit to comply with, Plaintiff seeks permission to file a CSOF to show the Court how simple the cure is to the Magistrate Judge's contentions about non-responsive answers. As the Plaintiff pointed out in his Motion for Leave, it is well established that the United States Supreme Court recognizes that a district court has inherent powers to manage their own affairs to achieve the orderly and expeditious dispositions of cases. *See Margo v. Ethicon, Inc.*, 2020 WL 8225162, at *2 (W.D.Pa., 2020) (citing *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016)). "Further, Federal Rule of Civil Procedure 1 requires that the Rules of Civil Procedure must be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." *Margo v. Ethicon, Inc.*, 2020 WL 8225162, at *2 (citing Fed. R. Civ. P. 1) (granting motion for leave to file a supplemental motion for summary judgment). It is in "furtherance of these principles, [that] Plaintiff seeks leave to file its Counterstatement of Facts." [ECF. 316, p. 3].

For these reasons, the Court should GRANT Plaintiff's motion for leave to file its CSOF.

          RESPECTFULLY SUBMITTED
          LEE J. ROHN AND ASSOCIATES, LLC
          Attorneys for Plaintiff

DATED: October 28, 2024      BY: /s/ Lee J. Rohn
                                               Lee J. Rohn, Esq.
                                               VI Bar No. 52
                                               1108 King Street, Suite 3 (mailing)
                                               56 King Street, Third Floor (physical)
                                               Christiansted, St. Croix
                                               U.S. Virgin Islands 00820
                                               Telephone: (340) 778-8855
                                               lee@rohnlaw.com

*Petro Industrial Solutions, LLC v. Island Project and Operating Service, LLC, et. al.,* Case No. 1:21-CV-00312
**Reply to Defendant's Opposition to Plaintiff's Motion for Leave to File a Counterstatement of Facts**
Page 8

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on October 28, 2024, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send a notification of such filing to the following:

To All Counsel of Record

BY: ___/s/ Lee J. Rohn_____(dvn)